**KNIGHT LAW GROUP, LLP**
Steve Mikhov (SBN 224676)
stevem@knightlaw.com
10250 Constellation Blvd., Suite 2500
Los Angeles, CA 90067
Telephone: (310) 552-2250
Fax: (310) 552-7973

Attorneys for Plaintiffs,
GUILLERMO SALAZAR and
ISABELLE SALAZAR

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GUILLERMO SALAZAR and ISABELLE SALAZAR,**<br><br>Plaintiffs,<br><br>vs.<br><br>**GLENN E. THOMAS COMPANY INC., a California Corporation d/b/a GLENN E. THOMAS DODGE CHRYSLER JEEP; FCA US LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,**<br><br>Defendants. | Case No.: 2:20-cv-08114-DSF-PVC<br><br>**DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES**<br><br>[Filed concurrently with Plaintiffs' Notice of Motion and Motion for Attorneys' Fees; Memorandum in Support Thereof]<br><br>Date:  October 4, 2021<br>Time: 1:30 p.m.<br>Dept.: 7D<br><br><br>Honorable Dale S. Fischer |

## DECLARATION OF STEVE MIKHOV

I, Steve Mikhov, declare as follows:

1.     I am an attorney at law duly licensed to practice before the courts of the State of California and attorney of record for Plaintiffs Guillermo Salazar and Isabelle Salazar ("Plaintiffs") in the instant action.  I have personal knowledge of the following facts and, if sworn as a witness, I could and would testify to them competently.

2.     I make this declaration in support of Plaintiffs' Motion for Attorney's Fees, Costs and Expenses ("Motion").  For the reasons set forth herein and, in the Motion, Plaintiffs requests $30,573.00 in attorney's fees.  This amount is comprised of the legal services provided by Knight Law Group, LLP ("Knight Law") in the amount of $30,573.00. Plaintiffs' attorneys request a reasonable "lodestar" enhancement of 0.5 in the amount of $15,286.50, for a total attorney's fee award of $45,859.50.   A true and correct copy of my firm's billing is attached hereto as **Exhibit A**.   Plaintiffs also requests reimbursement of costs and expenses in the amount of $1,391.50. My firm advanced all of the costs in this matter. Plaintiffs are concurrently filing a motion for costs that attaches Plaintiffs' bill of costs.  The total amount requested in fees, costs and expenses is $47,251.00.

3.     A true and correct copy of the attorney's fees table organized as the Court requests in its standing order is attached hereto as **Exhibit B.** A true and correct copy of FCA's Key Memorandum of Objections is attached hereto as **Exhibit C**. A true  and correct copy of Plaintiffs' responses to those objections is attached hereto as **Exhibit D**.

4.     On April 6, 2017 Plaintiffs purchased a new 2017 Jeep Renegade VIN ZACCJAAB6HPE69406 for a total sales price of $25,279.00 inclusive of a $4,000 Mfg Rebate ("Subject Vehicle").  The vehicle was manufactured and distributed by FCA US LLC ("FCA" or "Defendant"), which provided an express written warranty to be serviced by FCA's authorized repair facilities.  A true and correct copy of the

1

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

Retail Installment Sales Contract is attached hereto as **Exhibit E**.

5.     On March 7, 2018, within the applicable warranty period, Plaintiffs took the Subject Vehicle to a FCA-authorized repair facility with electrical and transmission concerns. The technician updated the Transmission Control Module and replaced the internal park brake switch.

6.     On January 16, 2019, Plaintiffs returned to the dealership with engine and electrical concerns. The technician replaced an engine coil and advised Plaintiffs regarding Safety Recall UB2 regarding the fuel pump module.

7.     From January 29, 2019 to October 21, 2019 Plaintiffs returned to the dealership on at least four (4) occasions for engine and electrical related concerns. Despite multiple repair attempts these problems with the vehicle continued unabated.

8.     Despite the ongoing repairs and continued manifestation of problems, FCA refused to acknowledge the defective nature of Plaintiffs' vehicle. At all times, however, FCA had direct, contemporaneous knowledge of the vehicle's issues, which it records in various databases accessible to its authorized repair facilities and the corporate offices. These repair records indicate each time the vehicle was presented for repair during the warranty period, as well as every time the FCA repair facility found a problem attributable to FCA, and billed FCA for the work.

9.     Frustrated, concerned for their safety and having lost confidence in FCA's ability to repair the vehicle, Plaintiffs contacted FCA customer service directly in or around April of 2019 and requested that they repurchase the defective vehicle. Despite FCA's affirmative duty under the law to perform an investigation and offer relief, FCA refused to repurchase or replace the lemon in accordance with the Song Beverly Act.

10.     With no other available avenue for relief, Plaintiffs contacted Knight Law and told the firm about the problems with the vehicle and the way FCA treated them. After reviewing the repair history and discussions with Plaintiffs, Knight Law

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

agreed to represent them and bear the risk of litigating the case on a fully contingent basis. Because Knight Law's compensation was purely contingent, the firm faced a genuine risk of not being paid for its services for years, if at all, while advancing thousands of dollars in costs and expenses on Plaintiffs' behalf. In taking on this duty, the firm was facing a litigation behemoth—FCA is a multi-billion-dollar company, with a virtually infinite litigation war-chest, that wages a battle of attrition that most firms cannot withstand.

11.     As a result of FCA's failure to fix the material defects associated with Plaintiffs' vehicle, or otherwise comply with the Song-Beverly Act, Plaintiffs filed a Complaint in this action on June 26, 2020 in Los Angeles Superior Court, alleging willful violations of the Song-Beverly Act and seeking, among other things, civil penalties. Plaintiffs immediately benefited from Knight Law's expertise and efficiency, as just .5 hours were billed to draft Plaintiffs' 3-count, 8-page Complaint. Plaintiffs' counsel are able to use existing files as templates to conserve time and litigate efficiently. A detailed complaint of this magnitude, drafted from scratch and without the benefit of Plaintiffs' attorneys' vast knowledge, experience and specialized expertise, would have taken multitudes of the time expediently managed here. FCA filed its Answer on July 29, 2020 denying liability and asserting numerous affirmative defenses.

12.     Knowing from experience that FCA's position and strategy in this litigation would demand extensive efforts in response, written discovery was promptly drafted and served on Defendants while the matter was still pending in state court on or about September 8, 2020, consisting of requests for admissions, requests for production of document, special interrogatories, and form interrogatories. Plaintiffs benefitted from Knight Law's expertise and experience in litigating against FCA once again as just 2.2 hours were billed for drafting the entirety of this written discovery.

///

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

13.     FCA then filed a notice of removal on September 4, 2020. On or about September 27, 2020 Plaintiffs prepared their initial disclosures. On October 21, 2020 the parties submitted a Joint Rule 26(f) Report.

14.     On September 11, 2020, Defendant served a Rule 68 Offer for $62,857.74 which provided that payment of the settlement funds will be made no later than 90 days after the entry of acceptance of the September 2020 Rule 68 Offer. It also required that Plaintiffs surrender the subject vehicle but provided no deadline for Defendant to pay Plaintiffs the settlement funds following the surrender of the subject vehicle. As such, Plaintiffs could surrender the subject vehicle within 30 days of executing the September 2020 Rule 68 Offer but would have to wait up to 60 days for payment. Plaintiffs would be left without sufficient funds to purchase another vehicle. Defendant's September 2020 Rule 68 Offer also did not deem Plaintiffs prevailing party. A true and correct copy of this Offer is attached hereto as **Exhibit F.**

15.     To correct these deficiencies, on October 15, 2020, Plaintiffs served a settlement offer in the same amount which included the following: payment of the settlement funds to be made within 45 days of executing the settlement offer; payment of the settlement funds to be made within 24 hours after surrender of the subject vehicle (so Plaintiffs do not have to wait for an undisclosed time without a vehicle); and prevailing party language. A true and correct copy of this Offer is attached hereto as **Exhibit G.** Despite Plaintiffs October 2020 offer being for the same amount, Defendant refused to accept it.

16.     On November 30, 2020 Plaintiffs drafted a set of written discovery including requests for production, requests for admission, and interrogatories.

17.     On December 17, 2020 FCA propounded a set of written discovery requests upon Plaintiffs which included requests for admissions, requests for production of documents, and interrogatories. Plaintiffs' counsel dutifully analyzed each request, secured Plaintiffs' input, and drafted responses on or about February

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

12, 2021.

18.     On February 19, 2021, Plaintiffs again served an offer for $62,857.74 with the same terms as Plaintiffs' October 2020 offer. During this time, the parties met and conferred on suitable settlement terms but Defendant would not agree that Plaintiffs are prevailing party. In an attempt to reach some middle ground, Plaintiffs modified its settlement offer and served another one on March 24, 2021 which allowed for payment to be made within 72 hours after surrender to give Defendant more time to disburse the settlement funds. Defendant still refused and responded with a Rule 68 Offer on March 26, 2021. The only difference between its October 2020 Rule 68 Offer and its March 2021 Rule 68 offer was that the latter provided for payment within 45 days instead of 90. There was still no prevailing party language and no deadline for Defendant to pay following surrender.

19.     On May 6, 2021 FCA took the deposition of Plaintiff Guillermo Salazar.

20.     On May 18, 2021, Defendant emailed Plaintiffs inquiring if Plaintiffs' February 2021 offer was still open. That same day, Plaintiffs served and settlement offer with the same terms as the February 2021 offer. After seven months of refusing to sign Plaintiffs' settlement offers from October 2020 and February 2021, Defendant suddenly agreed to sign an offer with the same terms which included prevailing party language and a 24 hour deadline to pay the settlement funds following surrender. The Settlement included a full buyback of Plaintiffs' defective vehicle, incidental and consequential damages, and substantial civil penalties. A true and correct copy of this Offer is attached hereto as **Exhibit H.**

21.     Plaintiffs, as the prevailing party in this action, has made every reasonable effort to resolve the payment of Plaintiffs' attorney's fees, costs, and expenses by FCA including detailed substantive discussions and creation of a joint statement but were forced to file this Motion with the Court. (See Exhibits B-D)

///

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

22.     Plaintiffs were compelled to file a motion to reopen the case on July 19, 2021 as FCA refused to stipulate to the relief sought. The Court granted the motion on August 10, 2021. The parties continued to meet and confer and added additional arguments, objections, and responses to the joint statement. Unfortunately, the parties remained at an impasse and thus Plaintiffs filed this motion.

### The Firm's Fees Incurred in Litigating This Matter Are Reasonable Pursuant to the Lodestar Method

23.     I attended law school at Pepperdine University and I was a judicial extern for Judge Gregory W. Alarcon of the Los Angeles County Superior Court in 2002.

24.     I have been admitted to the State Bar of California since April 29, 2003.

25.     Since my admission to the State Bar of California, I have specialized in consumer law. I originally worked for one of the largest consumer warranty law firms in the country, Consumer Legal Services.

26.     I have extensive experience prosecuting and resolving consumer protection matters involving motor vehicle claims. For the past thirteen years, I have specialized in breach of warranty and fraud cases against automobile manufacturers and dealers. I was among the attorneys who represented the Plaintiffs in *Joyce v. Ford Motor Co.* (2011) 198 Cal.App.4th 1478, a leading case which extended the protections of the Lemon Law to trucks based on actual weight, not maximum capacity.

27.     I originally worked for one of the largest consumer warranty law firms in the country, Consumer Legal Services. From April 2007 until April 2012, I was a founding partner in Romano, Stancroff & Mikhov PC. I was the Managing Partner of the firm until it was dissolved. In April 2012, I founded O'Connor & Mikhov, LLP. The firm was reformed in 2017 as Knight Law Group, LLP. I am the Managing Partner of the firm. My rate for this case was $550/hour. My billing entries are indicated by the initials "SBM" in the billing statement exhibited to this

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

declaration.

28.    Amy Morse is a Partner in my office.  Ms. Morse has been with my firm since her admission to the bar in 2013.  Prior to her admission, she was a law clerk with my office since 2012.  Ms. Morse graduated from Loyola Law School. Ms. Morse's hourly rate is $350/hour for 2020 and $400/hr for 2021.  Ms. Morse's billing entries are indicated by the initials "ALM" in the billing statement exhibited to this declaration.

29.    Andrew Jang is an Associate with the firm and was admitted to practice in 2020.  Mr. Jang graduated from Southwestern Law School and received his undergraduate degree from University of California, Los Angeles. His hourly rate was $200/hour. Mr. Jang's billing entries are indicated by the initials "AJ" in the billing statement exhibited to this declaration.  Mr. Jang's hourly rate has increased in 2021 to $250/hour to account for his increased experience and workload at the firm.

30.    Greg Mohrman is the Senior Trial Attorney at Knight Law Group and has been an attorney since 2009. A graduate of Southwestern Law School, he worked as a Deputy District Attorney for Los Angeles County for 10 years, where he conducted more than 80 trials and adjudications, as well as over a 1,000 preliminary hearings. He has been with Knight Law since July 2020, and has a billing rate of $425/hour. Mr. Mohrman's billing entries are indicated by the initials "GM" in the billing statement exhibited to this declaration.

31.    Heidi Alexander is an associate at my firm.  She graduated from the University of Miami School of Law and received her undergraduate degree from Vanderbilt University with highest honors. Ms. Alexander was admitted into Maryland Bar in 2010 and the Virginia Bar in 2012 (the latter license is no longer active).  Ms. Alexander was admitted to the California Bar in 2017 and has been working at the firm since 2019. Following Ms. Alexander's admission to the Bar, she received her Masters degree in Legal and Forensic Psychology from the

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

University of California, Irvine in 2019. Her hourly rate is $325/hour. Her billing entries are indicated by the initials "HA" in the billing statement exhibited to this declaration.

32. Daniel Kalinowski is an Associate with the firm and was admitted to practice in 2015. Mr. Kalinowski graduated from Chapman University School of Law, and his hourly rate was $250/hour. His prior professional experience includes business litigation, real estate litigation, and employment litigation. Mr. Kalinowski's billing entries are indicated by the initials "DK" in the billing statement exhibited to this declaration. Mr. Kalinowski's hourly rate has increased in 2021 to $295/hour to account for his increased experience and workload at the firm.

33. Maite Colón is an Associate in my office. Mrs. Colón graduated from the University of Puerto Rico School of Law in 2011 and was admitted to practice law in California in 2018. Mrs. Colón has been employed at my law firm since 2017. Prior to joining my firm, she worked at an international law firm gaining valuable experience in commercial transactional work and international law. Mrs. Colón's hourly rate was $300/hour, and her billing entries are indicated by the initials "MC" in the billing statement exhibited to this declaration. Mrs. Colón's hourly rate has increased in 2021 to $345/hour to account for her increased experience and workload at the firm.

34. Marisa Melero has been an Associate at my firm since March of 2017. Ms. Melero graduated from University of California Los Angeles, Southwestern Law School, and was admitted to practice law in 2015. Ms. Melero's hourly rate was $225/hour. Ms. Melero's billing entries are indicated by the initials "MM" in the billing statement exhibited to this declaration. Ms. Melero's hourly rate has increased in 2021 to $295/hour to account for her increased experience and workload at the firm.

///

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

35.     Roger Kirnos is also a Partner at Knight Law.  Mr. Kirnos graduated from Southwestern Law School in 2009 in with *cum laude* honors.  Mr. Kirnos was previously a judicial extern for former Chief Judge Alex Kozinksi of the Ninth Circuit Court of Appeals and a judicial extern for Judge F. Gary Klausner of the United States District Court, Central District.  Mr. Kirnos has been trial counsel in over twenty-five lemon law and consumer fraud/false advertising cases that went to jury verdict and has been named a "Super Lawyer Rising Star" each year since 2018.  The hourly rate for Mr. Kirnos was $425/hour which has increased to $450/hour in on account of his trial experience and responsibilities at the firm.  His billing is indicated by the initials "RK" in the attached invoice.

36.     Jacob Cutler, a Senior Attorney at Knight Law, graduated *cum laude* from the University of Miami School of Law and was admitted to practice in California in 2009.  Prior to his employment at Knight Law, he worked for over five years at a different lemon law firm gaining valuable experience in this area of law.  His hourly rate is $425/hour. Mr. Cutler's billing entries are indicated by the initials "JWC" in the billing statement exhibited to this declaration.

37.     As always, Knight Law attempts to keep attorney's fees and costs down while providing vigorous and effective representation.

38.     All time billing entries were completed contemporaneously with each dated entry or near in time to the work performed.  I have personally reviewed the billing entries to ensure that they appropriately reflect the time expended.  I have removed or reduced any time I felt was excessive, duplicative, or otherwise unreasonable, or I have labeled the entry as a "no charge", as identified by the "N/C" in the invoice.  My firm does not bill clients for secretarial support staff time.

39.     I am aware of the hourly rates of other attorneys in the California who work in the area of lemon law and consumer law.  I bill my time at an hourly rate of $550 per hour.  An hourly rate of $550 per hour is reasonable, and consistent with other attorneys who litigate consumer matters and who have a comparable level of

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

experience.  A canvas of the community of attorneys who specialize in this area reveals the following hourly rates:

    a. Hallen Rosner of Rosner, Barry & Babbitt, LLP, San Diego, CA has been practicing law since 1983 and specializes in consumer litigation with particular attention to auto financing issues. He charges $640 per hour. Survey as of 2017.

    b. Michael Lindsey was admitted to the bar in 1993 and has been handling consumer law cases for nearly 15 years in San Diego, California.  Mr. Lindsey's hourly rate is $625. Survey as of 2017. His previous rate of $575/hour was recently confirmed as reasonable in *Goglin v. BMW of North America* (2016) 4 Cal.App.5th 462, 473-74.

    c. Brian Kemnitzer of Kemnitzer, Anderson, Barron, Ogilvie & Brewer LLP in San Francisco has been handling consumer cases since 1983.  Mr. Kemnitzer charges $800 per hour. Survey as of 2016.

    d. Robert Brennan of Brennan, Weiner and Associates in La Crescenta, California charges $450 per hour.  He has been in practice since 1987.  The hourly rate for his associates is $375 per hour. Survey as of 2010.

    e. Martin Anderson of The Anderson Law Firm in Santa Ana, California has practiced law since 1995 and charges $395 per hour. Mr. Anderson specializes in Lemon Law matters. Survey as of 2007.

    f. Nancy Barros of Kemnitzer, Anderson, Barron, Ogilvie & Brewer LLP in San Francisco, California has been handling consumer cases since 1983. Ms. Barros charges $625 per hour. Survey as of 2016.

10

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

g. Mark Romano of Romano, Stancroff in Los Angeles, California has been practicing for 23 years, primarily in consumer litigation. His hourly rate is $400 per hour. Survey as of 2010.

40. On June 28, 2021 Judge Armen Tamzarian awarded 99% of the attorney's fees requested in the amount of $25,229.50 out of $25,554.50 and awarded rates as reasonable ranging from $800/hr-$200/hr including $800/hr for Mr. Bryan Altman, $595/hr for Mr. Scot Wilson, and $550/hr for Mr. Steve Mikhov in the matter of *Hector Lara Mejia v. Ford Motor Company LLC* (Los Angeles Superior Court, Case No. 19STCV21898). A true and correct copy of the Court's minute order is attached hereto as **Exhibit I**.

41. On November 23, 2020 Judge Anthony J. Battaglia awarded attorney's fees in the amount of $47,030.00 out of $54,732.50 requested and approved all requested rates as reasonable including my rate of $550/hr, Mr. Wirtz's rate of $650/hr, Ms. Barns rate of $450/hr, Ms. Rotman's rate of $450/hr, Mr. Higgins' rate of $450/hr, and Ms. Morse's rate of $350/hr in the matter of *Juan Herrera and Elizabeth Herrera v. FCA US LLC* (United States District Court Southern District, Case No.: 3:17-cv-00579-AJB-BGS). A true and correct copy of the Court's minute order is attached hereto as **Exhibit J**.

42. On November 23, 2020 Judge Anthony J. Battaglia awarded attorney's fees in the amount of $40,125.00 out of $50,616.25 requested and approved all requested rates as reasonable including my rate of $550/hr, Mr. Higgins' rate of $450/hr, Mr. Donnelly's rate of $400/hr, Ms. Stephenson-Cheang's rate of $375/hr, and Ms. Morse's rate of $350/hr in the matter of *Mickey Davenport v. FCA US LLC* (United States District Court Southern District, Case No.: 3:17-cv-00580-AJB-BGS). A true and correct copy of the Court's minute order is attached hereto as **Exhibit K.**

43. On November 20, 2020 Judge Anthony J. Battaglia awarded attorney's fees in the amount of $41,875.00 out of $51,217.50 requested and approved all

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

requested rates as reasonable including my rate of $550/hr, Mr. Wirtz's rate of $650/hr, Mr. Higgins' rate of $450/hr, Ms. Rotman's rate of $450/hr, Mr. Barnes' rate of $450/hr, Ms. Morse's rate of $350/hr, and younger attorney's rates ranging from $200/hr-$325/hr in the matter of *Steven Shaffer v. FCA US LLC* (United States District Court Southern District, Case No.: 3:17-cv-00572-AJB-BGS). A true and correct copy of the Court's minute order is attached hereto as **Exhibit L.**

44.     On November 18, 2020 Judge Anthony J. Battaglia awarded attorney's fees in the amount of $33,340.00 out of $39,050.00 requested and approved all requested rates as reasonable including my rate of $550/hr, Mr. Wirtz's rate of $650/hr and associate attorneys ranging from $200/hr - $450/hr in the matter of *Thomas House v. FCA US LLC* (United States District Court Southern District, Case No.: 3:17-cv-00583- AJB-BGS). A true and correct copy of the Court's minute order is attached hereto as **Exhibit M.**

45.     On October 6, 2020 Judge John P. Doyle awarded attorney's fees in the amount of $29,839.25 out of $36,130.00 requested and approved all rates sought as reasonable ranging from $750/hr - $200/hr in the matter of *Elmer Mancia v. FCA US LLC* (Los Angeles Superior Court, Case No. 19STCV05032). A true and correct copy of the Court's minute order is attached hereto as **Exhibit N**.

46.     On September 8, 2020 Judge Virginia A. Phillips awarded attorney's fees in the amount of $39,003.85 out of $48,778.75 requested and approved the following rates as reasonable; my rate of $550/hr, Mr. Lear's rate of $595/hr, Ms. Morse's rate of $350/hr, Ms. Morrison's rate of $375/hr, Ms. Stevenson-Cheang's rate of $350/hr, Mr. Devabose's rate of $275/hr, Ms. Colon's rate of $275/hr and Mr. Kalinowski's rate of $275/hr in the matter of *Caleb Lin v. BMW of North America, LLC et al* (United States District Court Central District of California, Case No. 2:18-cv-08297-VAP-PLA). A true and correct copy of the Court's minute order is attached hereto as **Exhibit O**.

///

12

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

47.     On August 21, 2020 Judge Barbara Meiers awarded 100% of the attorney's fees requested and awarded a ***multiplier of .5*** (based on the excellent result achieved for Plaintiffs) for a total of $30,377.25 in the matter of *Jose Luis Chavez Ramirez et al v. General Motors LLC* (Los Angeles Superior Court, Case No. 19STCV08317). The Court approved all requested rates as reasonable ranging from $550/hr-$200/hr. A true and correct copy of the signed order is attached hereto as **Exhibit P**.

48.     On August 13, 2020 Judge Michelle Williams Court awarded 100% of the attorney's fees requested in the amount of $71,937.50 which included approving all rates sought as reasonable including my rate of $550/hr, co-counsel Mr. Wirtz's rate of $650/hr, Russell Higgins' rate of $450/hr, Amy Morse's rate of $350/hr, and younger attorney's rates ranging from $275/hr-$225/hr in the matter of *Misty Miranda et al. v. FCA US LLC* (Los Angeles Superior Court, Case No. BC625980). A true and correct copy of the signed judgment is attached hereto as **Exhibit Q**.

49.     On July 24, 2020 Judge Michelle Williams Court awarded 100% of Knight Law Groups lodestar attorney's fees request in the amount of $211,080.00 which included approving Knight Law Group's requested hourly rates as reasonable which ranged from $550/hr-$225/hr in the matter of *Julio Hernandez v. BMW of North America, LLC* (Los Angeles Superior Court, Case No. BC666145). A true and correct copy of the Court's minute order is attached hereto as **Exhibit R**.

50.     On June 25, 2020 Judge Christopher Lui awarded over 88% of Plaintiffs' lodestar attorney's fees in the amount of $18,500.00 based on a request of $20,947.50 and approved all of Plaintiffs' rates as reasonable which ranged from $550/hr to $225/hr in the matter of *Javier Carranza et al v. FCA US LLC* (Los Angeles Superior Court Case No. 18STCV05066).  A true and correct copy of the signed judgment is attached hereto as **Exhibit S**.

51.     On June 23, 2020, Judge Teresa Beuadet awarded 100% of Plaintiffs' attorney's fees, costs and expenses in the amount of $126,527.88 and approved all

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

requested rates ranging from $550/hr to $200/hr in the matter of *Donald Harbert v. FCA US LLC* (Los Angeles Superior Court, Case No. BC623621). A true and correct copy of the Court's minute order is attached hereto as **Exhibit T**.

52.     On March 23, 2020, Judge Barbara Scheper awarded $27,470 in attorney's fees out of $24,877.50 requested, a ***1.5 multiplier*** of $13,735, as well as full costs and expenses in the amount of $6,850.73 in the matter of *Eluterio Murillo v. FCA US LLC* (Los Angeles Superior Court, Case No. 18STCV06504). The Court approved all of Plaintiffs' rates as reasonable which ranged from $550/hr to $200/hr. A true and correct copy of the signed order is attached hereto as **Exhibit U**.

53.     On March 10, 2020, Judge Michelle Williams awarded 100% of requested lodestar fees and costs in the amount of $196,288.75 in the matter of *Eric Covert vs. FCA US LLC et al.* (Los Angeles County Superior Court, Case No. BC629240). The hourly rates approved as reasonable ranged from $550 for managing partners such as myself; $350 for partner Amy Morse; $375 for senior attorney Constance Morrison; $375 for senior associates Kristina Stephenson-Cheang and Chris Swanson; and $275 to $225 for younger associates. A true and correct copy of the signed judgment is attached hereto as **Exhibit V**.

54.     On February 20, 2020 Judge Rafael A. Ongkeko awarded *88%* of requested lodestar fees and costs in the amount of $29,837.50 based on a request of $33,932.50 in the matter of Elizabeth *Velador et al. v. Ford Motor Company* (Los Angeles County Superior Court, Case No. BC692274). The court found reasonable the hourly rates which ranged from $550 for managing partners such as myself; $350 for partner Amy Morse; $375 for senior associates Kristina Stephenson-Cheang and Chris Swanson; and $275 to $225 for younger associates. A true and correct copy of the signed judgment is attached hereto as **Exhibit W**.

55.     On February 13, 2020, Judge Kliefield awarded fees in the amount of $23,277.50 (representing about *95%* of the requested lodestar of $24,727.50) and awarded $6,184.26 the full amount of costs requested in *Hugolino Reyes v. GM* (Los

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

Angeles Superior Court, Case No. BC704076).  The Court approved as reasonable all rates requested ranging from $550/hr - $225/hr. A true and correct copy of the signed judgment is attached hereto as **Exhibit X**.

56.    On February 5, 2020, Judge Robert B. Broadbelt III awarded Knight Law Group 100% of its requested fees and costs which amounted to $16,737.50 in fees and $28,439.91 in costs in *Roman Salcedo & Tania Ortega v. FCA* (Los Angeles Superior Court, Case No. BC655659). In addition, the court approved all requested rates from $550/hr to $200/hr. A true and correct copy of the signed order is attached hereto as **Exhibit Y**.

57.    On January 16, 2020, Judge Yolanda Orozco granted lodestar attorney fees in the amount of $44,063.75, which represented 96% of the requested lodestar fee amount of $45,801.25, and full costs in the amount of $5,752.87 in the matter of *Shahriar Yazdanniaz v. FCA US LLC et al.* (Los Angeles Superior Court, Case No. BC686906). In particular, the hourly rates awarded as reasonable ranged from $550 to $595 per hour for senior-level attorneys such as myself, trial counsel Edward O. Lear; $450 to $350 per hour for senior attorneys Russel Higgins, Kirk Donnelly, Amy Morse, and Kristina Stephenson-Cheang, and $200 to $300 for younger attorneys. A true and correct copy of the Court's minute order is attached hereto as **Exhibit Z.**

58.    On January 15, 2020, Judge Mel Red Recana granted lodestar attorney fees in the amount of $86,866.25 (which represented over 87% of the requested lodestar of $99,290.00) and in addition, awarded a ***1.2 multiplier*** of $17,377.25 stating "Plaintiffs' counsel accepted this case on contingency, advanced costs, and was required to secure a settlement greater than Defendant's Section 998 offer in order to get any attorney's fees. Thus Plaintiffs' counsel took on financial risk in accepting this case and litigating it for three years up to the date of trial in the matter of *Claudia Ewing et al. v. FCA US LLC* (Los Angeles Superior Court, Case No. BC638178). In particular, the hourly rates awarded ranged from $550 to $595 per

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

1   hour for senior-level attorneys such as myself, trial counsel Edward O. Lear; $450
2   to $350 per hour for senior attorneys Russel Higgins, Amy Morse, and Kristina
3   Stephenson-Cheang, and $200 to $300 for younger attorneys. A true and correct
4   copy of the signed order is attached hereto as **Exhibit AA.**

5       59.     On January 8, 2020, Judge Yolanda Orozco awarded fees in the amount
6   of $28,957.50 for Knight Law Group (which represented over 94% of the requested
7   lodestar of $30,650.00) and awarded the full costs and expenses requested in the
8   amount of $6,470.35 in *Selene Valenzuela et al. v. GM* (Los Angeles Superior Court,
9   Case No. BC707811).The court approved all requested rates as reasonable ranging
10  from $550/hr-$225/hr. A true and correct copy of the Court's minute order is
11  attached hereto as **Exhibit BB.**

12      60.     On December 10, 2019, Judge Michelle Williams expressly confirmed
13  the reasonableness of each of the hourly rates and awarded 97% of the requested
14  attorneys' lodestar fees in the amount of $112,065.00 out of $114,775.00 in the case
15  of *Vickie M. Lively v. FCA US LLC et al.* (Los Angeles Superior Court, Case No.
16  BC690576).  The court ruled that my rate of $550 per hour was reasonable, trial
17  counsel Edward O. Lear's rate of $595 per hour was reasonable, rates of $350 to
18  $400 per hour for partner Amy Morse and attorney Matthew Evans, were reasonable,
19  and the rate of $375 per hour was reasonable for attorney Kristina Stephenson-
20  Cheang.  A true and correct copy of the Court's minute order is attached hereto as
21  **Exhibit CC.**

22      61.     On August 26, 2019, Judge Gregory W. Alarcon awarded 100% of the
23  requested lodestar attorney's fees in the amount of $51,143.50 and $14,916.21 in
24  costs and expenses in the matter of *Tanisha Pitts vs. FCA US LLC et al.* (Los Angeles
25  County Superior Court, Case No. BC690577). The hourly rates awarded ranged from
26  my rate at the time of $550 for senior-level attorneys such as myself; $350 per hour
27  for partner Amy Morse; and $375 to $300 per hour for attorneys and senior associate
28  Kristina Stephenson-Cheang; and $200 for younger attorneys. A true and correct

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

copy of the Court's signed ruling is attached hereto as **Exhibit DD.**

62.     On July 1, 2019, Judge Gary Klausner, awarded 100% of the lodestar attorney's fees in the amount of $49,265 in the matter of *Bruce Hung Li v. FCA US LLC* (United States District Court Central District of California, Case No. 2:17-cv-06290-R-JEM). The court found reasonable the hourly rates that ranged from $250 per hour for attorney Lauren C. Martin to $300 - $375 per hour for associates and mid-level attorneys such as Amy Morse, Kristina Stephenson-Cheang, and Christopher Urner, to $550 per hour for my rate and $550 per hour for trial counsel, Michael Rosenstein.  A true and correct copy of the Court's minute order is attached hereto as **Exhibit EE.**

63.     On June 25, 2019, Judge Robert S. Draper, in the matter of *Rita Johnson v. FCA US LLC, et al.* (Los Angeles Superior Court, Case No. BC644172) awarded attorney's fees in the amount of $93,314.75, 93% of the lodestar fees requested of $100,617.25 and $13,937.42 in costs. A true and correct copy of the Court's minute order is attached hereto as **Exhibit FF**.

64.     On June 25, 2019, Judge Holly J. Fujie in the matter of *Anthony S. Carruthers v. FCA US LLC* (Los Angeles Superior Court, Case No. BC639911) awarded attorney's fees in the amount of $65,045, 100% of the amount of the lodestar fees requested, which included approving hourly rates for attorneys at my firm ranging from $550/hr-$200/hr. A true and correct copy of the signed order is attached hereto as **Exhibit GG**.

65.     On June 5, 2019, Judge Dennis Landin awarded attorney's fees in the amount of $63,039.25, 99% of the lodestar fees requested of $63,364.25, in the matter of *Janiece Garza v. FCA US LLC, et al* (Los Angeles Superior Court, Case No. BC635166. The Court, other than reducing my hourly rate of $550/hr to $500/hr, approved our rates ranging from $375/hr-$200/hr also awarded costs and expenses in the amount of $7,249.12. A true and correct copy of the Court's signed ruling is attached hereto as **Exhibit HH**.

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

66.     On May 30, 2019, Judge Teresa A. Beaudet in the matter of *Nicole Gaines v. FCA US LLC et al.* (Los Angeles Superior Court, Case No. BC627950) awarded attorney's fees in the amount of $79,230, 98% of the lodestar fees requested of $80,742.50. The Court approved all of our requested rates ranging from $550/hr-$225/hr. A true and correct copy of the Court's minute order is attached hereto as **Exhibit II.**

67.     On April 9, 2019, Judge Teresa A. Beaudet awarded 100% of the total requested lodestar fees in the amount of $57,910 in the matter of *Chiara Di Martino vs. Hyundai Motor America* (Los Angeles County Superior Court, Case No. BC631896). The hourly rates approved ranged from $550 for managing partners of law firms such as myself; $350 for partner Amy Morse; $350 for senior attorney Christopher Thoms; $375 for senior associates Kristina Stephenson-Cheang and Alastair Hamblin; and $275 to $250 for associates Deepak Devabose and Daniel Kalinowski. A true and correct copy of the Court's minute order is attached hereto as **Exhibit JJ**.

68.     On March 8, 2019, Judge John P. Doyle awarded about 93% of requested lodestar fees in the amount of $57,692.50 out of $61,965 and all of his costs expenses for a total amount of $72,951.68 in the matter of *Marcos Gastelum vs. FCA US LLC* (Los Angeles County Superior Court, Case No. BC668442). The hourly rates confirmed ranged from $550 for managing partners such as myself; $350 for partner Amy Morse; $375 for senior attorney Constance Morrison; and $375 for senior associate Kristina Stephenson-Cheang; and $275 to $225 for younger associates. A true and correct copy of the Court's minute order is attached hereto as **Exhibit KK**.

69.     On February 20, 2019, Judge Anthony Mohr awarded 100% of the total requested lodestar fees and cost as well as ***a .2 multiplier***, totaling in the amount of $88,470.80 in the matter of *Antonio Martinez vs. FCA US LLC* (Los Angeles Superior Court, Case No. BC624319). The range of hourly rates confirmed included

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

$550 for managing partners of law firms such as myself; $350 for partner Amy Morse; and $350 for senior attorney Christopher Thoms; and $200 for younger associates. A true and correct copy of the signed order is attached hereto as **Exhibit LL**.

70.    On February 13, 2019, Judge Gregory Keosian awarded about 96% of the total requested lodestar fees in the amount of $43,798 out of $45,688 and all of the requested costs and expenses for a total amount of $54,044.76 in the matter of *Alicia Haberman vs. FCA US LLC* (Los Angeles County Superior Court, Case No. BC655846). The hourly rates confirmed ranged from $595 to $550 for managing partners of law firms such as myself and Edward Lear; $350 for partner Amy Morse; $375 to $300 for senior attorneys Constance Morrison, Christopher Thoms, Ilan Isaacs, and Ray Areshenko; $375 for senior associate Kristina Stephenson-Cheang; and $275 to $250 for associates Deepak Devabose, George Aguilar, and Daniel Kalinowski; and $225 for younger associates. A true and correct copy of the Court's minute order is attached hereto as **Exhibit MM**.

71.    On January 25, 2019, Judge Maureen Duffy-Lewis awarded 100% of requested lodestar fees and costs in the amount of $41,992.62 in the matter of *Antonious Nieuwenhuis vs. Ford Motor Company* (Los Angeles County Superior Court, Case No. BC671090). The hourly rates confirmed ranged from $550 for managing partners such as myself; $450 to $350 for partners Russel Higgins and Amy Morse; $375 for senior attorneys Constance Morrison and Christopher Thoms; $375 for senior associate Kristina Stephenson-Cheang; and $250 to $225 for younger associates. A true and correct copy of the Court's minute order is attached hereto as **Exhibit NN**.

72.    On January 23, 2019, Judge Monica Bachner awarded 100% of requested lodestar fees and costs in the amount of $41,992.62 in the matter of *Boris Yu vs. FCA US LLC* (Los Angeles County Superior Court, Case No. BC639907). The hourly rates awarded ranged from $550 for managing partners such as myself;

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

$450 to $350 for partners Russel Higgins and Amy Morse; $375 for senior attorney Constance Morrison; $375 for senior associate Kristina Stephenson-Cheang; $275 to $250 for associates Deepak Devabose, George Aguilar, Daniel Kalinowski, and Michael Ouziel; and $225 for younger associates. A true and correct copy of the signed order is attached hereto as **Exhibit OO**.

73.     On January 7, 2019, Judge David Sotelo awarded 100% of requested lodestar fees in the amount of $44,601.25 in the matter of *Maria Solis vs. FCA US LLC* (Los Angeles County Superior Court, Case No. BC656138). The hourly rates awarded ranged from $550 for managing partners such as myself; $350 for partner Amy Morse; $375 for senior attorney Constance Morrison; $375 for senior associate Kristina Stephenson-Cheang; $275 for associates Deepak Devabose and George Aguilar; and $250 to $200 for younger associates. A true and correct copy of the Court's minute order is attached hereto as **Exhibit PP**.

74.     On January 4, 2019, Judge Barbara A. Meiers awarded 100% of requested lodestar fees and costs in the amount of $64,748.78 in the matter of *Patrick Green vs. FCA US LLC* (Los Angeles County Superior Court, Case No. BC641408). The hourly rates approved ranged from $550 for senior-level attorneys such as myself; $350 for partner Amy Morse; $375 to $300 for senior attorneys Constance Morrison and Jon Anderson; $375 for senior associate Kristina Stephenson-Cheang; and $250 to $200 for younger associates. A true and correct copy of the Court's minute order is attached hereto as **Exhibit QQ**.

75.     On December 10, 2018, Judge Holly J. Fujie awarded 97% of requested lodestar fees in the amount of $74,567.50 out of $76,190.00 and 100% of requested costs in the amount of $11,690.41 in the matter of *Rosa Rodriguez vs. FCA US LLC* (Los Angeles County Superior Court, Case No. BC616911). The hourly rates awarded ranged from my prior rate of $500 per hour for myself; the prior rate of $300 for partner Amy Morse; and the prior rates of $400 to $350 per hour for senior associates Russel Higgins and Kristina Stephenson-Cheang. A true and correct copy

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

of the signed judgment is attached hereto as **Exhibit RR**.

76. On September 17, 2018, Judge Elizabeth Feffer awarded $33,896.17 which was 100% of the attorney's fees, costs and expenses requested in the matter of *Avilio Siciliano v. Kia Motors America, Inc.* (Los Angeles Superior Court, Case No. BC620966). The Court approved all requested rates as reasonable ranging from $500/hr-$250/hr. A true and correct copy of the Court's minute order is attached hereto as **Exhibit SS**.

77. On August 8, 2018, Judge John P. Doyle awarded 100% of the lodestar fees requested by motion in the total amount of $72,478.75 in the matter of *Geoffrey Morgan and Ambyr Morgan v. FCA* (Los Angeles County Superior Court, Case No. BC625668). The rates approved as reasonable include my rate of $500 per hour, the rate of $400 per hour for Roger Kirnos and Sepehr Daghighian, $375 per hour for kirk Donnelly, $350 per hour for Amy Morse and Kristina Stephenson-Cheang, $250 per hour for Deepak Devabose and George Aguilar, and $225 per hour Jennifer Reiz and Thomas Burns. A true and correct copy of the signed order is attached hereto as **Exhibit TT**.

78. On August 7, 2018, Judge David Sotello awarded 100% of the fees, costs and expenses requested by motion in the total amount of $31,656.20 in the matter of *Deiter Hadorn v. FCA* (Los Angeles County Superior Court, Case No. BC633611). The rates approved as reasonable include my rate of $500 per hour, the rate of $350 per hour for Amy Morse, Christopher Swanson, Hadi Gerami, and Kristina Stephenson-Cheang, $225 per hour for Jennifer Reiz, and $200 per hour for Michelle Lumasag. A true and correct copy of the signed order is attached hereto as **Exhibit UU**.

79. On July 31, 2018, Judge Teresa Beaudet awarded 100% of the lodestar attorneys fees in the amount of $55,312.50 in attorney's fees and $12,893.46 in costs and expenses in the matter of *Luis Marroquin et al vs. Ford Motor Company* (Los Angeles County Superior Court, Case No. BC626539). The hourly rates awarded

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

ranged from my rate at the time of $500 for senior-level attorneys such as myself; $375 to $300 per hour for "contract/of counsel" attorneys Kirk Donnelly, Constance Morrison, Hadi Gerami, and Larry Castruita; $350 per hour for partner Amy Morse and senior associate Kristina Stephenson-Cheang; and $250 for younger attorneys.  A true and correct copy of the Court's minute order is attached hereto as **Exhibit VV**.

80.    On July 13, 2018, Judge Deirdre Hill awarded 100% of the attorney's fees in the amount of $40,066.25 and full costs and expenses in the amount of $1,723.21 in the matter of *Everett Bell vs. FCA US LLC* (Los Angeles County Superior Court, Case No. BC631014). The hourly rates awarded as reasonable ranged from $500 for senior-level attorneys, such as myself and trial counsel, Michael Rosenstein; $400 to $350 per hour for attorneys Russell Higgins and Amy Morse; and $225 to $250 for Thomas Burns and Hadi Gerami.  A true and correct copy of the Court's minute order is attached hereto as **Exhibit WW**.

81.    On February 23, 2018, Judge John P. Doyle awarded about *90%* of the lodestar attorney's fees request in the amount of $63,705.38 out of $70,783.75 and all of Plaintiffs' $8,560.21 in costs and expenses in the matter of *Aandahl vs. FCA US LLC* (Los Angeles County Superior Court, Case No. BC620824). The hourly rates awarded as reasonable ranged from $500 per hour for senior-level attorneys, including me and trial counsel, Michael Rosenstein; $400 to $350 per hour for attorneys Russel Higgins, Lauren Ungs, Chris Swanson, Amy Morse, Constance Morrison, Kristina Stephenson-Cheang, and $200 to $275 for younger attorneys. . A true and correct copy of the Court's minute order is attached hereto as **Exhibit XX**.

82.    On January 5, 2018, Judge Mel Red Recana granted 100% of the requested lodestar attorney fees in the amount of **$529,885.50 and $96,840.81** in costs and expenses in the matter of *Charles Margeson v. Ford Motor Company* (Los Angeles Superior Court, Case No. BC549430). Judge Recana believed the firm's prowess during the four-week trial that resulted in an unprecedented almost two

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

million dollar jury verdict warranted a ***1.8 multiplier of $423,908.40*** to be added to the fee award.  In addition, the hourly rates awarded as reasonable ranged from $500 to $650 per hour for senior-level attorneys such as myself, trial counsel Michael Rosenstein, trial counsel Bryan Altman, and Hal Rosner; $400 to $350 per hour for senior attorneys Russel Higgins, Lauren Ungs, Roger Kirnos, Amy Morse, Kirk Donnelly, Constance Morrison, and Kristina Stephenson-Cheang, and $200 to $300 for younger attorneys. A true and correct copy of the signed order is attached hereto as **Exhibit YY**

83.   On October 31, 2017, Judge Elizabeth R. Feffer granted 100% of the attorney fees, costs and expenses in the amount of $43,527.50 in the matter of *Jesus Montes v. Ford Motor Company* (Los Angeles Superior Court, Case No. BC617619).  Judge Feffer granted rates from $750 per hour for trial counsel Moses Lebovits, my rate of $500 per hour, $400 per hour for Senior Associate Russell Higgins, $325 to $350 per hour for Associates Chris Swanson and Kristina Stephenson-Cheang, $350 per hour for Mr. Lebovits' associates, Ashley Arnett and Mary Fersch, $250 per hour for then-associate, now-Partner Amy Morse. A true and correct copy of the signed order is attached hereto as **Exhibit ZZ.**

84.   On October 11, 2017, Judge Elizabeth R. Feffer awarded 98% of the attorney fees requested by motion in the matter of *Sergio Lopez v. Ford Motor Company* (Los Angeles County, Case No. 585892) in the amount of $108,750.00 out of $110,797.50, with the one reduction stemming from my firm's own withdrawal of time that was unreasonable.  Judge Feffer reviewed the following hourly rates and determined them to be reasonable: $500 per hour for attorneys Steve Mikhov and Richard Wirtz, $400 per hour for attorney Russel Higgins, $300 - $350 per hour for attorneys Alistair Hamblin, Constance Morrison, Kristina Stephenson-Cheang, Amy Smith and Erin Barns, and $250 per hour for Amy Morse and Lauren Sabb. A true and correct copy of the signed order is attached hereto as **Exhibit AAA**.

*///*

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

85.     On September 20, 2017, Judge Gail R. Feuer awarded 98% of the requested lodestar attorney's fees totaling $227,228.00 out of $231,228.000 and $31,712.55 in costs and expenses in the matter of *Anita Longin vs. Ford Motor Company* (Los Angeles Superior Court, Case No. BC564186). Specifically, the Court deemed my hourly rate of $500 per hour reasonable along with trial attorney, Sepehr Daghighian's hourly rate of $400 per hour as reasonable.  Judge Feuer also determined that the hourly rates of the other associate attorneys ranging from $225 to $400 per hour were reasonable. A true and correct copy of the Court's ruling is attached hereto as **Exhibit BBB**.

86.     On June 19, 2017, Judge Michael J. Raphael awarded $116,872.50 in attorney's fees out of $134,975.00 requested after trial in the matter of *Tarisa Bellamy v. Mercedes Benz USA LLC* (Los Angeles Superior Court, Case No. BC597233).  Plaintiffs obtained a maximum treble damages jury verdict.  The Court affirmed the hourly rates of the attorneys, including Moses Lebovits' rate of $750 per hour, my rate of $500 per hour and mid-level and young associates ranging from $250 to $400 per hour, as well as Attorney Ashley Arnett at $350 per hour.  A true and correct copy of the Court's ruling is attached hereto as **Exhibit CCC**.

87.     On May 24, 2017, Judge Howard L. Halm awarded $168,000.00 in attorney's fees out of $204,795.00 requested and $27,257.19 in costs and expenses in a jury trial that resulted in a maximum civil penalty award for our client in the matter of *Omar Gomez v. Kia Motors America, Inc.* (Los Angeles County Superior Court, Case No. BC 574493).  The court found my hourly rate of $500 to be reasonable as well as those of other attorneys in my office ranging from $225 per hour for Daisy Ortiz to $350 per hour for Lauren Ungs and Kristina Stephenson-Cheang to $400 per hour for Russell Higgins.  The court, on its own, *raised* the rate of trial attorney Roger Kirnos from the requested $375 per hour to $475 per hour.  A true and correct copy of the signed order is attached hereto as **Exhibit DDD**.

///

24

88.     On March 15, 2017, Judge Susan Bryant-Deason awarded about 92% of the requested lodestar attorney's fees, costs and expenses in the amount of $113,398.46 out of $123,238.46 in the matter of *Angelica Andrino v. Kia* (Los Angeles County Superior Court, Case No. BC596210), which settled on the first day of trial. A true and correct copy of the Court's minute order is attached hereto as **Exhibit EEE**.

89.     On February 28, 2017, Judge Ernest M. Hiroshige in Los Angeles County Superior Court awarded 100% of the requested fees in the matter of *Greg Dorfman v. BMW of North America, LLC* (Los Angeles Superior Court, Case No. BC538183) for a total attorney fee award (not including costs) of $47,732.50. Therefore, the court confirmed the reasonableness of the time expended as well as the reasonableness of the hourly rates requested, which were $500 for my rate and the rate of senior trial counsel, Rich Wirtz, $300 to $350 per hour for middle level attorneys such as Lauren Ungs, Kristina Stephenson-Cheang, Kevin Van Hout, and contract attorney/"of counsel" Constance Morrison, and $200 to $250 per hour for the younger associates, such as Daisy Ortiz, Amy Morse, Stephanie Marshall and Michael Ouziel.  A true and correct copy of the Court's ruling is attached hereto as **Exhibit FFF**.

90.     On November 2, 2016, Judge Barbara A. Meiers in Los Angeles County Superior Court awarded 100% of the requested fees and costs in the matter of *Robert Carter and Peggy Carter v. Chrysler Group LLC* (Los Angeles Superior Court, Case No. BC495228) resulting in a total award of fees, costs and expenses in the amount of $41,466.22.  The award reflects a finding that the hourly rate of $500 per hour is reasonable for myself and senior trial attorney, Michael Rosenstein, as well as $350 for attorneys Roger Kirnos, Lauren Ungs and Chris Swanson.  A true and correct copy of the signed order is attached hereto as **Exhibit GGG**.

91.     On August 25, 2016, Judge Elizabeth A. White awarded 100% of the requested lodestar attorney fees and costs and expenses in the total sum of

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

$84,210.90 in the matter of *Bradford Mansur v. Chrysler Group, LLC* (Los Angeles County Superior Court, Case No. BC539866).  Judge White expressly approved hourly rates ranging from $600 per hour for trial counsel, Mark O'Connor, to my rate of $500 per hour to $325 - $350 per hour for mid-level attorneys such as Lauren Ungs, Chris Swanson, Shawna Melton and Kristina Stephenson-Cheang. A true and correct copy of the signed order is attached hereto as **Exhibit HHH**.

92.    On August 22, 2016, in the matter of *Kevin Kebodeaux et al v. Mercedes-Benz* (Los Angeles Superior Court, Case No. BC552037), Judge Marc R. Marmaro granted an award of attorney's fees, costs and expenses in the amount of $203,247.39 out of $215,704.14 requested (about 94%) in a case in which our clients prevailed at trial with an award of civil penalties.  In so doing, the court approved rates for trial counsel Mark O'Connor at $600 per hour, my rate at $500 per hour, mid-level attorney rates of $300 to $350 per hour and lower billing attorney rates of $225 to $250 per hour. A true and correct copy of the signed Judgment is attached hereto as **Exhibit III**.

93.    Also on August 22, 2016, Judge John T. Doyle awarded 100% of the requested lodestar fees and costs in the case entitled *Frank Baca et al v. Chrysler Group, LLC* (Los Angeles Superior Court, Case No. BC566511).  The court ruled that the time entries were reasonable as well as the hourly rates were reasonable, including the rate of $500 per hour for myself and senior trial counsel, Michael Rosenstein, $300 to $350 per hour for attorneys Lauren Ungs, Roger Kirnos, Chris Swanson, Kevin Van Hout and Constance Morrison, and $200 to $250 per hour for attorneys Stephanie Marshall, Michael Ouziel, Daisy Ortiz and Amy Morse. A true and correct copy of the signed order is attached hereto as **Exhibit JJJ**.

94.    On August 2, 2016, Judge Teresa A. Beaudette awarded 100% of the requested fees, costs and expenses in the matter of *Jasmine Lepe v. Chrysler Group, LLC* (Los Angeles Superior Court, Case No. BC556273) for a total of $74,712.10.  . The court approved rates ranged from $650 per hour for trial counsel, Bryan Altman,

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

to $500 per hour for my rate, to $450 per hour for senior attorney, Joel Elkins, to $200 to $350 per hour for associates ranging from 1 year to 5 years of legal experience in California. A true and correct copy of the notice of ruling and the Court's minute order is attached hereto as **Exhibit KKK**.

95.  On September 9, 2015, Judge Gregory W. Alarcon awarded 100% of the attorney's fees and costs and expenses actually incurred in the case of *Ralph Helm et al v. Chrysler* (Los Angeles County Superior Court, Case No. BC519503) in the amount of $66,172.80, thereby confirming the reasonableness of the hourly rates requested and the reasonableness of the time incurred.  Judge Alarcon granted my rate of $450 per hour, trial attorneys Michael Rosenstein and Roger Kirnos at rates of $450 and $300, respectively, associate rates at $300 per hour for attorneys Lauren Ungs and Kevin Van Hout and $325 per hour for Kristina Stephenson-Cheang, $350 per hour for Constance Morrison, and $200 to $250 per hour for Amy Morse, Daisy Ortiz and Stephanie Marshall. A true and correct copy of the Court's ruling is attached hereto as **Exhibit LLL**

96.  On April 20, 2015, Judge Michael P. Linfield awarded $79,081.14 in fees and costs and expenses in the matter of *Dmitry Shychko et al v. Mercedes-Benz USA* (Los Angeles Superior Court, Case No. BC533642).  In addition, Judge Linfield approved all requested rates as reasonable ranging from $550/hr-$225/hr for attorneys and granted a **lodestar multiplier of 1.5** given that the case was taken on a contingency basis.   A true and correct copy of the signed order is attached hereto as **Exhibit MMM**.

97.  On October 31, 2013, Judge Abraham Khan awarded the amount of $136,701.17 in attorney's fees, costs and expenses out of $149,600.67 requested (about 91%) in the matter of *Stuart Chiavassa v Ford Motor Company*, Los Angeles Superior Court, The Court approved our requested rates ranging from $500/hr-$225/hr. A true and correct copy of the Court's ruling is attached hereto as **Exhibit NNN**.

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

98.    On September 17, 2013, Judge Ernest M. Hiroshige awarded $28,683.75 in attorney's fees out of $35,413.75 requested and awarded a ***1.25 multiplier*** given that the case was taken on contingency and there was a delay in payment in the matter of *Brian Snell v. Ford Motor Company*, Los Angeles Superior Court Case No. BC 471985.   The court approved rates ranging from $400/hr-$175/hr. A true and correct copy of the Court's ruling is attached hereto as **Exhibit OOO.**

99.    On March 5, 2009, Judge Rolf M. Treu awarded 100% of the requested attorney's fees, ***plus a 1.33 multiplier*** for a total amount of $23,323.80 in William *Jeske v. Chrysler Motor Co.* (Los Angeles Superior Court Case No. BC394377). The rates approved as reasonable ranged from $400/hr-$300/hr. A true and correct copy of the Court's ruling is attached hereto as **Exhibit PPP**.

100.    On August 20, 2008, the court awarded attorney fees in the amount of $31,255.11 which included a ***1.5 multiplier*** (due to the risks involved in taking this case on contingency) in *Kang v. American Honda Motor Co.* (Los Angeles County Superior Court Case No. BC379949).   .  The court awarded rates ranging from $250/hr-$165/hr. A true and correct copy of the signed order is attached hereto as **Exhibit QQQ**.

101.    In considering the appropriate rates to charge in a matter such as this, I have reviewed a report entitled United States Consumer Law Attorney Fee Survey Report ("the Report") published in 2019 reflecting rates for 2017 to 2018.  Based on the facts presented in the Report, I have determined that the rates charged by the attorneys in this case are commensurate with the hourly rates charged by other attorneys with comparable experience in consumer rights law.  On Pages 1– 20, the purpose and methodology of the Report is described.  On Pages 58 – 61, the Report sets forth the average hourly rates of consumer law attorneys in California based on experience.  The information reflected in these pages supports the reasonableness of the attorney hourly rates charged in this case, which are equivalent, if not below, the

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

average rate of attorneys who practice consumer law in California.  On pages 510 – 515, the Report identifies cases in California that have used this Report as supporting evidence in fee awards.  The entire report is 598 pages so I have attached only the relevant pages dealing with California attorneys and California law. A true and correct copy of the report is attached hereto as **Exhibit RRR**.

102.   I request a multiplier of 0.5 based on my contingent fee, the risk and delay in payment associated with a contingent fee scenario, and the result achieved. Such a multiplier is reasonable and towards the low end under the established law. (*Wershba v. Apple Computer, Inc.* (2001) 91 Cal.App.4th 224, 255.)   Plaintiffs' attorneys are paid only if Plaintiffs prevails, unlike Defendants' attorneys who get paid monthly regardless of the outcome.  Moreover, Defendants' attorneys typically have a continuing and ongoing relationship, whereas this firm will most likely not have the opportunity to represent Plaintiffs again.

103.   It is not uncommon for attorney's fees and costs to exceed the client's damages.  The Legislature acknowledged such a circumstance, which is the reason behind the fee shifting provision of the Song-Beverly Act.  Otherwise, consumers would be left without opportunity for redress when their damages were not enough for an attorney to take the case on a contingent fee or hourly rate basis. Such a result occurs in large part because of dealerships' or vehicle manufacturers' refusal to adhere to statutory laws protecting consumers, resistance to honoring consumers' complaints, and generally playing games or simply abusing discovery procedures. For example, FCA could have avoided paying any attorney's fees whatsoever had it admitted to its wrongdoing early on and honored Plaintiffs' prelitigation request for a buyback. Instead, FCA engaged in expensive litigation, and drove up fees and costs by, among other things, removing the case to Federal Court, engaging in extensive discovery, deposing Plaintiff and holding out for about eleven months of litigation before finally accepting Plaintiffs' reasonable settlement offer.

///

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

104.   Lemon law cases are not simple actions.  They require a specialized understanding of the full scope of consumer protection laws, which are highly nuanced.  The cases also require knowledge of intricacies of automobiles and a lexicon associated with them, as well as a knowledge concerning how to investigate these matters.  They also require knowledge of auto manufacturers' and dealers' protocols for repairing vehicles.

105.   Generally speaking, clients of the firm are benefitted by the experience of this firm insofar as work-product from other cases can be used in this case as well.  Hence, a substantial amount of time was saved by not needing to draft each document from scratch and little time was needed to "get up to speed" in this specialized area of law.  In effect, FCA also benefitted when it comes to a determination of reasonable attorney's fees to be paid because there are numerous cost-saving techniques employed by the firm.

106.   As shown by the number of cases discussed herein and the positive results achieved on behalf of each client, the hourly rate is reasonable and the number of hours expended are reasonable.  The fees incurred in this litigation are the direct result of FCA's own dismissive approach to handling lemon law matters.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of September 2021, at Los Angeles, California.

/s/Steve Mikhov
STEVE MIKHOV
Declarant

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

# EXHIBIT A

Salazar, Guillermo and
Salazar, Isabelle v. FCA

Knight Law Group, LLP
Invoice

2:20-cv-08114-DSF-PVC

| Date | Attorney | Rate | Task | Time | FEE |
|---|---|---|---|---|---|
| | SBM | $550.00 | Initial communication with clients and evaluation of clients' claims | 1.0 | $550.00 |
| | SBM | $550.00 | Analyze vehicle documentation | 0.7 | $385.00 |
| | SBM | $550.00 | Communication with Clients re claims and strategy | 0.4 | $220.00 |
| 6/25/2020 | ALM | $350.00 | Communication with Clients re filing lawsuit | 0.5 | $175.00 |
| 6/25/2020 | ALM | $350.00 | Draft Complaint | 0.5 | $175.00 |
| 6/29/2020 | ALM | $350.00 | Review Court Notice of CMC | 0.1 | N/C |
| 7/8/2020 | ALM | $350.00 | Draft Demand for Jury Trial | 0.1 | $35.00 |
| 7/21/2020 | ALM | $350.00 | Review meet and confer letter from Defense Counsel re Arbitration | 0.1 | $35.00 |
| 7/29/2020 | ALM | $350.00 | Review Def's Answer to Complaint | 0.3 | $105.00 |
| 7/29/2020 | ALM | $350.00 | Review Def's Motion to Compel Arbitration | 0.2 | $70.00 |
| 8/4/2020 | ALM | $350.00 | Review and sign Request for Dismissal of Glenn E. Thomas Dodge Chrysler Jeep | 0.1 | $35.00 |
| 8/4/2020 | ALM | $350.00 | Review Def's Withdrawal of Motion to Compel Arbitration | 0.1 | $35.00 |
| 9/8/2020 | ALM | $350.00 | Review Def's Notice of Removal; Civil Coversheet; Certification of Interested Parties; Notice to State Court of Removal | 0.6 | $210.00 |
| 9/8/2020 | ALM | $350.00 | Review Def's Notice of Appearance of Spencer Hugret | 0.1 | N/C |
| 9/9/2020 | SBM | $550.00 | Review and revise Def's 998 Offer to Compromise | 0.2 | $110.00 |
| 9/10/2020 | AJ | $200.00 | Research on federal jdx amount in controversy in regards to attorney's fees | 2.8 | $560.00 |
| 9/10/2020 | SBM | $550.00 | Communication with Client re settlement and recent offer by FCA | 0.4 | $220.00 |
| 9/11/2020 | AJ | $200.00 | Continue research on federal jdx amount in controversy in regards to attorney's fees | 4.5 | $900.00 |
| 9/11/2020 | ALM | $350.00 | Meeting with Marisa; Discuss Opposing Counsel withdrawal of Defendant's 998 offer | 0.2 | $70.00 |
| 9/11/2020 | SBM | $550.00 | Review and revise Def's Offer of Judgement persuant to Fed. R. CIV. P. 68 | 0.2 | $110.00 |
| 9/12/2020 | SBM | $550.00 | Communication with Clients re settlement and recent offer by FCA | 0.3 | $165.00 |
| 9/17/2020 | AJ | $200.00 | Draft rule 26(f) report | 3.4 | $680.00 |
| 9/18/2020 | MC | $300.00 | Review/Edit 26f Report | 1.1 | $330.00 |
| 9/25/2020 | MM | $225.00 | Communication with Clients re settlement | 0.4 | $90.00 |
| 9/25/2020 | MM | $225.00 | Communication with Clients re settlement | 0.2 | $45.00 |
| 9/25/2020 | MC | $300.00 | Draft/Edit/Review/Finalize Initial Disclosures | 1.5 | $450.00 |
| 9/27/2020 | MC | $300.00 | Finalize Initial Disclosures | 0.6 | $180.00 |
| 9/30/2020 | MC | $300.00 | Call with Opposing Counsel to meet and confer re 26(f) Report | 0.4 | $120.00 |

| | | | | | |
|---|---|---|---|---|---|
| 10/5/2020 | NF | $250.00 | Review Def's Document Production for edits and redactions | 0.2 | N/C |
| 10/14/2020 | MM | $225.00 | Communication with Clients re settlement and stra | 0.3 | $67.50 |
| 10/14/2020 | MM | $225.00 | Prepare Ptf's Settlement Offer | 0.2 | $45.00 |
| 10/15/2020 | ALM | $350.00 | Review and sign Ptf's Settlement Offer | 0.1 | $35.00 |
| 10/15/2020 | MM | $225.00 | Review Def's Offer to Compromise; Draft Objections | 0.2 | $45.00 |
| 10/15/2020 | ALM | $350.00 | Review and sign Objection to Def's Offer | 0.1 | $35.00 |
| 10/16/2020 | ALM | $350.00 | Communication with Client re settlment | 0.2 | $70.00 |
| 10/19/2020 | ALM | $350.00 | Edit Rule 26f Report following Opposing Counsel's edits and finalize for filing | 0.5 | $175.00 |
| 10/19/2020 | MC | $300.00 | Compose correspondence to Opposing Counsel to meet and confer re 26f report | 0.3 | $90.00 |
| 10/19/2020 | MC | $300.00 | Review Def's Rule 26(f) Initial Disclosures | 0.6 | $180.00 |
| 10/20/2020 | MC | $300.00 | Review of 26f report to make sure it complied iwth the OSC | 0.9 | $270.00 |
| 10/20/2020 | MC | $300.00 | Finalize all docs to file response to OSC | 0.2 | $60.00 |
| 10/20/2020 | MC | $300.00 | Compose email to meet and confer with Opposing | 0.2 | $60.00 |
| 10/21/2020 | MC | $300.00 | Draft Declaration in Response to OSC | 0.1 | $30.00 |
| 10/22/2020 | ALM | $350.00 | Review Court Order re ADR | 0.1 | N/C |
| 11/2/2020 | MC | $300.00 | Compose email to Defense in response to extension request re R68 | 0.2 | $60.00 |
| 11/20/2020 | ALM | $350.00 | Draft Declaration in Response to CMC | 0.1 | $35.00 |
| 11/30/2020 | MC | $300.00 | Draft Ptf's RFP to Deft | 0.9 | $270.00 |
| 11/30/2020 | MC | $300.00 | Draft Ptf's Special ROGs to Deft | 0.7 | $210.00 |
| 11/30/2020 | MC | $300.00 | Draft Ptf's RFA to Deft | 0.5 | $150.00 |
| 11/30/2020 | MC | $300.00 | Review and revise letter to Defense enclosing Ptf's | 0.1 | $30.00 |
| 12/17/2020 | HA | $325.00 | Review Def's RFP to Guillermo S. | 0.3 | $97.50 |
| 12/17/2020 | HA | $325.00 | Review Def's RFA to Guillermo S. | 0.3 | $97.50 |
| 12/17/2020 | HA | $325.00 | Review Def's ROGs to Guillermo S. | 0.2 | $65.00 |
| 12/17/2020 | HA | $325.00 | Prepare discovery requests to send to Clients in preparation of drafting responses(0.2); Communication with Clients (0.3) | 0.5 | $162.50 |
| 1/15/2021 | KT | $300.00 | Draft email to defense counsel re Plaintiff discovery responses | 0.4 | N/C |
| 2/3/2021 | MC | $345.00 | Review and analyze Deft's Responses to Form ROGs | 0.8 | $276.00 |
| 2/3/2021 | MC | $345.00 | Review and analyze Deft's Responses to RFA | 0.7 | $241.50 |
| 2/4/2021 | MC | $345.00 | Review and analyze Deft's Responses to RFP | 1.9 | $655.50 |
| 2/4/2021 | MC | $345.00 | Review and analyze Def's Document Production | 0.2 | $69.00 |
| 2/12/2021 | HA | $325.00 | Review responses and documents provided by Clients to discovery requests to draft responses; Communication with Clients | 0.9 | $292.50 |
| 2/12/2021 | HA | $325.00 | Draft Guillermo S.'s response to RFP | 0.9 | $292.50 |

**Salazar, Guillermo and
Salazar, Isabelle v. FCA**

**Knight Law Group, LLP
Invoice**

**2:20-cv-08114-DSF-PVC**

| 2/12/2021 | HA | $325.00 | Draft Guillermo S.'s response to RFA | 1.0 | $325.00 |
|---|---|---|---|---|---|
| 2/12/2021 | HA | $325.00 | Draft Guillermo S.'s response to ROG | 0.8 | $260.00 |
| 2/12/2021 | HA | $325.00 | Review and revise letter to Defense enclosing Ptf's discovery | 0.1 | $32.50 |
| 2/18/2021 | ALM | $400.00 | Communication with Client re settlement and strategy as to same | 0.2 | $80.00 |
| 2/19/2021 | ALM | $400.00 | Draft Ptf's Settlement Offer | 0.2 | $80.00 |
| 2/24/2021 | AJ | $250.00 | Revise meet and confer letter re discovery | 0.5 | N/C |
| 3/16/2021 | MC | $345.00 | Review/Edit/Finalize Meet and Confer letter re disc | 0.5 | N/C |
| 3/16/2021 | MC | $345.00 | Draft Depo Subp and NOD of Glenn E. Thomas Dod | 0.3 | $103.50 |
| 3/22/2021 | MC | $345.00 | Review Correspondence from Opposing Counsel re | 0.8 | $276.00 |
| 3/22/2021 | MC | $345.00 | Review incoming correspondence from Opposing Counsel on settlement/prior offers | 0.4 | $138.00 |
| 3/23/2021 | MC | $345.00 | Call with Opposing Counsel re Meet and Confer re settlement | 0.6 | $207.00 |
| 3/23/2021 | MC | $345.00 | Email to Opposing Counsel re meet and confer on settlement | 0.1 | $34.50 |
| 3/23/2021 | RK | $450.00 | Review and analyze letter for K. Vilchez re FCA's refusal to settle; drafted email/analysis to M. Colon re response | 0.4 | $180.00 |
| 3/24/2021 | MC | $345.00 | Compose correspondence to Opposing Counsel in response to OC letter on settlement | 0.5 | $172.50 |
| 3/24/2021 | MC | $345.00 | Review and draft Plaintiff settlement offer | 0.5 | $172.50 |
| 3/24/2021 | ALM | $400.00 | Meeting with Maite; Discuss status of settlement | 0.2 | $80.00 |
| 3/26/2021 | RK | $450.00 | Reviewe email from A. Maclear re settlement / Rule 68, responded to same | 0.4 | $180.00 |
| 3/26/2021 | RK | $450.00 | Review email from opposing counsel re settlement, respond to the same | 0.2 | $90.00 |
| 3/26/2021 | ALM | $400.00 | Read and review email exchange between RK/opposing counsel re status of settlement | 0.2 | $80.00 |
| 3/26/2021 | SBM | $550.00 | Review and revise Def's Offer of Judgement persuant to Fed. R. CIV. P. 68 | 0.2 | $110.00 |
| 3/27/2021 | SBM | $550.00 | Communication with Clients re settlement and recent offer by FCA | 0.3 | $165.00 |
| 3/29/2021 | ALM | $400.00 | Read and review email from RK to opposing counsel re issues with settlement | 0.2 | $80.00 |
| 4/9/2021 | MC | $345.00 | Draft NOD of Deft's PMK and cover letter | 0.2 | $69.00 |
| 4/14/2021 | MM | $295.00 | Communication with Clients re settlement | 0.5 | $147.50 |
| 4/19/2021 | MC | $345.00 | Review Def's Objection to NOD of Glenn E. Thomas Dodge Chrysler Jee's PMQ and Personnel (4 Objections) | 0.2 | $69.00 |

| Date | | | | | |
|---|---|---|---|---|---|
| 4/21/2021 | MC | $345.00 | Draft Amended Depo Subp and NOD of Glenn E. Thomas Dodge Chrysler Jeep's PMQ and Personnel (4 NODs) | 0.2 | $69.00 |
| 4/27/2021 | ALM | $400.00 | Review Def's NOD of Isabel S. | 0.1 | $40.00 |
| 4/27/2021 | ALM | $400.00 | Review Def's NOD of Guillermo S. | 0.1 | $40.00 |
| 4/28/2021 | ALM | $400.00 | Communication with Clients re update in case and depositions | 0.3 | $120.00 |
| 4/29/2021 | ALM | $400.00 | Review letter from Defense Counsel re Preservation of Subject Vehicle | 0.1 | $40.00 |
| 4/29/2021 | ALM | $400.00 | Draft Objection to Def's NOD of Guillermo S. | 0.1 | $40.00 |
| 4/29/2021 | ALM | $400.00 | Draft Objection to Def's NOD of Isabel S. | 0.1 | $40.00 |
| 5/4/2021 | ALM | $400.00 | Meeting with RK; Discuss status of scheduling mediation | 0.1 | $40.00 |
| 5/5/2021 | GM | $425.00 | Prepare for clients' depositions on 5/6 by reviewing the notice of deposition, RO summary, plaintiff's document production and discovery responses | 1.7 | $722.50 |
| 5/5/2021 | GM | $425.00 | Communication with Clients re appearing for deposition and prep | 1.1 | $467.50 |
| 5/6/2021 | HA | $325.00 | Prepare Ptf's Doc Production | 0.1 | $32.50 |
| 5/6/2021 | GM | $425.00 | Communication with Clients re appearing for deposition and prep | 0.9 | $382.50 |
| 5/6/2021 | GM | $425.00 | First part of Client Guillermo Salazar, suspended midway | 4.2 | $1,785.00 |
| 5/6/2021 | GM | $425.00 | Communication with Client re continuing deposition and steps moving forward | 0.9 | $382.50 |
| 5/7/2021 | GM | $425.00 | Email exchange with opposing counsel regarding new deposition on 5/27 | 0.3 | $127.50 |
| 5/7/2021 | GM | $425.00 | Communication with Clients re continuing depostions and steps moving forward | 0.4 | $170.00 |
| 5/12/2021 | ALM | $400.00 | Meeting with Maite; Discuss issue re opposing counsel re-noticing deposition of Plaintiffs | 0.2 | $80.00 |
| 5/12/2021 | ALM | $400.00 | Review Def's Amended NOD of Isabel S. | 0.1 | $40.00 |
| 5/12/2021 | ALM | $400.00 | Review Def's Amended NOD of Guillermo S. | 0.1 | $40.00 |
| 5/14/2021 | MC | $345.00 | Review Def's Objection to Amended NOD of Glenn E. Thomas Dodge Chrysler Jee's PMQ and Personnel (4 Objections) | 0.2 | $69.00 |
| 5/18/2021 | ALM | $400.00 | Meeting with Maite; Discuss status of settlement | 0.1 | $40.00 |
| 5/18/2021 | ALM | $400.00 | Meeting with Greg M.; Discuss email from opposing counsel requesting cancel upcoming deposition of Defendant's dealership personnel in light of pending settlement | 0.2 | $80.00 |
| 5/18/2021 | MC | $345.00 | Draft Plaintiff settlement demand | 0.4 | $138.00 |
| 5/18/2021 | MC | $345.00 | Communication with Clients re settlement | 1.1 | $379.50 |

| 5/18/2021 | ALM | $400.00 | Review and sign Ptf's Settlement Offer | 0.1 | $40.00 |
|---|---|---|---|---|---|
| 5/18/2021 | ALM | $400.00 | Review Executed Settlement Offer (0.1); Communication with Client re same (0.2) | 0.3 | $120.00 |
| 5/19/2021 | DK | $295.00 | Email exchange correspondence with opposing counsel re demand for fees, costs and expenses | 0.2 | N/C |
| 5/25/2021 | DK | $295.00 | Email exchange with Opposing Counsel re NOS | 0.1 | N/C |
| 5/26/2021 | DK | $295.00 | Email correspondence with Opposing Counsel re stipulating to reopen matter for a limited purpose re fees, costs and expenses | 0.3 | N/C |
| 5/26/2021 | DK | $295.00 | Received and reviewed Court Order re Dismissal | 0.1 | N/C |
| 5/27/2021 | SBM | $550.00 | Review and audit billing | 0.3 | $165.00 |
| 6/2/2021 | DK | $295.00 | Prepared substantive correspondence to opposing counsel with invoices and evidence attached re meet and confer as to Plaintiff's attorneys' fees, costs and expenses | 0.3 | $88.50 |
| 6/4/2021 | DK | $295.00 | Email correspondence with opposing counsel re fees, costs and expenses | 0.2 | $59.00 |
| 6/8/2021 | DK | $295.00 | Exchanged email communication with opposing counsel re Plaintiffs' attorney's fees, costs and expenses | 0.3 | $88.50 |
| 6/10/2021 | DK | $295.00 | Received, reviewed and analyzed FCA's spreadshee | 0.3 | $88.50 |
| 6/10/2021 | DK | $295.00 | Video conference with opposing counsel re meet and confer as to Plaintiffs' attorney fees, costs and expenses | 0.6 | $177.00 |
| 6/16/2021 | DK | $295.00 | Prepared substantive email correspondence to opposing counsel re follow-up from meet and confer zoom conference as to fees and costs, responses to objections, and revisions to fee invoice made, | 0.9 | $265.50 |
| 6/22/2021 | DK | $295.00 | Received and reviewed substantive correspondenc | 1.6 | $472.00 |
| 6/22/2021 | DK | $295.00 | Commenced preparing Key Memorandum re responses to Defendant's objections to Plaintiffs' Excel Sheet re: Fee Requests | 0.7 | $206.50 |
| 6/23/2021 | DK | $295.00 | Completed preparing Key Memorandum re responses to Defendant's objections to Plaintiffs' Excel Sheet re: Fee Requests | 0.9 | $265.50 |
| 6/23/2021 | DK | $295.00 | Prepared responses in joint excel sheet to FCA's Objections to Plaintiffs' Fees | 0.4 | $118.00 |
| 7/6/2021 | JWC | $425.00 | Further meet and confer on fees, costs and expenses | 0.2 | $85.00 |

| Date | Atty | Rate | Description | Hours | Amount |
|---|---|---|---|---|---|
| 7/7/2021 | JWC | $425.00 | Continue to meet and confer on fees, costs and expenses | 0.2 | $85.00 |
| 7/15/2021 | DK | $295.00 | Email correspondence to opposing counsel re motion to reopen to have our fees, costs and expenses heard | 0.4 | $118.00 |
| 7/15/2021 | DK | $295.00 | Prepared Motion to Reopen including Notice, Memorandum, Declaration and Proposed Order | 2.4 | $708.00 |
| 7/16/2021 | DK | $295.00 | Further edited and executed Plaintiffs' Motion to Reopen including memo and declaration | 0.3 | $88.50 |
| 7/19/2021 | MC | $345.00 | Edit/Finalize MTN to reopen for filing | 0.7 | $241.50 |
| 7/29/2021 | MC | $345.00 | Meeting with AJ to discuss assginment to Draft reply to Plaintiffs' Motion to Reopen, discuss issues and main arguments | 0.7 | $241.50 |
| 7/30/2021 | AJ | $250.00 | Draft Reply to Opposition to Motion to Reopen | 2.7 | $675.00 |
| 8/2/2021 | AJ | $250.00 | Revise and finalize Reply to Opposition to Motion to Reopen | 0.6 | $150.00 |
| 8/10/2021 | MC | $345.00 | Review Court Order Granting Motion to reopen | 0.1 | $34.50 |
| 8/23/2021 | JWC | $425.00 | Revise billing grid and email opposing counsel re joint statement | 0.3 | $127.50 |
| 8/24/2021 | JWC | $425.00 | Continue to meet and confer on fees and costs | 0.1 | $42.50 |
| 8/27/2021 | JWC | $425.00 | Review additional objections to billing records by OC. Ask for word version to be able to respond | 0.2 | $85.00 |
| 8/30/2021 | JWC | $425.00 | Draft motion for attorney's fees, costs, and expenses and supporting declaration | 4.2 | $1,785.00 |
| 8/30/2021 | JWC | $425.00 | Draft motion for costs and expenses and supporting declaration | 2.3 | $977.50 |
| TBD | JWC | $425.00 | Review Def's Opposition to Motion for Attorney's Fees (Anticipated) | 1.0 | $425.00 |
| TBD | JWC | $425.00 | Review Def's Opposition to Motion for Costs and Expenses (Anticipated) | 1.0 | $425.00 |
| TBD | JWC | $425.00 | Draft Reply to Opposition to Motion for Attorney's Fees (Anticipated) | 4.0 | $1,700.00 |
| TBD | JWC | $425.00 | Draft Reply to Opposition to Motion for Costs and Expenses (Anticipated) | 3.0 | $1,275.00 |
| TBD | JWC | $425.00 | Prepare for and appear at hearing on Motion for Attorney's Fees and Motion for Costs and Expenses (Telephonically) (Anticipated) | 1.0 | $425.00 |
| | | | Total Attorney Fees | 87.8 | $30,573.00 |

**Salazar, Guillermo and**
**Salazar, Isabelle v. FCA**

Knight Law Group, LLP
Invoice

2:20-cv-08114-DSF-PVC

**Billing Rate Summary**

| Initials | Avg/Hr | Attorney/Staff | Hours | Amount |
|----------|--------|----------------|-------|--------|
| AJ | $200.00 | Andrew Jang | 10.7 | $2,140.00 |
| AJ | $250.00 | Andrew Jang | 3.3 | $825.00 |
| ALM | $350.00 | Amy Morse | 3.7 | $1,295.00 |
| ALM | $400.00 | Amy Morse | 3.0 | $1,200.00 |
| DK | $295.00 | Daniel Kalinowski | 9.3 | $2,743.50 |
| GM | $425.00 | Greg Mohrman | 9.5 | $4,037.50 |
| HA | $325.00 | Heidi Alexander | 5.1 | $1,657.50 |
| JWC | $425.00 | Jacob Cutler | 17.5 | $7,437.50 |
| MC | $300.00 | Maite Colón | 8.3 | $2,490.00 |
| MC | $345.00 | Maite Colón | 10.6 | $3,657.00 |
| MM | $225.00 | Marisa Melero | 1.3 | $292.50 |
| MM | $295.00 | Marisa Melero | 0.5 | $147.50 |
| RK | $450.00 | Roger Kirnos | 1.0 | $450.00 |
| SBM | $550.00 | Steve Mikhov | 4.0 | $2,200.00 |

# EXHIBIT B

Case 2:20-cv-08114-DSF-PVC   Document 32-2   Filed 09/02/21   Page 41 of 533   Page ID
#:1244
Joint Statement Regarding Plaintiff's Attorney's Fees

| ATTORNEY | DATE | DESCRIPTION | TIME/AMT CHALLENGED | | REDUCE BY | OBJECTION | REASON FOR OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|---|---|---|
| SBM | | Initial communication with clients and evaluation of clients' claims | 1.0 | $550.00 | $550.00 | Improper as the entry is: (1) undated; (2) block billing contrary to Judge's Local Order and case law, in that it combines a communication and evaluation; and, (3) an insufficient description of communications with client and what is being evaluted (*e.g* ., sales contract, repair orders, etc.), contrary to Judge's Local Order. | See FCA's Objection Key Memo at Objections Nos. 1-3 | See Plaintiffs' Responses to FCA's Objections Nos. 1, 3. FCA's Objection No. 2 is regarding block billing but that is not the case with this entry. |
| SBM | | Analyze vehicle documentation | 0.7 | $385.00 | $385.00 | Improper as the entry is: (1) undated. | See FCA's Objection Key Memo at Objection No. 1 | See Plaintiffs' Response to FCA's Objection No. 1. |

Case 2:20-cv-08114-DSF-PVC   Document 32-2   Filed 09/02/21   Page 42 of 533   Page ID
#:1213
Joint Statement Regarding Plaintiff's Attorney's Fees

| SBM | | Communication with Clients re claims and strategy | 0.4 | $220.00 | $220.00 | Improper as the entry is undated | See FCA's Objection Key Memo at Objection No. 1 | See Plaintiffs' Response to FCA's Objection No. 1. |
|---|---|---|---|---|---|---|---|---|
| ALM | 6/25/2020 | Communication with Clients re filing lawsuit | 0.5 | $175.00 | | | | |
| ALM | 6/25/2020 | Draft Complaint | 0.5 | $175.00 | | | | |
| ALM | 6/29/2020 | Review Court Notice of CMC | 0.1 | N/C | | | | |
| ALM | 7/8/2020 | Draft Demand for Jury Trial | 0.1 | $35.00 | | | | |
| ALM | 7/21/2020 | Review meet and confer letter from Defense Counsel re Arbitration | 0.1 | $35.00 | | | | |
| ALM | 7/29/2020 | Review Def's Answer to Complaint | 0.3 | $105.00 | | | | |
| ALM | 7/29/2020 | Review Def's Motion to Compel Arbitration | 0.2 | $70.00 | | | | |
| ALM | 8/4/2020 | Review and sign Request for Dismissal of Glenn E. Thomas Dodge Chrysler Jeep | 0.1 | $35.00 | | | | |
| ALM | 8/4/2020 | Review Def's Withdrawal of Motion to Compel Arbitration | 0.1 | $35.00 | | | | |
| ALM | 9/8/2020 | Review Def's Notice of Removal; Civil Coversheet; Certification of Interested Parties; Notice to State Court of Removal | 0.6 | $210.00 | | | | |
| ALM | 9/8/2020 | Review Def's Notice of Appearance of Spencer Hugret | 0.1 | N/C | | | | |
| SBM | 9/9/2020 | Review and revise Def's 998 Offer to Compromise | 0.2 | $110.00 | | | | |

Joint Statement Regarding Plaintiff's Attorney's Fees

| AJ | 9/10/2020 | Research on federal jdx amount in controversy in regards to attorney's fees | 2.8 | $560.00 | $160.00 | Excessive fees: 7.3 hours (this entry and the 9.11.20 entry) of research on a single issue is excessive and unreasonable,  it is block billing contrary to Judge's Local Order and case law as the attorney did not spend 7.3 hours looking at the same source, and an insufficient description of the research contrary to Judge's Local Order | Reduced to 2 hours total - See FCA's Objection Key Memo at Objection Nos. 2, 3, and 5 | See Plaintiffs' Responses to FCA's Objections Nos. 2, 3 and 5. This entry is also not an instance of block billing as there is one task billed in this entry for research. These fees are not excessive either. FCA offers no evidence to support its position that that fees are excessive. See Etcheson v. FCA US LLC, 30 Cal. App. 5th at 838 (stating that the defendant must "establish with legal authority or otherwise what hours and rates would be considered reasonable ...."). Under the Adverse Inference Rule, the Court may thus conclude, based on Defendant's failure to produce its counsel's records, that Defendant counsel billed the same or more time for equivalent tasks. |

Case 2:20-cv-08114-DSF-PVC   Document 32-2   Filed 09/02/21   Page 44 of 533   Page ID
#:424
Joint Statement Regarding Plaintiff's Attorney's Fees

| SBM | 9/10/2020 | Communication with Client re settlement and recent offer by FCA | 0.4 | $220.00 | $220.00 | Insufficient description of communications with client contrary to Judge's Local Order (Nine out of the 21 "communications with client" entries involve settlement, this is not suffiecient without more description) | See FCA's Objection Key Memo at Objection No. 3 | See Plaintiffs' Responses to FCA's Objections No. 3 |

Joint Statement Regarding Plaintiff's Attorney's Fees

| AJ | 9/11/2020 | Continue research on federal jdx amount in controversy in regards to attorney's fees | 4.5 | $900.00 | $900.00 | 7.3 hours (this entry and the 9.10.20 entry) of research on a single issue is excessive and unreasonable,  it is block billing contrary to Judge's Local Order and case law as the attorney did not spend 7.3 hours looking at the same source, and an insufficient description of the research contrary to Judge's Local Order | Reduced to 2 hours total - See FCA's Objection Key Memo at Objection Nos. 2, 3, and 5 | See Plaintiffs' Responses to FCA's Objections Nos. 2, 3 and 5. This entry is also not an instance of block billing as there is one task billed in this entry for research. These fees are not excessive either. FCA offers no evidence to support its position that that fees are excessive. See Etcheson v. FCA US LLC, 30 Cal. App. 5th at 838 (stating that the defendant must "establish with legal authority or otherwise what hours and rates would be considered reasonable …."). Under the Adverse Inference Rule, the Court may thus conclude, based on Defendant's failure to produce its counsel's records, that Defendant counsel billed the same or more time for equivalent tasks. |
| ALM | 9/11/2020 | Meeting with Marisa; Discuss Opposing Counsel withdrawal of Defendant's 998 offer | 0.2 | $70.00 | | | | |
| SBM | 9/11/2020 | Review and revise Def's Offer of Judgement persuant to Fed. R. CIV. P. 68 | 0.2 | $110.00 | | | | |

| SBM | 9/12/2020 | Communication with Clients re settlement and recent offer by FCA | 0.3 | $165.00 | $165.00 | Insufficient description of communications with client contrary to Judge's Local Order- Plaintiff is seeking nearly 1/4 of the fees, $4,582.00, for time entries that involve "communications with clients."  Along with other issues pertaining to these entries, the descriptions provided for the communications are superficial.  Nine of the 21 entries are relating communications relating to "settlement" (i.e., 9.10.20, 9.12.20, 9.25.20, 9.25.20, 10.14.20, 10.16.20, 2.18.21, 3.27.21, 5.18.21).  This is simply insufficient especially when there are multiple entries on the same day (without differing descriptions) | See FCA's Objection Key Memo at Objection No. 3 | See Plaintiffs' Response to FCA's Objection No. 3. |

Joint Statement Regarding Plaintiff's Attorney's Fees

| AJ | 9/17/2020 | Draft rule 26(f) report | 3.4 | $680.00 | $340.00 | Excessive and unreasonable; it does not take this amount of time to draft a Rule 26(f) Report especially when said report is almost duplictive of prior Rule 26(f) Report filed by Plaintiff's counsel in Federal Court. | Reduced lines 23 and 24 to 1.7 hours total - See FCA's Objection Key Memo at Objection No. 5 | See Plaintiffs' Response to FCA's Objection No. 5. |
| MC | 9/18/2020 | Review/Edit 26f Report | 1.1 | $330.00 | $330.00 | Excessive and unreasonable; it does not take this amount of time to draft a Rule 26(f) Report especially when said report is almost duplictive of prior Rule 26(f) Report filed by Plaintiff's counsel in Federal Court. | Reduced to 2 hours total - See FCA's Objection Key Memo at Objection No. 5 | See Plaintiffs' Response to FCA's Objection No. 5. |

Case 2:20-cv-08114-DSF-PVC   Document 32-2   Filed 09/02/21   Page 48 of 533   Page ID
#:1318
Joint Statement Regarding Plaintiff's Attorney's Fees

| MM | 9/25/2020 | Communication with Clients re settlement | 0.4 | $90.00 | $90.00 | Insufficient description of communications with client contrary to Judge's Local Order | See Objection and Reason for Objection at Lines 18 and 22 | See Plaintiffs' Response to FCA's Objection No. 3. |
|---|---|---|---|---|---|---|---|---|
| MM | 9/25/2020 | Communication with Clients re settlement | 0.2 | $45.00 | $45.00 | Insufficient description of communications with client contrary to Judge's Local Order | See Objection and Reason for Objection at Lines 18 and 22 | See Plaintiffs' Response to FCA's Objection No. 3. |
| MC | 9/25/2020 | Draft/Edit/Review/Finalize Initial Disclosur | 1.5 | $450.00 | | | | |
| MC | 9/27/2020 | Finalize Initial Disclosures | 0.6 | $180.00 | | | | |
| MC | 9/30/2020 | Call with Opposing Counsel to meet and confer re 26(f) Report | 0.4 | $120.00 | | | | |
| NF | 10/5/2020 | Review Def's Document Production for edits and redactions | 0.2 | N/C | | | | |
| MM | 10/14/2020 | Communication with Clients re settlement and strategy as to the same | 0.3 | $67.50 | $67.50 | Insufficient description of communications with client contrary to Judge's Local Order | See Objection and Reason for Objection at Lines 18 and 22 | See Plaintiffs' Response to FCA's Objection No. 3. |

Joint Statement Regarding Plaintiff's Attorney's Fees

| MM | 10/14/2020 | Prepare Ptf's Settlement Offer | 0.2 | $45.00 | $45.00 | Plaintiff offered to settle this matter for the same exact amount FCA offered on 9/11/20; all fees incurred after are unreasonable. Fees drafting a settlement offer for the same amount are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| ALM | 10/15/2020 | Review and sign Ptf's Settlement Offer | 0.1 | $35.00 | $35.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. Fees drafting a settlement offer for the same amount are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |

Joint Statement Regarding Plaintiff's Attorney's Fees

| MM | 10/15/2020 | Review Def's Offer to Compromise; Draft Objections | 0.2 | $45.00 | $45.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
|---|---|---|---|---|---|---|---|---|
| ALM | 10/15/2020 | Review and sign Objection to Def's Offer | 0.1 | $35.00 | $35.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| ALM | 10/16/2020 | Communication with Client re settlment | 0.2 | $70.00 | $70.00 | Insufficient description of communications with client contrary to Judge's Local Order | See Objection and Reason for Objection at Lines 18 and 22. | See Plaintiffs' Response to FCA's Objection No. 3. |
| ALM | 10/19/2020 | Edit Rule 26f Report following Opposing Counsel's edits and finalize for filing | 0.5 | $175.00 | $175.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |

Joint Statement Regarding Plaintiff's Attorney's Fees

| MC | 10/19/2020 | Compose correspondence to Opposing Counsel to meet and confer re 26f report | 0.3 | $90.00 | $90.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
|---|---|---|---|---|---|---|---|---|
| MC | 10/19/2020 | Review Def's Rule 26(f) Initial Disclosures | 0.6 | $180.00 | $180.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| MC | 10/20/2020 | Review of 26f report to make sure it complied iwth the OSC | 0.9 | $270.00 | $270.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| MC | 10/20/2020 | Finalize all docs to file response to OSC | 0.2 | $60.00 | $60.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |

Joint Statement Regarding Plaintiff's Attorney's Fees

| MC | 10/20/2020 | Compose email to meet and confer with Opposing Counsel re OSC | 0.2 | $60.00 | $60.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
|---|---|---|---|---|---|---|---|---|
| MC | 10/21/2020 | Draft Declaration in Response to OSC | 0.1 | $30.00 | $30.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| ALM | 10/22/2020 | Review Court Order re ADR | 0.1 | N/C | | | | |
| MC | 11/2/2020 | Compose email to Defense in response to extension request re R68 | 0.2 | $60.00 | $60.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| ALM | 11/20/2020 | Draft Declaration in Response to CMC | 0.1 | $35.00 | $35.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |

Case 2:20-cv-08114-DSF-PVC   Document 32-2   Filed 09/02/21   Page 53 of 533   Page ID
#:1228
Joint Statement Regarding Plaintiff's Attorney's Fees

| MC | 11/30/2020 | Draft Ptf's RFP to Deft | 0.9 | $270.00 | $270.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
|---|---|---|---|---|---|---|---|---|
| MC | 11/30/2020 | Draft Ptf's Special ROGs to Deft | 0.7 | $210.00 | $210.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| MC | 11/30/2020 | Draft Ptf's RFA to Deft | 0.5 | $150.00 | $150.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| MC | 11/30/2020 | Review and revise letter to Defense enclosing Ptf's discovery requests | 0.1 | $30.00 | $30.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |

Joint Statement Regarding Plaintiff's Attorney's Fees

| HA | 12/17/2020 | Review Def's RFP to Guillermo S. | 0.3 | $97.50 | $97.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| HA | 12/17/2020 | Review Def's RFA to Guillermo S. | 0.3 | $97.50 | $97.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| HA | 12/17/2020 | Review Def's ROGs to Guillermo S. | 0.2 | $65.00 | $65.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |

Case 2:20-cv-08114-DSF-PVC   Document 32-2   Filed 09/02/21   Page 55 of 533   Page ID
#:1426
Joint Statement Regarding Plaintiff's Attorney's Fees

| HA | 12/17/2020 | Prepare discovery requests to send to Clients in preparation of drafting responses(0.2); Communication with Clients (0.3) | 0.5 | $162.50 | $162.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable.Improper as the entry is block billing contrary to Judge's Local Order and case law, and an insufficient description of communications with client contrary to Judge's Local Order; it is also a cerical entry. | See FCA's Objection Key Memo at Objection Nos. 2, 3, 4 and 6. | See Plaintiffs' Response to FCA's Objection Nos. 2, 3, & 6. |
| KT | 1/15/2021 | Draft email to defense counsel re Plaintiff discovery responses | 0.4 | N/C | | | | |
| MC | 2/3/2021 | Review and analyze Deft's Responses to Form ROGs | 0.8 | $276.00 | $276.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |

Case 2:20-cv-08114-DSF-PVC   Document 32-2   Filed 09/02/21   Page 56 of 533   Page ID
#:726
Joint Statement Regarding Plaintiff's Attorney's Fees

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| MC | 2/3/2021 | Review and analyze Deft's Responses to RFA | 0.7 | $241.50 | $241.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| MC | 2/4/2021 | Review and analyze Deft's Responses to RFP | 1.9 | $655.50 | $655.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable; These fees are excessive in that a review of responses does not take 1.9 hours. | See FCA's Objection Key Memo at Objection Nos. 5 and 6 | See Plaintiffs' Response to FCA's Objection Nos. 5-6. |
| MC | 2/4/2021 | Review and analyze Def's Document Production | 0.2 | $69.00 | $69.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| HA | 2/12/2021 | Review responses and documents provided by Clients to discovery requests to draft responses; Communication with Clients | 0.9 | $292.50 | $292.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |

Case 2:20-cv-08114-DSF-PVC   Document 32-2   Filed 09/02/21   Page 57 of 533   Page ID
#:1271
Joint Statement Regarding Plaintiff's Attorney's Fees

| HA | 2/12/2021 | Draft Guillermo S.'s response to RFP | 0.9 | $292.50 | $292.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| HA | 2/12/2021 | Draft Guillermo S.'s response to RFA | 1.0 | $325.00 | $325.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| HA | 2/12/2021 | Draft Guillermo S.'s response to ROG | 0.8 | $260.00 | $260.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| HA | 2/12/2021 | Review and revise letter to Defense enclosing Ptf's discovery | 0.1 | $32.50 | $32.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |

Joint Statement Regarding Plaintiff's Attorney's Fees

| ALM | 2/18/2021 | Communication with Client re settlement and strategy as to same | 0.2 | $80.00 | $80.00 | Insufficient description of communications with client contrary to Judge's Local Order | See Objection and Reason for Objection at lines 18 and 22 and FCA'a Objection Key Memo at Objection No. 6. | See Plaintiffs' Response to FCA's Objection Nos. 3 & 6. |
|---|---|---|---|---|---|---|---|---|
| ALM | 2/19/2021 | Draft Ptf's Settlement Offer | 0.2 | $80.00 | $80.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. Unreasonable to draft another settlement offer for the same amount. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| AJ | 2/24/2021 | Revise meet and confer letter re discovery | 0.5 | N/C | | | | |
| MC | 3/16/2021 | Review/Edit/Finalize Meet and Confer letter re disco responses | 0.5 | N/C | | | | |

Joint Statement Regarding Plaintiff's Attorney's Fees

| MC | 3/16/2021 | Draft Depo Subp and NOD of Glenn E. Thomas Dodge Chrysler Jeep's PMQ and Personnel (4 NODs) | 0.3 | $103.50 | $103.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. Aditionally, this is a clerical task. | See FCA's Objection Key Memo at Objection Nos. 4 and 6. | See Plaintiffs' Response to FCA's Objection Nos. 4 & 6. |
| MC | 3/22/2021 | Review Correspondence from Opposing Counsel re settlement | 0.8 | $276.00 | $172.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable.Moreover, the letter in question was 2 pages and recapped FCA's attempts to resolve the case; 48 minutes to read it is excessive and unreasonable. | See FCA's Objection Key Memo at Objection Nos. 5 and 6. | See Plaintiffs' Response to FCA's Objection Nos. 5 & 6. |

Case 2:20-cv-08114-DSF-PVC   Document 32-2   Filed 09/02/21   Page 60 of 533   Page ID
#:30
Joint Statement Regarding Plaintiff's Attorney's Fees

| MC | 3/22/2021 | Review incoming correspondence from Opposing Counsel on settlement/prior offers | 0.4 | $138.00 | $138.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. Duplicative to above entry, unreasonable, Letter in question was 2 pages and recapped FCA's attempts to resolve the case; 48 minutes to read it is excessive and unreasonable | | See Plaintiffs' Response to FCA's Objection Nos. 5 & 6. |
|---|---|---|---|---|---|---|---|---|
| MC | 3/23/2021 | Call with Opposing Counsel re Meet and Confer re settlement | 0.6 | $207.00 | $207.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | |

Case 2:20-cv-08114-DSF-PVC   Document 32-2   Filed 09/02/21   Page 61 of 533   Page ID
Joint Statement Regarding Plaintiff's Attorney's Fees
#:431

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| MC | 3/23/2021 | Email to Opposing Counsel re meet and confer on settlement | 0.1 | $34.50 | $34.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | |
| RK | 3/23/2021 | Review and analyze letter for K. Vilchez re FCA's refusal to settle; drafted email/analysis to M. Colon re response | 0.4 | $180.00 | $180.00 | Duplicative to above entry, unreasonable, Letter in question was 2 pages and recapped FCA's attempts to resolve the case; 48 minutes to read it is excessive and unreasonable | See FCA's Objection Key Memo at Objection Nos. 5 and 6. | See Plaintiffs' Response to FCA's Objection No. 5. |
| MC | 3/24/2021 | Compose correspondence to Opposing Counsel in response to OC letter on settlement | 0.5 | $172.50 | $172.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |

Joint Statement Regarding Plaintiff's Attorney's Fees

| MC | 3/24/2021 | Review and draft Plaintiff settlement offer | 0.5 | $172.50 | $172.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
|---|---|---|---|---|---|---|---|---|
| ALM | 3/24/2021 | Meeting with Maite; Discuss status of settlement | 0.2 | $80.00 | $80.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| RK | 3/26/2021 | Reviewe email from A. Maclear re settlement / Rule 68, responded to same | 0.4 | $180.00 | $360.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. Excessive and Unreasonable; The email in question was two sentences; improper block billing. | See FCA's Objection Key Memo at Objection Nos. 2, 5 and 6. | See Plaintiffs' Response to FCA's Objection Nos. 2, 5 & 6. |

Case 2:20-cv-08114-DSF-PVC   Document 32-2   Filed 09/02/21   Page 63 of 533   Page ID
#:1438
Joint Statement Regarding Plaintiff's Attorney's Fees

| RK | 3/26/2021 | Review email from opposing counsel re settlement, respond to the same | 0.2 | $90.00 | $90.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. Excessive and Unreasonable; The email in question was one sentence. | See FCA's Objection Key Memo at Objection Nos. 5 and 6. | See Plaintiffs' Response to FCA's Objection No. 5. |
| ALM | 3/26/2021 | Read and review email exchange between RK/opposing counsel re status of settlement | 0.2 | $80.00 | $80.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| SBM | 3/26/2021 | Review and revise Def's Offer of Judgement persuant to Fed. R. CIV. P. 68 | 0.2 | $110.00 | $110.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6. | See Plaintiffs' Response to FCA's Objection No.6. |
| SBM | 3/27/2021 | Communication with Clients re settlement and recent offer by FCA | 0.3 | $165.00 | $165.00 | Insufficient description of communications with client contrary to Judge's Local Order | See Objection and Reason for Objection at 18 and 22. | See Plaintiffs' Response to FCA's Objection No. 3. |

Case 2:20-cv-08114-DSF-PVC   Document 32-2   Filed 09/02/21   Page 64 of 533   Page ID
#:1384
Joint Statement Regarding Plaintiff's Attorney's Fees

| ALM | 3/29/2021 | Read and review email from RK to opposing counsel re issues with settlement | 0.2 | $80.00 | $80.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6. | See Plaintiffs' Response to FCA's Objection No. 6. |
|---|---|---|---|---|---|---|---|---|
| MC | 4/9/2021 | Draft NOD of Deft's PMK and cover letter | 0.2 | $69.00 | $69.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6. | See Plaintiffs' Response to FCA's Objection No. 6. |
| MM | 4/14/2021 | Communication with Clients re settlement | 0.5 | $147.50 | $147.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. Insufficient description of communications with client contrary to Judge's Local Order | See Objection and Reason for Objection at lines 18 and 22. | See Plaintiffs' Response to FCA's Objection No. 3. |

Joint Statement Regarding Plaintiff's Attorney's Fees

| MC | 4/19/2021 | Review Def's Objection to NOD of Glenn E. Thomas Dodge Chrysler Jee's PMQ and Personnel (4 Objections) | 0.2 | $69.00 | $69.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
|---|---|---|---|---|---|---|---|---|
| MC | 4/21/2021 | Draft Amended Depo Subp and NOD of Glenn E. Thomas Dodge Chrysler Jeep's PMQ and Personnel (4 NODs) | 0.2 | $69.00 | $69.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| ALM | 4/27/2021 | Review Def's NOD of Isabel S. | 0.1 | $40.00 | $40.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| ALM | 4/27/2021 | Review Def's NOD of Guillermo S. | 0.1 | $40.00 | $40.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |

Case 2:20-cv-08114-DSF-PVC Document 32-2 Filed 09/02/21 Page 66 of 533 Page ID
#:1386
Joint Statement Regarding Plaintiff's Attorney's Fees

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ALM | 4/28/2021 | Communication with Clients re update in case and depositions | 0.3 | $120.00 | $120.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| ALM | 4/29/2021 | Review letter from Defense Counsel re Preservation of Subject Vehicle | 0.1 | $40.00 | $40.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| ALM | 4/29/2021 | Draft Objection to Def's NOD of Guillermo S. | 0.1 | $40.00 | $40.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| ALM | 4/29/2021 | Draft Objection to Def's NOD of Isabel S. | 0.1 | $40.00 | $40.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |

Case 2:20-cv-08114-DSF-PVC   Document 32-2   Filed 09/02/21   Page 67 of 533   Page ID
#:1379
Joint Statement Regarding Plaintiff's Attorney's Fees

| ALM | 5/4/2021 | Meeting with RK; Discuss status of scheduling mediation | 0.1 | $40.00 | $40.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| GM | 5/5/2021 | Prepare for clients' depositions on 5/6 by reviewing the notice of deposition, RO summary, plaintiff's document production and discovery responses | 1.7 | $722.50 | $722.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| GM | 5/5/2021 | Communication with Clients re appearing for deposition and prep | 1.1 | $467.50 | $467.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| HA | 5/6/2021 | Prepare Ptf's Doc Production | 0.1 | $32.50 | $32.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |

Case 2:20-cv-08114-DSF-PVC   Document 32-2   Filed 09/02/21   Page 68 of 533   Page ID
#:3383
Joint Statement Regarding Plaintiff's Attorney's Fees

| GM | 5/6/2021 | Communication with Clients re appearing for deposition and prep | 0.9 | $382.50 | $382.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable; Excessive as it is duplicative of 5/5 entry; | See FCA's Objection Key Memo at Objection Nos. 3, 5 and 6 | See Plaintiffs' Response to FCA's Objection Nos. 3, 5 & 6. |
| GM | 5/6/2021 | First part of Client Guillermo Salazar, suspended midway | 4.2 | $1,785.00 | $1,785.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| GM | 5/6/2021 | Communication with Client re continuing deposition and steps moving forward | 0.9 | $382.50 | $382.50 | Deposition was not suspended, it just did not complete. As such, this additional approximate hour is excessive and unecessary.  FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection Nos. 5 and 6 | See Plaintiffs' Response to FCA's Objection Nos. 5 & 6. |

Case 2:20-cv-08114-DSF-PVC   Document 32-2   Filed 09/02/21   Page 69 of 533   Page ID
#:1138
Joint Statement Regarding Plaintiff's Attorney's Fees

| GM | 5/7/2021 | Email exchange with opposing counsel regarding new deposition on 5/27 | 0.3 | $127.50 | $127.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
|---|---|---|---|---|---|---|---|---|
| GM | 5/7/2021 | Communication with Clients re continuing depostions and steps moving forward | 0.4 | $170.00 | $170.00 | Deposition was not suspended, it just did not complete. As such, this additional approximate 1/2 hour is excessive and unecessary; it is also duplicative of the entry on 5/6.FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection Nos. 5 and 6 | See Plaintiffs' Response to FCA's Objection Nos. 5 & 6. |
| ALM | 5/12/2021 | Meeting with Maite; Discuss issue re opposing counsel re-noticing deposition of Plaintiffs | 0.2 | $80.00 | $80.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |

Case 2:20-cv-08114-DSF-PVC   Document 32-2   Filed 09/02/21   Page 70 of 533   Page ID
#:420
Joint Statement Regarding Plaintiff's Attorney's Fees

| ALM | 5/12/2021 | Review Def's Amended NOD of Isabel S. | 0.1 | $40.00 | $40.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
|---|---|---|---|---|---|---|---|---|
| ALM | 5/12/2021 | Review Def's Amended NOD of Guillermo S. | 0.1 | $40.00 | $40.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| MC | 5/14/2021 | Review Def's Objection to Amended NOD of Glenn E. Thomas Dodge Chrysler Jee's PMQ and Personnel (4 Objections) | 0.2 | $69.00 | $69.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| ALM | 5/18/2021 | Meeting with Maite; Discuss status of settlement | 0.1 | $40.00 | $40.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection Nos. 5 and 6 | See Plaintiffs' Response to FCA's Objection No. 6. |

Joint Statement Regarding Plaintiff's Attorney's Fees

| ALM | 5/18/2021 | Meeting with Greg M.; Discuss email from opposing counsel requesting cancel upcoming deposition of Defendant's dealership personnel in light of pending settlement | 0.2 | $80.00 | $80.00 | This is excessive as it is unclear what one attorney had to tell another to email defense counsel. FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| MC | 5/18/2021 | Draft Plaintiff settlement demand | 0.4 | $138.00 | $138.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6. | See Plaintiffs' Response to FCA's Objection No. 6. |

Joint Statement Regarding Plaintiff's Attorney's Fees

| MC | 5/18/2021 | Communication with Clients re settlement | 1.1 | $379.50 | $379.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. Insufficient description of communications with client contrary to Judge's Local Order | See Objection and Reason for Objection at lines 18 and 22. | See Plaintiffs' Response to FCA's Objection No. 3. |
| ALM | 5/18/2021 | Review and sign Ptf's Settlement Offer | 0.1 | $40.00 | $40.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6. | See Plaintiffs' Response to FCA's Objection No. 6. |

Case 2:20-cv-08114-DSF-PVC   Document 32-2   Filed 09/02/21   Page 73 of 533   Page ID
#:4?8
Joint Statement Regarding Plaintiff's Attorney's Fees

| ALM | 5/18/2021 | Review Executed Settlement Offer (0.1); Communication with Client re same (0.2) | 0.3 | $120.00 | $120.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable; block billing; Insufficient description of communications with client contrary to Judge's Local Order | See FCA's Objection Key Memo at Objection Nos. 2, 3 and 6. | See Plaintiffs' Response to FCA's Objection Nos. 2, 3 and 6. |
| DK | 5/19/2021 | Email exchange correspondence with opposing counsel re demand for fees, costs and expenses | 0.2 | N/C | | | | |
| DK | 5/25/2021 | Email exchange with Opposing Counsel re | 0.1 | N/C | | | | |
| DK | 5/26/2021 | Email correspondence with Opposing Counsel re stipulating to reopen matter for a limited purpose re fees, costs and expenses | 0.3 | N/C | | | | |
| DK | 5/26/2021 | Received and reviewed Court Order re Dismissal | 0.1 | N/C | | | | |
| SBM | 5/27/2021 | Review and audit billing | 0.3 | $165.00 | $165.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |

Case 2:20-cv-08114-DSF-PVC   Document 32-2   Filed 09/02/21   Page 74 of 533   Page ID
#:1424
Joint Statement Regarding Plaintiff's Attorney's Fees

| DK | 6/2/2021 | Prepared substantive correspondence to opposing counsel with invoices and evidence attached re meet and confer as to Plaintiff's attorneys' fees, costs and expenses | 0.3 | $88.50 | $88.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| DK | 6/4/2021 | Email correspondence with opposing counsel re fees, costs and expenses | 0.2 | $59.00 | $59.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| DK | 6/8/2021 | Exchanged email communication with opposing counsel re Plaintiffs' attorney's fees, costs and expenses | 0.3 | $88.50 | $88.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| DK | 6/10/2021 | Received, reviewed and analyzed FCA's spreadsheet with objections and reasons to specific entries in our fee invoice in anticipation of zoom meet and confer | 0.3 | $88.50 | $88.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |

Joint Statement Regarding Plaintiff's Attorney's Fees

| DK | 6/10/2021 | Video conference with opposing counsel re meet and confer as to Plaintiffs' attorney fees, costs and expenses | 0.6 | $177.00 | $177.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
|---|---|---|---|---|---|---|---|---|
| DK | 6/16/2021 | Prepared substantive email correspondence to opposing counsel re follow-up from meet and confer zoom conference as to fees and costs, responses to objections, and revisions to fee invoice made, | 0.9 | $265.50 | $265.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| DK | 6/22/2021 | Received and reviewed substantive correspondence from FCA re objections and challenges to Plaintiffs' fees, costs and expenses, and prepared a substantive response re the same | 1.6 | $472.00 | $472.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| DK | 6/22/2021 | Commenced preparing Key Memorandum re responses to Defendant's objections to Plaintiffs' Excel Sheet re: Fee Requests | 0.7 | $206.50 | $206.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |

Joint Statement Regarding Plaintiff's Attorney's Fees

| DK | 6/23/2021 | Completed preparing Key Memorandum re responses to Defendant's objections to Plaintiffs' Excel Sheet re: Fee Requests | 0.9 | $265.50 | $265.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
|---|---|---|---|---|---|---|---|---|
| DK | 6/23/2021 | Prepared responses in joint excel sheet to FCA's Objections to Plaintiffs' Fees | 0.4 | $118.00 | $118.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| JWC | 7/6/2021 | Further meet and confer on fees, costs and expenses | 0.2 | $85.00 | $85.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| JWC | 7/7/2021 | Continue to meet and confer on fees, costs and expenses | 0.2 | $85.00 | $85.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |

Joint Statement Regarding Plaintiff's Attorney's Fees

| DK | 7/15/2021 | Email correspondence to opposing counsel re motion to reopen to have our fees, costs and expenses heard | 0.4 | $118.00 | $118.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
|---|---|---|---|---|---|---|---|---|
| DK | 7/15/2021 | Prepared Motion to Reopen including Notice, Memorandum, Declaration and Proposed Order | 2.4 | $708.00 | $708.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| DK | 7/16/2021 | Further edited and executed Plaintiffs' Motion to Reopen including memo and declaration | 0.3 | $88.50 | $88.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| MC | 7/19/2021 | Edit/Finalize MTN to reopen for filing | 0.7 | $241.50 | $241.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |

Case 2:20-cv-08114-DSF-PVC   Document 32-2   Filed 09/02/21   Page 78 of 533   Page ID
#:428
Joint Statement Regarding Plaintiff's Attorney's Fees

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| MC | 7/29/2021 | Meeting with AJ to discuss assginment to Draft reply to Plaintiffs' Motion to Reopen, discuss issues and main arguments | 0.7 | $241.50 | $241.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| AJ | 7/30/2021 | Draft Reply to Opposition to Motion to Reopen | 2.7 | $675.00 | $675.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| AJ | 8/2/2021 | Revise and finalize Reply to Opposition to Motion to Reopen | 0.6 | $150.00 | $150.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| MC | 8/10/2021 | Review Court Order Granting Motion to reopen | 0.1 | $34.50 | $34.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |

Case 2:20-cv-08114-DSF-PVC   Document 32-2   Filed 09/02/21   Page 79 of 533   Page ID
#:449
Joint Statement Regarding Plaintiff's Attorney's Fees

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| JWC | 8/23/2021 | Revise billing grid and email opposing counsel re joint statement | 0.3 | $127.50 | $127.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| JWC | 8/24/2021 | Continue to meet and confer on fees and costs | 0.1 | $42.50 | $42.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
| JWC | 8/27/2021 | Review additional objections to billing records by OC. Ask for word version to be able to respond | 0.2 | $85.00 | $85.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |

Case 2:20-cv-08114-DSF-PVC   Document 32-2   Filed 09/02/21   Page 80 of 533   Page ID
#:1450
Joint Statement Regarding Plaintiff's Attorney's Fees

| JWC | 8/30/2021 | Draft motion for attorney's fees, costs, and expenses and supporting declaration | 4.2 | $1,785.00 | $1,785.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable.Duplicative to next entry and excessive. If the Court awards anything, collective time should be cut to four hours. | See FCA's Objection Key Memo at Objection Nos. 5 and 6 | See Plaintiffs' Response to FCA's Objection Nos. 5-6. |
| JWC | 8/30/2021 | Draft motion for costs and expenses and supporting declaration | 2.3 | $977.50 | $977.50 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. Duplicative to prior entry and excessive. If the Court awards anything, collective time should be cut to four hours. | See FCA's Objection Key Memo at Objection Nos. 5 and 6 | See Plaintiffs' Response to FCA's Objection Nos. 5-6. |

Case 2:20-cv-08114-DSF-PVC   Document 32-2   Filed 09/02/21   Page 81 of 533   Page ID
#:1351
Joint Statement Regarding Plaintiff's Attorney's Fees

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| JWC | | TBD | Review Def's Opposition to Motion for Attorney's Fees (Anticipated) | 1.0 | $425.00 | $425.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. Duplicative to next entry and excessive. | See FCA's Objection Key Memo at Objection Nos. 5 and 6 | See Plaintiffs' Response to FCA's Objection Nos. 5-6. |
| JWC | | TBD | Review Def's Opposition to Motion for Costs and Expenses (Anticipated) | 1.0 | $425.00 | $425.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. Duplicative to prior entry and excessive. | See FCA's Objection Key Memo at Objection Nos. 5 and 6 | See Plaintiffs' Response to FCA's Objection Nos. 5-6. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | 4.0 | $1,700.00 | $1,700.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. Duplicative to next entry.  Seven hours is excessive.  If the Court awards anything, the hours should collectively be cut to three. | See FCA's Objection Key Memo at Objection Nos. 5 and 6 | See Plaintiffs' Response to FCA's Objection Nos. 5-6. |
| JWC | TBD | Draft Reply to Opposition to Motion for Attorney's Fees (Anticipated) | | | | | | |
| | | | 3.0 | $1,275.00 | $1,275.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. Duplicative to prior entry.  Seven hours is excessive.  If the Court awards anything, the hours should collectively be cut to three. | See FCA's Objection Key Memo at Objection Nos. 5 and 6 | See Plaintiffs' Response to FCA's Objection Nos. 5-6. |
| JWC | TBD | Draft Reply to Opposition to Motion for Costs and Expenses (Anticipated) | | | | | | |

Case 2:20-cv-08114-DSF-PVC   Document 32-2   Filed 09/02/21   Page 83 of 533   Page ID
#:1393
Joint Statement Regarding Plaintiff's Attorney's Fees

| | | | 1.0 | $425.00 | $425.00 | FCA offered to settle for the same amount on 9/11/20; all fees incurred after are unreasonable. | See FCA's Objection Key Memo at Objection No. 6 | See Plaintiffs' Response to FCA's Objection No. 6. |
|---|---|---|---|---|---|---|---|---|
| JWC | TBD | Prepare for and appear at hearing on Motion for Attorney's Fees and Motion for Costs and Expenses (Telephonically) (Anticipated) | | | | | | |
| | | Total Attorney Fees | 87.8 | $30,573.00 | $27,994.50 | | | |

**Billing Rate Summary**

| Avg/Hr | Initials | Attorney/Staff | Hours | Amount |
|---|---|---|---|---|
| $200.00 | AJ | Andrew Jang | 10.7 | $2,140.00 |
| $250.00 | AJ | Andrew Jang | 3.3 | $825.00 |
| $350.00 | ALM | Amy Morse | 3.7 | $1,295.00 |
| $400.00 | ALM | Amy Morse | 3.0 | $1,200.00 |
| $295.00 | DK | Daniel Kalinowski | 9.3 | $2,743.50 |
| $425.00 | GM | Greg Mohrman | 9.5 | $4,037.50 |
| $325.00 | HA | Heidi Alexander | 5.1 | $1,657.50 |
| $425.00 | JWC | Jacob Cutler | 17.5 | $7,437.50 |
| $300.00 | MC | Maite Colón | 8.3 | $2,490.00 |
| $345.00 | MC | Maite Colón | 10.6 | $3,657.00 |
| $225.00 | MM | Marisa Melero | 1.3 | $292.50 |
| $295.00 | MM | Marisa Melero | 0.5 | $147.50 |
| $450.00 | RK | Roger Kirnos | 1.0 | $450.00 |
| $550.00 | SBM | Steve Mikhov | 4.0 | $2,200.00 |

# EXHIBIT C

**<u>Key Memorandum re: FCA's Objections to Plaintiffs' Excel Sheet re: Fee Requests</u>**

FCA US LLC ("FCA") offers this key as the Excel spreadsheet would not accommodate for
FCA's positions on the different entries.

**<u>Objection No. 1</u>- Undated Time Entries**

It is FCA's position that without dates, it is impossible for FCA to decipher whether the
undated Mikhov entries were performed in the course of litigation, or were reasonable. In
fact, KLG has requested similar entries in their fee motions across numerous cases.  FCA
should not be required to pay for entries that are not properly dated.

This KLG practice has been rejected by numerous other state and federal courts:

> • *McClaughlin v. General Motors LLC*, Los Angeles Superior Court Case No.
> 19STCV16957: "Further, the Court finds that Plaintiff seeks to recover fees for
> work that is undated, which indicates that the billing may not have been filled
> out contemporaneously.  … The Court declines to award plaintiff's counsel its
> fees in this case."

> • *Lucia Carrera, et al. v. Ford Motor Company*, 2:18-cv-09781-SVW-RAO:
> The court rejected $1540 of 2.8 hours undated entries by Steve Mikhov ruling
> that the hours were "unsubstantiated by date…[and] [t]he fee applicant bears
> the burden of documenting the appropriate hours expended and submitting
> evidence in support of those hours worked. (Hensley v. Eckhart (1983) 461 U.S.
> 433, 437.) Knight has failed to satisfy this burden for their initial entries, and
> these 2.8 hours are accordingly stricken."

> • *Alejandro Omeany Salmeron v. Ford Motor Company*, 2:18- cv-07266-
> SVW-PLA:  The court struck the initial 2.1 hours billed by Steve Mikhov,
> amounting to $1,155, because they did not have any dates assigned. The court
> cited Hensley, 461 U.S. at 437, ruling that Plaintiffs' counsel failed to satisfy
> their burden for the initial entries.

Here, Steve Mikhov's entries are unsubstantiated by date and Plaintiffs have failed to satisfy the
burden of documenting the appropriate hours expended or submit evidence to satisfy in support of
the hours worked.  As such, the undated entries should be disallowed from the *Salazar* invoice.

**<u>Objection No. 2</u>- Block Billing**

"Block billing (*i.e.*, a line item with a single time charge for multiple activities) is inappropriate."
(See Judge Fischer's <u>Order re: Format of Time and Expense Records</u>, ¶6, and <u>See Welch v.
Metropolitan Life Ins. Co</u>., 480 F.3d 942, 948 (2007).)

**Objection No. 3- Entries Not Described in Sufficient Detail**

As per Judge Fischer's Order:

> The services rendered must be described in sufficient detail for the Court to determine the nature and reasonableness of the services. Generic or general activity descriptions are inappropriate. Entries such as "research and preparation of motion to dismiss," "conference with client," and other non-specific descriptions will generally not be considered adequate, especially if the amount of time billed is significant. (Time records ultimately filed publicly with a motion for fees may be redacted to preserve the attorney-client privilege or work product. The Court will require an *in camera* unredacted submission.)

(See Judge Fischer's <u>Order re: Format of Time and Expense Records</u>, ¶3.)

<u>Entries relating to "Communications with Clients"</u>

Plaintiffs are seeking nearly 1/4 of the fees, $4,582.00, for time entries that involve "communications with clients."   Along with other issues pertaining to these entries, the descriptions provided for the communications are superficial.  Nine of the 21 entries are relating communications relating to "settlement" (*i.e.*, 9.10.20, 9.12.20, 9.25.20, 9.25.20, 10.14.20, 10.16.20, 2.18.21, 3.27.21, 5.18.21).  This is simply insufficient especially when there are multiple entries on the same day (without differing descriptions) (*e.g.*, 9.25.20) and multiple entries are within two days of each other (without differing descriptions) (*e.g.*, 9.10.20 and 9.12.20, 10.14.20 and 10.16.20.)   Absent further description and an explanation, these time entries should be disallowed.  Similarly, other entries are not sufficiently described.  On 12.17.21 and 2.12.21, Plaintiffs' entry is only "communications with clients" absent any description.  The fact that these are blocked billed ) against the Court's order (See Objection 2) with another item in a single entry does not alleviate the insufficiency of the description.   In sum, these items are insufficiently described to determine if they are reasonable in substance and amount.

**Objection No. 4- Clerical Entries**

Plaintiffs may not recover fees for time spent on purely clerical work. (*Davis v. City of San Francisco,* 976 F. 2d 1536, 1543 (9th Cir. 1992), *vacated on other grounds by Davis v. City & Cty. of San Francisco,* 984 F.2d 345 (9th Cir. 1993) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them… [The] dollar value [of such non-legal work] is not enhanced just because a lawyer does it.") (internal quotations and citations omitted).

**Objection No. 5- Excessive Fees**

Trial courts have the responsibility to curb excessive, duplicative, vague or otherwise unreasonable billing.  (See e.g., *Sanford v. Thrifty Payless, Inc.,* 2005 WL 2562712, at *2 (E.D. Cal. Oct. 11, 2005) (excluding all fees incurred in connection with meritless motion for summary judgment, which was not "a necessary step towards victory").)  The Appellate Court has found that the person seeking a fee award "is not necessarily entitled to compensation for the value of attorney services according to [his] own notion or to the full extent claimed by [him]."

Rule 26(f) report- There is still 4.5 hours, totaling $1,020.00, dedicated to allegedly drafting and editing the Rule 26(f) Report. A second review of the report indicates that this language is largely the same language KLG uses in other reports and, absent the brief description of the case and the list of the typical witness and documents, the document is typical.  Again, the amount requested is excessive, and frankly, not sufficiently described to determine whether it was reasonable in time or scope.   As such, FCA is again requesting that the time be reduced to 1.7 hours.

**Objection No. 6**

This issue is the crux of the parties' impasse on the fees and costs in this matter.  Shortly after this case was removed to Federal Court, on September 11, 2020, FCA served a Rule 68 Offer to settle the matter for $62,857.74.  This number constitutes the value of the vehicle, incidental and consequential damages, and a two-times civil penalty.  In other words, the *maximum* amount Plaintiffs would be able to recover under the Song-Beverly Act if they were successful at trial. FCA also offered $8,000 to settle attorney's fees and costs, or allowed fees and costs to be settled by way of motion pursuant to California Civil Code section 1794(d).  Instead of settling the matter, and limiting attorney fees and costs, Plaintiffs rejected the offer for no practical reason except so that Plaintiffs' counsel could presumably continue to work on the file to increase the recoverable attorney's fees and costs.

On October 10, 2020 and again on February 19, 2021, Plaintiffs served duplicative Rule 68 demands to settle the matter for $62,857.74, which is the *exact same settlement amount* that FCA offered in September of 2020.  In May of 2021, the case settled for the *exact amount* offered in FCA's original Rule 68 Offer.

In the interim, Plaintiffs, and their counsel, have unnecessarily incurred costs and fees for serving an additional 101 discovery requests in Federal Court, a 13 page Initial Disclosure, the Joint Rule 26(f) Report and the recent subpoenas to non-party dealership witnesses.  As is apparent, this case should have settled in September of 2020, and any further litigation of this case was unnecessary and not in the best interests of Plaintiffs as Plaintiffs are likely to incur tax liability for any additional fees and costs that are awarded since FCA's Rule 68 Offer.

Plaintiffs' counsel argues that Plaintiffs' settlement demand was different from FCA's as: (1) it insisted on including "prevailing party" language in the settlement term addressing attorney's fees; and, (2) it requested a shorter time to receive a settlement check (45 days instead of 90).

As to the "prevailing party" language that Plaintiffs insisted on including (*i.e.*, "Plaintiffs shall be deemed the prevailing party in this Section under section 1794(d)"), this language does not address the underlying settlement of the case, but addresses Plaintiffs' counsel's ability to obtain attorney's fees under the Song-Beverly Act.

This position of putting attorney's fees above Plaintiffs' restitution is frowned upon by ethical canon and courts. The 2002 ABA publication on ethics in settlement, pages 41-43 states: "A lawyer may not forego other favorable settlement terms in exchange for a favorable fee. Even when the court ultimately must approve any negotiated fee, the lawyer has an independent obligation not to enter arrangements that sacrifice client interests for a larger fee." Moreover, California authority states that the preferred practice is to reserve the fee issue until the merits are resolved by litigation or settlement. See Folsom v Butte County Ass'n of Gov'ts, 32 C3d 668, 681 (1982). Also note that California recently revised their Rules of Professional Conduct to be clearer on unconscionable fees and disputes about fees. Rule 1.5 now imposes a greater obligation on lawyers to disclose all material facts related to fees to their clients.

Again, the prevailing party language in the settlement offer does not go to the underlying claim, but to Knight Law Group's attorney's fees. Moreover, it was totally unnecessary as FCA's Rule 68 Offer explicitly stated that "Plaintiffs may seek an award of attorneys' fees and costs recoverable pursuant to California Civil Code Section 1794(d)." California Civil Code Section 1794(d) states:

> If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action.

By not accepting FCA's Rule 68 Offer to only vie for a superficially better position when seeking fees is wholly improper and against Plaintiffs' pecuniary interest. Now, the fees have been increased significantly by Plaintiffs' counsel's delay. The Court should note, FCA is required to issue a 1099 Form to Plaintiffs for any fee amount awarded. Moreover, Plaintiffs will be potentially liable for taxes on those fees. In sum, this demand to delay the underlying settlement of the case and add the unnecessary "prevailing party" language, when FCA had already agreed to allow a fee motion under Civil Code Section 1794(d), is not only frowned on by ethical canon and courts, but has also likely put Plaintiffs in a worse position than they would have been if the case was settled in September of 2020, as it should have been. Such tactics, cannot be said to be in "reasonable prosecution" of the case.

Finally, the argument that refusing the original offer because of the "quicker turnaround time for FCA sending the settlement funds" is nonsensical. Initially, this could have been resolved easily with a meet and confer. Moreover, the difference in the turnaround time was between 90 and 45 days. Now, the refusal to accept FCA's offer has delayed Plaintiffs from receiving the same exact settlement monies for an additional eight months. Clearly, any argument that this has somehow bettered Plaintiffs' position is unsupported by the facts.

In short, it is FCA's position that the refusal of the original Rule 68 Offer (for the full amount Plaintiffs would have received at trial) was nothing but a delay tactic to presumably increase the amount of attorney's fees in this case, at the expense of Plaintiffs, and the Court's time and resources.  Thus, Plaintiffs' counsel should not be awarded any fees past the original offer as they did not better their clients' position and arguably purposefully delayed (and jeopardized) the underlying settlement for their own pecuniary interests.  As such, FCA will be arguing that all fees and costs should be limited to those incurred on or before FCA's original Rule 68 Offer.

# EXHIBIT D

## Plaintiffs' Key Memorandum in Response to Defendant's Excel Sheet re: Objections to Fees & Costs Request

### Plaintiffs' Response to Defendant's Objection No. 1 – Undated Time Entries

The dates of the first three undated time entries are removed due to strategy, work-product, and because it is not required to determine the reasonableness of the time. Moreover, as represented by Plaintiffs, the undated time entries occurred before the filing of the Complaint. Attorneys seeking fee awards are "not required to record in great detail how each minute of [their] time was expended." *Hensley*, 461 U.S. 424, 437 n. 12. They need only "keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." *Id.* at 441. Under this standard, "the hours described in undated entries relate to initial client communication and are reasonable because they are sufficiently descriptive" and no reduction is necessary. See Ex. A attached to the Declaration of Steve Mikhov, *Alexander F. Bauman v. Ford Motor Company, et al.*, No. CV 18-7971-DMG (Ex), Dkt. No. 74-5, ECF pp. 10-11 (declining to reduce undated billing entries). The undated time entries at issue here clearly relate to consulting with the client and evaluating the potential of the case before the filing of the Complaint, when such attorney work would naturally take place. Plaintiff's declaration submitted with the fee motion attested to the accuracy of the submitted time, and that the time was incurred *in this case*, under penalty of perjury.  Defendant has zero basis to claim that the fees were not incurred in this case. Accordingly, dating every entry is not mandatory, and reductions are not warranted here.

### Plaintiffs' Response to Defendant's Objection No. 2 – Block Billing

"[T]rial courts are granted discretion 'to penalize [block billing] when the practice prevents them from discerning which tasks are compensable and which are not.' [Citation.]" (*In re Marriage of Nassimi* (2016) 3 Cal.App.5th 667, 695-696.) Here, the tasks are all related to Plaintiff's song Beverly claims (which are compensable) so its not an issue.

Moreover, this objection is moot given Plaintiffs have amended the fee invoice by either separating the entries objected to by Defendant or providing supplemental information sufficient to justify the purportedly blocked bill entries.

**Plaintiffs' Response to Defendant's Objection No. 3 – Entries Not Described in Sufficient Detail**

Defendant objects to various entries relating to communications with clients as not having sufficient detail. This Court's Order re: Format of Time and Expense Records, paragraph 3 provides that "[e]ntries such as… 'conference with client' will generally not be considered adequate." However, Plaintiffs' counsel's invoice sufficiently describes the topic of the conversation between Plaintiffs and their counsel. For example, Plaintiffs' counsel clearly communicated with Plaintiffs following Defendant serving its Rule 68 Offer in September 2020 and before serving a counter-offer in October, 2020 regarding Defendant's Rule 68 offer and settlement strategy. In December 17, 2020, upon being served with Defendant's written discovery requests, Plaintiffs' counsel communicated with Plaintiffs regarding responding to these discovery requests. In February 2021, Plaintiffs' counsel communicated with Plaintiffs regarding settlement strategy prior to serving another settlement offer on Defendant. In March, 2021, Defendant served another Rule 68 Offer and, subsequently, Plaintiffs' counsel communicated with Plaintiffs regarding settlement and Defendant's Rule 68 Offer just served. Following Defendant's service of its Rule 68 Offer in March, 2021, Defendant noticed depositions of Plaintiffs. Subsequently, Plaintiffs' counsel communicated with Plaintiffs regarding appearing for deposition and preparing them accordingly. After Defendant partially completed Plaintiffs' depositions, Defendant reached out to Plaintiffs regarding whether their October, 2020 offer was still on the table at which point Plaintiffs' counsel communicated with Plaintiffs regarding settlement and serving another offer and served an amended offer that same day which Defendant accepted.

Defendant's assertion that the entries regarding communication with clients are insufficient is without merit. All of the communication with clients entries have a description as to what the topic of conversation for that entry and succinctly flows with the rest of the invoice entries. Communications with clients as to settlement either occur directly after Defendant's service of offers or just before Plaintiffs served their own offers. Communications with clients as to other matters such as responding to written discovery or appearing for deposition succinctly flows with the rest of the invoice entries as well and have sufficient descriptions as to what the conversations between Plaintiffs' counsel and Plaintiffs was about. These entries are thus sufficient and reasonable.

**Plaintiffs' Response to Defendant's Objection No. 4 – Clerical Entries**

It is true that Plaintiff may not recover fees for time spent on *purely* clerical work. See *Davis v. City of San Francisco*, 976 F. 2d 1536, 1543 (9th Cir. 1992), vacated on other grounds by *Davis v. City & Cty. of San Francisco*, 984 F.2d 345 (9th Cir. 1993) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them.... [The] dollar value [of such non-legal work] is not enhanced just because a lawyer does it.") (internal quotations and citations omitted).

FCA characterizes one entry as a "clerical task". However, this entry involves an activity that differs from the "purely clerical or secretarial tasks" in *Davis*. The disputed entry concerns drafting deposition subpoenas and notices for the dealership personnel who repaired the subject vehicle which includes determining categories of testimony for the dealership person most knowledgeable - clearly an attorney task).

Defendant has not identified any other billing entries that are "clerical entries." As such, this objection is moot.


**Plaintiffs' Response to Defendant's Objection No. 5 – Excessive Fees**

Defendant offers no evidence in support of its argument that time incurred working on the Rule 26(f) report was excessive or unreasonable. Coveniently, Defendant does not provide its own time records to substantiate what it believes to be a reasonable amount of time spent on this task. See *Etcheson v. FCA US LLC*, 30 Cal. App. 5th at 838 (stating that the defendant must "establish with legal authority or otherwise what hours and rates would be considered reasonable …."). Under the Adverse Inference Rule, the Court may thus conclude, based on Defendant's failure to produce its counsel's records, that Defendant counsel billed the same or more time for equivalent tasks.

Plaintiffs' counsel utilized a lower level or younger associate to prepare a draft of the Rule 26(f) report with a higher level associate reviewing it for sufficiency. This decreases fees, not increases them. Fees would have been more than $1,020 if a higher level associate spent time drafting it. Furthermore, the report is seventeen (17) pages long and is tailored to the facts and procedural history of this case. The amount of time spent is reasonable despite FCA's unsupported opinion.

It was not excessive to spend 1.9 hours reviewing and analyzing Defendant's fifty-one (51) responses to Plaintiffs' request for production which included a

document production of hundreds of pages. The evidence Defendant possessed was key in Plaintiffs proving up their case.

FCA also strangely criticizes Plaintiffs preparing for Plaintiffs' deposition. Clearly that is a reasonable and necessary task to prepare for that critical deposition and it is not duplicative to break up that preparation over two days with smaller amounts each day.

## Plaintiffs' Response to Defendant's Objection No. 6

Defendant has provided zero authority to supports its position that fees and costs should be cut from its September 2020 Rule 68 Offer, despite Plaintiffs requesting authority multiple times during the meet and confer process mandated by this Court. See *Etcheson v. FCA US LLC*, 30 Cal. App. 5th at 838 (stating that the defendant must "establish with legal authority or otherwise what hours and rates would be considered reasonable ….").

On September 11, 2020, Defendant served a Rule 68 Offer for $62,857.74 which provided that payment of the settlement funds will be made no later than 90 days after the entry of acceptance of the September 2020 Rule 68 Offer. It also required that Plaintiffs surrender the subject vehicle but provided no deadline for Defendant to pay Plaintiffs the settlement funds following the surrender of the subject vehicle. As such, Plaintiffs could surrender the subject vehicle within 30 days of executing the September 2020 Rule 68 Offer but would have to wait up to 60 days for payment. Plaintiffs would be left without sufficient funds to purchase another vehicle. Defendant's September 2020 Rule 68 Offer also did not deem Plaintiffs prevailing party. *See Hanna v. Mercedes-Benz USA, LLC,* 36 Cal.App.4th at p. 508 [reasonably rejecting a settlement offer is "no[t] a permissible ground for denying an award of attorney fees under the Song-Beverly Act"]. On October 15, 2020, Plaintiffs served a settlement offer in the same amount which included the following: payment of the settlement funds to be made within 45 days of executing the settlement offer; payment of the settlement funds to be made within 24 hours after surrender of the subject vehicle (so Plaintiffs do not have to wait for an undisclosed time without a vehicle); and prevailing party language. Despite Plaintiffs October 2020 offer for the same amount, Defendant refused to accept it.

On February 19, 2021, Plaintiffs again served an offer for $62,857.74 with the same terms as Plaintiffs' October 2020 offer. During this time, the parties met and conferred on suitable settlement terms but Defendant would not agree that Plaintiffs are prevailing party. In an attempt to reach some middle ground, Plaintiffs modified its settlement offer and served another one on March 24, 2021 which allowed for

payment to be made within 72 hours after surrender to give Defendant more time to disburse the settlement funds. Defendant still refused and responded with a Rule 68 Offer on March 26, 2021. The only difference between its October 2020 Rule 68 Offer and its March 2021 Rule 68 offer was that the latter provided for payment within 45 days instead of 90. There was still no prevailing party language and no deadline for Defendant to pay following surrender.

On May 18, 2021, Defendant emailed Plaintiffs inquiring if Plaintiffs' February 2021 offer was still open. That same day, Plaintiffs served and settlement offer with the same terms as the February 2021 offer. After seven months of refusing to sign Plaintiffs' settlement offers from October 2020 and February 2021, Defendant suddenly agreed to sign an offer with the same terms which included prevailing party language and a 24 hour deadline to pay the settlement funds following surrender. Defendant's position that fees and costs should be cut off from its September 2020 Rule 68 Offer is meritless given the above facts. At all times, Plaintiffs attempted to settle this matter by serving numerous counteroffers and meeting and conferring with Defendant but it refused to entertain Plaintiffs offers for seven months. The case settled for the same amount that was offered in September 2020 but with more favorable terms to Plaintiffs, especially allowing for payment of the settlement funds to be made within 24 hours as opposed to no deadline. Fees and costs should thus not be arbitrarily cut from the September 2020 Rule 68 Offer.

FCA also seeks to cutoff the time spent on the meet and confer as well as this motion for attorney's fees, costs, and expenses. Plaintiffs are entitled to the time spent on the motion for attorney's fees, costs, and expenses. The California Supreme Court has expressly ruled that prevailing parties who are entitled to recover their attorney's fees are *also entitled* to recover their fees for the time spent preparing fee applications. ( *Serrano v. Unruh* (1982) 32 Cal.3d 621, 631). Moreover, Plaintiffs would have needed to meet and confer and file a motion for attorney's fees, costs, and expenses even if Plaintiff had accepted FCA's earlier offer (provided that the meet and confer efforts did not resolve the dispute). Spending time on the court ordered objection key is clearly reasonable and necessary whether or not the parties can resolve the dispute.

Regarding the motion to reopen, FCA forced Plaintiffs' hand as it refused to stipulate to the relief sought even though it took an ample amount of time for the parties to engage in their meet and confer efforts. The motion was granted over FCA's objection due to Plaintiff's briefing. As such, the time spent on those tasks was reasonable and necessary.

# EXHIBIT E

# RETAIL INSTALLMENT SALE CONTRACT — SIMPLE FINANCE CHARGE (WITH ARBITRATION PROVISION)

#467

| Dealer Number | Contract Number | R.O.S. Number | Stock Number |
|---|---|---|---|
| 00227 | N/A | N/A | 1717210 |

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| GUTIERREZ SALAZAR 8327 2ND STREET PARAMOUNT, CA 90723 | | GLENN E. THOMAS COMPANY 2100 East Spring St Signal Hill, CA 90755 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2017 | JEEP RENEGADE | 14 | ZACCJABBGHPEE59406 | Personal, family or household unless otherwise indicated below. ☐ business or commercial |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 9000.00 is |
|---|---|---|---|---|
| 5.99 % | $ 8,276.17 (e) | $16003.63 (e) | $24279.80 (e) | $ 25279.80 (e) |

(e) means an estimate

### YOUR PAYMENT SCHEDULE WILL BE:

| Number of Payments | Amount of Payments | When Payments Are Due: |
|---|---|---|
| One Payment of | 5,000.00 | 04/07/17 |
| One Payment of | N/A | N/A |
| One Payment of | N/A | |
| 59 | 871.33 | Monthly beginning 05/21/17 |
| N/A | N/A | N/A |
| One final payment | 271.33 | 04/21/22 |

**Late Charges.** If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
**Prepayment.** If you pay early, you may be charged a minimum finance charge.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

### ITEMIZATION OF THE AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)

1. **Total Cash Price**
   - A. Cash Price of Motor Vehicle and Accessories ............... $ 20,415.00 (A)
     1. Cash Price Vehicle ............... $ 20,415.00
     2. Cash Price Accessories ............... $ N/A
     3. Other (Nontaxable)
        - Describe N/A ............... $ N/A
        - Describe N/A ............... $ N/A
   - B. Document Processing Charge (not a governmental fee) ............... $ 80.00 (B)
   - C. Emissions Testing Charge (not a governmental fee) ............... $ N/A (C)
   - D. (Optional) Theft Deterrent Device(s)
     1. (paid to) N/A ............... $ N/A (D1)
     2. (paid to) KARR ALARM SYSTEM ............... $ 399.00 (D2)
     3. (paid to) N/A ............... $ N/A (D3)
   - E. (Optional) Surface Protection Product(s)
     1. (paid to) N/A ............... $ N/A (E1)
     2. (paid to) N/A ............... $ N/A (E2)
   - F. EV Charging Station (paid to) N/A ............... $ N/A (F)
   - G. Sales Tax (on taxable items in A through F) ............... $ 1,927.88 (G)
   - H. Electronic Vehicle Registration or Transfer Charge

### STATEMENT OF INSURANCE

NOTICE: No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

#### Vehicle Insurance

| | | Term | Premium |
|---|---|---|---|
| $ N/A Ded. Comp., Fire & Theft | | N/A Mos. | $ N/A |
| $ N/A Ded. Collision | | N/A Mos. | $ N/A |
| Bodily Injury $ N/A Limits | | N/A Mos. | $ N/A |
| Property Damage $ N/A Limits | | N/A Mos. | $ N/A |
| Medical N/A | | N/A Mos. | $ N/A |
| N/A | | N/A Mos. | $ N/A |
| Total Vehicle Insurance Premiums | | | $ N/A |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X _____
Co-Buyer X _____ N/A _____
Seller X _____

**OPTIONAL DEBT CANCELLATION AGREEMENT.** A debt cancellation agreement is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy debt cancellation, the charge is shown in item 1K of the Itemization of Amount Financed. See your debt cancellation agreement for details on the terms and conditions it provides. It is a part of this contract.

Term N/A Mos. _____
Debt Cancellation Agreement

I want to buy a debt cancellation agreement.

Buyer Signs X _____

**OPTIONAL SERVICE CONTRACT(S)** You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1L.

| I1 Company N/A | | |
|---|---|---|
| Term N/A Mos. or N/A Miles | | |
| I2 Company N/A | | |
| Term N/A Mos. or N/A Miles | | |
| I3 Company N/A | | |
| Term N/A Mos. or N/A Miles | | |
| I4 Company N/A | | |
| Term N/A Mos. or N/A Miles | | |
| I5 Company N/A | | |
| Term N/A Mos. or N/A Miles | | |

Buyer X _____

# RETAIL INSTALLMENT SALE CONTRACT — SIMPLE FINANCE CHARGE (WITH ARBITRATION PROVISION)

| Dealer Number | Contract Number | R.O.S. Number | Stock Number |
|---|---|---|---|
| | | | 1717210 |

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| GUTIERRO SALAZAR 8327 2ND STREET PARAMOUNT, CA 98723 LOS ANGELES | | GLENN E. THOMAS COMPANY 2100 East Spring St Signal Hill, CA 90755 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2017 | JEEP RENEGADE | 14 | ZACCJABGSHPE69446 | Personal, family or household unless otherwise indicated below. ☐ business or commercial |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 9000.00 is |
|---|---|---|---|---|
| 5.99 % | $ 2,276.17 (e) | $14003.63 (e) | $21279.80 (e) | $ 25279.80 (e) |

(e) means an estimate

### STATEMENT OF INSURANCE

NOTICE. No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

### Vehicle Insurance

| | | | Term | Premium |
|---|---|---|---|---|
| $ N/A Ded. Comp. Fire & Theft | | | N/A Mos. | $ N/A |
| $ N/A Ded. Collision | | | N/A Mos. | $ N/A |
| Bodily Injury | $ N/A | Limits | N/A Mos. | $ N/A |
| Property Damage | $ N/A | Limits | N/A Mos. | $ N/A |
| Medical | | | N/A Mos. | $ N/A |
| | N/A | | N/A Mos. | $ N/A |
| Total Vehicle Insurance Premiums | | | | $ N/A |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X

Co-Buyer X

Seller X

### YOUR PAYMENT SCHEDULE WILL BE:

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| One Payment of | 5,000.00 | 04/27/17 |
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| 59 | 271.33 | Monthly beginning 05/21/17 |
| N/A | N/A | N/A |
| One final payment | 271.33 | 04/21/22 |

Late Charge. If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
Prepayment. If you pay early, you may be charged a minimum finance charge.
Security Interest. You are giving a security interest in the vehicle being purchased.
Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

### OPTIONAL DEBT CANCELLATION AGREEMENT.

A debt cancellation agreement is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy debt cancellation, the charge is shown in item 1K of the Itemization of Amount Financed. See your debt cancellation agreement for details on the terms and conditions it provides. It is a part of this contract.

Term N/A Mos. _____ Debt Cancellation Agreement

I want to buy a debt cancellation agreement.

Buyer Signs X N/A

### ITEMIZATION OF THE AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)

1. **Total Cash Price**
   A. Cash Price of Motor Vehicle and Accessories ........ $ 20,415.00 (A)
   1. Cash Price Vehicle ........ $ 20,415.00
   2. Cash Price Accessories ........ $ N/A
   3. Other (Nontaxable)
      Describe ____N/A____ $ N/A
      Describe ____N/A____ $ N/A
   B. Document Processing Charge (not a governmental fee) ........ $ 50.00 (B)
   C. Emissions Testing Charge (not a governmental fee) ........ $ N/A (C)
   D. (Optional) Theft Deterrent Device(s)
   1. (paid to) ____N/A____ $ N/A (D1)
   2. (paid to) ____KARR ALARM SYSTEM____ $ 395.00 (D2)
   3. (paid to) ____N/A____ $ N/A (D3)
   E. (Optional) Surface Protection Product(s)
   1. (paid to) ____N/A____ $ N/A (E1)
   2. (paid to) ____N/A____ $ N/A (E2)
   F. EV Charging Station (paid to) ____N/A____ $ N/A (F)
   G. Sales Tax (on taxable items in A through F) ........ $ 1,827.00 (G)
   H. Electronic Vehicle Registration or Transfer Charge

### OPTIONAL SERVICE CONTRACT(S)

You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 11.

I1 Company N/A
Term N/A Mos. or N/A Miles
I2 Company N/A
Term N/A Mos. or N/A Miles
I3 Company N/A
Term N/A Mos. or N/A Miles
I4 Company N/A
Term N/A Mos. or N/A Miles
I5 Company N/A
Term N/A Mos. or N/A Miles

Buyer X N/A

Trade-in Agreement, Seller acknowledges acquisition from you of the Trade-in Vehicle(s) or lessor of the Vehicle(s) to arrive at any payoff amount shown as Prior Credit or Lease Balance in Trade-in Vehicle(s). You understand that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown as the Prior Credit or Lease Balance in Trade-in Vehicle(s) to the lienholder or lessor of the vehicle(s), or its designee. If the actual payoff amount is more than the amount shown as the Prior Credit or Lease Balance in Trade-in Vehicle(s), you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown as the Prior Credit or Lease Balance in Trade-in Vehicle(s), Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in Trade-in Vehicle(s) or any refund.

**Buyer Signature X** N/A    **Co-Buyer Signature X** N/A

## AUTO BROKER FEE DISCLOSURE
If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

☐ Name of autobroker receiving fee, if applicable: N/A

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

**Buyer Signs X**    **Co-Buyer Signs X** N/A

**SELLER'S RIGHT TO CANCEL.** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.

**Buyer X**    **Co-Buyer X** N/A

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY DRIVER, EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
WARNING:
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN/ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

**S/S X**    **X** N/A

NO ADDITIONAL TERMS TO BE ENTERED IN THIS BOX

**Notice to buyer:** (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an Investigator for the Department of Motor Vehicles, or any combination thereof. After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

**Buyer Signature X**    **Co-Buyer Signature X**

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION**
California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT, INCLUDING THE ARBITRATION PROVISION ON THE REVERSE SIDE, BEFORE SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED IN COPY WHEN YOU SIGNED IT.

**Buyer Signature X**    **Date**    **Co-Buyer Signature X**    **Date** N/A

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

**Other Owner Signature X**    **Address**

GUARANTY. To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of the contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the full amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing. Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default; and notices of the amount owing at any time, and of any demands upon the Buyer.

**Guarantor X** N/A    **Date** N/A    **Guarantor X** N/A    **Date** N/A
**Address** N/A    **Address** N/A

**Seller Name** OGLASLY THOMAS COMPANY    **Date** 04/05/17 **By X** ____    **Title** FINANCE

**LAW** FORM NO. 553-CA-ARB (REV. 7/16)
©2016 The Reynolds and Reynolds Company TO ORDER: www.reyonline.com, 1-800-344-0996, fax 1-800-531-9055
THIS PRINTER BEARS NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL. CUSTOMER/TRUTH IN LENDING COPY

H. Electronic Vehicle Registration or Transfer Fees PVC
(not a governmental fee) (paid to) _NULL_ ........................... $ 29.00 (H)

I. (Optional) Service Contract(s)
1. (paid to) _____ N/A ............... $ _____ N/A (I1)
2. (paid to) _____ N/A ............... $ _____ N/A (I2)
3. (paid to) _____ N/A ............... $ _____ N/A (I3)
4. (paid to) _____ N/A ............... $ _____ N/A (I4)
5. (paid to) _____ N/A ............... $ _____ N/A (I5)

J. Prior Credit or Lease Balance (e) paid by Seller to
Vehicle 1 _____ N/A Vehicle 2 _____ N/A ....... $ N/A (J)
(see downpayment and trade-in calculation)

K. (Optional) Debt Cancellation Agreement ................ $ _____ N/A (K)

L. (Optional) Used Vehicle Contract Cancellation Option Agreement $ _____ N/A (L)

M. Other (paid to) _____ N/A _____
For _____ N/A ............................................. $ _____ N/A (M)

N. Other (paid to) _____ N/A _____
For _____ N/A ............................................. $ _____ N/A (N)

Total Cash Price (A through N) ........................... $ 22,746.88 (1)

2. Amounts Paid to Public Officials
A. Vehicle License Fees          ESTIMATED ......... $ 136.00 (A)
B. Registration/Transfer/Titling Fees   ESTIMATED ... $ 112.00 (B)
C. California Tire Fees ............................. $ 8.75 (C)
D. Other _____ N/A ................................. $ _____ (D)
Total Official Fees (A through D) .................. $ 256.75 (2)

3. Amount Paid to Insurance Companies
(Total premiums from Statement of Insurance) ....... $ _____ N/A (3)

4. ☐ State Emissions Certification Fee or ☐ State Emissions Exemption Fee $ _____ N/A (4)

5. Subtotal (1 through 4) ............................... $ 23,003.63 (5)

6. Total Downpayment
A. Total Agreed Value of Property Being Traded-In (see Trade-In Vehicle(s)): $ _____ N/A (A)
   Vehicle 1 $ _____ N/A   Vehicle 2 $ _____
B. Total Less Prior Credit or Lease Balance (e) ....... $ _____ N/A (B)
   Vehicle 1 $ _____ N/A   Vehicle 2 $ _____ N/A
C. Total Net Trade-In (A-B) (indicate if negative number) $ _____ N/A (C)
   Vehicle 1 $ _____ N/A   Vehicle 2 $ _____ N/A
D. Deferred Downpayment Payable to Seller ............. $ 5,000.00 (D)
E. Manufacturer's Rebate .............................. $ 4,000.00 (E)
F. Other _____ N/A .................................... $ _____ N/A (F)
G. Cash, Cash Equivalent, Check, Credit Card, or Debit Card $ _____ N/A (G)
Total Downpayment (C through G) ....................... $ 9,000.00 (6)
(If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1J above)

7. Amount Financed (5 less 6) ......................... $ 14,003.63 (7)

---

| Trade-In Vehicle(s) | | |
| --- | --- | --- |
| **1. Vehicle 1** | | |
| Year N/A   Make N/A | | |
| Model N/A   Odometer N/A | | |
| VIN N/A | | |
| a. Agreed Value of Property | $ | N/A |
| b. Buyer/Co-Buyer Retained Trade Equity | $ | N/A |
| c. Agreed Value of Property Being Traded-In (a-b) | $ | N/A |
| d. Prior Credit or Lease Balance | $ | N/A |
| e. Net Trade-In (c-d) (must be ≥ 0 for buyer/co-buyer to retain equity) | $ | N/A |
| **2. Vehicle 2** | | |
| Year N/A   Make N/A | | |
| Model N/A   Odometer N/A | | |
| VIN N/A | | |
| a. Agreed Value of Property | $ | N/A |
| b. Buyer/Co-Buyer Retained Trade Equity | $ | N/A |
| c. Agreed Value of Property Being Traded-In (a-b) | $ | N/A |
| d. Prior Credit or Lease Balance | $ | N/A |
| e. Net Trade-In (c-d) (must be ≥ 0 for buyer/co-buyer to retain equity) | $ | N/A |
| Total Agreed Value of Property Being Traded-In (1c+2c) | $ | N/A |
| Total Prior Credit or Lease Balance (1d+2d) | $ | N/A |
| Total Net Trade-In (1e+2e) | $ | N/A |
| (*See Item 6A–6C in the Itemization of Amount Financed) | | |

**OPTION:** ☐ You pay no finance charge if the Amount Financed, Item 7, is paid in full on or before _____ N/A _____, Year N/A.
SELLER'S INITIALS _____ N/A

Agreement to Arbitrate: By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _____
Co-Buyer Signs X _____

---

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle(s) to arrive at the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s). You understand that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s) to the lienholder or lessor of the trade-in vehicle(s), or its designee. If the actual payoff amount is more than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in Trade-In Vehicle(s) or any refund.

Buyer Signature X _____        Co-Buyer Signature X _____

---

## AUTO BROKER FEE DISCLOSURE

If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

☐ Name of autobroker receiving fee, if applicable: _____ N/A

---

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X _____        Co-Buyer Signs X _____ N/A

---

**SELLER'S RIGHT TO CANCEL.** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.

Buyer X _____        Co-Buyer X _____ N/A

---

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

**WARNING:**
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.

FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

H. Electronic Vehicle Registration or Transfer Charge (not a governmental fee) (paid to) _____ $ _____ (H)

I. (Optional) Service Contract(s)

1. (paid to) _____ N/A _____ $ _____ N/A (1)
2. (paid to) _____ N/A _____ $ _____ N/A (2)
3. (paid to) _____ N/A _____ $ _____ N/A (3)
4. (paid to) _____ N/A _____ $ _____ N/A (4)
5. (paid to) _____ N/A _____ $ _____ N/A (5)

J. Prior Credit or Lease Balance (e) paid by Seller to

Vehicle 1 _____ N/A _____ Vehicle 2 _____ N/A _____ $ _____ N/A (J)
(see downpayment and trade-in calculation)

K. (Optional) Debt Cancellation Agreement _____ $ _____ N/A (K)

L. (Optional) Used Vehicle Contract Cancellation Option Agreement _____ $ _____ N/A (L)

M. Other (paid to) _____ N/A _____ 
For _____ N/A _____ $ _____ N/A (M)

N. Other (paid to) _____ N/A _____ 
For _____ N/A _____ $ _____ N/A (N)

**Total Cash Price (A through N)** $ 22,746.00 (1)

2. **Amounts Paid to Public Officials**

A. Vehicle License Fees _____ ESTIMATED _____ $ 136.00 (A)
B. Registration/Transfer/Titling Fees _____ ESTIMATED _____ $ 112.00 (B)
C. California Tire Fees _____ $ 8.75 (C)
D. Other _____ $ N/A (D)

**Total Official Fees (A through D)** $ 256.75 (2)

3. **Amount Paid to Insurance Companies** _____ $ N/A (3)
(Total premiums from Statement of Insurance)

4. ☐ State Emissions Certification Fee or ☐ State Emissions Exemption Fee _____ $ N/A (4)

5. **Subtotal (1 through 4)** $ 23,003.63 (5)

6. **Total Downpayment**

A. Total Agreed Value of Property Being Traded-In (see Trade-In Vehicle(s)): _____ $ N/A (A)
Vehicle 1 $ _____ N/A _____ Vehicle 2 $ _____ N/A

B. Total Less Prior Credit or Lease Balance (e) _____ $ N/A (B)
Vehicle 1 $ _____ N/A _____ Vehicle 2 $ _____ N/A

C. Total Net Trade-In (A–B) (indicate if negative number) _____ $ N/A (C)
Vehicle 1 $ _____ N/A _____ Vehicle 2 $ _____ N/A

D. Deferred Downpayment Payable to Seller _____ $ 5,000.00 (D)
E. Manufacturer's Rebate _____ $ 4,000.00 (E)
F. Other _____ $ N/A (F)
G. Cash, Cash Equivalent, Check, Credit Card, or Debit Card _____ $ 9,000.00 (G)

**Total Downpayment (C through G)** $ 9,000.00

(If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1J above)

7. **Amount Financed (5 less 6)** $ 14,003.63 (7)

---

1. **Vehicle 1**

Year N/A Make N/A
Model N/A Odometer N/A
VIN N/A
a. Agreed Value of Property $ N/A
b. Buyer/Co-Buyer Retained Trade Equity $ N/A
c. Agreed Value of Property
   Being Traded-In (a-b) $ N/A
d. Prior Credit or Lease Balance $ N/A
e. Net Trade-In (c-d) (must be ≥ 0
   for buyer/co-buyer to retain equity) $ N/A

2. **Vehicle 2**

Year N/A Make N/A
Model N/A Odometer N/A
VIN N/A
a. Agreed Value of Property $ N/A
b. Buyer/Co-Buyer Retained Trade Equity $ N/A
c. Agreed Value of Property
   Being Traded-In (a-b) $ N/A
d. Prior Credit or Lease Balance $ N/A
e. Net Trade-In (c-d) (must be ≥ 0
   for buyer/co-buyer to retain equity) $ N/A

**Total Agreed Value of Property
Being Traded-In (1c+2c)** $ N/A

**Total Prior Credit or Lease
Balance (1d+2d)** $ N/A

**Total Net Trade-In (1e+2e)** $ N/A

(*See item 6A–6C in the Itemization of Amount Financed.)

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before N/A , Year _____ .

SELLER'S INITIALS _____

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _____
Co-Buyer Signs X _____ N/A _____

---

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle(s) to arrive at the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s). You understand that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s) to the lienholder or lessor of the trade-in vehicle(s), or its designee. If the actual payoff amount is more than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in Trade-In Vehicle(s) or any refund.

Buyer Signature X _____ Co-Buyer Signature X _____ N/A _____

**AUTO BROKER FEE DISCLOSURE**

If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked.

☐ Name of autobroker receiving fee, if applicable: N/A

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X _____ Co-Buyer Signs X _____ N/A _____

**SELLER'S RIGHT TO CANCEL.** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.

Buyer X _____ Co-Buyer X _____ N/A _____

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

WARNING:
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.

FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

Trade-In Payoff Agreement: Seller has relied on information from you and/or the lienholder or lessor of the trade-in vehicle(s) to arrive at the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s). You understand that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s) to the lienholder or lessor of the trade-in vehicle(s), or its designee. If the actual payoff amount is more than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in Trade-In Vehicle(s) or any refund.

Buyer Signature X _____    Co-Buyer Signature X _____ N/A

## AUTO BROKER FEE DISCLOSURE

If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

☐ Name of autobroker receiving fee, if applicable: N/A

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X _____    Co-Buyer Signs X _____ N/A

SELLER'S RIGHT TO CANCEL. If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.

Buyer X _____    Co-Buyer X _____ N/A

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

WARNING:
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

S/S X _____    X _____ N/A

NO ADDITIONAL TERMS TO BE ENTERED IN THIS BOX

Notice to buyer: (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.
After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X _____    Co-Buyer Signature X _____ N/A

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT, INCLUDING THE ARBITRATION PROVISION ON THE REVERSE SIDE, BEFORE SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.

Buyer Signature X _____    Date _____    Co-Buyer Signature X _____ N/A    Date N/A

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other Owner Signature X _____    Address N/A

GUARANTY: To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing. Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default; and notices of the amount owing at any time, and of any demands upon the Buyer.

Guarantor X _____    Date N/A    Guarantor X _____    Date N/A
Address N/A                                      Address N/A

Seller Signs _____    Date _____    By X _____    Title FINANCE

LAW FORM NO. 553-CA-ARB (REV. 7/16)
©2016 The Reynolds and Reynolds Company   TO ORDER: www.reysource.com; 1-800-344-0996; fax 1-800-531-9055
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR USE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.   CUSTOMER/TRUTH IN LENDING COPY

# EXHIBIT F

1   SPENCER P. HUGRET (SBN: 240424)
    shugret@grsm.com
2   AMY MACLEAR (SBN: 215638)
    amaclear@grsm.com
3   KATHERINE VILCHEZ (SBN: 212179)
    kvilchez@grsm.com
4   TRINA CLAYTON (SBN: 204215)
    tclayton@grsm.com
5   GORDON REES SCULLY MANSUKHANI, LLP
    275 Battery Street, Suite 2000
6   San Francisco, CA 94111
    Telephone: (415) 875-3193
7   Facsimile: (415) 986-8054

8   Attorneys for Defendants
    FCA US LLC and GLENN E.
9   THOMAS COMPANY, INC.
    D/B/A GLENN E. THOMAS
10  DODGE CHRYSLER JEEP

11                    **UNITED STATES DISTRICT COURT**

12                   **CENTRAL DISTRICT OF CALIFORNIA**

13  GUILLERMO SALAZAR and          )   **Case No.:** 2:20-cv-08114-DSF-PVC
    ISABELLE SALAZAR               )
14                                 )   **DEFENDANT FCA US LLC'S**
                                   )   **OFFER OF JUDGMENT**
15                  Plaintiffs,    )   **PURSUANT TO FED. R. CIV. P.**
                                   )   **68**
16          vs.                    )
                                   )
17  GLENN E. THOMAS COMPANY        )
    INC., a California Corporation d/b/a )   *Assigned for All Purposes to the*
18  GLENN E. THOMAS DODGE          )   *Honorable Judge Dale S. Fischer*
    CHRYSLER JEEP; FCA US LLC, a   )
19  Delaware Limited Liability Company; )   Complaint Filed:   June 25, 2020
    and DOES 1 through 10, inclusive )   Trial Date:        None set
20                                 )
                    Defendants.    )
21  _____

22  **TO PLAINTIFFS AND PLAINTIFFS' ATTORNEYS OF RECORD:**

23          PLEASE TAKE NOTICE that pursuant to the provisions of Rule 68 of the

24  Federal Rules of Civil Procedure, Defendant FCA US LLC ("FCA"), on behalf of

25  itself, hereby offers to allow judgment to be taken against FCA as follows:

26          1.      Plaintiffs GUILLERMO SALAZAR and ISABELLE SALAZAR

27  (collectively, "Plaintiffs"), will deliver the 2017 Jeep Renegade, VIN

28  ZACCJAAB6HPE69406 ("Subject Vehicle") to FCA on a date, time and place

*Gordon Rees Scully Mansukhani, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

-1-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

mutually agreeable no later than 90 days after the entry of acceptance.  Plaintiffs will file a dismissal with prejudice as to FCA upon satisfaction of funding and completion of surrender.

2.    FCA will pay Plaintiffs **$62,857.74** for the Subject Vehicle, inclusive of civil penalties and any incidental/consequential damages, as follows: (1) FCA will pay **$20,952.58**, which constitutes the assessed value of the vehicle, plus any incidental and consequential damages, within seven (7) days after Plaintiffs delivers the Subject Vehicle to FCA and FCA receives documents necessary to complete the surrender; and, (2) FCA will pay **$41,905.16**, which constitutes the civil penalties, no later than 90 days after the entry of acceptance of this Offer.

3.    In addition, FCA will pay **$8,000.00** in attorney's fees and costs, no later than 90 days after the entry of acceptance of this Offer, or, if the parties cannot agree on a total amount to be paid, Plaintiffs may seek an award of attorneys' fees and costs recoverable pursuant to California Civil Code Section 1794(d).

4.    FCA will waive all claims it may have for costs and fees in this action.

5.    Failure to accept this Offer of Judgment will result in FCA claiming all benefits accruing to it under Rule 68 of the Federal Rules of Civil Procedure should Plaintiff not achieve a more favorable result at the trial of this action.

6.    This Offer of Judgment is made for the purposes specified in Fed. R. Civ. P. 68, and will be deemed withdrawn unless written notice of acceptance of this offer is made in the applicable time period set forth by law (within fourteen (14) days of the date that it was served).  Plaintiff's acceptance of FCA's Offer of

//

//

//

//

//

1   Judgment must be made in writing, and may be indicated by the signature of

2   Plaintiff's counsel below.

3

4   Dated: September 11, 2020          GORDON REES SCULLY MANSUKHANI, LLP

5                                      By: _____

6                                           Spencer P. Hugret
                                            Amy Maclear
7                                           Katherine Vilchez
                                            Trina Clayton
8                                           Attorneys for Defendants
                                            FCA US LLC and GLENN
9                                           E. THOMAS COMPANY
                                            INC.

10

11  I hereby accept the above offer on the terms stated on behalf of Plaintiff.

12  DATED: _____, 2020          KNIGHT LAW GROUP, LLP

13

14                                      BY:_____

15                                          Attorneys for Plaintiffs
                                            Guillermo Salazar and
16                                          Isabelle Salazar

17

18

19

20

21

22

23

24

25

26

27

28

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

## PROOF OF SERVICE

*Guillermo Salazar v. FCA US LLC, et al.*

Central District Court Case No. 2:20-cv-08114-DSF-PVC

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon Rees Scully Mansukhani, LLP, 275 Battery Street, Suite 2000, San Francisco, CA 94111.  On the date below, I served the within documents:

**DEFENDANTS FCA US LLC'S OFFER OF JUDGMENT PURSUANT TO FED. R. CIV. P. 68**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by transmitting VIA ELECTRONIC MAIL the document(s) listed above to the email address(es) set forth below on this date before 5:00 p.m. (*Per agreement of the parties*.)

☐ by having Nationwide PERSONALLY DELIVER the document(s) listed above to the person(s) at the address(es) set forth below.

Steve Mikhov
Amy Morse
KNIGHT LAW GROUP, LLP
10250 Constellation Blvd., Suite 2500
Los Angeles, CA 90067
Tel.: (310) 552-2250
Fax: (310) 552-7973
Email: stevem@knightlaw.com
Email: amym@knightlaw.com
Email: rogerk@knightlawgroup.com
Email: emailservice@knightlaw.com
***Attorney for Plaintiffs***

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 11, 2020 at San Francisco, California.

_____
Jesica Cortez

-4-

FCA US LLC'S OFFER OF JUDGMENT PURSUANT TO FED. R. CIV. P. 68

# EXHIBIT G

# KNIGHT | LAW GROUP LLP

<u>Los Angeles Office</u>
10250 Constellation Blvd., Suite 2500
Los Angeles, CA 90067
[310] 552-2250
[310] 552-7973

October 15, 2020

**VIA EMAIL**
Spencer P. Hugret, Esq.
Amy Maclear, Esq.
Katherin Vilchez, Esq.
Trina Clayton, Esq.
275 Battery Street, Suite 2000
GORDON REES SCULLY & MANSUKHANI, LLP
San Francisco, CA 94111
shugret@grsm.com
amaclear@grsm.com
kvilchez@grsm.com
tclayton@grsm.com

**RE:    GUILLERMO SALAZAR and ISABELLE SALAZAR v. GLENN E. THOMAS, et al.**
**U.S.D.C, Central District., Case No. 2:20-cv-08114-DSF-PVC**

Dear Counsel,

In full settlement of this action and all of the claims therein, Plaintiffs Guillermo Salazar and Isabelle Salazar, ("Plaintiffs") offers the following:

1.  Plaintiffs shall recover from Defendant FCA US LLC ("Defendant" or "FCA") the sum of $62,857.74 ("Settlement Funds"), inclusive of payoff (if any), incidental damages and/or consequential damages, and civil penalties pursuant to California Civil Code sections 1793.2(d)(2)(B) and 1794(c).

2.  Defendant shall pay attorney fees, costs, and expenses reasonably incurred in the commencement and prosecution of this action, including post-offer acceptance attorney fees, costs and expenses incurred in performing on the settlement and/or completing the case, pursuant to Civil Code, section 1794 subdivision (d) as agreed to by the parties, or upon properly noticed motion to the Court if the parties cannot agree. If a motion is needed, Plaintiffs shall be deemed the prevailing party in this

Mr. Hugret, Esq.
Ms. Maclear, Esq.
Ms. Vilchez, Esq.
Ms. Clayton, Esq.
Re: *Salazar v FCA*
October 15, 2020
Page 2 of 3

action under section 1794 subdivision (d). Defendant shall not oppose the motion on the basis that fees, costs, or expenses were incurred for claims other than violation of the Song-Beverly Act, nor shall Defendant object to the filing of a motion for attorney fees at the same time as the filing of a memorandum of cost in one consolidated motion rather than by filing a separate cost memorandum. Plaintiffs shall also be entitled to post-judgment interest, if any, at the rate of 10% per annum from date of acceptance of this offer until the date Settlement Funds are received by Plaintiffs' attorneys if Defendant does not perform timely as set forth below in Paragraph 3 below.

3. Plaintiffs will surrender the subject vehicle to Defendant, or to a mutually agreed-upon authorized FCA dealership, on a mutually agreeable date no later than 45 calendar days after Defendant's counsel has executed this Statutory Offer, unless circumstances caused by Plaintiffs result in delay. Defendant shall send payment of Settlement Funds via overnight mail to Plaintiffs within 24 hours of the surrender of the subject vehicle.

4. Plaintiffs will dismiss the entire action against all parties with prejudice upon receipt and clearance of all funds through the normal banking cycle, including attorney fees, costs, and expenses, and post-judgment interest, if any.

5. Except as otherwise provided herein, each party shall bear their own attorney fees and costs.

6. This Statutory Offer shall remain open for seventeen (17) days from the date of service.

This offer shall remain open until November 2, 2020. Defendant may accept the above offer by signing the following statement below that the offer is accepted with service by mail within the time specified above.

Very truly yours,

**Knight Law Group LLP**

Amy Morse

Mr. Hugret, Esq.
Ms. Maclear, Esq.
Ms. Vilchez, Esq.
Ms. Clayton, Esq.
Re: *Salazar v FCA*
October 15, 2020
Page 3 of 3


I hereby accept the above offer on the terms stated on behalf of Defendants FCA and GLENN E. THOMAS COMPANY dba GLENN E. THOMAS DODGE CHRYSLER JEEP


Dated:                                             **GORDON REES SCULLY &
                                                   MANSUKHAN, LLP**


                                                   _____
                                                   Spencer P. Hugret
                                                   Amy Maclear
                                                   Katherin Vilchez
                                                   Trina Clayton
                                                   Attorneys for Defendants
                                                   FCA and GLENN E. THOMAS
                                                   COMPANY dba
                                                   GLENN E. THOMAS DODGE
                                                   CHRYSLER JEEP

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 10250 Constellation Blvd, Suite 2500, Los Angeles, CA 90067.

I served the foregoing document described as:

**PLAINTIFFS' SETTLEMENT OFFER**

Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

Spencer P. Hugret, Esq.
Amy Maclear, Esq.
Katherin Vilchez, Esq.
Trina Clayton, Esq.
275 Battery Street, Suite 2000
GORDON REES SCULLY & MANSUKHANI, LLP
San Francisco, CA 94111
shugret@grsm.com
amaclear@grsm.com
kvilchez@grsm.com
tclayton@grsm.com
**Counsel for Defendant,**
**FCA US LLC, et al.**

XX   BY E-MAIL OR ELECTRONIC TRANSMISSION: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 15, 2020 at Los Angeles, California.

VERA CORNEJO

-1-
PROOF OF SERVICE

# EXHIBIT H

# KNIGHT | LAW GROUP LLP

<u>Los Angeles Office</u>
10250 Constellation Blvd., Suite 2500
Los Angeles, CA 90067
[310] 552-2250
[310] 552-7973

May 18, 2021

**<u>VIA EMAIL</u>**
Spencer P. Hugret, Esq.
Amy Maclear, Esq.
Katherin Vilchez, Esq.
Trina Clayton, Esq.
275 Battery Street, Suite 2000
GORDON REES SCULLY & MANSUKHANI, LLP
San Francisco, CA 94111
shugret@grsm.com
amaclear@grsm.com
kvilchez@grsm.com
tclayton@grsm.com

**RE:   GUILLERMO SALAZAR and ISABELLE SALAZAR v. GLENN E.
THOMAS, et al.
U.S.D.C, Central District., Case No. 2:20-cv-08114-DSF-PVC**

Dear Counsel,

In full settlement of this action and all of the claims therein, Plaintiffs Guillermo Salazar and Isabelle Salazar, ("Plaintiffs") offers the following:

1. Plaintiffs shall recover from Defendant FCA US LLC ("Defendant" or "FCA") the sum of $62,857.74 ("Settlement Funds"), inclusive of payoff (if any), incidental damages and/or consequential damages, and civil penalties pursuant to California Civil Code sections 1793.2(d)(2)(B) and 1794(c).

2. Defendant shall pay attorney fees, costs, and expenses reasonably incurred in the commencement and prosecution of this action, including post-offer acceptance attorney fees, costs and expenses incurred in performing on the settlement and/or completing the case, pursuant to Civil Code, section 1794 subdivision (d) as agreed to by the parties, or upon properly noticed motion to the Court if the parties cannot agree. If a motion is needed, Plaintiffs shall be deemed the prevailing party in this

Mr. Hugret, Esq.
Ms. Maclear, Esq.
Ms. Vilchez, Esq.
Ms. Clayton, Esq.
Re: *Salazar v FCA*
May 18, 2021
Page 2 of 3

action under section 1794 subdivision (d). Defendant shall not oppose the motion on the basis that fees, costs, or expenses were incurred for claims other than violation of the Song-Beverly Act, nor shall Defendant object to the filing of a motion for attorney fees at the same time as the filing of a memorandum of cost in one consolidated motion rather than by filing a separate cost memorandum. Plaintiffs shall also be entitled to post-judgment interest, if any, at the rate of 10% per annum from date of acceptance of this offer until the date Settlement Funds are received by Plaintiffs' attorneys if Defendant does not perform timely as set forth below in Paragraph 3 below.

3. Plaintiffs will surrender the subject vehicle to Defendant, or to a mutually agreed-upon authorized FCA dealership, on a mutually agreeable date no later than 45 calendar days after Defendant's counsel has executed this Statutory Offer, unless circumstances caused by Plaintiffs result in delay. Defendant shall send payment of Settlement Funds via overnight mail to Plaintiffs within 24 hours of the surrender of the subject vehicle.

4. Plaintiffs will dismiss the entire action against all parties with prejudice upon receipt and clearance of all funds through the normal banking cycle, including attorney fees, costs, and expenses, and post-judgment interest, if any.

5. Except as otherwise provided herein, each party shall bear their own attorney fees and costs.

6. This Statutory Offer shall remain open for seventeen (17) days from the date of service.

    This offer shall remain open until June 4, 2021. Defendant may accept the above offer by signing the following statement below that the offer is accepted with service by mail within the time specified above.

Very truly yours,

**Knight Law Group LLP**

Amy Morse

Mr. Hugret, Esq.
Ms. Maclear, Esq.
Ms. Vilchez, Esq.
Ms. Clayton, Esq.
Re: *Salazar v FCA*
May 18, 2021
Page 3 of 3


      I hereby accept the above offer on the terms stated on behalf of Defendants FCA and
GLENN E. THOMAS COMPANY dba GLENN E. THOMAS DODGE CHRYSLER JEEP


Dated: May 18, 2021

                                    **GORDON REES SCULLY &
MANSUKHAN, LLP**

                                      Spencer P. Hugret
                                      Amy Maclear
                                      Katherin Vilchez
                                      Trina Clayton
                                      Attorneys for Defendants
                                      FCA and GLENN E. THOMAS
                                      COMPANY dba
                                      GLENN E. THOMAS DODGE
                                      CHRYSLER JEEP

# EXHIBIT I

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 52

19STCV21898                                                                              June 28, 2021
HECTOR LARA MEJIA vs FORD MOTOR COMPANY, A                                    9:00 AM
DELAWARE CORPORATION, et al.

Judge: Honorable Armen Tamzarian          CSR: Kevin Roldan #13463 Pro Tempore
Judicial Assistant: M. De Luna             ERM: None
Courtroom Assistant: T. Isunza             Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Bryan Altman by Jacob Cutler (Telephonic)

For Defendant(s): Desiree Marie Cox (Telephonic)

**NATURE OF PROCEEDINGS:** Hearing on Motion for Attorney Fees

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956,
Kevin Roldan #13463, certified shorthand reporter is appointed as an official Court reporter pro
tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter
Agreement. The Order is signed and filed this date.

Matter is called for hearing.

The court's tentative ruling is published to all parties via posting on the court's website.

Plaintiff Hector Lara Mejia's Motion for Attorney Fees, Costs, and Expenses

The court having read the papers and heard the arguments rules as follows:

Evidentiary Objections

Plaintiff makes 10 objections to the Declaration of Michael D. Mortensen. For objection number
1, Mortensen has foundation because he is counsel for Ford Motor Company and Puente Hills
Ford in this case. (Mortensen Decl., ¶ 1.)

Objections 2 through 10 concern statements about fee motions by plaintiff's counsel in other
cases. Courts may consider rates awarded in other matters to determine the reasonableness of
counsel's hourly rates. (Davis v City of San Diego (2003) 106 Cal.App.4th 893, 904; Margolin v
Regional Planning Comm'n (1982) 134 Cal.App.3d 999, 1005.)

All 10 objections are OVERRULED.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 52

| | |
|---|---|
| **19STCV21898** | June 28, 2021 |
| **HECTOR LARA MEJIA vs FORD MOTOR COMPANY, A** | 9:00 AM |
| **DELAWARE CORPORATION, et al.** | |

| | |
|---|---|
| Judge: Honorable Armen Tamzarian | CSR: Kevin Roldan #13463 Pro Tempore |
| Judicial Assistant: M. De Luna | ERM: None |
| Courtroom Assistant: T. Isunza | Deputy Sheriff: None |

Rates

For hourly rates, "the trial court is in the best position to value the services rendered by the attorneys." (569 East County Boulevard LLC v. Backcountry Against the Dump, Inc. (2016) 6 Cal.App.5th 426, 436.) Courts may rely on their "own knowledge and familiarity with the legal market, as well as the experience, skill, and reputation of the attorney requesting fees, the difficulty or complexity of the litigation to which that skill was applied, and affidavits from other attorneys regarding prevailing fees in the community and rate determinations in other cases." (Id. at p. 437, citations omitted.)

Based on its knowledge of the legal market and the difficulty of the litigation, the court reduces the rates for one of the attorneys who worked on the case. Attorney Bryan Charles Altman seeks an hourly rate of $950. (Altman Decl., ¶¶ 6-7.) He spent: 0.8 hours reviewing the "case file, documents, repair orders, [and] repair order summary" on December 8, 2020; 0.7 hours reviewing and revising the motions in limine on December 11, 2020; and 0.6 hours reviewing "documents, discovery, FMC's Expert Designation and discuss[ing] Expert De-Designation and Expert Withdrawal with D. Alemi" on January 7, 2021. (Altman Decl., Ex. C.)

Those tasks were not difficult or complex enough to justify an attorney's rate of $950 for doing them. They were routine tasks. The court finds that a rate of $800 is the reasonable market rate. For 2.1 hours, that amounts to a reduction of $315 (from $1,995 to $1,680).

Hours

Plaintiff was represented by 10 attorneys working in two different law firms. This is not a model of efficiency for a relatively routine case. Nonetheless, after reviewing the timesheets, the court finds the hours spent by plaintiff's counsel were reasonable and supported by sufficient evidence. "[V]erified time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous." (Horsford v. Board of Trustees of California State University (2005) 132 Cal.App.4th 359, 396 (Horsford).) The moving party may recover fees spent litigating a fee motion itself. (Ketchum v. Moses (2001) 24 Cal.4th 1122, 1141 (Ketchum).)

Although plaintiff seeks fees for an unsuccessful discovery motions, "[c]ompensation is ordinarily warranted even for those unsuccessful attacks, to the extent that those attacks led to a successful claim." (Akins v. Enterprise Rent-A-Car Co. of San Francisco (2000) 79 Cal.App.4th 1127, 1133.)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 52

**19STCV21898**                                                               June 28, 2021
**HECTOR LARA MEJIA vs FORD MOTOR COMPANY, A**                   9:00 AM
**DELAWARE CORPORATION, et al.**

| | |
|---|---|
| Judge: Honorable Armen Tamzarian | CSR: Kevin Roldan #13463 Pro Tempore |
| Judicial Assistant: M. De Luna | ERM: None |
| Courtroom Assistant: T. Isunza | Deputy Sheriff: None |

Multiplier

The court declines to apply a multiplier to the lodestar. Fee multipliers are available for Song-Beverly Act cases. (Robertson v. Fleetwood Travel Trailers of California, Inc. (2006) 144 Cal.App.4th 785, 822.) Multipliers may be awarded based on numerous factors including "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." (Ketchum, supra, 24 Cal.4th at p. 1132.)

This case did not involve novel or difficult questions. Plaintiff's counsel achieved a good result but did not demonstrate exceptional skill in litigating the case. The lodestar attorney fees adequately address the contingent nature of counsel's representation. (See Horsford, supra, 132 Cal.App.4th at p. 395.)

Expenses

Civil Code § 1794(d) provides that a prevailing buyer can recover "costs and expenses… determined by the court to have been reasonably incurred." "Expenses" are broader than "costs" under the Code of Civil Procedure. (Jensen v. BMW of North America, Inc. (1995) 35 Cal.App.4th 112, 138.) "If the items on a verified cost bill appear proper charges, they are prima facie evidence that the costs, expenses and services therein listed were necessarily incurred." (Seever v. Copley Press, Inc. (2006) 141 Cal.App.4th 1550, 1557.)

Plaintiff submitted a verified memorandum of costs on form MC-010. Upon defendants challenging the expenses, plaintiff submitted the Supplemental Declaration of Steve Mikhov, which includes summaries and invoices for those expenses. (¶¶ 3-4, Ex. A.) The court finds no basis to reduce plaintiff's claimed expenses of $4,457.75.

Disposition

The motion is GRANTED IN PART. The court awards $25,229.50 (the lodestar minus $310 for Altman's reduced rate) in attorney fees and $4,457.75 in costs and expenses for a total of $29,687.25.

Defendants are ordered to pay plaintiff and his lawyers $29,687.25 within 30 days.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 52

**19STCV21898**                                                              June 28, 2021
**HECTOR LARA MEJIA vs FORD MOTOR COMPANY, A**                                    9:00 AM
**DELAWARE CORPORATION, et al.**

Judge: Honorable Armen Tamzarian          CSR: Kevin Roldan #13463 Pro Tempore
Judicial Assistant: M. De Luna            ERM: None
Courtroom Assistant: T. Isunza            Deputy Sheriff: None

After argument of counsel, the court rules in accordance with its tentative ruling which is
adopted as the final ruling of the court.

Order to Show Cause Re: entry of Judgment/Dismissal is scheduled for 11/02/21 at 08:30 AM in
Department 52 at Stanley Mosk Courthouse.

On the Court's own motion, the Jury Trial (8 days - Lemon Law) scheduled for 12/01/2021 is
advanced to this date and vacated .

Plaintiff is to give notice.

The Motion for Attorney Fees filed by HECTOR LARA MEJIA on 05/28/2021 is Granted in
Part.

---

Minute Order                                                              Page 4 of 4

# EXHIBIT J

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN HERRERA and ELIZABETH HERRERA,<br><br>                                        Plaintiffs,<br><br>v.<br><br>FCA US LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>                                        Defendant. | Case No.:  3:17-cv-00579-AJB-BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES**<br><br>**(Doc. No. 90)** |

Before the Court is Plaintiffs' motion for attorneys' fees, costs, and expenses. (Doc. No. 90.) Defendant FCA US LLC ("FCA") opposed the motion. (Doc. No. 96.) For the reasons stated herein, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion, with a reduction of fees as set forth in detail below.

I. **BACKGROUND**

This case arises out of the purchase of a new 2011 Jeep Grand Cherokee ("the Vehicle") for a sales price of $45,706.32. The Vehicle was manufactured and distributed by Defendant FCA US LLC, which provided a written warranty with the Vehicle. Within the applicable warranty period, the Vehicle exhibited repeated engine and electrical issues. Despite numerous attempts by FCA to fix Plaintiffs' Vehicle, the problems persisted. Plaintiffs eventually contacted FCA customer service in November 2015, and requested

1

FCA repurchase the Vehicle. FCA rejected Plaintiffs' request. Plaintiffs filed their Complaint in San Diego Superior Court on June 17, 2016, alleging violations of the Song-Beverly Act and fraudulent concealment. The action was removed to this Court on March 23, 2017. On May 29, 2019, the parties filed a joint settlement. On November 15, 2019, Plaintiffs filed their motion for attorneys' fees, costs, and expenses, and FCA opposed the motion. (Doc. Nos. 90, 96.) This order follows.

## II.    LEGAL STANDARD

"In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007); *see also Mangold v. Cal. Public Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) (noting that in a diversity action, the Ninth Circuit "applied state law in determining not only the right to fees, but also in the method of calculating the fees").

As explained by the Supreme Court, "[u]nder the American Rule, 'the prevailing litigant ordinarily is not entitled to collect a reasonable attorneys' fee from the loser.'" *Travelers Casualty & Surety Co. of Am. v. Pacific Gas & Electric Co.*, 549 U.S. 443, 448 (2007) (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). However, a statute allocating fees to a prevailing party can overcome this general rule. *See id.* (citing *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717 (1967)). Under California's Song-Beverly Act, a prevailing buyer is entitled "to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 794(d).

The Song-Beverly Act "requires the trial court to make an initial determination of the actual time expended; and then to ascertain whether under all the circumstances of the case the amount of actual time expended, and the monetary charge being made for the time expended are reasonable." *Nightingale v. Hyundai Motor America*, 31 Cal. App. 4th 99,

104 (1994). The court may consider "factors such as the complexity of the case and procedural demands, the skill exhibited, and the results achieved." *Id.* If the court finds the time expended or fee request "is not reasonable under all the circumstances, then the court must take this into account and award attorney fees in a lesser amount." *Id.* "A prevailing buyer has the burden of showing that the fees incurred were 'allowable,' were 'reasonably necessary to the conduct of the litigation,' and were 'reasonable in amount.'" *Id.* (quoting *Levy v. Toyota Motor Sales, U.S.A., Inc.*, 4 Cal. App. 4th 807, 816 (1992)); *see also Goglin v. BMW of North America*, LLC, 4 Cal. App. 5th 462, 470 (2016) (same). If a fee request is opposed, "[g]eneral arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." *Premier Med. Mgmt. Sys. v. Cal. Ins. Guarantee Assoc.*, 163 Cal. App. 4th 550, 564 (2008). Rather, the opposing party has the burden to demonstrate the hours spent are duplicative or excessive. *Id.* at 562, 564; *see also Gorman v. Tassajara Dev. Corp.*, 178 Cal. App. 4th 44, 101 (2009) ("[t]he party opposing the fee award can be expected to identify the particular charges it considers objectionable").

## III. DISCUSSION

As prevailing buyers, Plaintiffs are entitled to an award of fees and costs under the Song-Beverly Act. *See* Cal. Civ. Code § 1794(d); *see also Goglin*, 4 Cal. App. 5th at 470. Here, Plaintiffs move the Court: (1) for an award of attorneys' fees pursuant to California Civil Code § 1794(d) under the "lodestar" method in the amount of $54,732.50, (2) for a "lodestar" modifier of 0.5 under California law, in the amount of $27,366.25, and (3) to award actual costs and expenses incurred in the amount of $14,711.06. Plaintiffs request a total of $96,809.81 in attorneys' fees, costs, and expenses. (Doc. No. 90-1 at 7.) FCA acknowledges Plaintiffs are entitled to recover attorneys' fees and costs, but argues the amount requested is unreasonable and should be reduced. (Doc. No. 96 at 6.)

### A.    Plaintiffs' Motion for Attorneys' Fees

First, Plaintiffs seek $32,410.00 for work completed by the Knight Law Group ("KLG") and $22,322.50 for work completed by KLG's co-counsel, Wirtz Law. (Doc. No. 90-1 at 13.) This totals $54,732.50 in attorneys' fees for both law firms.

3

## 1.     Hours Worked By Counsel

A fee applicant must provide time records documenting the tasks completed and the amount of time spent. *See Hensley v. Eckerhart*, 461 U.S. 424, 424 (1983); *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007). Under California law, a court "must carefully review attorney documentation of hours expended" to determine whether the time reported was reasonable. *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (quoting *Serrano v. Priest*, 20 Cal.3d 25, 48 (1977)). Thus, evidence provided by the fee applicant "should allow the court to consider whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended." *Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1320 (2008). The court must exclude "duplicative or excessive" time from its fee award. *See Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 161 (2006); *see also Ketchum*, 24 Cal. 4th at 1132 (stating "inefficient or duplicative efforts [are] not subject to compensation").

The billing records submitted by KLG indicate that its attorneys expended 91.6 billable hours on this case, while Wirtz Law billed 61.70 hours to the matter. (*See* Doc. No. 90-2 at 38; Doc. No. 90-3 at 15.) FCA objects to the reported hours, arguing there was duplication, as well as other excessive rates or time billed. (Doc. No. 96 at 7.) In particular, FCA lists numerous objections where billing entries were either excessive, duplicative, or included clerical work. The Court will address each objection below:

- FCA objects to the 2.4 hours, totaling $1,560.00, billed by partner Richard M. Wirtz of Wirtz Law to get up to speed, and "[r]eview and analyze client file." (Doc. No. 90-3 at 8.) The Court finds that this entry is mostly reasonable to ensure that counsel is updated in the matter, but will in its discretion, reduce the fees by $300.00 to ensure a reasonable time was spent on this activity.

- FCA also disputes three entries totaling $1,265.00 billed by KLG for what Plaintiffs' counsel offers to the public as a "free evaluation." (Doc. No. 96 at 8.) FCA maintains these entries are undated, and there is no evidence that a fee agreement was even in place when these tasks occurred. (*Id.*) The Court

4

1  agrees with FCA and in its discretion, will exclude $700.00 from KLG's
2  recoverable fees.

- FCA next takes issue with the $180.00 billed by KLG for work related to
  Defendant La Mesa Chrysler Jeep. (Doc. No. 96 at 8.) FCA argues there is no
  reasonable basis for FCA to reimburse Plaintiffs' counsel for work related to
  a different defendant who was eventually dismissed. The Court agrees with
  FCA's position and will accordingly reduce KLG's fees by $180.00.

- FCA seeks for the Court to exclude $937.50 from KLG's fees. (Doc. No. 96
  at 8–9.) FCA explains attorney Constance Morrison of KLG billed $4,425.00
  for 11.8 hours to attend Plaintiffs' depositions, including travel. (*Id.*) Because
  KLG block-billed, it is unclear how much of the time was spent on travel
  versus conducting the deposition. The deposition transcripts, however,
  indicate that the total combined deposition time for both Plaintiffs was four
  hours and eleven minutes. (*Id.*) Thus, FCA speculates that five hours was
  spent traveling to and from the deposition. FCA argues that courts routinely
  reduce the amount recoverable for travel by half, and thus, the Court should
  reduce the fees by $937.50. This amount represents 2.5 hours of travel time at
  $375/hr. The Court mostly agrees with FCA, but in its discretion, will reduce
  KLG's fees by $700.00 to ensure a reasonable rate for travel time. *See In re*
  *Washington Public Power Supply Sys. Dec. Lit.*, 19 F.3d 1291, 1298–99 (9th
  Cir. 1994).

- Similarly, attorney Raymond Arashenko of KLG billed $3,690.00 for 12.3
  hours to attend the vehicle inspection, including travel. (Doc. No. 96 at 9.)
  Because KLG block-billed this time, it is unclear much how of the time was
  spent on travel versus on the inspection. FCA estimates that eight hours was
  spent traveling and requests a $1,200.00 reduction. In its discretion, the Court
  will instead reduce KLG's fees by $900.00 to ensure a reasonable rate for

5

travel time.

- Attorney Russell Higgins of KLG billed $2,925.00 for 6.5 hours to attend the deposition of Jeff Richards. (Doc. No. 96 at 9.) Because KLG block-billed this time, it is unclear much how of the time was spent on travel. FCA requests a $450.00 reduction. The Court will instead reduce KLG's fees by $300.00 to ensure a reasonable rate for travel time.

- Attorney Raymond Arashenko of KLG billed $2,460.00 for 8.2 hours to attend the deposition of Gregory Barnett. (Doc. No. 96 at 9.) Because KLG block-billed this time, it is unclear much how of the time was spent on travel. FCA requests a $450.00 reduction. The Court will reduce KLG's fees by $300.00 to ensure a reasonable rate for travel time.

- Attorney Mitchell Rosensweig of KLG billed $3,120.00 for 9.6 hours to attend the Mandatory Settlement Conference. (Doc. No. 96 at 10.) Because KLG block-billed this time, it is unclear much how of the time was spent on travel. FCA requests a $975.00 reduction. The Court will reduce KLG's fees by $700.00 to ensure a reasonable rate for travel time.

- Next, FCA disputes the $275.00 billed by partner Steve Mikhov of KLG for "reviewing and auditing and billing," and the $297.50 billed by paralegal Rebecca Evans of Wirtz Law for bates-stamping. (Doc. No. 96 at 10.) The Court agrees that Plaintiffs' counsel may not be compensated for purely clerical and administrative tasks. *See Castillo-Antionio v. Iqbal*, 2017 WL 1113300, at *7 (N.D. Cal. Mar. 24, 2017). Thus, these amounts will be excluded from KLG and Wirtz Law's fees.

- FCA also seeks for the Court to exclude the $225.00 billed by partner Amy Rotman of Wirtz Law for attending a pretrial conference for which Richard Wirtz was already in attendance. (Doc. No. 96 at 10.) The Court finds that this rather small amount is not entirely unreasonable, and two attorneys in

6

attendance is not necessarily excessive to keep track of the numerous cases being handled by Plaintiffs' counsel in the litigation against FCA. Therefore, this amount may be recovered.

- FCA protests the $1,295.00 billed by attorney Lauren Veggian of Wirtz Law for 3.7 hours spent attending Dr. Barbara Luna's deposition. (Doc. No. 96 at 10.) FCA argues Dr. Luna's sole purpose was to testify about the alleged fraudulent concealment claim, but Plaintiffs did not recover on this claim in the settlement. Notwithstanding FCA's arguments, the Court deems this amount reasonably incurred in the litigation of this case from its inception to settlement. FCA additionally seeks a 20% reduction for all time spent on the fraud claim. (*Id.* at 11.) But FCA cites no authority allowing the Court to reduce counsel's fees simply because a certain claim was not factored into a settlement. As such, the Court declines to reduce counsel's fees.

- Lastly, FCA takes issue with the $2,835.00 billed by Wirtz Law for preparing this instant motion for attorneys' fees, the $2,250.00 billed by Wirtz Law for the "anticipated" time spent drafting the reply, and the $1,350.00 billed by Wirtz Law in "anticipated" time attending the hearing. (Doc. No. 90-3 at 15.) Because Wirtz Law does not dispute that the instant motion is largely a template-driven activity, the Court will reduce Wirtz Law's fees by $700.00 for the work completed on the motion for attorneys' fees. As to the reply brief, because Wirtz Law has not supplemented its bills with actual time spent on the reply, the Court will reduce the amount recoverable for the reply brief by $1,000.00. Finally, Wirtz Law may not be compensated $1,350.00 for the "anticipated" time for traveling to and appearing for the hearing on instant fee motion. The hearing on this motion for attorneys' fees was vacated by the Court in its determination that the matter was suitable for determination on the papers. (Doc. No. 99.)

7

In summation, KLG's total recoverable fee amount is reduced by $4,055.00. This brings KLG's recoverable fees down to a total of $28,355.00. Wirtz Law's fees are reduced by $3,647.50. This places Wirtz Law's fees to a total of $18,675.00.

### 2. Hourly Rates

FCA next argues Plaintiffs fail to offer any admissible evidence to support the hourly rates of their counsel for lemon law work. (Doc. No. 96 at 11.) However, the Court is satisfied with the bases for Plaintiffs' counsels' hourly rates. Particularly, Plaintiffs provide ample evidence, including surveys of the hourly rates of similar attorneys with similar experience and qualifications. (Doc. No. 90-3 at 17.) Thus, the Court finds the rates cited for all attorneys supported by evidence and are reasonable.

### 3. Lodestar Calculation

The lodestar method calculates attorneys' fees by "by multiplying the number of hours reasonably expended by counsel on the particular matter times a reasonable hourly rate." *State of Fla. v. Dunne*, 915 F.2d 542, 545 n.3 (9th Cir. 1990) (citing *Hensley*, 461 U.S. at 433); *see also Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 489 (2016).

| LAW FIRM | LEGAL PROFRESSIONAL | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| **Knight Law Group** | Alastair Hamblin | 3.0 | $325 | $975.00 |
| | Amy Morse | 9.8 | $350 | $3,430.00 |
| | Constance Morrison | 11.8 | $375 | $4,425.00 |
| | Kristina Stephenson-Cheang | 9.3 | $375 | $3,487.50 |
| | Mitchell Rosensweig | 11.5 | $325 | $3,737.50 |
| | Michelle Lumasag | 6.7 | $200 | $1,340.00 |
| | Marisa Melero | 1.8 | $225 | $405.00 |
| | Raymond Areshenko | 20.5 | $300 | $6,150.00 |
| | Russell Higgins | 10.0 | $450 | $4,500.00 |
| | Steve Mikhov | 7.2 | $550 | $3,960.00 |
| **Knight Law Group Total** | | | | $32,410.00 |
| | | | | |
| **Wirtz Law** | Richard M. Wirtz | 3.0 | $650 | $1,950.00 |
| | Lauren B. Veggian | 3.7 | $350 | $1,295.00 |

8

| | Andrea Munoz | 4.5 | $200 | $900.00 |
|---|---|---|---|---|
| | Rebecca Evans | 15.6 | $200 | $3,120.00 |
| | Amy R. Rotman | 18.5 | $450 | $8,325.00 |
| | Erin K. Barns | 14.3 | $450 | $6,435.00 |
| **Wirtz Law Total** | | | | $22,322.50 |
| **TOTAL** | | | | **$54,732.50** |

Here, with no adjustments to the reasonable hourly rates and time, the total amount of fees for both KLG and Wirtz Law is $54,732.50. Taking into account the previously noted reductions, the total lodestar amount is $28,355.00 for KLG's fees and $18,675.00 for Wirtz Law's fees. Therefore, Plaintiffs' counsels' total lodestar amounts is **$47,030.00.**

### 4. Application of a Multiplier

Once a court has calculated the lodestar, "it may increase or decrease that amount by applying a positive or negative 'multiplier' to take into account a variety of other factors, including the quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented." *Laffitte,* 1 Cal. 5th at 504 (citation omitted); *see also Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (indicating the court may adjust the fee award considering "the following factors: (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award.").

Here, Plaintiffs seek a 0.5 multiplier based on the risk of taking this case on a contingent fee basis, the substantial costs advanced, the result achieved, and the delay in payment. (Doc. No. 90-1 at 20.) Significantly, however, this case did not present particularly novel or difficult questions of law or fact. Indeed, the issues related to the alleged defect in FCA's vehicles were addressed in *Velasco, et al. v. Chrysler Group LLC*, Case No. 2:13–cv–08080–DDP–VBK and *Hall v. FCA US LLC*, Case No. 1:16-cv-0684-JLT. Thus, the issues presented in this action were not uniquely complex. *See Steel v. GMC,* 912 F. Supp. 724, 746 (N.J. Dist. 1995) ("the issues in lemon law litigation are not

9

complex and do not require a significant amount of legal analysis or novel pleading"). Additionally, it is highly unlikely that the litigation of this specific case precluded counsel, as lemon law attorneys, from taking on other matters. Finally, the Court finds the contingent nature of the fee award is outweighed by the other factors, especially in this action where the disputed facts and issues to be resolved were minimal. Indeed, there was nothing unusual about this case that would put counsel at great risk for accepting the matter on a contingent basis. Accordingly, the Court declines to award a multiplier and finds the lodestar amount of $47,030.00 as reasonable.

### B. Plaintiffs' Request for Costs

Plaintiffs request costs in the amount of $14,711.06 in this instant motion for attorneys' fees. (Doc. No. 90-1 at 22.) FCA states it will contest Plaintiffs' purported costs and expenses of $14,711.06 after Plaintiffs properly refile their Bill of Costs in compliance with the Local Rules. (Doc. No. 96 at 6.) The Clerk of Court had directed that Plaintiffs' "Bill of Costs must be filed within fourteen days after entry of judgment." (Doc. No. 92.) As such, the Court will defer ruling on Plaintiffs' cost at this time. Plaintiffs are to refile their Bill of Costs after entry of judgment.

## IV. CONCLUSION

Based upon the foregoing, the Court **ORDERS** as follows:

1. Plaintiffs' motion for fees is **GRANTED** in the modified amount of **$47,030.00**; and

2. Plaintiffs must **REFILE** their Bill of Costs in accordance with Local Rule 54.1.

**IT IS SO ORDERED.**

Dated: November 23, 2020

Hon. Anthony J. Battaglia
United States District Judge

10

# EXHIBIT K

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MICKEY A. DAVENPORT, | Case No.:  3:17-cv-00580-AJB-BGS |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES** |
| FCA US LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive, | |
| Defendant. | **(Doc. No. 82.)** |

Before the Court is Plaintiff Mickey A. Davenport's ("Plaintiff") motion for attorneys' fees, costs, and expenses. (Doc. No. 82.) Defendant FCA US LLC ("FCA") opposed the motion. (Doc. No. 88.) For the reasons stated herein, the Court **GRANTS IN PART AND DENIES IN PART** the motion, with a reduction of fees as set forth below.

## I.    BACKGROUND

This case arises out of the purchase of a new 2014 Jeep Cherokee ("the Vehicle") for a sales price of $37,218.57. The Vehicle was manufactured and distributed by Defendant FCA US LLC, which provided a written warranty with the Vehicle. Within the applicable warranty period, the Vehicle exhibited ongoing transmission and engine problems. Despite numerous attempts by FCA to fix Plaintiff's Vehicle, the problems persisted. Plaintiff eventually contacted FCA customer service in November 17, 2015, and requested they repurchase the defective Vehicle. FCA rejected Plaintiff's request. Plaintiff

1

filed the Complaint in San Diego Superior Court on September 9, 2016, alleging violations of the Song-Beverly Act and fraudulent concealment. The action was removed to this Court on March 23, 2017. On July 16, 2019, the parties filed a joint settlement. Plaintiff filed his motion for attorneys' fees, costs, and expenses, and FCA opposed the motion. (Doc. Nos. 82, 88.) This order follows.

## II. LEGAL STANDARD

"In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007); *see also Mangold v. Cal. Public Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) (noting that in a diversity action, the Ninth Circuit "applied state law in determining not only the right to fees, but also in the method of calculating the fees").

As explained by the Supreme Court, "[u]nder the American Rule, 'the prevailing litigant ordinarily is not entitled to collect a reasonable attorneys' fee from the loser.'" *Travelers Casualty & Surety Co. of Am. v. Pacific Gas & Electric Co.*, 549 U.S. 443, 448 (2007) (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). However, a statute allocating fees to a prevailing party can overcome this general rule. *Id.* (citing *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717 (1967)). Under California's Song-Beverly Act, a prevailing buyer is entitled "to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 794(d).

The Song-Beverly Act "requires the trial court to make an initial determination of the actual time expended; and then to ascertain whether under all the circumstances of the case the amount of actual time expended, and the monetary charge being made for the time expended are reasonable." *Nightingale v. Hyundai Motor America*, 31 Cal. App. 4th 99, 104 (1994). The court may consider "factors such as the complexity of the case and

2

procedural demands, the skill exhibited, and the results achieved." *Id.* If the court finds the time expended or fee request "is not reasonable under all the circumstances, then the court must take this into account and award attorney fees in a lesser amount." *Id.* "A prevailing buyer has the burden of showing that the fees incurred were 'allowable,' were 'reasonably necessary to the conduct of the litigation,' and were 'reasonable in amount.'" *Id.* (quoting *Levy v. Toyota Motor Sales, U.S.A., Inc.*, 4 Cal. App. 4th 807, 816 (1992)); *see also Goglin v. BMW of North America*, LLC, 4 Cal. App. 5th 462, 470 (2016) (same). If a fee request is opposed, "[g]eneral arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." *Premier Med. Mgmt. Sys. v. Cal. Ins. Guarantee Assoc.*, 163 Cal. App. 4th 550, 564 (2008). Rather, the opposing party has the burden to demonstrate the hours spent are duplicative or excessive. *Id.* at 562, 564; *see also Gorman v. Tassajara Dev. Corp.*, 178 Cal. App. 4th 44, 101 (2009) ("[t]he party opposing the fee award can be expected to identify the particular charges it considers objectionable").

## III.  DISCUSSION

As a prevailing buyer, Plaintiff is entitled to an award of fees and costs under the Song-Beverly Act. *See* Cal. Civ. Code § 1794(d); *see also Goglin*, 4 Cal. App. 5th at 470. Here, Plaintiff moves the Court: (1) for an award of attorneys' fees pursuant to California Civil Code § 1794(d) under the "lodestar" method in the amount of $50,616.25, (2) for a "lodestar" modifier of 0.5 under California law, in the amount of $25,308.13, and (3) to award actual costs and expenses incurred in the amount of $26,535.11. (Doc. No. 82-1 at 7–8.) Plaintiff requests a total of $102,459.49 in attorneys' fees, costs, and expenses. FCA acknowledges Plaintiff is entitled to recover attorneys' fees and costs, but argues the amount requested is unreasonable and should be reduced. (Doc. No. 88 at 7.)

### A.  Plaintiff's Attorneys' Fee Request

First, Plaintiff seeks $31,090.00 for work completed by Knight Law Group ("KLG") and $19,526.25 for work completed by co-counsel, HDMN. (Doc. No. 82-1 at 14.) This totals $50,616.25 in attorneys' fees for both law firms.

//

3

### 1.   Hours Worked By Counsel

A fee applicant must provide time records documenting the tasks completed and the amount of time spent. *See Hensley v. Eckerhart*, 461 U.S. 424, 424 (1983); *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007). Under California law, a court "must carefully review attorney documentation of hours expended" to determine whether the time reported was reasonable. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (quoting *Serrano v. Priest*, 20 Cal.3d 25, 48 (1977)). Thus, evidence provided by the fee applicant "should allow the court to consider whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended." *Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1320 (2008). The court must exclude "duplicative or excessive" time from its fee award. *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 161 (2006); *see also Ketchum*, 24 Cal. 4th at 1132 (stating "inefficient or duplicative efforts [are] not subject to compensation").

The billing records submitted by KLG indicate that its attorneys expended 80.2 billable hours on this case while HDMN billed 78.75 hours to the case. (Doc. No. 82-2 at 36; Doc. No. 82-3 at 13.) FCA objects to the reported hours, arguing there was duplication, as well as other excessive rates or time billed. (Doc. No. 88 at 12–14.) In particular, FCA lists numerous objections where billing entries were either excessive, duplicative, or included clerical work. The Court will address each objection below.

First, FCA objects to S. Daghighian of HDMN billing $1,237.50 for 2.25 hours at an hourly rate of $550.00. FCA states that this Court previously found S. Daghighian's reasonable billing rate to be $490.00. (Doc. No. 88 at 13.) However, it appears that S. Daghighian's hourly rate was raised to $550/hour in 2019 from $490/hour in 2018. (Doc. No. 82-3 at 9.) Even with this increase in the hourly rate, the Court finds that $550.00 is still within the reasonable range for lemon law attorneys with similar experience and expertise as S. Daghighian. Thus, the Court finds that this rate is appropriate.

Next, FCA seeks to exclude $1,785.00 billed by partner Amy Morse of KLG for 5.1 hours spent on drafting written discovery. (Doc. No. 88 at 13.) FCA contends Plaintiff's

4

counsel propounds the same discovery requests in every lemon law action KLG brings against FCA on behalf of different plaintiffs. (*Id.*) While Plaintiff argues that these amounts are reasonable, the Court agrees with FCA that these amounts are rather excessive particularly given that Amy Morse is a partner at KLG, and that this is a template-driven exercise. Thus, the Court, in its discretion, will reduce KLG's recoverable fees by $700.00.

FCA next takes issue with the $330.00 billed by S. Mikhov of KLG to review several notices, orders, trial documents, and correspondence for which FCA claims he had no other involvement as he had nothing to do with trial preparations or presentation. (Doc. No. 88 at 13.) The Court does not find that these entries are particularly problematic because S. Mikhov, as Plaintiff's counsel, of course had a professional responsibility to stay informed about the litigation. However, the Court will reduce KLG's fees for these amounts by $100.00.

In its next challenge, FCA disputes the $3,850.00 billed by HDMN for travel time between San Diego and Los Angeles on April 26, 2019 to attend a Mandatory Settlement Conference, and on May 9, 2019 to attend a motion in limine hearing. (Doc. No. 82-3 at 11–12.) As a general proposition, travel time may be billed at normal hourly rates. *See, e.g.*, *Hall v. City of Fairfield*, No. 2:10–cv–0508 DAD, 2014 WL 1286001, at *13 (E.D. Cal. Mar. 31, 2014). However, FCA argues that this amount was "spent in travel time by the L.A. lawyers to San Diego without any explanation for why local San Diego counsel who regularly appear on KLG cases could not have represented this Plaintiff." (Doc. No. 88 at 12.) As such, the Court will, in its discretion, reduce HDMN's fees by $2,000.00.

FCA also takes issue with the $56.25 billed by HDMN for sending KLG correspondence. (Doc. No. 88 at 13.) FCA says that HDMN did not charge for correspondence sent to KLG on August 16, 2018 and August 20, 2018, yet HDMN billed for emailing KLG about dealership deposition transcripts on April 24, 2018. (*Id.*) The Court agrees FCA should not have to pay for HDMN to send correspondence to KLG, and will exclude the $56.25 from HDMN's fees.

FCA also challenges the $2,233.75 billed by HDMN for several meetings among

5

HDMN attorneys where FCA argues "the subject matter of the meeting is vaguely defined." (Doc. No. 88 at 13.) As one example, HDMN billed $367.50 for "[m]eeting with AOE and co-counsel re: trial preparation strategy." (Doc. No. 82-3 at 10.) Upon close review of the descriptions of the billable activities, the Court concludes that some entries lack the necessary specificity, while others do not, *see* Doc. No. 82-3 at 10 ("Meeting with SD regarding Rule 26(a)(3)(A) Pretrial disclosures."). As such, the Court will adjust HDMN's fees downwards by $700.00.

Additionally, FCA seeks for the Court to exclude seven entries billed by KLG and HDMN for clerical or administrative tasks. (*See, e.g.*, Doc. No. 82-3 at 9 ("Printed and saved documents received from Co-Counsel. Open and prepared case files. Reviewed Pleadings, Discovery, and Parties document production."). The Court agrees that Plaintiff's counsel may not be compensated for purely clerical and administrative tasks. *See Castillo-Antonio v. Iqbal*, 2017 WL 1113300, at *7 (N.D. Cal. Mar. 24, 2017). Thus, the Court will reduce KLG's fees by $330.00 for time billed for "review and audit billing" and $370.00 from HDMN's fees for clerical/administrative tasks.

FCA additionally takes issue with the $6,230.00 billed by KLG for the instant motion for attorneys' fees. First, KLG billed a total of $1,505.00 for drafting the motion for attorneys' fees. (Doc. No. 82-2 at 36.) Because the instant motion is largely a template-driven activity, the Court will reduce KLG's recoverable fees by $500.00 for the work completed on the motion. As to the reply brief, KLG billed $700.00 for "anticipated" time in reviewing and analyzing FCA's opposition brief, in addition to $1,750.00 for "anticipated" time for drafting the reply brief. Because KLG has not supplemented its bills with actual time spent on the reply, the Court will reduce the amount recoverable for the reply brief by $1,000.00. Finally, KLG may not be compensated $2,275.00 for the "anticipated" time for traveling to and appearing for the hearing on instant fee motion. The hearing on this motion for attorneys' fees was vacated by the Court in its determination that the matter was suitable for determination on the papers. (Doc. No. 91.)

Furthermore, FCA wants the Court to reduce KLG and HDMN's fees by $192.50

6

charged for work after the case settled. (Doc. No. 88 at 14.) However, the Court finds that these fees are reasonable because they were billed in connection with the settlement. Thus, these amounts are appropriate and may be recovered.

Finally, FCA takes issue with HDMN's practice of billing in quarterly hour increments. (Doc. No. 88 at 14.) According to the Ninth Circuit, the "practice of billing by the quarter-hour" may result in a request for excessive hours because counsel may bill "a minimum of 15 minutes for numerous phone calls and emails that likely took a fraction of the time." *Welsh v. Metro Life Ins. Co.*, 480 F.3d 942, 948–49 (9th Cir. 2007). FCA argues that here, many emails/communications and review of basic court filings are billed at .25 or .5 increments such that there is a real risk of overbilling. Consequently, FCA advocates for a 20% reduction, in accordance with the Ninth Circuit's decision in *Welsh*. *See Welch*, 480 F.3d at 949 (9th Cir. 2007) (affirming a 20% reduction after finding the billing practice inflated the time recorded); *Prudential Ins. Co. v. Am. v. Remington*, No. 2:12–cv–02821–GEB–CMK, 2014 WL 294989, at *4 (E.D. Cal. Jan. 24, 2014) (also applying a 20% reduction where counsel billed in 15 minute-increments). While not excessively widespread, the Court does find that HDMN billed in increments of .25 for several items including email correspondence, and review of basic court documents such as a notice of hearing or a scheduling order. (Doc. No. 82-3 at 10–11.) Accordingly, the Court, in its discretion, will adjust HDMN's fees downward by 15%.

In summation, KLG's total recoverable fee amount is reduced by $4,905.00. This brings KLG's recoverable fees down to a total of $26,185.00. HDMN's fees are reduced by $3,126.25. This places HDMN's fees to a total of $16,400.00. After applying the 15% reduction ($2,460.00) to account for HDMN's quarterly hour billing practices, HDMN's total fees comes out to $13,940.00.

### 2.    Hourly Rates

FCA next argues that under all of the circumstances of this case—from the value of the vehicle in issue, to the basic nature of the litigation tasks involved—the hourly rates are unreasonable. (Doc. No. 92 at 14.) However, the Court is satisfied with the bases for

Plaintiff's counsels' hourly rates. Particularly, Plaintiff's counsel has provided ample evidence, including surveys of the hourly rates of similar attorneys with similar experience and qualifications. (Doc. No. 82-3 at 15.) Thus, the Court finds the rates cited for all attorneys supported by evidence and reasonable.

### 3. Lodestar Calculation

The lodestar method calculates attorneys' fees by "by multiplying the number of hours reasonably expended by counsel on the particular matter times a reasonable hourly rate." *State of Fla. v. Dunne*, 915 F.2d 542, 545 n.3 (9th Cir. 1990) (citing *Hensley*, 461 U.S. at 433); *see also Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 489 (2016).

| LAW FIRM | LEGAL PROFRESSIONAL | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| **Knight Law Group** | Alastair Hamblin | 2.9 | $325 | $942.50 |
| | Amy Morse | 9.5 | $350 | $3,325.00 |
| | Constance Morrison | 11.1 | $375 | $4,162.50 |
| | Kirk Donnelly | 5.0 | $400 | $2,000.00 |
| | Kristina Stephenson-Cheang | 19.8 | $375 | $7,425.00 |
| | Mark E. Berns | 17.8 | $350 | $6,230.00 |
| | Russell Higgins | 7.5 | $450 | $3,375.00 |
| | Steve Mikhov | 6.6 | $550 | $3,630.00 |
| **Knight Law Group Total** | | | | $31,090.00 |
| | | | | |
| **HDMN** | Asa O. Eaton | 25.50 | $225 | $5,936.25 |
| | Andrea Plata | 11.00 | $75 | $825.00 |
| | Erik Schmitt | 36.00 | $250/$275 | $9,850.00 |
| | Lauren C. Martin | 1.00 | $250/$275 | $275.00 |
| | Sepehr Daghighian | 5.25 | $490/$550 | $2,640.00 |
| **HDMN Total** | | | | $19,526.25 |
| **TOTAL** | | | | **$50,616.25** |

Here, with no adjustments to the reasonable hourly rates, the total amount of fees for both KLG and HDMN is $50,616.25. Taking into account the previously noted reductions, the total lodestar amount is $26,185.00 for KLG's fees and $13,940.00 for HDMN's fees.

8

Therefore, Plaintiff's counsels' total lodestar amounts is **$40,125.00**.

### 4.    Application of a Multiplier

Once a court has calculated the lodestar, "it may increase or decrease that amount by applying a positive or negative 'multiplier' to take into account a variety of other factors, including the quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented." *Laffitte,* 1 Cal. 5th at 504 (citation omitted); *see also Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (indicating the court may adjust the fee award considering "the following factors: (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award.").

Here, Plaintiff seeks a 0.5 multiplier based on the risk of taking this case on a contingent fee basis, the substantial costs advanced, the result achieved, and the delay in payment. (Doc. No. 82-1 at 23.) Significantly, however, this case did not present particularly novel or difficult questions of law or fact. Indeed, the issues related to the alleged defect in FCA's vehicles were addressed in *Velasco, et al. v. Chrysler Group LLC*, Case No. 2:13–cv–08080–DDP–VBK and *Hall v. FCA US LLC*, Case No. 1:16-cv-0684-JLT. Thus, the issues presented in this action were not uniquely complex. *See Steel v. GMC,* 912 F. Supp. 724, 746 (N.J. Dist. 1995) ("the issues in lemon law litigation are not complex and do not require a significant amount of legal analysis or novel pleading"). Additionally, it is highly unlikely that the litigation of this specific case precluded counsel, as lemon law attorneys, from taking on other matters. Finally, the Court finds the contingent nature of the fee award is outweighed by the other factors, especially in this action where the disputed facts and issues to be resolved were minimal. Indeed, there was nothing unusual about this case that would put counsel at great risk for accepting the matter on a contingent basis. Accordingly, the Court declines to award a multiplier and finds the lodestar amount of $40,125.00 as reasonable.

**B.  Costs to be Awarded**

Plaintiff requests costs in the amount of $26,535.11 in this instant motion for attorneys' fees. (Doc. No. 82-1 at 23.) FCA states it will contest Plaintiff's purported costs and expenses after Plaintiff properly refiles his Bill of Costs in compliance with the Local Rules. (Doc. No. 88 at 5 n.1.) The Clerk of Court had directed that Plaintiff's "Bill of Costs must be filed within fourteen days after entry of judgment." (Doc. No. 87.) As such, the Court will defer ruling on Plaintiff's cost at this time. Plaintiff is to refile his Bill of Costs after entry of judgment.

**IV.  CONCLUSION**

Based upon the foregoing, the Court **ORDERS** as follows:

1. Plaintiff's motion for fees is **GRANTED** in the modified amount of **$40,125.00**; and

2. Plaintiff must **REFILE** his Bill of Costs in accordance with Local Rule 54.1.

**IT IS SO ORDERED.**

Dated:  November 23, 2020

Hon. Anthony J. Battaglia
United States District Judge

10

# EXHIBIT L

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

STEVEN JAY SHAFFER,

Plaintiff,

v.

FCA US LLC, a Delaware Limited
Liability Company; and DOES 1 through
10, inclusive,

Defendant.

Case No.: 3:17-cv-00572-AJB-BGS

**ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES,
COSTS, AND EXPENSES**

**(Doc. No. 99)**

Before the Court is Plaintiff Steven Jay Shaffer's ("Plaintiff") motion for attorneys' fees, costs, and expenses. (Doc. No. 99.) Defendant FCA US LLC ("FCA") opposed the motion. (Doc. No. 107.) For the reasons stated herein, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion, with a reduction of fees and costs as set forth in detail below.

**I.    BACKGROUND**

This case arises out of the purchase of a new 2011 Jeep Grand Cherokee Overland ("the Vehicle") for a sales price of $55,976.76. The Vehicle was manufactured and distributed by Defendant FCA US LLC, which provided a written warranty with the Vehicle. Within the applicable warranty period, the Vehicle exhibited ongoing engine misfire, long crank and no-start, loss of power while driving, shaking, rev high, lurching, and various recalls. Despite numerous attempts by FCA to fix Plaintiff's Vehicle, the

1

problems persisted. Plaintiff eventually contacted FCA customer service in December 17, 2015, and requested they repurchase the Vehicle. FCA rejected Plaintiff's request. Plaintiff filed his Complaint in San Diego Superior Court on September 23, 2016, alleging violations of the Song-Beverly Act and fraudulent concealment. The action was removed to this Court on March 23, 2017. On August 26, 2019, the parties filed a joint settlement. On November 13, 2019, Plaintiff filed his motion for attorneys' fees, costs, and expenses, and FCA opposed the motion. (Doc. Nos. 99, 107.) This order follows.

## II.   LEGAL STANDARD

"In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007); *see also Mangold v. Cal. Public Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) (noting that in a diversity action, the Ninth Circuit "applied state law in determining not only the right to fees, but also in the method of calculating the fees").

As explained by the Supreme Court, "[u]nder the American Rule, 'the prevailing litigant ordinarily is not entitled to collect a reasonable attorneys' fee from the loser.'" *Travelers Casualty & Surety Co. of Am. v. Pacific Gas & Electric Co.*, 549 U.S. 443, 448 (2007) (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). However, a statute allocating fees to a prevailing party can overcome this general rule. *Id.* (citing *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717 (1967)). Under California's Song-Beverly Act, a prevailing buyer is entitled "to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 794(d).

The Song-Beverly Act "requires the trial court to make an initial determination of the actual time expended; and then to ascertain whether under all the circumstances of the case the amount of actual time expended, and the monetary charge being made for the time

2

Case 3:20-cv-08574-AJB-BGS   Document 112-2   Filed 10/20/21   PageID.1472 Page 1 of 13
Case 3:17-cv-00572-AJB-BGS   Document 132   Filed 10/20/21   PageID.517 Page 4 of 13
#:517

expended are reasonable." *Nightingale v. Hyundai Motor America*, 31 Cal. App. 4th 99, 104 (1994). The court may consider "factors such as the complexity of the case and procedural demands, the skill exhibited, and the results achieved." *Id.* If the court finds the time expended or fee request "is not reasonable under all the circumstances, then the court must take this into account and award attorney fees in a lesser amount." *Id.* "A prevailing buyer has the burden of showing that the fees incurred were 'allowable,' were 'reasonably necessary to the conduct of the litigation,' and were 'reasonable in amount.'" *Id.* (quoting *Levy v. Toyota Motor Sales, U.S.A., Inc.*, 4 Cal. App. 4th 807, 816 (1992)); *see also Goglin v. BMW of North America*, LLC, 4 Cal. App. 5th 462, 470 (2016) (same). If a fee request is opposed, "[g]eneral arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." *Premier Med. Mgmt. Sys. v. Cal. Ins. Guarantee Assoc.*, 163 Cal. App. 4th 550, 564 (2008). Rather, the opposing party has the burden to demonstrate the hours spent are duplicative or excessive. *Id.* at 562, 564; *see also Gorman v. Tassajara Dev. Corp.*, 178 Cal. App. 4th 44, 101 (2009) ("[t]he party opposing the fee award can be expected to identify the particular charges it considers objectionable").

## III.   DISCUSSION

As a prevailing buyer, Plaintiff is entitled to an award of fees and costs under the Song-Beverly Act. *See* Cal. Civ. Code § 1794(d); *see also Goglin*, 4 Cal. App. 5th at 470. Here, Plaintiff moves the Court: (1) for an award of attorneys' fees pursuant to California Civil Code § 1794(d) under the "lodestar" method in the amount of $51,712.50[1], (2) for a "lodestar" modifier of 0.5 under California law, in the amount of $25,856.25, and (3) to award actual costs and expenses incurred in the amount of $24,856.58. Plaintiff requests a total of $102,425.33 in attorney's fees, costs, and expenses. (Doc. No. 99-2 at 7.) FCA acknowledges Plaintiff is entitled to recover attorneys' fees and costs, but argues the amount requested is unreasonable and should be reduced. (Doc. No. 107 at 12.)

---

[1] This total amount is slightly modified from Plaintiff's briefing to account for the actual time Plaintiff's counsel's spent on drafting the reply brief in support of the motion for attorneys' fees.

3

**A.   Plaintiff's Motion for Attorneys' Fees**

First, Plaintiff seeks $26,492.50 for work completed by the Knight Law Group ("KLG") and $25,220.00 for work completed by KLG's co-counsel, Wirtz Law. (Doc. No. 99-2 at 13.) This totals $51,712.50 in attorneys' fees for both law firms.

**1.   Hours Worked By Counsel**

A fee applicant must provide time records documenting the tasks completed and the amount of time spent. *See Hensley v. Eckerhart*, 461 U.S. 424, 424 (1983); *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007). Under California law, a court "must carefully review attorney documentation of hours expended" to determine whether the time reported was reasonable. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (quoting *Serrano v. Priest*, 20 Cal.3d 25, 48 (1977)). Thus, evidence provided by the fee applicant "should allow the court to consider whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended." *Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1320 (2008). The court must exclude "duplicative or excessive" time from its fee award. *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 161 (2006); *see also Ketchum*, 24 Cal. 4th at 1132 (stating "inefficient or duplicative efforts [are] not subject to compensation").

The billing records submitted by KLG indicate that its attorneys expended 77.4 billable hours on this case, while Wirtz Law billed 66.40 hours to the case. (Doc. No. 99-3 at 36; Doc. No. 99-1 at 17.) FCA objects to the reported hours, arguing there was duplication, as well as other excessive rates or time billed. (Doc. No. 107 at 11–15.) In particular, FCA lists numerous objections where billing entries were either excessive, duplicative, or included clerical work. The Court will address each objection below:

- FCA objects to the $110.00 billed by attorney SBM of KLG to review and analyze FCA's 998 Offer to Compromise. (Doc. No. 107 at 12.) This amount will be excluded to account for the duplication of efforts. Indeed, ALM, an attorney junior to SBM, also reviewed FCA's 998 Offer to Compromise and

4

was the attorney to draft the objections. (Doc. No. 99-3 at 31.) Thus, $110.00 will be excluded from KLG's recoverable fees.

- FCA disputes the $990 billed by attorney SBM of KLG for eight entries FCA argues should have been delegated to younger associates and for trial related tasks when attorney SBM had no intention of ever being involved in trying the case. The Court has reviewed each entry FCA highlights, and concludes that these entries are mostly appropriate. Indeed, most of the entries show that SBM only spent between 0.1-0.3 hours reviewing documents important to the litigation, and critical for effective supervision of junior attorneys. But the Court will nevertheless exclude $350.00 from KLG's fees to account for the duplication of efforts between KLG and Wirtz Law. For example, attorney SBM spent 0.5 hours to review FCA's trial brief when KLG associated with Wirtz Law to have Wirtz Law serve as trial counsel. (Doc. No. 99-3 at 36.)

- FCA challenges the $37.50 billed by attorney KSC of KLG to review the notice of Plaintiff's deposition. (Doc. No. 107 at 13.) This amount will be excluded to account for the duplication of efforts. Attorney ALM also reviewed the notice of deposition, and was the attorney to draft the objections. (Doc. No. 99-3 at 33.) Thus, $37.50 will be excluded from KLG's recoverable fees.

- FCA seeks for the Court to reduce KLG's bills by $862.30 for multiple entries by attorney KSC of KLG. (Doc. No. 107 at 13.) FCA contends KSC drafted deposition summaries of depositions she did not take, and reviewed the deposition memoranda drafted by other attorneys even though she is not trial counsel. (*Id.*) For example, KSC billed 1.5 hours at an hourly rate of $375.00 to review and summarize the deposition transcript of Jeff Richard. (Doc. No. 99-4 at 34.) To account for any duplication in effort, the Court will reduce KLG's fees by $300.00.

5

- FCA protests the $11,067.50 billed by KLG for travel "to depositions both local to the firm and in San Diego where trial counsel is located." (Doc. No. 107 at 13.) For one example, attorney RA of KLG logged 11.8 hours for a total of $3,540.00 to "[p]repare for and defend deposition of Steven Shaffer (travel included); Draft memo." (Doc. No. 99-3 at 33.) FCA argues that because KLG block billed, it is impossible to ascertain how much time was spent traveling versus conducting the deposition or for preparation ahead of the deposition. (Doc. No. 107 at 13.) Here, the Court finds that these amounts are mostly reasonable given that FCA admits that three of these depositions were conducted before Wirtz Law (local counsel in San Diego) was retained. However, to ensure a reasonable rate, the Court will reduce KLG's fees by $3,000. *See Heffington v. FCA US LLC*, No. 217CV00317DADJLT, 2020 WL 5017610, at *5 (E.D. Cal. Aug. 25, 2020) ("6.8 hours is not an unreasonable amount of total time when considering attorney Hernandez also spent some of that time to prepare for the deposition and to draft a memorandum afterwards, not just traveling.").

- FCA asserts there was duplication in Plaintiff's counsel's preparation of the Settlement Conference Statement. (Doc. No. 107 at 13.) KLG billed $450 to draft the statement, while Wirtz Law also billed $900 to draft the same statement. (*Id.*) Plaintiff concedes "[i]t was a mistake for both KLG and Wirtz Law to prepare the MSC statement." (Doc. No. 109 at 6 n.1.) As Wirtz Law was trial counsel at the time, the Court will credit Wirtz Law's time completing this task, and deduct $450 from KLG's fees.

- FCA points out that Mr. Wirtz of Wirtz Law billed for reviewing and analyzing the client file and developing a strategy twice, once on March 1, 2018 for total of $1,170, and once on June 20, 2019 for a total of $1,430. Plaintiff admits "Mr. Wirtz's entry on 6/20/19 was for another case and should

6

1  not have been included in this case. The Court may deduct this time ($1,430)."

2  (Doc. No. 109 at 6 n.1.) As such, the Court deducts $1,430.00 from Wirtz

3  Law's recoverable fees.

4  • FCA requests that $490.00 be discounted from Wirtz Law's fees because

5  "[t]here are two entries for two people (Wirtz and Rotman, formerly Smith)

6  to review and revise the Pretrial disclosures on 4/23/18 and 4/25/18. Those

7  disclosures mirror nearly every case filed by KLG/Wirtz that end up in federal

8  court." (Doc. No. 107 at 14.) However, in reply, Plaintiff states that FCA is

9  mistaken. Rather than Mr. Wirtz billing on the matter, it was instead Ms.

10  Evans, a paralegal, who billed two hours to draft the pretrial disclosures.

11  Further, Ms. Rotman, a senior attorney, billed just 0.2 to review and revise

12  those disclosures. Because the Court finds that these amounts are reasonable,

13  Wirtz Law may recover the $490.00.

14  • FCA also seeks for the Court to exclude the $2,475 billed by Amy Rotman of

15  Wirtz Law for attending a Pretrial Conference, motion in limine hearing, and

16  Mandatory Settlement Conference for which Richard Wirtz was already in

17  attendance. (Doc. No. 107 at 14.) The Court finds that this amount is not

18  entirely unreasonable, and two attorneys in attendance is not necessarily

19  excessive to keep track of the numerous cases being handled by Plaintiff's

20  counsel in the litigation against FCA. Therefore, this Court will only reduce

21  the fees by $500.00 to account for any duplication.

22  • FCA contests the $1,060 billed by Wirtz Law for drafting, reviewing, and

23  revising motions in limine that were never filed. (Doc. No. 107 at 14.) Plaintiff

24  responds Ms. Evans, a paralegal, prepared these MILs before FCA agreed to

25  stipulate to them. (Doc. No. 109 at 7.) Because these motions were not filed

26  after the parties met and conferred, the Court, in its discretion, will reduce

27  Wirtz Law's fees by $400.00.

28

7

- FCA asks the Court to exclude $1,250 from Wirtz Law's fees for numerous clerical tasks. After review of all the entries FCA highlights, the Court concludes that most of these entries were not purely clerical or administrative tasks. (*See e.g.*, Doc. No. 99-1 at 12 (billing to "[d]raft, review and revise Plaintiff's Letter and Notice to Defendants to Produce Financial Information Showing Viability to Pay Punitive Damages; Draft, review and revise Plaintiff's Notice in Lieu of service of subpoena to appear at trial.").) However, the Court notes a few entries where Wirtz Law appears to be billing for clerical tasks. For example, paralegal RE billed $360.00 to "[p]repare, file, and serve Plaintiff's Oppositions to FCA's Motions in Limine Nos. 1 - 5; Draft, review and revise proof(s) of service. Prepare for facsimile service." (Doc. No. 99-1 at 13.) The Court agrees that Plaintiff's counsel may not be compensated for purely clerical and administrative tasks. *See Castillo-Antonio v. Iqbal*, 2017 WL 1113300, at *7 (N.D. Cal. Mar. 24, 2017). As such, the Court will reduce Wirtz Law's fees by $500.00.

- Finally, FCA takes issue with the time billed to draft and file the briefs in support of Plaintiff's motion for attorneys' fees. First, Wirtz Law billed $2,205.00 for drafting the motion for attorneys' fees. (Doc. No. 99-1 at 17.) Because the instant motion is largely a template-driven activity, the Court will reduce Wirtz Law's recoverable fees by $500.00 for the work completed on the motion. As to the reply brief, Wirtz Law billed $2,745.00 to draft the brief. Because counsel has an abundance of experience in drafting replies in lemon law matters, and the work should have been at least partially template-driven, Court will reduce the amount recoverable for the reply brief by $1,000.00. Finally, Wirtz Law may not be compensated $1,350.00 for the "anticipated" time for traveling to and appearing for the hearing on instant fee motion. The hearing on this motion was vacated by the Court in its conclusion that the matter was suitable for determination on the papers. (Doc. No. 111.)

8

In summation, KLG's total recoverable fee amount is reduced by $4,247.50. This brings KLG's recoverable fees down to a total of $22,245.00. Wirtz Law's fees are reduced by $5,680.00. This places Wirtz Law's fees to a total of $19,540.00.

### 2. Hourly Rates

FCA next argues Plaintiff fails to offer any admissible evidence to support the hourly rates of their counsel for lemon law work. (Doc. No. 107 at 17.) According to FCA, all that is offered are the hearsay statements about the rates supposedly charged by several other lawyers for allegedly doing the same lemon law work. (*Id.*) However, the Court is satisfied with the bases for Plaintiff's counsels' hourly rates. Particularly, Plaintiff provides ample evidence, including surveys of the hourly rates of similar attorneys with similar experience and qualifications. Thus, the Court finds the rates cited for all attorneys supported by evidence and are reasonable.

### 3. Lodestar Calculation

The lodestar method calculates attorneys' fees by "by multiplying the number of hours reasonably expended by counsel on the particular matter times a reasonable hourly rate." *State of Fla. v. Dunne*, 915 F.2d 542, 545 n.3 (9th Cir. 1990) (citing *Hensley*, 461 U.S. at 433); *see also Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 489 (2016).

| LAW FIRM | LEGAL PROFRESSIONAL | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| **Knight Law Group** | Alastair Hamblin | 10.0 | $325 | $3,250.00 |
| | Amy Morse | 9.2 | $350 | $3,220.00 |
| | Erik Schmitt | 7.5 | $275 | $2,062.50 |
| | Kristina Stephenson-Cheang | 14.4 | $375 | $5,400.00 |
| | Lauren Martin | 5.0 | $275 | $1,375.00 |
| | Michelle Lumasag | 7.0 | $200 | $1,400.00 |
| | Raymond Areshenko | 11.8 | $300 | $3,540.00 |
| | Russell Higgins | 6.3 | $450 | $2,835.00 |
| | Steve Mikhov | 6.2 | $550 | $3,410.00 |
| **Knight Law Group Total** | | | | $26,492.50 |
| | | | | |
| **Wirtz Law** | Richard M. Wirtz | 9.7 | $650 | $6,305.00 |

9

| | | | | |
|---|---|---|---|---|
| | Jessica R. Underwood | 2.7 | $400 | $1,080.00 |
| | Andrea Munoz | 0.60 | $200 | $120.00 |
| | Rebecca Evans | 22.2 | $200 | $4,440.00 |
| | Amy R. Rotman | 15.5 | $450 | $6,975.00 |
| | Erin K. Barns | 12.9 | $450 | $6,300.00 |
| **Wirtz Law Total** | | | | $25,220.00 |
| **TOTAL** | | | | **$51,712.50** |

Here, with no adjustments to the reasonable hourly rates and hours, the total amount of fees for both KLG and Wirtz Law is $51,712.50. Taking into account the previously noted reductions, the total lodestar amount is $22,245.00 for KLG's fees and $19,540.00 for Wirtz Law's fees. Therefore, Plaintiff's counsels' total lodestar amounts is **$41,785.00**.

### 4.  Application of a Multiplier

Once a court has calculated the lodestar, "it may increase or decrease that amount by applying a positive or negative 'multiplier' to take into account a variety of other factors, including the quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented." *Laffitte,* 1 Cal. 5th at 504 (citation omitted); *see also Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (indicating the court may adjust the fee award considering "the following factors: (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award.").

Here, Plaintiff seeks a 0.5 multiplier based on the risk of taking this case on a contingent fee basis, the substantial costs advanced, the result achieved, and the delay in payment. (Doc. No. 99-2 at 7.) Significantly, however, this case did not present particularly novel or difficult questions of law or fact. Indeed, the issues related to the alleged defect in FCA's vehicles were addressed in *Velasco, et al. v. Chrysler Group LLC*, Case No. 2:13–cv–08080–DDP–VBK and *Hall v. FCA US LLC*, Case No. 1:16-cv-0684-JLT. Thus, the issues presented in this action were not uniquely complex. *See Steel v. GMC,* 912 F. Supp.

724, 746 (N.J. Dist. 1995) ("the issues in lemon law litigation are not complex and do not require a significant amount of legal analysis or novel pleading"). Additionally, it is highly unlikely that the litigation of this specific case precluded counsel, as lemon law attorneys, from taking on other matters. Finally, the Court finds the contingent nature of the fee award is outweighed by the other factors, especially in this action where the disputed facts and issues to be resolved were minimal. Indeed, there was nothing unusual about this case that would put counsel at great risk for accepting the matter on a contingent basis. Accordingly, the Court declines to award a multiplier and finds the lodestar amount of $41,785.00 as reasonable.

### B.    Plaintiff's Request for Costs

Plaintiff also requests $24,856.58 in costs. (Doc. No. 99-2 at 23.) Plaintiff originally filed his Bill of Costs along with his motion for attorneys' fees.  (Doc. No. 98.) The Clerk of Court, however, determined that judgment had not been entered and directed Plaintiff to refile his Bill of Costs after judgment had been entered. (Doc. No. 102.) Nevertheless, FCA filed objections to Plaintiff's Bill of Costs.  (Doc. No. 105.) For the sake of judicial economy and efficiency, the Court will consider Plaintiff's request for costs.

"In general, an award of costs in federal district court is governed by Federal Rule of Civil Procedure 54(d) and not applicable state law, even in diversity cases." *Self v. FCA US LLC*, No. 1:17-CV-01107-SKO, 2019 WL 1994459, at *12 (E.D. Cal. May 6, 2019) (citing *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003)). An exception exists under *Clausen v. M/V NEW CARISSA*, 339 F.3d 1049 (9th Cir. 2003), *as amended on denial of reh'g* (Sept. 25, 2003), which held that the measure of damages is a matter of state substantive law where "a state law provision allows for the awarding of costs as part of a substantive, compensatory damages scheme[,]" *Kelly v. Echols*, No. CIVF05118AWISMS, 2005 WL 2105309, at *16 (E.D. Cal. Aug. 30, 2005). In *Clausen*, the Ninth Circuit found that the measure of damages under Oregon's Oil Spill Act "'is inseparably connected with the right of action[.]'" *Clausen*, 339 F.3d at 1065 (quoting *Chesapeake & O. Ry. Co. v. Kelly*, 241 U.S. 485, 491 (1916)). The Ninth Circuit

11

added that the Oregon Oil Spill Act presented the court "with an 'express indication' of a state legislature's 'special interest in providing litigants' with full compensation for reasonable sums expended in pursuit of [their] Oil Spill Act claim." *Clausen*, 339 F.3d at 1065 (citation omitted). Thus, the analysis focuses on whether a state legislature has expressed a special interest in providing litigants with costs.

Here, section 1794(d) of the California Civil Code provides that buyers prevailing in an action under the Song-Beverly Act "shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794 (emphasis added). The California Legislature has demonstrated a "special interest" in permitting prevailing Song-Beverly plaintiffs to recover costs and expenses under section 1794. As the California Court of Appeal has noted "[a]n analysis by the Assembly Committee on Labor, Employment, and Consumer Affairs states: 'Indigent consumers are often discouraged from seeking legal redress due to court costs. The addition of awards of 'costs and expenses' by the court to the consumer to cover such out-of-pocket expenses as filing fees, expert witness fees, marshal's fees, etc., should open the litigation process to everyone.'" *Jensen v. BMW of N. Am., Inc.*, 35 Cal. App. 4th 112, 138 (1995), *as modified on denial of reh'g* (June 22, 1995). Therefore, the Court concludes that the Song-Beverly Act applies to Plaintiff's contention that he is entitled to costs and expenses.

However, while state substantive law may apply, this does not obviate the Court's duty to ensure that the costs were "reasonably incurred." Thus, the Court will briefly review whether Plaintiff's requested costs and expenses are reasonable. First, FCA argues $170.00 should be deducted from Plaintiff's allowable costs because "service of subpoenas occurred at the same location in two places and there is a charge for serving San Diego's Chrysler's PMQ twice." (Doc. No. 105 at 6.) The Court agrees and will exclude these costs accordingly. Second, the $142.85 incurred for parking, printing, and mileage should also

12

be excluded from Plaintiff's costs because this amount is not supported by receipts or any other evidence. (*Id.*) Finally, Plaintiff seeks $20,335.27 in costs for expert witness fees. (Doc. No. 105 at 7.) The Court finds that not all the expert fees were reasonably incurred. Indeed, Dr. Luna's fees totaled $12,448.61 on a case where her testimony is nearly identical to that given in a hundred or more other cases against FCA. Therefore, the Court, in its discretion, will reduce costs in the amount of $10,000.00 for amounts expended on expert fees.

## IV. CONCLUSION

Based upon the foregoing, the Court **ORDERS** as follows:

1. Plaintiff's motion for fees is **GRANTED** in the modified amount of **$41,785. 00**; and

2. Plaintiff's motion for costs is **GRANTED** in the modified amount of **$14,543.73**.


**IT IS SO ORDERED.**

Dated:  November 20, 2020

Hon. Anthony J. Battaglia
United States District Judge

13

# EXHIBIT M

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

THOMAS R. HOUSE,

Plaintiff,

v.

FCA US LLC, a Delaware Limited
Liability Company; and DOES 1 through
10, inclusive,

Defendants.

Case No.: 3:17-CV-00583-AJB-BGS

**ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES,
COSTS, AND EXPENSES**

**(Doc. No. 83.)**

Before the Court is Plaintiff Thomas House's ("Plaintiff") motion for attorneys' fees, costs, and expenses. (Doc. No. 83.) Defendant FCA US LLC ("FCA") opposed the motion. (Doc. No. 92.) For the reasons stated herein, the Court **GRANTS IN PART AND DENIES IN PART** the motion, with a reduction of fees as set forth below.

# I.   BACKGROUND

This case arises out of the purchase of a new 2012 Jeep Grand Cherokee Overland ("the Vehicle") for a sales price of $58,357.60. The Vehicle was manufactured and distributed by Defendant FCA US LLC, which provided a written warranty with the Vehicle. Within the applicable warranty period, the Vehicle exhibited issues relating to engine inconsistent and independent gear shifting, malfunctioning navigation screen and radio, check engine light, fluid leaks, HVAC issues, engine misfire, and various recalls. Despite numerous attempts by FCA to fix Plaintiff's Vehicle, the problems persisted.

1

Plaintiff eventually contacted FCA customer service in December 2015, and requested they repurchase the defective Vehicle. FCA rejected Plaintiff's request. Efforts to mediate the dispute before resorting to litigate fell flat. Plaintiff filed his Complaint in this action in San Diego Superior Court on June 17, 2016, alleging violations of the Song-Beverly Act and fraudulent concealment. The action was removed to this Court on March 24, 2017. On June 26, 2019, the parties filed a joint settlement. (Doc. No. 78.) Plaintiff filed his motion for attorneys' fees, costs, and expenses, and FCA opposed the motion. (Doc. Nos. 83, 92.) This order follows.

## II.    LEGAL STANDARD

"In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007); *see also Mangold v. Cal. Public Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) (noting that in a diversity action, the Ninth Circuit "applied state law in determining not only the right to fees, but also in the method of calculating the fees").

As explained by the Supreme Court, "[u]nder the American Rule, 'the prevailing litigant ordinarily is not entitled to collect a reasonable attorneys' fee from the loser.'" *Travelers Casualty & Surety Co. of Am. v. Pacific Gas & Electric Co.*, 549 U.S. 443, 448 (2007) (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). However, a statute allocating fees to a prevailing party can overcome this general rule. *Id.* (citing *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717 (1967)). Under California's Song-Beverly Act, a prevailing buyer is entitled "to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 794(d).

The Song-Beverly Act "requires the trial court to make an initial determination of the actual time expended; and then to ascertain whether under all the circumstances of the

2

case the amount of actual time expended, and the monetary charge being made for the time expended are reasonable." *Nightingale v. Hyundai Motor America*, 31 Cal. App. 4th 99, 104 (1994). The court may consider "factors such as the complexity of the case and procedural demands, the skill exhibited, and the results achieved." *Id.* If the court finds the time expended or fee request "is not reasonable under all the circumstances, then the court must take this into account and award attorney fees in a lesser amount." *Id.* "A prevailing buyer has the burden of showing that the fees incurred were 'allowable,' were 'reasonably necessary to the conduct of the litigation,' and were 'reasonable in amount.'" *Id.* (quoting *Levy v. Toyota Motor Sales, U.S.A., Inc.*, 4 Cal. App. 4th 807, 816 (1992)); *see also Goglin v. BMW of North America*, LLC, 4 Cal. App. 5th 462, 470 (2016) (same). If a fee request is opposed, "[g]eneral arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." *Premier Med. Mgmt. Sys. v. Cal. Ins. Guarantee Assoc.*, 163 Cal. App. 4th 550, 564 (2008). Rather, the opposing party has the burden to demonstrate the hours spent are duplicative or excessive. *Id.* at 562, 564; *see also Gorman v. Tassajara Dev. Corp.*, 178 Cal. App. 4th 44, 101 (2009) ("[t]he party opposing the fee award can be expected to identify the particular charges it considers objectionable").

## III.  DISCUSSION

As a prevailing buyer, Plaintiff is entitled to an award of fees and costs under the Song-Beverly Act. *See* Cal. Civ. Code § 1794(d); *see also Goglin*, 4 Cal. App. 5th at 470. Here, Plaintiff moves the Court: (1) for an award of attorneys' fees pursuant to Civil Code section 1794(d) under the "lodestar" method in the amount of $39,050.00, (2) for a "lodestar" modifier of 1.5 under California law, in the amount of $19,525.00, and (3) to award actual costs and expenses incurred in the amount of $28,827.79. Plaintiff requests a total of $87,402.79 in attorney's fees, costs and expenses. (Doc. No. 83-1 at 7.) FCA acknowledges, "Plaintiff is entitled to recover attorney's fees, costs" but argues the amount requested is unreasonable and should be reduced. (Doc. No. 92 at 6.)

### A.  Plaintiff's Attorneys' Fee Request

First, Plaintiff seeks $22,465.00 for work completed by Knight Law Group ("KLG")

3

and $16,585.00 for work completed by co-counsel, Wirtz Law. (Doc. No. 82-1 at 13.) This totals $39,050.00 in attorneys' fees for both law firms.

### 1. Hours Worked By Counsel

A fee applicant must provide time records documenting the tasks completed and the amount of time spent. *See Hensley v. Eckerhart*, 461 U.S. 424, 424 (1983); *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007). Under California law, a court "must carefully review attorney documentation of hours expended" to determine whether the time reported was reasonable. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (quoting *Serrano v. Priest*, 20 Cal.3d 25, 48 (1977)). Thus, evidence provided by the fee applicant "should allow the court to consider whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended." *Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1320 (2008). The court must exclude "duplicative or excessive" time from its fee award. *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 161 (2006); *see also Ketchum*, 24 Cal. 4th at 1132 (stating "inefficient or duplicative efforts [are] not subject to compensation").

The billing records submitted by the KLG indicate that its attorneys expended 62.1 billable hours on this case while Wirtz Law billed 45.60 hours to the case. (Doc. No. 83-2 at 37; Doc. No. 83-3 at 13.) FCA objects to the reported hours, arguing there was duplication, as well as other excessive rates or time billed. (Doc. No. 92 at 7–10.) The duplication, FCA argues, is demonstrated by the fact that a different attorney performed each of the following tasks: initial case evaluation, drafting Plaintiff's discovery requests, reviewing FCA's responses, defending Plaintiff's deposition, attending expert depositions, and drafting trial documents. With each of these tasks, FCA argues the handling attorney must inevitably get up to speed with the file. In particular, FCA lists ten examples and objections where billing entries were either excessive, duplicative, or included clerical work. The Court will address each objection below.

First, FCA objects to the 2.5 hours, totaling $1,625.00, billed by RMW of Wirtz Law to get up to speed, and "[r]eview and analyze client file and develop trial strategy." (Doc.

No. 92 at 8.) The Court finds that this entry is mostly reasonable, but will in its discretion, reduce the fees by $300.00.

FCA also objects to three entries totaling $1,210.00 billed by KLG for what Plaintiff's counsel offers to the public as a "free evaluation." (Doc. No. 92 at 8.) FCA maintains these entries are undated, and there is no evidence that a fee agreement was even in place when these tasks occurred. (*Id.*) Furthermore, FCA points out these charges appear to be part of the "free consultation" that was offered to the public. (*Id.*) The Court agrees with FCA and in its discretion, will exclude $500.00 from KLG's recoverable fees.

Next, FCA seeks to exclude $1,610.00 billed by partner Amy Morse of KLG for 4.6 hours spent on drafting written discovery. (Doc. No. 92 at 8.) FCA contends Plaintiff's counsel propounds the same discovery requests in every lemon law action KLG brings against FCA on behalf of different plaintiffs. (*Id.*) While Plaintiff argues that these amounts are reasonable, the Court agrees with FCA that these amounts are rather excessive particularly given that Amy Morse is a partner at KLG, and Plaintiff admits that this is a template-driven exercise. Thus, the Court, in its discretion, will reduce KLG's recoverable fees by $500.00.

FCA next challenges the $1,050.00 billed by partner Amy Morse of KLG on March 19, 2017 to draft a motion to compel requests for production in state court, which turned out to be unnecessary as the case was removed to federal court. (Doc. No. 92 at 9.) Plaintiff explains that he learned at the March 10, 2017 Case Management Conference that FCA would be filing a Notice of Removal. (*Id.*) However, Plaintiff responds that the deadline for the filing of a motion to compel was March 20, 2017. But as of March 20, 2017, FCA had not filed its Notice of Removal. Therefore, Plaintiff had cause to begin drafting the motion to compel on March 19, 2017 to avoid missing the March 20, 2017 deadline. Because the discovery turned out to be unnecessary, the Court will reduce the fees by $500.00, and reward the remainder for this work due the circumstances leading to the removal.

Next, FCA disputes the $220.00 billed by partner Steve Mikhov of KLG for

5

"reviewing and auditing and billing," the $400.00 billed by paralegal Rebecca Evans of Wirtz Law for filing Plaintiff's pretrial disclosures, the $350.00 billed by Denali Wixsom of Wirtz Law for bates-stamping, and the $90.00 billed by Amy Rotman of Wirtz Law for correcting an error in the certificate of service. The Court agrees that Plaintiff's counsel may not be compensated for purely clerical and administrative tasks. *See Castillo-Antonio v. Iqbal*, 2017 WL 1113300, at \*7 (N.D. Cal. Mar. 24, 2017). Thus, these amounts will be excluded from KLG and Wirtz Law's fees.

FCA also seeks for the Court to exclude the $225.00 billed by Amy Rotman of Wirtz Law for attending a pretrial conference for which Richard Wirtz was already in attendance. (Doc. No. 92 at 9.) The Court finds that this rather small amount is not entirely unreasonable, and two attorneys in attendance is not necessarily excessive to keep track of the numerous cases being handled by Plaintiff's counsel in the litigation against FCA. Therefore, this amount may be recovered.

Lastly, FCA takes issue with the $2,160.00 billed by Wirtz Law for preparing this instant motion for attorneys' fees, the $2,250.00 billed by Wirtz Law for the "anticipated" time spent drafting the reply, and the $1,350.00 billed by Wirtz Law in "anticipated" time attending the hearing. Because Wirtz Law does not dispute that the instant motion is largely a template-driven activity, the Court will reduce Wirtz Law's fees by $500.00 for the work completed on the motion for attorneys' fees. As to the reply brief, because Wirtz Law has not supplemented its bills with actual time spent on the reply, the Court will reduce the amount recoverable for the reply brief by $1,000.00. Finally, Wirtz Law may not be compensated $1,350.00 for the "anticipated" time for traveling to and appearing for the hearing on instant fee motion. The hearing on this motion for attorneys' fees was vacated by the Court in its determination that the matter was suitable for determination on the papers. (Doc. No. 95.)

In summation, KLG's total recoverable fee amount is reduced by $1,720.00. This brings KLG's recoverable fees down to a total of $20,745.00. Likewise, Wirtz Law's fees are reduced by $3,990.00. This places Wirtz Law's fees to a total of $12,595.00.

## 2. Hourly Rates

FCA next argues that under all of the circumstances of this case—from the value of the vehicle in issue, to the basic nature of the litigation tasks involved—the hourly rates are unreasonable. (Doc. No. 92 at 12.) However, the Court is satisfied with the bases for Plaintiff's counsels' hourly rates. Particularly, Plaintiff has provided ample evidence, including surveys of the hourly rates of similar attorneys with similar experience and qualifications. (Doc. No. 83-3 at 15.) Thus, the Court finds the rates cited for all attorneys supported by evidence and reasonable.

## 3. Lodestar Calculation

The lodestar method calculates attorneys' fees by "by multiplying the number of hours reasonably expended by counsel on the particular matter times a reasonable hourly rate." *State of Fla. v. Dunne*, 915 F.2d 542, 545 n.3 (9th Cir. 1990) (citing *Hensley*, 461 U.S. at 433); *see also Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 489 (2016).

| LAW FIRM | LEGAL PROFRESSIONAL | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| **Knight Law Group** | Alastair Hamblin | 2.8 | $325 | $910.00 |
| | Amy Morse | 14.5 | $350 | $5,075.00 |
| | Jamie Adler | 7.5 | $300 | $2,250.00 |
| | Kirk Donnelly | 11.3 | $400 | $4,520.00 |
| | Kristina Stephenson-Cheang | 7.4 | $375 | $2,775.00 |
| | Lauren Martin | 6.0 | $275 | $1,650.00 |
| | Michelle Lumasag | 4.7 | $200 | $940.00 |
| | Steve Mikhov | 7.9 | $550 | $4,345.00 |
| **Knight Law Group Total** | | | | $22,465.00 |
| | | | | |
| **Wirtz Law** | Richard M. Wirtz | 3.1 | $650 | $2,015.00 |
| | Jessica R. Underwood | 0.7 | $400 | $280.00 |
| | Denali Wixsom | 2.0 | $175 | $350.00 |
| | Rebecca Evans | 15.70 | $200 | $3,140.00 |
| | Amy R. Rotman | 10.60 | $450 | $4,770.00 |
| | Erin K. Barns | 13.40 | $450 | $6,030.00 |
| **Wirtz Law Total** | | | | $16,585.00 |

7

| TOTAL | | | | $39,050.00 |
|-------|---|---|---|-----------|

Here, with no adjustments to the reasonable hourly rates, the total amount of fees for both Knight Law Group and Wirtz Law is $39,050.00. Taking into account the previously noted reductions, the total lodestar amount is $20,745.00 for Knight Law Group's fees and $12,595.00 for Wirtz Law's fees. Therefore, Plaintiff's counsels' total lodestar amounts is **$33,340.00**.

### 4. Application of a Multiplier

Once a court has calculated the lodestar, "it may increase or decrease that amount by applying a positive or negative 'multiplier' to take into account a variety of other factors, including the quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented." *Laffitte,* 1 Cal. 5th at 504 (citation omitted); *see also Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (indicating the court may adjust the fee award considering "the following factors: (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award.").

Here, Plaintiff seeks a 1.5 multiplier based on the risk of taking this case on a contingent fee basis, the substantial costs advanced, the result achieved, and the delay in payment. (Doc. No. 83-1 at 22.) Significantly, however, this case did not present particularly novel or difficult questions of law or fact. Indeed, the issues related to the alleged defect in FCA's vehicles were addressed in *Velasco, et al. v. Chrysler Group LLC*, Case No. 2:13–cv–08080–DDP–VBK and *Hall v. FCA US LLC*, Case No. 1:16-cv-0684-JLT. Thus, the issues presented in this action were not uniquely complex. *See Steel v. GMC,* 912 F. Supp. 724, 746 (N.J. Dist. 1995) ("the issues in lemon law litigation are not complex and do not require a significant amount of legal analysis or novel pleading"). Additionally, it is highly unlikely that the litigation of this specific case precluded counsel, as lemon law attorneys, from taking on other matters. Finally, the Court finds the

8

contingent nature of the fee award is outweighed by the other factors, especially in this action where the disputed facts and issues to be resolved were minimal. Indeed, there was nothing unusual about this case that would put counsel at great risk for accepting the matter on a contingent basis. Accordingly, the Court declines to award a multiplier and finds the lodestar amount of $33,340.00 as reasonable.

### B.     Costs to be Awarded

Plaintiff requests costs in the amount of $28,827.79 in this instant motion for attorneys' fees. (Doc. No. 83-1 at 23.) FCA states it "will contest Plaintiff's purported costs and expenses of $28,827.79 after Plaintiff properly refiles his Bill of Costs in compliance with the Local Rules." (Doc. No. 92 at 7.) The Clerk of Court had directed that Plaintiff's "Bill of Costs must be filed within fourteen days after entry of judgment." (Doc. No. 89.) As such, the Court will defer ruling on Plaintiff's cost at this time. Plaintiff is to refile his Bill of Costs after entry of judgment.

## IV.     CONCLUSION

Based upon the foregoing, the Court **ORDERS** as follows:

1. Plaintiff's motion for fees is **GRANTED** in the modified amount of **$33,340.00**; and

2. Plaintiff must **REFILE** his Bill of Costs in accordance with Local Rule 54.1.

**IT IS SO ORDERED.**

Dated:  November 17, 2020

Hon. Anthony J. Battaglia
United States District Judge

9

# EXHIBIT N

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 58

**19STCV05032**                                                        October 6, 2020
**ELMER A. MANCIA vs FCA US LLC, A DELAWARE**                          8:30 AM
**LIMITED LIABILITY COMPANY, et al.**


Judge: Honorable John P. Doyle            CSR: Jamie Onuki (CSR #13904)
Judicial Assistant: M.F. Lopez            ERM: None
Courtroom Assistant: R.E. Lee             Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Daniel Kalinowski (Telephonic) appearing for Steve Mikhov

For Defendant(s): Jeanette Suarez (Telephonic) appearing for Leon Vram Roubinian


**NATURE OF PROCEEDINGS:** Hearing on Plaintiff's Motion for Attorney Fees


Pursuant to Government Code sections 68086, 70044, and California Rule of Court, rule 2.956,
Jamie Onuki (CSR #13904), certified shorthand reporter is appointed as an official Court
reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court
Reporter Agreement. The Order is signed and filed this date.

The matter is called for hearing.

The Court gives the following tentative ruling:

The Motion for Attorneys' Fees and Costs is granted in part.

As the prevailing party via settlement in this lemon law action, Plaintiff seeks $60,657.66 in
attorneys' fees and costs, representing (1) a $36,130 lodestar figure, (2) a 0.5 multiplier, and (3)
$6,769.40 in costs. (Civ. Code § 1794(d).)

Defendants FCA US LLC and Surf City Autogroup oppose the Motion on the grounds that (1)
the number of hours billed is excessive; (2) counsel's hourly rates are excessive, and (3) no
multiplier is warranted.
As an initial matter, the Court agrees that no multiplier is warranted given the nature and scope
of this matter.

Second, the Court finds the hourly rates which range from $200 to $750 to be reasonable for the
locality. (Mikhov Decl. ¶¶ 22-34; Boucher Decl. ¶ 13.)

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 58

**19STCV05032**                                                        October 6, 2020
**ELMER A. MANCIA vs FCA US LLC, A DELAWARE**                          8:30 AM
**LIMITED LIABILITY COMPANY, et al.**

Judge: Honorable John P. Doyle              CSR: Jamie Onuki (CSR #13904)
Judicial Assistant: M.F. Lopez              ERM: None
Courtroom Assistant: R.E. Lee               Deputy Sheriff: None

As to the hours incurred, the Court, in the exercise of its discretion, will apply a 15% haircut to the lodestar figure.

Finally, the Court cannot yet award costs because a motion to tax costs has been filed.

In sum, the Court awards $30,710.50 in attorneys' fees. The Motion is granted in part.

The matter is argued.

The Court's adopts its tentative ruling, except for the amount of attorneys' fees. The Court awards $29,839.25 in attorneys' fees.

The plaintiff's Motion re: FOR ATTORNEY'S FEES, COSTS AND EXPENSES filed by ELMER A. MANCIA on 09/09/2020 is Granted in Part.

The hearing on Motion to Tax Costs, set for 11/17/2020, is changed to 9:30 a.m. in Department 58.

Notice is waived.

# EXHIBIT O

Case 2:20-cv-08914-DSF-PVC Document 32-2 Filed 09/22/21 Page 172 of 533 Page ID
#:542
Case 2:18-cv-08297-VAP-PLC Document 72 Filed 09/08/20 Page 1 of 11 Page ID #:9563

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| Case No. | **LACV 18-08297-VAP (PLAx)** | Date | September 8, 2020 |
|---|---|---|---|
| Title | ***Caleb Lin v. BMW of North America, LLC, et al.*** | | |

Present: The Honorable   VIRGINIA A. PHILLIPS, UNITED STATES DISTRICT JUDGE

| Christine Chung | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):      Attorney(s) Present for Defendant(s):

None Present               None Present

Proceedings:   **MINUTE ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR
ATTORNEY'S FEES, COSTS, AND EXPENSES (IN CHAMBERS)**

Before the Court is Plaintiff Caleb Lin's ("Plaintiff") "Motion for Attorney's Fees, Costs
and Expenses" ("Motion"), filed on August 11, 2020. Having considered the papers filed in
support of, and in opposition to, the Motion, the Court finds this matter appropriate for resolution
without oral argument pursuant to Local Rule 7-15 and VACATES the hearing set on September
14, 2020 at 2:00 p.m. For the following reasons, the Court GRANTS IN PART and DENIES IN
PART the Motion.

**I.    Background**

Plaintiff initiated this case under the Song-Beverly Consumer Warranty Act ("Song-
Beverly") in Los Angeles Superior Court on January 19, 2018, alleging he made repeated repairs
to fix his leased 2014 BMW i3/Rex vehicle. After Plaintiff dismissed Defendant New Century
BMW from the lawsuit, Defendant BMW of North America, LLC removed the action to federal
court on September 25, 2018, invoking this Court's diversity jurisdiction, 28 U.S.C. § 1332.

Following removal, the parties engaged in written discovery and took the depositions of
New Century BMW's dealership personnel, Plaintiff, and Defendant's "person most
knowledgeable." (See Mot. at 4-7.) The parties attended a mediation on March 15, 2019, which
was unsuccessful; a joint status conference on July 10, 2019; and the Rule 16 conference on
August 27, 2019. (Id.) The parties then prepared for trial, including filing motions in limine,
memoranda of contentions of law and fact, witness lists, a joint trial exhibit list, and jury
instructions. (Id.; see also Dkt. Nos. 34-44, 46-53.) Specifically, Plaintiff filed three motions in

Case 2:20-cv-08217-VAP-PLA Document 82-2 Filed 08/22/21 Page 173 of 533 Page ID
#:543
Case 2:19-cv-08257-VAP-PLA Document 73-2 Filed 09/09/20 Page 2 of 11 Page ID #:9564

limine, two of which Defendant did not oppose.  Defendant filed two motions in limine and
Plaintiff did not file a response to either.

      The Court ruled on the motions in limine in an order entered September 20, 2019.  (See
Dkt. No. 54.)  In that Order, the Court pointed out Plaintiff's peculiar labeling of its motions and
how Plaintiff exclusively cited to the California Evidence Code throughout its motions, whereas
the Federal Rules of Evidence apply to actions pending in federal courts.  (Id. at 1.)  The Court
granted Plaintiff's two unopposed motions and denied the third, as it found permissible
Defendant's proposed use of evidence relating to prior settlement negotiations.  (Id. at 2.)  The
Court granted both of Defendant's unopposed motions.  (Id.)  In that Order, the Court also
pointed out that counsel for both parties failed to comply with the Local Rules on several
occasions and their pretrial documents, including the final pretrial conference order, the exhibit
lists, and jury instructions, were "woefully inadequate."  (Id. at 3.)  The Court sua sponte vacated
the pretrial conference date and reset the matter for trial on June 16, 2020.  The Court also
ordered the parties to "resubmit a proposed Pretrial Conference Order, jury instructions, and
evidentiary objections to Exhibits, by September 26, in the format prescribed in the Court's Civil
Trial Scheduling Order."  (Id.)

      The parties filed proposed jury instructions, a joint exhibit list, and a proposed pretrial
conference order on September 26, 2019.  (See Dkt. Nos. 55-59.)  In an Order entered on
October 2, 2019, the Court explained the parties had failed, yet again, to comply with the Civil
Trial Scheduling Order, "which specifically states that parties may submit, at most, two sets of
instructions – one joint and one disputed."  (Dkt. No. 60.)  The Court struck both Plaintiff's and
Defendant's disputed jury instructions and ordered them to resubmit the instructions "in the
prescribed format" by October 8, 2019.  (Id.)  Defendant filed the disputed jury instructions on
October 8, 2019.  (Dkt. No. 61.)

      On June 5, 2020, the Court continued the pretrial conference to August 17, 2020 and the
trial date to August 25, 2020.  (Dkt. No. 66.)

      Plaintiff accepted Defendant's settlement offer on July 14, 2020.  Plaintiff agreed to settle
his claims in exchange for $49,000.  (See Mot. at 1, 12.)  The parties filed a joint notice of
settlement on July 15, 2019 and the Court ordered the action dismissed on July 28, 2020.

      Plaintiff filed the instant Motion on August 11, 2020.  Defendant filed Opposition to the
Motion on August 24, 2020.  Plaintiff filed a Reply thereto on August 31, 2020.

## II.    Legal Standard

      Fees in Song-Beverly cases are governed by California Civil Code § 1794(d), which
provides:  "If the buyer prevails in an action under this section, the buyer shall be allowed by the
court to recover as part of the judgment a sum equal to the aggregate amount of costs and
expenses, including attorney's fees based on actual time expended, determined by the court to
have been reasonably incurred by the buyer in connection with the commencement and
prosecution of such action."  "The plain wording of the statute requires the trial court to base the
fee award upon actual time expended on the case, as long as such fees are reasonably incurred –

both from the standpoint of time spent and the amount charged." Robertson v. Fleetwood Travel Trailers of Cal., Inc., 144 Cal. App. 4th 785, 817-18 (2006) (emphasis in original).

Courts use a two-step lodestar approach to calculate attorneys' fees. Id. (citing Serrano v. Prices, 20 Cal. 3d 25, 48-49 (1977)); see also Welch v. Metro. Life Ins. Co., 480 F.3d 942, 945 (9th Cir. 2007). The first step is to calculate a "lodestar" by "multiplying the number of hours [the Court] finds the prevailing party reasonably expended on the litigation by a reasonable hourly rate." McGrath v. Cnty. of Nev., 67 F.3d 248, 252 (9th Cir. 1995) (citation omitted). "In determining the appropriate lodestar amount, the district court may exclude from the fee request any hours that are excessive, redundant, or otherwise unnecessary." Welch, 480 F.3d at 946 (internal quotations omitted).

"The [fee] applicant has an initial burden of production, under which it must 'produce satisfactory evidence' establishing the reasonableness of the requested fee." United States v. $28,000 in U.S. Currency, 802 F.3d 1100, 1105 (9th Cir. 2015). "This evidence must include proof of market rates in the relevant community (often in the form of affidavits from practitioners) . . . and detailed documentation of the hours worked." Id. (citations omitted).

The second step is to determine whether the lodestar amount is reasonable or needs to be augmented. Id.; see also Robertson, 144 Cal. App. 4th at 817-18 (citing Levy v. Toyota Motor Sales, U.S.A., Inc., 4 Cal. App. 4th 807, 816 (1992)). The Ninth Circuit has adopted the following factors to determine whether the fees requested by the prevailing party are reasonable: time and labor required; the novelty and difficulty of the questions involved; the skill needed to perform the legal service properly; the preclusion of other employment by the attorney due to acceptance of the case; the customary fee, whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the experience, reputation, and ability of the attorney; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975), abrogated on other grounds by City of Burlington v. Dague, 505 U.S. 557 (1992).

The Ninth Circuit has noted that many of the Kerr factors are subsumed within the lodestar calculation. Jordan v. Multnomah Cnty., 815 F.2d 1258, 1262 (9th Cir. 1987). While the court must consider the Kerr factors, it need not discuss all of them "because most are not matters on which anything is at issue or needs to be said." McGinnis v. Ky. Fried Chicken of Cal., 51 F.3d 805, 809 (9th Cir. 1994). Typically, the reasonableness determination "will involve considering both the proponent's evidence and evidence submitted by the fee opponent 'challenging the accuracy and reasonableness of the facts asserted by the prevailing party.'" $28,000 in U.S. Currency, 802 F.3d at 1105 (quoting Camacho, 523 F.3d at 980). There is a strong presumption, however, that the lodestar figure represents a reasonable fee. Jordan, 815 F.2d at 1262 (citing Pa. v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986)).

## III. Discussion

In the Motion, Plaintiff argues, as the prevailing party in this litigation, he is entitled to an award of his attorneys' fees, costs, and expenses. Plaintiff explains his attorneys from Knight Law Group, LLP incurred $28,212.50 and his attorneys at Century Law Group LLP incurred

$20,566.25 to prosecute this action.  He asks for "a modest 0.5 enhancement in the amount of $24,389.38, to account for the delay in payment and contingent risk posed by this case, as well as the excellent result achieved."  (Mot. at 8.)  Plaintiff's costs and expenses total $9,804.25.  In total, Plaintiff seeks $82,972.38 in fees, costs, and expenses.  (Id.)  In support of the Motion, Plaintiff submits the hourly rates of his counsel, a survey of rates charged by other consumer law attorneys, several court orders confirming the reasonableness of counsel's fees in other Song-Beverly Act cases, and a national survey of hourly rates charged by other counsel in similar cases.

In Opposition, Defendant does not dispute that for the purposes of the Motion, Plaintiff is deemed the prevailing party.  Defendant agrees Plaintiff is entitled to reasonable attorneys' fees, but objects to the amount sought as unreasonable.  Specifically, Defendant argues Plaintiff was represented by too many attorneys who duplicated work, warranting a reduction in the fee award sought.  In addition, Defendant contends a multiplier adjustment is not warranted.  Lastly, Defendant argues Plaintiff's bill of costs has not yet been determined by the Clerk of Court, so the Court should not reach this issue.

Plaintiff was represented in this litigation by two law firms, comprising a team of thirteen attorneys.  (See Declaration of Edward O. Lear ("Lear Decl.") ¶¶ 3-9, Exh. A; Declaration of Steve Mikhov ("Mikhov Decl.") ¶¶ 2, 22-36, Exh. A.)  Plaintiff seeks:

- $9,966.25 for the fees of Edward O. Lear of Century Law Group LLP, based on an hourly rate of $595 per hour and a total of 16.75 hours;

- $6,560 for the fees of Rizza Gonzales of Century Law Group LLP, based on an hourly rate of $400 per hour and a total of 16.4 hours;

- $4,040 for the fees of Saba Zafar of Century Law Group, LLP, based on an hourly rate of $400 per hour and a total of 10.1 hours;

- $2,365 for the fees of Steve Mikhov of Knight Law Group, LLC, based on an hourly rate of $550 per hour and a total of 4.3 hours;

- $3,115 for the fees of Amy Morse of Knight Law Group, LLC, based on an hourly rate of $350 per hour and a total of 8.9 hours;

- $6,150 for the fees of Kristina Stephenson-Cheang of Knight Law Group, LLC, based on an hourly rate of $350 per hour and a total of 16.4 hours;

- $6,600 for the fees of Deepak Devabose of Knight Law Group, LLC, based on an hourly rate of $275 per hour and a total of 24 hours;

- $275 for the fees of Daniel Kalinowski of Knight Law Group, LLC, based on an hourly rate of $250 per hour and a total of 1.1 hours;

- $3,715.50 for the fees of Constance Morrison of Knight Law Group, LLC, based on an hourly rate of $375 per hour and a total of 9.9 hours;

- $1,200 for the fees of Daniel Macioce of Knight Law Group, LLC, based on an hourly rate of $200 per hour and a total of 6 hours;

- $742.50 for the fees of George Semaan of Knight Law Group, LLC, based on an hourly rate of $225 per hour and a total of 3.3 hours;

- $1,680 for the fees of Maite Colon of Knight Law Group, LLC, based on an hourly rate of $275 per hour and a total of 5.6 hours; and

- $2,372.50 for the fees of Mitchell Rosensweig of Knight Law Group, LLC, based on an hourly rate of $325 per hour and a total of 7.3 hours.

(Id.)  Plaintiff also seeks a 0.5 multiplier on the lodestar due to "the delay in payment and contingent risk of the case."  (Mot. at 8).

## A.      Lodestar Calculation
### 1.      Reasonable Hourly Rates

The Ninth Circuit has explained "determining a reasonable or prevailing rate of compensation is inherently difficult."  Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986) reh'g denied, amended on other grounds, 808 F.2d 1373 (9th Cir. 1987) (quotations and citation omitted).  "[T]he established standard when determining a reasonable hourly rate is the 'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'"  Camacho, 523 F.3d at 979 (quoting Barjon v. Dalton, 132 F.3d 496, 502 (9th Cir. 1997)).

"[T]he burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  Camacho, 523 F.3d at 980 (quoting Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984)).  "Generally, the relevant community is the forum in which the district court sits."  Barjon, 132 F.3d at 500.  In the event that the moving party fails to provide affidavits from local attorneys or from a fee expert to show that the requested rates match the prevailing market rates, the district court may rely on its own knowledge of customary rates and its familiarity with the legal market.  See Ingram v. Oroudijian, 647 F.3d 925, 928 (9th Cir. 2011).

In support of Plaintiff's counsel's hourly billing rates, Plaintiff has submitted declarations from his attorneys Edward O. Lear and Steve Mikhov.  These declarations provide the year each attorney listed supra was licensed, their requested billing rates, and, in some instances, relevant experience, as follows:

- Edward O. Lear: founder and co-managing partner of Century Law Group LLP; licensed to practice law since 1987; "over 30 years of litigation experience" and has tried over 250 cases; requested rate of $595 per hour.  (Lear Decl. ¶¶ 2-5.)

- Rizza Gonzales: partner at Century Law Group LLP; licensed to practice law since 2009; practice has been in "civil litigation involving real estate law, eminent domain, business disputes, and professional licensing defense;" requested rate of $400 per hour.  (Lear Decl. ¶ 6.)

- Saba Zafar: no information provided regarding law practice or experience; requested rate of $400 per hour.  (Lear Decl., Exh. A.)

- Steve Mikhov: managing partner at Knight Law Group, LLP; licensed to practice law since 2003; specialist in consumer law and "extensive experience prosecuting and resolving consumer protection matters;" requested rate of $550 per hour.[1] (Mikhov Decl. ¶¶ 22-25.)

- Amy Morse: partner at Knight Law Group, LLP; licensed to practice law since 2013; no discussion of relevant legal experience; requested rate of $350 per hour. (Mikhov Decl. ¶ 26.)

- Kristina Stevenson-Cheang: attorney at Knight Law Group, LLP from 2013 through March 2020; licensed to practice law since 2008; has worked on lemon law cases for several years; requested rate of $350 per hour.  (Mikhov Decl. ¶ 27.)

- Deepak Devabose: associate at Knight Law Group, LLP; licensed to practice law since 2014; no discussion of relevant legal experience; requested rate of $275 per hour.  (Mikhov Decl. ¶ 28.)

- Daniel Kalinowski: associate at Knight Law Group, LLP; licensed to practice law since 2015; "prior professional experience includes business litigation, real estate litigation, and employment litigation;" requested rate of $275 per hour.  (Mikhov Decl. ¶ 29.)

- Constance Morrison: of counsel at Knight Law Group, LLP; licensed to practice law since 1996; "over 20 years of litigation experience;" requested rate of $375 per hour.  (Mikhov Decl. ¶ 30.)

- Daniel Macioce: associate at Knight Law Group, LLP; licensed to practice law since 2018; no discussion of relevant legal experience; requested rate of $200 per hour.  (Mikhov Decl. ¶ 31.)

- George Semaan: associate at Knight Law Group, LLP; licensed to practice law since 2016; "spent his first year practicing intellectual property, business, and

[1] Curiously, Mikhov states his hourly billing rate is $550 in paragraph 25 of his Declaration, but then he states his rate is $500 per hour in paragraph 37.  In any event, the billing records attached to the Mikhov Declaration demonstrate his billing rate is $550 per hour.

employment law" and joined Knight Law Group, LLP in 2017; requested rate of $225 per hour. (Mikhov Decl. ¶ 32.)

- Maite Colon: associate at Knight Law Group, LLP; licensed to practice law in Florida since 2012 and in California in 2018, she is also admitted to practice law in the District of Columbia and the District Court of Puerto Rico; joined Knight Light Group LLP in 2017 and before that "she worked at an international law firm gaining valuable experience in commercial transactional work and international law;" requested rate of $275 per hour. (Mikhov Decl. ¶ 33.)

- Mitchell Rosensweig: associate at Knight Law Group, LLP; licensed to practice law in Maryland in 2012, in Washington, D.C. in 2014, and in California in 2018; before joining Knight Law Group, LLP, he "practiced primarily in the area of medical malpractice;" requested rate of $325 per hour. (Mikhov Decl. ¶ 34.)

Lear includes the following statement in his declaration: "In my billing statement submitted along with this motion, I reduced our billing for several of the inter-office conferences, non-substantive email exchanges (most of which are not even including in our bills) and other administrative tasks, which occurred throughout this litigation. My firm's billing practice is to reduce such items in our bills as a courtesy to our clients. I offer the Defendants that same courtesy in my firm's billing statement in this case." (Lear Decl. ¶ 4.) Similarly, Mikhov explains he reviewed his firm's billing entries and "removed or reduced any time [he] felt was excessive, duplicative, or otherwise unreasonable, or [he] [] labeled the entry "no charge", as identified by "N/C" in the invoice." (Mikhov Decl. ¶ 36.) Having reviewed all of the billing entries by both firms, the Court notes Knight Law Group, LLP did not charge for 4.1 hours of time spent by its attorneys prosecuting this action.

In support of the proposed hourly billing rates of Plaintiff's counsel, Mikhov includes a survey of seven California consumer litigators and their hourly rates, as surveyed between 2007 and 2017. (See Mikhov Decl. ¶ 37.) He also describes and attaches orders granting motions for attorneys' fees in Knight Law Group, LLP's cases between January 14, 2008 and December 12, 2018 to show the hourly billing rates that have been approved by other courts. (Id. ¶¶ 38-81, Exh. E-VV.) Mikhov also attaches the United States Consumer Law Attorney Fee Survey Report published in 2019, which reflects hourly billing rates from 2017 to 2018. (Id. ¶ 82, Exh. WW.)

In Opposition, Defendant argues Plaintiff's counsel's rates are unreasonable because these are not rates actually charged to Plaintiff as counsel were engaged on a contingency fee basis. (See Opp'n at 7-8.) This argument lacks merit. See Robertson, 144 Cal. App. 4th at 818 ("In attacking the attorney fee award in the instant case, Fleetwood first contends that the award is improper because the Robertsons did not 'incur' any attorney's fees. The argument is apparently based on the fact that there was a contingent fee arrangement. We reject Fleetwood's contention. Under the fee-shifting provisions contained in the remedial statutes, courts have routinely allowed fees to be recovered to compensate for legal services performed for a client even though the client did not have a personal obligation to pay for such services out of his or her own assets.") (citing Lolly v. Campbell, 28 Cal. 4th 367, 373 (2002) and Hayward v. Ventura Volvo, 108 Cal. App. 4th 509, 510-13 (2003))). Although Plaintiff's counsel was retained on a

contingency fee basis, Plaintiff is entitled to recovery of his attorneys' fees pursuant to the relevant fee-shifting provisions of Song-Beverly.  Id.

   The Court has reviewed Plaintiff's counsel's submissions and finds the Consumer Law Attorney Fee Survey Report inadequate to establish Plaintiff's requested rates are reasonably calculated in context of the relevant community, the Central District of California.  The survey does not indicate, among other things, (1) the specific kinds of cases included under the "Consumer Law" umbrella; (2) whether the attorneys' cases are class or individual actions; (3) the experience or skill of the attorneys surveyed, other than the number of years the attorney has practiced; or (4) the courts in which the survey population practices.  Moreover, there is also no indication that the surveyor tried to validate the results from his survey in any way.  This is particularly problematic where the population of attorneys surveyed may be motivated by their own personal professional interests for the rates to increase.  See Sam K. ex rel. Diane C. v. Hawaii Dept. of Educ., 788 F.3d 1033, 1041 (9th Cir. 2015) (recognizing that it is appropriate for a district court to deem attorneys' declarations regarding whether a rate is reasonable as unreliable where the attorneys' "own professional interests might motivate them to favor higher rates.").

   The Court is also not persuaded by the "survey" of seven practitioners included in Mikhov's Declaration to establish counsel's hourly billing rates are reasonable.  Some of the rates surveyed are a decade old and this survey may suffer from the same motivation bias as the Consumer Law Attorney Fee Survey Report.  Sam K. ex rel. Diane C. v. Hawaii Dept. of Educ., 788 F.3d at 1041.

   Other than the surveys, Plaintiff provides his own counsel's declarations, as well as several orders granting counsel's motions for attorneys' fees for over a decade.  Although the orders themselves are somewhat useful in the Court's analysis here, they do not establish "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," Camacho, 523 F.3d at 979, mostly because the orders award attorneys' fees sought in other cases with these same Plaintiff's counsel, not other comparable lawyers in the Central District of California.  Plaintiff does not submit affidavits from local attorneys or from a fee expert to establish the reasonableness of the requested rates.  Hence,  Plaintiff has failed to satisfy his burden of showing that his attorneys' rates are reasonable in the prevailing market.

   Accordingly, the Court relies on its own knowledge of customary rates in this legal market.  See Ingram, 647 F.3d at 928.  Based on its own knowledge of customary attorney's fees in the Central District of California's legal market, the Court finds the requested rates of the following attorneys reasonable: $595 per hour for Edward O. Lear; $550 per hour for Steve Mikhov; $350 per hour for Amy Morse; $350 per hour for Kristina Stevenson-Cheang; $275 per hour for Deepak Devabose; $275 per hour for Daniel Kalinowski; $375 per hour for Constance Morrison; $200 per hour for Daniel Macioce; $225 per hour for George Semaan; and $275 per hour for Maite Colon.

   The Court reduces the hourly rates requested for the following counsel, to bring them in line with the customary rates in the Central District of California's legal market and so the rates

are consistent among the attorneys with similar levels of legal experience: the hourly rate for
Rizza Gonzales is reduced to $350 per hour to bring her rate in line with that of Kristina
Stevenson-Cheang, who has a similar level of legal experience; the hourly rate for Saba Zafar is
reduced to $200 because no information is provided regarding counsel's bar admission date or
legal experience; and the hourly rate for Mitchell Rosensweig is reduced to $275 to bring his rate
in line with that of Maite Colon, who has also been a practicing attorney since 2012.

### 2.      Reasonable Hours

In determining the reasonableness of the number of hours expended, the Court must
examine detailed time records to determine whether the hours claimed are adequately
documented and whether any of them are unnecessary, duplicative, or excessive. Chalmers, 796
F.2d at 1210 (citing Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983)). The trial court, due to
its familiarity with the case, is in the best position to evaluate the reasonableness of the hours
requested. Moreno v. City of Sacramento, 534 F.3d 1106, 1116 (9th Cir. 2008).

In Opposition, Defendant argues "the fee award should be reduced due to egregious
overstaffing" and contends this "simple" lemon law case did not require the services of thirteen
attorneys from two different law firms. (See Opp'n at 8-12.) Defendant moves the Court to
award Plaintiff fees for the work of only five attorneys pursuant to Morris v. Hyundai Motor
Am., 41 Cal. App. 5th 24 (2019) or exercise its discretion and reduce the requested fees by 33%
pursuant to Warren v. Kia Motors Am., Inc., 30 Cal. App. 5th 24 (2018). (Opp'n at 8-10.) In the
alternative, Defendant objects to specific billing entries on various grounds. (Opp'n at 11-13.)

Although the Court shares Defendant's surprise that thirteen attorneys worked on this
matter for Plaintiff, the Court declines to impose the more draconian fee reductions set forth in
Morris and Warren. In this case, although thirteen is a large number of attorneys and likely
caused some inefficiencies in Plaintiff's representation, having reviewed the detailed billing
records submitted by Plaintiff's counsel, the Court concludes counsel did not engage in much
duplication of efforts and most worked on discrete tasks associated with an aspect of Plaintiff's
representation. Where the Court has found unnecessary duplication or excessive billing, for
example, the Court has reduced the fees requested, as discussed below.

The Court has reviewed each and every billing entry in Plaintiff's fee request and has
reduced or eliminated the hours of Plaintiff's counsel where the hours were excessive,
duplicative or unnecessary, or charged for clerical or secretarial tasks. For example, the Court
deducted time from: (1) Saba Zafar's fees for attending the Rule 16-2 conference, as Edward
Lear also attended; (2) Saba Zafar and Edward Lear's fees for excessive and duplicative time
preparing pretrial documents and for block billing for their work on the pretrial documents, see
Welch, 480 F.3d at 948 (explaining block billing presents difficulty in determining
reasonableness of the time expended on litigation tasks); (3) Maite Colon's fees for excessive
time spent drafting, editing, and finalizing the Rule 26(f) report; (4) Steve Mikhov's fees for
reviewing and auditing billing, as this is a routine clerical task; and (5) Deepak Devabose's
anticipated fees for preparing for and attending the hearing on this Motion, as the Court vacated
the hearing.

---

In total, the Court reduces Saba Zafar's hours by 6.7 hours, Edward O. Lear's hours by 5 hours, Maite Colon's hours by 1 hour, Steve Mikhov's hours by 0.4 hours, and Deepak Devabose's hours by 4.5 hours.

The "presumptively reasonable" lodestar amounts for Plaintiff's counsel are as follows:

| Attorney | Hourly Rate | Hours | Lodestar |
|---|---|---|---|
| Edward O. Lear | $595 | 11.75 | $6,991.25 |
| Rizza Gonzales | $350 | 16.4 | $5,740.00 |
| Saba Zafar | $200 | 3.4 | $680.00 |
| Steve Mikhov | $550 | 3.9 | $2,145.00 |
| Amy Morse | $350 | 8.9 | $3,115.00 |
| Kristina Stevenson-Cheang | $350 | 16.4 | $5,740.00 |
| Deepak Devabose | $275 | 19.5 | $5,362.50 |
| Daniel Kalinowski | $275 | 1.1 | $302.50 |
| Constance Morrison | $375 | 9.9 | $3,712.50 |
| Daniel Macioce | $200 | 6 | $1,200.00 |
| George Semaan | $225 | 3.3 | $742.50 |
| Maite Colon | $275 | 4.6 | $1,265.00 |
| Mitchell Rosensweig | $275 | 7.3 | $2,007.50 |
| **Total** | | **112.45** | **$39,003.75** |

### 3. Fee Multiplier of the Lodestar Amount

Plaintiff argues that his attorneys are entitled to a 0.5 fee multiplier on the lodestar amount due to the contingent nature of their work, the delay in payment, and the public service of representing consumers. (See Mot. at 14-16.) In Opposition, Defendant argues a multiplier is not justified in light of the routine nature of this lemon law case and the narrow issues presented. (Opp'n at 16-19.)

The Court sees no reason to depart from the lodestar amount. "A trial court should award a multiplier for exceptional representation only when the quality of representation far exceeds the quality of representation that would have been provided by an attorney of comparable skill and experience billing at the hourly rate used in the lodestar calculation. Otherwise, the fee award will result in unfair double counting and be unreasonable . . . ." Ketchum v. Moses, 24 Cal. 4th 1122, 1139 (2001). Plaintiff's counsel's performance here was not exceptional. The attorney time reasonably dedicated to this case was moderate, i.e., under 113 hours spent by thirteen attorneys over two years, and the legal issues presented were neither complex nor novel. Counsel spent time mostly in discovery and did not engage in motion practice before the Court,

except with respect to the motions in limine, discussed <u>supra</u>.  Further, the skill and ability of Plaintiff's counsel exhibited in the pretrial documents was far from exceptional: they failed to follow multiple Local Rules, as well as the Court's Orders, and they cited exclusively to the California Evidence Code, when the Federal Rules of Evidence control.  The Court therefore concludes that a fee multiplier is not appropriate here, as the facts and circumstances of this case do not justify enhancement.

In sum, the Court awards attorneys' fees to Plaintiff in the total amount of $39,003.75.

**B.	Costs**

Plaintiff's application to tax costs is pending before the Clerk of Court.  The matter of Plaintiff's costs will only come before the Court if Plaintiff moves to retax costs.  The request to award his costs is denied as premature.

**IV.	Conclusion**

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Attorney's Fees, Costs and Expenses, and awards Plaintiff a total sum of $39,003.85 for his reasonable attorneys' fees.  Plaintiff's request for an award of his costs is DENIED as premature, as the Clerk has not yet taxed his costs.

**IT IS SO ORDERED.**

# EXHIBIT P

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONFORMED COPY**
**ORIGINAL FILED**
**Superior Court of California**
**County of Los Angeles**

SEP 15 2020

Sherri R. Carter, Executive Officer/Clerk of Court

By: Julian Araujo, Deputy

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| JOSE LUIS CHAVEZ RAMIREZ aka JOSE LUIS CHAVEZ and ISMAEL ALVAREZ, | Case No.: 19STCV08317 |
| | *Unlimited Jurisdiction* |
| Plaintiffs, | [PROPOSED] ORDER ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES |
| vs. | |
| | *Assigned for all purposes to the Honorable Barbara Meiers* |
| GENERAL MOTORS LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive, | |
| | Date:       August 21, 2020 |
| Defendants. | Time:       9:30 a.m. |
| | Department:  12 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Plaintiffs' Motion for Attorney's Fees, Costs and Expenses came on regularly for hearing on August 21, 2020, at 9:30 a.m., in Department 12, of the above-entitled court located at 111 North Hill Street, Los Angeles, California 90067, the Honorable Barbara Meiers, presiding.  Plaintiffs

1

[PROPOSED] ORDER

Electronically Received 09/08/2020 05:02 PM

1   moved the Court for an award of $18,822.50 in lodestar attorney fees plus a .5 lodestar multiplier,

2   and $2,143.50 in costs and expenses.

3         Jacob Cutler of Knight Law Group, LLP appeared telephonically on behalf of Plaintiffs Jose

4   Luis Chavez Ramirez aka Jose Luis Chavez and Ismael Alvarez.   Cameron Major of The Erkine

5   Law Group, PC appeared telephonically on behalf of Defendant GENERAL MOTORS LLC.

6   Having read the motions, the memoranda and the declarations filed by the parties, and having heard

7   oral argument of counsel, the Court makes its ruling as follows:

8         1.   Plaintiffs' Motion for Attorney's Fees, Costs and Expenses is GRANTED, ~~in part;~~

9         ~~2.   Plaintiffs are awarded lodestar attorney's fees in the amount of $18,822.50;~~

10        ~~3.   The Court awards a 0.5 lodestar multiplier in the amount of $9,411.25;~~

11        4.   Plaintiffs are awarded a total amount of attorney's fees in the amount of $~~28,233.75;~~ *$30,377.25*

12        5.   Plaintiffs are awarded costs and expenses in the amount of $1,725.60;

13        ~~6.   Plaintiffs are awarded a total amount of attorney's fees, costs and expenses in the amount~~

14        ~~of $29,959.35.~~

15        **IT IS HEREBY ORDERED.**

16                               **IT IS SO ORDERED**

17

18  Dated: 9/15/20

                                 Judge of the Superior Court

19  Prepared by:
    **KNIGHT LAW GROUP, LLP**

20  Steve Mikhov (SBN 224676)
    stevem@knightlaw.com

                               **Hon. Barbara A. Meiers**

21  Deepak Devabose (SBN 298890)
    deepakd@knightlaw.com

22  10250 Constellation Blvd., Suite 2500

23  Los Angeles, CA 90067

24  Telephone: (310) 552-2250
    Fax: (310) 552-7973

25  Attorneys for Plaintiffs,
    JOSE LUIS CHAVEZ RAMIREZ aka

26  JOSE LUIS CHAVEZ and

27  ISMAEL ALVAREZ

28

~~[PROPOSED]~~ ORDER

# EXHIBIT Q

Electronically Received 09/01/2020 02:36 PM

Electronically Received 09/01/2020 02:36 PM

**FILED**
Superior Court of California
County of Los Angeles

**09/15/2020**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ C. Guerrero _____ Deputy

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| **MISTY A. MIRANDA and JACOB STONE,** | Case No.: BC625980 |
| Plaintiffs, | **[PROPOSED] JUDGMENT ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES** |
| vs. | |
| **FCA US LLC, a Delaware Limited Liability Company, JRDTSP LLC, a California Limited Liability Company dba SCOTT ROBINSON CHRYSLER DODGE, and DOES 1 through 10, inclusive,** | Date: August 13, 2020<br>Time: 10:30 a.m.<br>Dept.: 74 |
| Defendants. | |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Plaintiffs' Motion for Attorneys' Fees came on regularly for hearing on August 13, 2020, at 10:30 a.m., in Department 74, of the above-entitled court located at 111 North Hill Street, Los Angeles, California 90067, the Honorable Michelle Williams Court, presiding.  Plaintiff moved

-1-

the Court for an award of $73,512.50 in lodestar attorney fees plus a .5 lodestar multiplier.

Erin K. Barns of Wirtz Law APC appeared via LA Court Video on behalf of Plaintiffs Misty A. Miranda and Jacob Stone.  Samantha Hughes of Lewis Brisbois Bisgaard & Smith LLP appeared via LA Court Video on behalf of Defendants FCA US LLC and JRDTSP LLC.  Having read the motions, the memoranda and the declarations filed by the parties, and having heard oral argument of counsel, the Court modified its tentative ruling.

NOW THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED, as follows:

1. Plaintiffs' Motion for Attorney's Fees is GRANTED, in part;

2. The Court finds that the following hourly rates requested by counsel are reasonable:

Knight Law Group, LLP

- Steve Mikhov $550.00/hr
- Russell Higgins $450.00/hr
- Kristina Stephenson-Cheang $375.00/hr
- Amy Morse $350.00/hr
- Brian Murray $350.00/hr
- Raymond Areshenko $350.00/hr
- George Aguilar $275.00/hr
- Daniel Kalinowski $250.00/hr
- Jennifer Reiz $225.00/hr
- Thomas Burns $225.00/hr

Wirtz Law APC

- Richard M. Wirtz $650.00/hr
- Amy R. Rotman $450.00/hr
- Erin K. Barns $450.00/hr
- Jessica R. Underwood $400.00/hr
- Lauren B. Veggian $350.00/hr
- Andrea Munoz $200.00/hr
- Rebecca Evans $200.00/hr

[PROPOSED] JUDGMENT

3.  Plaintiffs are awarded lodestar attorney's fees in the amount of $71,937.50;

4.  The Court declines to award a lodestar multiplier;

5.  Payment of Plaintiffs' attorneys' fees is due within 60 days of this hearing.

JUDGMENT is hereby entered in favor of Plaintiffs Misty A. Miranda and Jacob Stone and against Defendants FCA US LLC and JRDTSP LLC in the amount of $71,937.50.

**IT IS HEREBY ORDERED.**

**IT IS SO ORDERED**

Dated: _____09/15/2020_____        _____

Judge of the Superior Court

Prepared by:

**KNIGHT LAW GROUP, LLP**
Steve Mikhov (SBN 224676)
*stevem@knightlaw.com*
Deepak Devabose (SBN 298890)
*deepakd@knightlaw.com*
10250 Constellation Blvd., Suite 2500
Los Angeles, California 90067
Telephone: (310) 552-2250
Fax: (310) 552-7973
Attorneys for Plaintiffs,
MISTY A. MIRANDA and
JACOB STONE

[PROPOSED] JUDGMENT

1

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

2

3        I am employed in the County of Los Angeles, State of California.  I am over the age of 18
years and not a party to the action.  My business address is 10250 Constellation Boulevard, Suite

4    2500, Los Angeles, CA 90067.

5        I served the foregoing document described as:

6    **[PROPOSED] JUDGMENT ON PLAINTIFFS' MOTION FOR ATTORNEYS'
     FEES**

7

8        Said document was served on the interested party in this action, by placing true copies
thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

9

10   Eric Y. Kizirian, Esq.                      Richard Wirtz, Esq.
     Samantha J. Hughes, Esq.                    WIRTZ LAW APC
11   Steven E. Meyer, Esq.                       4370 La Jolla Village Drive, Suite 800
     LEWIS BRISBOIS BISGAARD                     San Diego, CA 92122
12   & SMITH LLP                                 Email: Rwirtz@wirtzlaw.com
     633 West 5th Street, Suite 4000             **Associated Counsel for Plaintiffs,**
13   Los Angeles, CA 90071                       **MISTY A. MIRANDA and**
     Email: Eric.Kizirian@lewisbrisbois.com      **JACOB STONE**
14          Samantha.Hughes@lewisbrisbois.com
            Steven.Meyer@lewisbrisbois.com
15   **Counsel for Defendants,**
     **FCA US LLC and**
16   **JRDTSP LLC**

17

18   <u>XX</u>    BY E-MAIL OR ELECTRONIC TRANSMISSION: Based on a court order or an
19       agreement of the parties to accept service by e-mail or electronic transmission, I caused
         the documents to be sent to the persons at the e-mail addresses listed above.  I did not
20       receive, within a reasonable time after the transmission, any electronic message or other
         indication that the transmission was unsuccessful.
21

22

23       I declare under penalty of perjury under the laws of the State of California that the
         foregoing is true and correct.

24

25       Executed on August 26, 2020 at Los Angeles, California.

26

27       _____
         *Kenny Rivas*
         KENNY RIVAS

-1-

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the action.  My business address is 10250 Constellation Boulevard, Suite 2500, Los Angeles, CA 90067.

I served the foregoing document described as:

**[PROPOSED] JUDGMENT ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

Said document was served on the interested party in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

| | |
|---|---|
| Eric Y. Kizirian, Esq. | Richard Wirtz, Esq. |
| Samantha J. Hughes, Esq. | WIRTZ LAW APC |
| Steven E. Meyer, Esq. | 4370 La Jolla Village Drive, Suite 800 |
| LEWIS BRISBOIS BISGAARD | San Diego, CA 92122 |
| & SMITH LLP | Email: Rwirtz@wirtzlaw.com |
| 633 West 5th Street, Suite 4000 | **Associated Counsel for Plaintiffs,** |
| Los Angeles, CA 90071 | **MISTY A. MIRANDA and** |
| Email: Eric.Kizirian@lewisbrisbois.com | **JACOB STONE** |
|         Samantha.Hughes@lewisbrisbois.com | |
|         Steven.Meyer@lewisbrisbois.com | |
| **Counsel for Defendants,** | |
| **FCA US LLC and** | |
| **JRDTSP LLC** | |

<u>XX</u>    BY E-MAIL OR ELECTRONIC TRANSMISSION: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 1, 2020 at Los Angeles, California.

_____
*Kenny Rivas*
KENNY RIVAS

-1-

# EXHIBIT R

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 74

**BC666145**                                                          July 24, 2020
**JULIO HERNANDEZ VS BMW OF NORTH AMERICA LLC**                              3:06 PM
**ET AL**

Judge: Honorable Michelle Williams Court          CSR: None
Judicial Assistant: C. Guerrero                   ERM: None
Courtroom Assistant: R. Cruz                      Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Ruling on Submitted Matter

The Court, having taken the matter under submission on 07/13/2020, now rules as follows:

The (Knight Law Group) Motion for Attorney Fees filed by Julio Hernandez on 12/13/2019 is Granted. Plaintiff is awarded fees in the amount of $211,080.00. Plaintiff to give notice.

The Court, having taken the matter under submission on 07/13/2020, now rules as follows:

Plaintiff's Motion for Attorney's Fees (Law Offices of Michael H. Rosenstein) is GRANTED. Plaintiff is awarded fees in the amount of $43,297.50. Plaintiff to give notice.

The Court, having taken the matter under submission on 07/13/2020, now rules as follows:

The Motion to Tax Costs filed by BMW of North America, LLC, Nick Alexander Imports on 12/10/2019 is Granted. Costs are taxed in the amount of $40,265.61 Plaintiff is awarded costs in the amount of $32,110.61. Plaintiff to give notice.

Motion for Attorney's Fees (Knight Law Group)

Plaintiff seeks a total of $388,996.22 in attorney's fees, costs and expenses consisting of (1) attorney's fees pursuant to Civil Code section 1794(d) under the "lodestar" method in the amount of $211,080.00, (2) a "lodestar" multiplier of 1.5 in the amount of $105,540.00, and (3) an award of actual costs and expenses incurred in the amount of $72,376.22. (Civ. Code § 1794(d); Declaration of Steve Mikhov ¶ 2, Exs. A-B; Declaration of Richard Wirtz ¶ 9, Ex. A. The court has reviewed all of the pleadings and evidence submitted in support of and in opposition to this motion and finds plaintiff's counsel's hourly rates are reasonable. The court further finds the number of hours claimed in this motion are reasonable. A multiplier is not

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 74

**BC666145**                                                           July 24, 2020
**JULIO HERNANDEZ VS BMW OF NORTH AMERICA LLC**                         3:06 PM
**ET AL**

Judge: Honorable Michelle Williams Court          CSR: None
Judicial Assistant: C. Guerrero                   ERM: None
Courtroom Assistant: R. Cruz                      Deputy Sheriff: None

warranted here because the issues raised were not novel or difficult, this litigation did not
preclude other employment by counsel, and counsel displayed an average amount of skill in
presenting the case.

Therefore, the court awards attorney's fees in the amount of $211,080.00. Costs will be
discussed separately in conjunction with defendant's motion to tax costs.

Motion for Attorney's Fees (Law Offices of Michael H. Rosenstein)

Plaintiff seeks a total of $64,946.25 in attorney's fees consisting of (1) attorney's fees pursuant
to Civil Code section 1794(d) under the "lodestar" method in the amount of $43,297.50 and (2) a
"lodestar" multiplier of 1.5 in the amount of $21,648.75.

The court has reviewed all of the pleadings and evidence submitted in support of and in
opposition to this motion and finds plaintiff's counsel's hourly rates are reasonable. The court
further finds the number of hours claimed in this motion are reasonable. A multiplier is not
warranted here because the issues raised were not novel or difficult, this litigation did not
preclude other employment by counsel, and counsel displayed an average amount of skill in
presenting the case.

Therefore, the court awards attorney's fees in the amount of $43,297.50.

Motion to Tax Costs

Plaintiff requests $72,376.22 in costs for filing and motion fees, jury fees, deposition costs,
service of process, witness fees, and models, blowups, and photocopies of exhibits.

Defendant's motion to strike all costs for lack of substantiation is DENIED.

Deposition costs. Defendant has not met its burden to show the deposition fees are unnecessary
or unreasonable. The motion to tax these costs is DENIED.
Service of process. Defendant has not met its burden to show service of process costs are
unnecessary or unreasonable. The motion to tax these costs is DENIED.

Expert fees. These fees were not incurred to compensate a court ordered expert. The motion to
tax $28,869.84 in costs is GRANTED.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 74

**BC666145**                                                                    July 24, 2020
**JULIO HERNANDEZ VS BMW OF NORTH AMERICA LLC**                                 3:06 PM
**ET AL**

Judge: Honorable Michelle Williams Court        CSR: None
Judicial Assistant: C. Guerrero                 ERM: None
Courtroom Assistant: R. Cruz                    Deputy Sheriff: None

Models, blowups and photocopies. Defendant has not met its burden to show the models,
blowups and photocopies were not helpful to the trier of fact. The motion to tax these costs is
DENIED.

Court reporter fees. Court reporter fees are a recoverable cost. Gov. Code, § 68086(c). The
motion to tax these costs is DENIED.

Other costs. Costs for postage and photocopying of items other than exhibits is not recoverable.
C.C.P. §1033.5. The court finds travel is not necessary to the conduct of litigation and legal
research should be billed in the attorneys' fees portion. The motion to tax $11,395.77 for travel
costs, postage, legal research, copies and overnight delivery is GRANTED.

Plaintiff is directed to give notice.

Certificate of Mailing is attached.

---

# EXHIBIT S

Electronically Received 07/22/2020 04:55 PM

Electronically Received 07/22/2020 04:55 PM

**FILED**
Superior Court of California
County of Los Angeles

**09/16/2020**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ Deputy
                T. Le

1
2
3
4
5
6
7
8
9
10

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| **JAVIER F. CARRANZA, ALEJANDRO SANCHEZ and CECILIA J. MENDOZA,**<br><br>        Plaintiff,<br>vs.<br><br>**FCA US LLC, a Delaware Limited Liability Company; B&W AUTOMOTIVE, INC., a California Corporation, dba BRAVO CHRYSLER DODGE JEEP RAM OF ALHAMBRA; and DOES 1 through 10, inclusive,**<br><br>        Defendants. | Case No.: 18STCV05066<br><br>~~[PROPOSED]~~ **JUDGMENT ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES**<br><br>Date: June 25, 2020<br>Time: 8:30 a.m.<br>Dept.: 76 |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiffs' Motion for Attorney's Fees, Costs and Expenses came on regularly for hearing on June 25, 2020 at 8:30 a.m., in Department 76, of the above-entitled court located at 111 North Hill Street, Los Angeles, California 90067, the Honorable Christopher K. Lui, presiding.   Plaintiffs moved the Court for an award of $20,947.50 in lodestar attorney fees plus a 0.5 lodestar multiplier, and $1,038.30 in costs and expenses.

Deepak Devabose of Knight Law Group, LLP appeared telephonically on behalf of Plaintiffs Javier F. Carranza, Alejandro Sanchez and Cecilia J. Mendoza. Ryan Marden of Hawkins Parnell & Young LLP appeared telephonically on behalf of Defendants FCA US LLC and B&W AUTOMOTIVE, INC.  Having read the motion, the memoranda, the declarations filed by the parties, and having heard oral argument of counsel, the Court modified its tentative ruling.

NOW THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED, as follows:

1. Plaintiffs' Motion for Attorney's Fees, Costs and Expenses is GRANTED, in part;
2. Plaintiffs are awarded lodestar attorney's fees in the amount of $18,500.00;
3. The Court declines to grant a lodestar multiplier;
4. The Court will award costs and expenses pursuant to the memorandum of costs/motion to tax costs procedure set forth in CRC Rule 3.1700;

///
///
///
///
///
///
///
///
///
///
///

[PROPOSED] JUDGMENT

1    5.  Payment of awarded attorney's fees shall be due within sixty days of the hearing.

2    JUDGMENT is hereby entered in favor of Plaintiffs Javier F. Carranza, Alejandro Sanchez

3    and Cecilia J. Mendoza, and against Defendants FCA US LLC and B&W AUTOMOTIVE, INC. in

4    the amount of $18,500.00.

5    **IT IS HEREBY ORDERED.**

6                                                          **IT IS SO ORDERED**

7

8    Dated: _____    _____

9                                                          Judge of the Superior Court
                                                           Christopher K. Lui / Judge

10   Prepared by:

11   **KNIGHT LAW GROUP, LLP**
     Steve Mikhov (SBN 224676)

12   *stevem@knightlaw.com*
     Daniel Kalinowski (SBN 305087)

13   *danielk@knightlaw.com*
     10250 Constellation Blvd., Suite 2500

14   Los Angeles, California 90067
     Telephone: (310) 552-2250

15   Fax: (310) 552-7973
     Attorneys for Plaintiffs,

16   JAVIER F. CARRANZA,
     ALEJANDRO SANCHEZ and

17   CECILIA J. MENDOZA

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] JUDGMENT

1

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

2

3          I am employed in the County of Los Angeles, State of California.  I am over the age of 18
years and not a party to the action.  My business address is 10250 Constellation Boulevard, Suite
4   2500, Los Angeles, CA 90067.

5          I served the foregoing document described as:

6

7   **[PROPOSED] JUDGMENT ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES,
COSTS AND EXPENSES**

8

9          Said document was served on the interested party in this action, by placing true copies
thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

10

11          Jeffrey T. Thayer, Esq.
12          Rosemary Mccoy
          HAWKINS PARNELL & YOUNG LLP
13          1 Post Street., Suite 2400
          San Francisco, CA 94104
14          Email:Jthayer@hpylaw.com
          Rmccoy@hpylaw.com
15          **Counsel for Defendants,**
16          **FCA US LLC, ET AL.**

17

18

19   XX    BY E-MAIL OR ELECTRONIC TRANSMISSION: Based on a court order or an
          agreement of the parties to accept service by e-mail or electronic transmission, I caused
20          the documents to be sent to the persons at the e-mail addresses listed above.  I did not
          receive, within a reasonable time after the transmission, any electronic message or other
21          indication that the transmission was unsuccessful.

22

23          I declare under penalty of perjury under the laws of the State of California that the
          foregoing is true and correct.

24

25          Executed on July 16, 2020 at Los Angeles, California.

26

27                              _____
                              *Kenny Rivas*
                              KENNY RIVAS

-1-

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the action.  My business address is 10250 Constellation Boulevard, Suite 2500, Los Angeles, CA 90067.

I served the foregoing document described as:

**[PROPOSED] JUDGMENT ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES**

Said document was served on the interested party in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

Jeffrey T. Thayer, Esq.
Rosemary Mccoy
HAWKINS PARNELL & YOUNG LLP
1 Post Street., Suite 2400
San Francisco, CA 94104
Email:Jthayer@hpylaw.com
Rmccoy@hpylaw.com
**Counsel for Defendants,**
**FCA US LLC, ET AL.**

XX   BY E-MAIL OR ELECTRONIC TRANSMISSION: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 22, 2020 at Los Angeles, California.

_____
*Kenny Rivas*
KENNY RIVAS

-1-

# EXHIBIT T

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 50

**BC623621**                                                                          June 23, 2020
**DONALD L HARBERT ET AL VS FCA US LLC ET AL**                                        3:30 PM

Judge: Honorable Teresa A. Beaudet          CSR: Pam Myers
Judicial Assistant: S. Fletcher             ERM: None
Courtroom Assistant: G. Mack                Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Amy Rebecca Smith (Telephonic) by Erin Barns

For Defendant(s): Brian Takeya Yasuzawa (Telephonic)

**NATURE OF PROCEEDINGS:** Hearing on Motion for Attorney Fees; Order to Show Cause Re: Dismissal after Settlement

Order appointing Court Approved Reporter as Official Report Pro Tempore appointing Pam Myers, CRS# 12940, is signed and filed.

Matter is called for hearing.

Motion for Attorney Fees is argued and the Court rules as follows:

Plaintiffs' motion is granted. Plaintiffs are entitled to recover $87,577.50 in attorney fees and $38,950.38 in costs from Defendants. The attorney fees and costs are to be paid within thirty days of the date of this order. If payment is not received by that date, Plaintiffs are to file and serve a proposed judgment within ten days thereafter.

Plaintiffs are ordered to give notice of this order.

Order is signed and filed and incorporated herein by reference.

Order to Show Cause Re: Dismissal after Settlement is continued to 08/21/2020 at 08:30 AM in Department 50 at Stanley Mosk Courthouse.

Clerk is to give notice.

Certificate of Mailing is attached.

---

# EXHIBIT U

Electronically Received 07/23/2020 12:06 PM

**FILED**
Superior Court of California
County of Los Angeles

**07/24/2020**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ C. Wilson _____ Deputy

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| **ELUTERIO MURILLO**, | Case No: 18STCV06504 |
| Plaintiff, | ~~**[PROPOSED]**~~ ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES |
| vs. | |
| **FCA US LLC, a Delaware Limited Liability Company; JRDTSP LLC, a California Limited Liability Company, dba SCOTT ROBINSON CHRYSLER JEEP DODGE RAM; and DOES 1 through 10, inclusive,** | *Honorable Barbara M. Scheper* <br><br> Date:      June 29, 2020 <br> Time:      8:30 a.m. <br> Dept.:      30 |
| Defendants. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff's Motion for Attorney's Fees, Costs and Expenses came on regularly for hearing on June 29, 2020, at 8:30 a.m., in Department 30, of the above-entitled court, located at 111 North Hill Street, Los Angeles, California 90012, the Honorable Barbara M. Scheper, presiding.  Plaintiff moved the Court for an award of $34,877.50 in lodestar attorney fees plus a .5 lodestar multiplier, and $6,850.73 in costs and expenses.

1    Deepak Devabose of Knight Law Group, LLP appeared via CourtCall on behalf of Plaintiff

2    Eluterio Murillo and Douglas Proudfoot of Gates, Gonter, Guy, Proudfoot & Muench LLP

3    appeared via CourtCall on behalf of Defendants FCA US LLC and JRDTSP LLC.  Having read

4    the motion, the memoranda and the declarations filed by the parties, and having heard oral

5    argument of counsel, the Court adopted its tentative ruling, as follows:

6        1.  Plaintiff's Motion for Attorney's Fees, Costs and Expenses is GRANTED, in part:

7        2.  Plaintiff is awarded lodestar attorney's fees in the amount of $27,470.00;

8        3.  The Court finds that Plaintiff is entitled to a multiplier of 0.5 in the amount of

9            $13,735.00;

10       4.  Plaintiff is awarded full costs and expenses in the amount of $6,850.73;

11       5.  Plaintiff is awarded a total amount of attorney's fees, costs and expenses in the amount

12           of $48,055.73.

13   **IT IS HEREBY ORDERED.**

14   Plaintiff to give notice.                          **IT IS SO ORDERED**

15

16   Dated: _____

17                                                       Judge of the Superior Court

18   Prepared by:                                        Barbara M. Scheper / Judge

     **KNIGHT LAW GROUP, LLP**

19   Steve Mikhov (SBN 224676)

20   Deepak Devabose (SBN 298890)
     10250 Constellation Blvd., Suite 2500

21   Los Angeles, CA 90067

     Telephone: (310) 552-2250

22   Fax: (310) 552-7973

     Email: stevem@knightlaw.com

23          deepakd@knightlaw.com

24
     Attorneys for Plaintiff,

25   **ELUTERIO MURILLO**

26

27

28

[PROPOSED] ORDER

**PROOF OF SERVICE**
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the action.  My business address is 10250 Constellation Boulevard, Suite 2500, Los Angeles, CA 90067.

I served the foregoing document described as:

**[PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES**

Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

Matthew M. Proudfoot, Esq.
GATES, GONTER, GUY, PROUDFOOT & MUENCH, LLP
38 Discovery, Suite 200
Irvine, CA 92618
**Counsel for Defendants,**
**FCA US LLC and**
**JRDTSP LLC**

<u>XX</u>    BY E-MAIL OR ELECTRONIC TRANSMISSION: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 17, 2020 at Los Angeles, California.


_____*Kenny Rivas*_____
KENNY RIVAS

-1-
PROOF OF SERVICE

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the action.  My business address is 10250 Constellation Boulevard, Suite 2500, Los Angeles, CA 90067.

I served the foregoing document described as:

**[PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES**

Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

Matthew M. Proudfoot, Esq.
GATES, GONTER, GUY, PROUDFOOT & MUENCH, LLP
38 Discovery, Suite 200
Irvine, CA 92618
**Counsel for Defendants,**
**FCA US LLC and**
**JRDTSP LLC**

XX   BY E-MAIL OR ELECTRONIC TRANSMISSION: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 23, 2020 at Los Angeles, California.

_____*Kenny Rivas*_____
KENNY RIVAS

-1-
PROOF OF SERVICE

# EXHIBIT V

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Electronically Received 02/24/2020 03:53 PM

Electronically Received 02/24/2020 03:53 PM

**FILED**
Superior Court of California
County of Los Angeles

**03/10/2020**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ C. Guerrero _____ Deputy

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| **ERIC ALVIN COVERT,**<br><br>Plaintiff,<br><br>vs.<br><br>**FCA US LLC, a Delaware Limited Liability Company; H.W. HUNTER, INC., a California Corporation; and DOES 1 through 10, inclusive,**<br><br>Defendants. | Case No. BC629240<br>[Complaint Filed: August 3, 2016]<br>[Hon. Michelle Williams Court, Dept. 74]<br><br>[~~PROPOSED~~] **JUDGMENT ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES; PLAINTIFF'S MOTION TO TAX COSTS; PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST; AND DEFENDANTS' MOTION TO TAX COSTS**<br><br>Date: October 29, 2019<br>Time: 8:30 a.m.<br>Dept.: 74 |

[~~PROPOSED~~] JUDGMENT

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Plaintiff's Motion for Attorney's Fees, Costs and Expenses; Plaintiff's Motion to Tax Costs; Plaintiff's Motion for Prejudgment Interest; and Defendants' Motion to Tax Costs came on concurrently for hearing on October 29, 2019, at 8:30 a.m., in Department 74, of the above-entitled court located at 111 North Hill Street, Los Angeles, California 90067, the Honorable Michelle Williams Court, presiding.  Plaintiff moved the Court for an award of $196,288.75 in lodestar attorney fees plus a .5 lodestar multiplier, and $55,015.32 in costs and expenses.

Deepak Devabose of Knight Law Group, LLP appeared on behalf of Plaintiff Eric Alvin Covert and Brian Yasuzawa of Hawkins Parnell & Young LLP appeared on behalf of Defendants FCA US LLC and H.W. HUNTER, INC.  Having read the motions, the memoranda and the declarations filed by the parties, and having heard oral argument of counsel, the Court took the matters under submission.  On November 26, 2019, the Court issued its ruling on the submitted matters.

NOW THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED as follows:

1. Plaintiff's Motion for Attorney's Fees, Costs and Expenses is GRANTED, in part;
2. Plaintiff is awarded lodestar attorney's fees in the amount of $196,288.75;
3. The Court declines to award a lodestar multiplier;
4. Plaintiff's Motion to Tax Costs is GRANTED, in its entirety;
5. Plaintiff's Motion for Prejudgment Interest is DENIED;
6. Defendants' Motion to Tax Costs is DENIED;
7. Plaintiff is awarded costs and expenses in the amount of $55,015.32;

///
///
///
///
///
///
///

1

[~~PROPOSED~~] JUDGMENT

1        8. Plaintiff is awarded a total amount of attorney's fees, costs and expenses in the

2        amount of $251,304.07.

3        JUDGMENT is hereby entered in favor of Plaintiff Eric Alvin Covert and against

4 Defendants FCA US LLC and H.W. HUNTER, INC. in the amount of $251,304.07.

5        **IT IS HEREBY ORDERED.**

6                          **IT IS SO ORDERED**

7

8 Dated:    03/10/2020

9                            Judge of the Superior Court

10 Prepared by:

11 **KNIGHT LAW GROUP, LLP**
Steve Mikhov (SBN 224676)

12 *stevem@knightlaw.com*
Deepak Devabose (SBN 298890)

13 *deepakd@knightlaw.com*
10250 Constellation Blvd., Suite 2500

14 Los Angeles, California 90067
Telephone: (310) 552-2250

15 Fax: (310) 552-7973

16

17 **CENTURY LAW GROUP LLP**
Edward O. Lear (SBN 132699)

18 Rizza Gonzales (SBN 268118)
5200 W. Century Boulevard, Suite 345

19 Los Angeles, California 90045

20 (310) 642-6900
Fax: (310) 642-6910

21

22 Attorneys for Plaintiff,
ERIC ALVIN COVERT

23

24

25

26

27

28

2

1

## PROOF OF SERVICE
### (Code of Civil Procedure §1013a)

2

3     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the action.  My business address is 10250 Constellation Boulevard, Suite 2500, Los Angeles, CA 90067.

4

5     I served the foregoing document described as:

6     **[PROPOSED] JUDGMENT ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES; PLAINTIFF'S MOTION TO TAX COSTS; PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST; AND DEFENDANTS' MOTION TO TAX COSTS**

7

8

9     Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

10

11    Barry R. Schirm, Esq.
      HAWKINS PARNELL
      THACKSTON & YOUNG LLP

12    445 S. Figueroa Street, Suite 3200
      Los Angeles, CA 90071

13    Facsimile: (213) 486-8080

14    **Counsel for Defendants,**
      **FCA US LLC and**

15    **H.W. HUNTER, INC.**

16

17    XX    BY MAIL:  I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary course of business. The envelope was sealed and placed for collection that same day following ordinary business practices, addressed to the above-referenced attorney.

18

19

20

21    XX    BY FACSIMILE: By personally faxing the above-referenced document to the facsimile number below the recipient's name.

22

23    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

24

25    Executed on February 18, 2020 at Los Angeles, California.

26

27                                                    WAYNE PAGDILAO

28

-1-

1    PROOF OF SERVICE
     (Code of Civil Procedure §1013a)

2

3    I am employed in the County of Los Angeles, State of California. I am over the age of 18
     years and not a party to the action. My business address is 10250 Constellation Boulevard, Suite
4    2500, Los Angeles, CA 90067.

5    I served the foregoing document described as:

6    **[PROPOSED] JUDGMENT ON PLAINTIFF'S MOTION FOR ATTORNEY'S
     FEES, COSTS AND EXPENSES; PLAINTIFF'S MOTION TO TAX COSTS;**
7    **PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST; AND
     DEFENDANTS' MOTION TO TAX COSTS**

8
     Said document was served on the interested parties in this action, by placing true copies
9    thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

10
     Barry R. Schirm, Esq.
11   HAWKINS PARNELL
     THACKSTON & YOUNG LLP
12   445 S. Figueroa Street, Suite 3200
     Los Angeles, CA 90071
13   Facsimile: (213) 486-8080
14   **Counsel for Defendants,**
     **FCA US LLC and**
15   **H.W. HUNTER, INC.**

16
     XX    BY MAIL: I am readily familiar with this firm's practice of collection and processing
17          correspondence for mailing with the United States Postal Service. Under that practice, it
            would be deposited with the U.S. Postal Service on that same day with postage thereon
18          fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary
            course of business. The envelope was sealed and placed for collection that same day
19          following ordinary business practices, addressed to the above-referenced attorney.

20
     I declare under penalty of perjury under the laws of the State of California that the
21   foregoing is true and correct.

22
     Executed on February 24, 2020 at Los Angeles, California.
23

24

25                                                   _____
26                                                   WAYNE PAGDILAO

27

28

                                          -1-

# EXHIBIT W

Electronically Received 04/07/2020 01:56 PM

Electronically Received 04/07/2020 01:56 PM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FILED**
Superior Court of California
County of Los Angeles

04/17/2020

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ M. Carino _____ Deputy

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| **ELIZABETH VELADOR and**<br>**DAVID MONTES SALCIDO,**<br><br>Plaintiffs,<br><br>vs.<br><br>**FORD MOTOR COMPANY, a Delaware**<br>**Corporation; and DOES 1 through 10,**<br>**inclusive,**<br><br>Defendant. | Case No.: BC692274<br><br>**[PROPOSED] JUDGMENT ON**<br>**PLAINTIFFS' MOTION FOR**<br>**ATTORNEY'S FEES, COSTS AND**<br>**EXPENSES AND DEFENDANT'S**<br>**MOTION TO TAX COSTS OF**<br>**PLAINTIFFS**<br><br>Date: February 20, 2020<br>Time: 8:30 a.m.<br>Dept.: 73 |

-1-

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiffs' Motion for Attorneys' Fees, Costs and Expenses and Defendant's Motion to Tax Costs of Plaintiffs came on regularly for hearing on February 20, 2020, at 8:30 a.m., in Department 73, of the above-entitled court located at 111 North Hill Street, Los Angeles, CA 90012, the Honorable Rafael A. Ongkeko, presiding.  Plaintiffs moved the court for an award of $33,932.50 in lodestar attorney fees plus a 0.5 lodestar multiplier, and $4,298.44 in costs and expenses.

Deepak Devabose of Knight Law Group, LLP appeared on behalf of Plaintiffs Elizabeth Velador and David Montes Salcido, and Sarah Odegaar of Snell and Wilmer L.L.P. appeared on behalf of Defendant Ford Motor Company. Having read the motions, the memoranda and having heard the oral arguments of counsel, the Court took the matters under submission. Later that day, the Court made its ruling on the submitted matters.

NOW THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED as follows:

1. Plaintiffs' Motion for Attorney's Fees, Costs and Expenses is GRANTED, in part;

2. Plaintiffs are awarded lodestar attorney's fees in the amount of $29,837.50;

3. The Court declines to award a lodestar multiplier;

4. Defendant's Motion to Strike/Tax Costs of Plaintiffs is GRANTED, in part;

5. Plaintiffs are awarded costs and expenses in the amount of $4,028.77;

///
///
///
///
///
///
///
///
///
///
///

1    6.  Plaintiffs are awarded a total amount of attorney's fees, costs and expenses in the

2        amount of $33,866.27.

3    JUDGMENT is hereby entered in favor of Plaintiffs Elizabeth Velador and David Montes

4    Salcido and against Defendant FORD MOTOR COMPANY in the amount of $33,866.27.

5

6    **IT IS HEREBY ORDERED.**

7                                                    **IT IS SO ORDERED**

8

9    Dated:  04/17/2020

10                                                   Rafael A. Ongkeko / Judge
                                                     Judge of the Superior Court

11   Prepared by:
     **KNIGHT LAW GROUP, LLP**
12   Steve Mikhov (SBN 224676)
     stevem@knightlaw.com
13   Deepak Devabose (SBN 298890)
     deepakd@knightlaw.com
14   10250 Constellation Blvd., Suite 2500
     Los Angeles, California 90067
15   Telephone: (310) 552-2250
     Fax: (310) 552-7973
16   Attorneys for Plaintiffs,
     **ELIZABETH VELADOR and**
17   **DAVID MONTES SALCIDO**

18

19

20

21

22

23

24

25

26

27

28

-3-
[PROPOSED] JUDGMENT

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the action.  My business address is 10250 Constellation Boulevard, Suite 2500, Los Angeles, CA 90067.

I served the foregoing document described as:

**[PROPOSED] JUDGMENT ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES AND DEFENDANT'S MOTION TO TAX COSTS OF PLAINTIFFS**

Said document was served on the interested party in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

Warren E. Platt, Esq.
Katharine Adams, Esq.
SNELL & WILMER L.L.P
600 Anton Blvd., Suite #1400
Costa Mesa, CA 92626
Email:  kadams@swlaw.com
**Counsel for Defendants,**
**FORD MOTOR COMPANY**

XX   BY E-MAIL OR ELECTRONIC TRANSMISSION: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 7, 2020 at Los Angeles, California.

_____
WAYNE PAGDILAO

# EXHIBIT X

Electronically Received 03/18/2020 04:20 PM

Electronically Received 03/18/2020 04:20 PM

**FILED**
Superior Court of California
County of Los Angeles
**04/03/2020**
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____ J. Jimenez _____ Deputy

1
2
3
4
5
6
7

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

| | |
|---|---|
| **HUGOLINO V. REYES,** | Case No: BC704076 |
| Plaintiff, | ~~[PROPOSED]~~ **JUDGMENT ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES** |
| vs. | |
| **GENERAL MOTORS LLC., a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,** | *Honorable Steven J. Kleifield* |
| | Date:    February 13, 2020 |
| Defendants. | Time:    8:30 a.m |
| | Dept.:    57 |

23 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

24      Plaintiff's Motion for Attorneys' Fees, Costs and Expenses came on regularly for hearing

25 on February 13, 2020, at 8:30 a.m., in Department 57, of the above-entitled court, located at 111

26 North Hill Street, Los Angeles, California 90012, the Honorable Steven J. Kleifield, presiding.

27 Plaintiff moved the Court for an award of $24,727.50 in lodestar attorney fees plus a .5 lodestar

28 multiplier, and $6,184.26 in costs and expenses.

1

1    Daniel Kalinowski of Knight Law Group, LLP appeared on behalf of Plaintiff Hugolino

2   V. Reyes and Kyle Roybal of The Erskine Law Group appeared on behalf of Defendant General

3   Motors LLC. Having read the motion, the memoranda and the declarations filed by the parties,

4   and having heard oral argument of counsel, the Court adopted its tentative ruling.

5    NOW THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED as follows:

6    1.   Plaintiff's Motion for Attorney's Fees, Costs and Expenses is GRANTED, in part;

7    2.   Plaintiff is awarded lodestar attorney's fees in the amount of $23,277.50;

8    3.   The Court declines to award a lodestar multiplier;

9    4.   Plaintiff is awarded full costs and expenses in the amount of $6,184.26;

10    5.   Plaintiff is awarded a total amount of attorney's fees, costs and expenses in the amount

11        of $29,461.76.

12    JUDGMENT is, therefore, hereby entered in favor of Plaintiff Hugolino V. Reyes and

13   against Defendant General Motors LLC in the amount of $29,461.76.

14

15    **IT IS HEREBY ORDERED.**

16                                            **IT IS SO ORDERED**

17                                            **Steven J. Kleifield**

18   Dated: 04/03/2020
                                             Judge of the Superior Court
19   Prepared by:                            Steven J. Kleifield / Judge
     **KNIGHT LAW GROUP, LLP**
20   Steve Mikhov (SBN 224676)
     Deepak Devabose (SBN 298890)
21   10250 Constellation Blvd., Suite 2500
     Los Angeles, CA 90067
22   Telephone: (310) 552-2250
     Fax: (310) 552-7973
23
     Email: stevem@knightlaw.com
24          deepakd@knightlaw.com

25
     Attorneys for Plaintiff,
26   **HUGOLINO V. REYES**

27

28

2
[PROPOSED] JUDGMENT

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the action.  My business address is 10250 Constellation Boulevard, Suite 2500, Los Angeles, CA 90067.

I served the foregoing document described as:

**[PROPOSED] JUDGMENT ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES**

Said document was served on the interested party in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

| | |
|---|---|
| Mary Lynn Arens, Esq., | Sepehr Daghighian, Esq. |
| THE ERSKINE LAW GROUP, PC. | HACKLER DAGHIGHIAN |
| 3995 East La Palma Avenue | MARTINO & NOVAK, P.C. |
| Anaheim, California 92807 | 10900 Westwood Blvd., Suite #300 |
| Facsimile: (714) 844-9035 | Los Angeles, CA 90024 |
| **Counsel for Defendant, GENERAL MOTORS** | **Associated Co-Counsel for** |
| **LLC, a Delaware Limited Liability Company** | **Plaintiff, Hugolino V. Reyes** |
| (via mail and facsimile only) | (by mail only) |

<u>XX</u>   BY MAIL:  I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary course of business. The envelope was sealed and placed for collection that same day following ordinary business practices, addressed to the above-referenced attorney.

<u>XX</u>   BY FACSIMILE: By personally faxing the above-referenced document to the facsimile number below the recipient's name.

____   BY E-MAIL OR ELECTRONIC TRANSMISSION: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused

-1-

PROOF OF SERVICE

1  the documents to be sent to the persons at the e-mail addresses listed above.  I did not
2  receive, within a reasonable time after the transmission, any electronic message or other
   indication that the transmission was unsuccessful.
3
4  I declare under penalty of perjury under the laws of the State of California that the
   foregoing is true and correct.
5
6  Executed on March 12, 2020 at Los Angeles, California.
7
8  _____
   KENNY RIVAS
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

-2-

PROOF OF SERVICE

1

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

2

3       I am employed in the County of Los Angeles, State of California. I am over the age of 18
years and not a party to the action. My business address is 10250 Constellation Boulevard, Suite
4       2500, Los Angeles, CA 90067.

5       I served the foregoing document described as:

6       **[PROPOSED] JUDGMENT ON PLAINTIFF'S MOTION FOR ATTORNEYS'
         FEES, COSTS AND EXPENSES**

7
        Said document was served on the interested party in this action, by placing true copies
8       thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

9

10

11      Mary Lynn Arens, Esq.,                      Sepehr Daghighian, Esq.
        THE ERSKINE LAW GROUP, PC.                  HACKLER DAGHIGHIAN
12      3995 East La Palma Avenue                   MARTINO & NOVAK, P.C.
        Anaheim, California 92807                   10900 Westwood Blvd., Suite #300
13      **Counsel for Defendant, GENERAL MOTORS**   Los Angeles, CA 90024
        **LLC, a Delaware Limited Liability Company** **Associated Co-Counsel for**
14                                                  **Plaintiff, Hugolino V. Reyes**

15

16

17

18   XX  BY MAIL: I am readily familiar with this firm's practice of collection and processing
         correspondence for mailing with the United States Postal Service. Under that practice, it
19       would be deposited with the U.S. Postal Service on that same day with postage thereon
         fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary
20       course of business. The envelope was sealed and placed for collection that same day
         following ordinary business practices, addressed to the above-referenced attorney.
21

22       I declare under penalty of perjury under the laws of the State of California that the
23       foregoing is true and correct.

24       Executed on March 18, 2020 at Los Angeles, California.

25

26

27                                                  KENNY RIVAS

---

-1-

PROOF OF SERVICE

# EXHIBIT Y

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 53

BC655659                                                                February 5, 2020
**ROMAN SALCEDO ET AL VS FCA US LLC ET AL**                             8:30 AM

Judge: Honorable Robert B. Broadbelt          CSR: Monica Castaneda, 10323
Judicial Assistant: K. Mason                  ERM: None
Courtroom Assistant: C. Vaughn                Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Sepehr Daghighian, Esq. (X), and Deepak Devabose (X)

For Defendant(s): Paloma Isabel Moreno-Acosta (X) (Telephonic)


**NATURE OF PROCEEDINGS:** Hearing on Motion for Attorney Fees; Order to Show Cause - Settlement;

Case is called.

Pursuant to Government Code sections 68086, 70044, California Rules of Court, rule 2.956, and the stipulation of appearing parties, Monica Castaneda, 10323, certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

The Court summarizes its tentative ruling for any party appearing by telephone this day. Counsel and any and all parties present in courtroom represent that they have seen the tentative ruling. The matter is argued and stands submitted.

The matter is taken under submission (for the sole purpose of the Court revising its tentative ruling).

The Court and counsel confer regarding case status.

On the Court's own motion, the Order to Show Cause - Settlement scheduled for 02/05/2020 is continued to 04/22/20 at 08:30 AM in Department 53 at Stanley Mosk Courthouse.

Later this day:

The Court, having taken the matter under submission on 2-5-20, now makes the following ruling, as fully set forth in grounds reflected in the Court's specially-prepared written order signed and filed this day:

The Motion for Attorney Fees (Memorandum of Points and Authorities In Support Thereof) filed

---

Minute Order                                                            Page 1 of 2

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 53

**BC655659**                                                February 5, 2020
**ROMAN SALCEDO ET AL VS FCA US LLC ET AL**                      8:30 AM

Judge: Honorable Robert B. Broadbelt          CSR: Monica Castaneda, 10323
Judicial Assistant: K. Mason                  ERM: None
Courtroom Assistant: C. Vaughn                Deputy Sheriff: None

by Roman Salcedo, Tania Ortega on 10/16/2019 is Granted.

Plaintiff counsel (Mr. Daghighian, who remained in courtroom today for receipt of the Court's revised order following the hearing) is ordered to give notice.

# EXHIBIT Z

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 31

**BC686906**                                                January 16, 2020
**SHAHRIAR YAZDANNIAZ VS FCA US LLC ET AL**                    8:30 AM

Judge: Honorable Yolanda Orozco          CSR: None
Judicial Assistant: Hortencia Garcia     ERM: None
Courtroom Assistant: Theresa de la Paz   Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Edward O. Lear by Daniel Kalinowski

For Defendant(s): Samantha J. Hughes

**NATURE OF PROCEEDINGS:** Hearing on Motion for Attorney Fees; Order to Show Cause
Re: Dismissal (Settlement)

The Court's tentative ruling is posted online for the parties to review.

The matter is called for hearing.

Both parties submit to the Court's tentative ruling.

The Court adopts its tentative ruling as the final order of the Court as follows:

Background

On December 14, 2017, Plaintiff Shahriar Yazdanniaz filed the instant suit against Defendants
FCA US LLC, Orange Coast Auto Group, LLC, and Does 1 through 10. On January 18, 2019,
Plaintiff filed a First Amended Complaint ("FAC"). The FAC asserts causes of action for:

1. Breach of Express Warranty – Violation of Song-Beverly Act;
2. Breach of Implied Warranty – Violation of Song-Beverly Act;
3. Violation of the Song-Beverly Act Section 1793.2; and
4. Fraudulent Inducement – Concealment.

On August 8, 2019, Plaintiff filed a Notice of Settlement of Entire Case and has filed this motion
for fees.

Legal Standard

Attorneys' fees are allowed as costs when authorized by contract, statute, or law. (Code Civ.
Proc, § 1033.5, subd. (a)(10)(B).)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 31

BC686906                                                          January 16, 2020
SHAHRIAR YAZDANNIAZ VS FCA US LLC ET AL                                  8:30 AM

Judge: Honorable Yolanda Orozco          CSR: None
Judicial Assistant: Hortencia Garcia     ERM: None
Courtroom Assistant: Theresa de la Paz   Deputy Sheriff: None

In a lemon law action, costs and expenses, including attorney's fees, may be recovered by a
prevailing buyer under the Song-Beverly Act. (See Civ. Code, § 1794(d).) Section 1794
provides:

If the buyer prevails in an action under this section, the buyer shall be allowed by the court to
recover as part of the judgment a sum equal to the aggregate amount of costs and expenses,
including attorney's fees based on actual time expended, determined by the court to have been
reasonably incurred by the buyer in connection with the commencement and prosecution of such
action.

(Civ. Code, § 1794 [emphasis added].) Thus, the statute includes a "reasonable attorney's fees"
standard.

The attorney bears the burden of proof as to "reasonableness" of any fee claim. (Code Civ. Proc.,
§ 1033.5(c)(5).) This burden requires competent evidence as to the nature and value of the
services rendered. (Martino v. Denevi (1986) 182 Cal.App.3d 553, 559.) "Testimony of an
attorney as to the number of hours worked on a particular case is sufficient evidence to support
an award of attorney fees, even in the absence of detailed time records." (Id.)

A plaintiff's verified billing invoices are prima facie evidence that the costs, expenses, and
services listed were necessarily incurred. (See Hadley v. Krepel (1985) 167 Cal.App.3d 677,
682.) "In challenging attorney fees as excessive because too many hours of work are claimed, it
is the burden of the challenging party to point to the specific items challenged, with a sufficient
argument and citations to the evidence. General arguments that fees claimed are excessive,
duplicative, or unrelated to not suffice." (Lunada Biomedical v. Nunez (2014) 230 Cal.App.4th
459, 488, quoting Premier Med. Mgmt. Sys., Inc. v. California Ins. Guarantee Ass'n (2008) 163
Cal.App.4th 550, 564.)

Evidentiary Objections

Defendants submit a number of objections to the Declarations of Steve Mikhov and Edward O.
Lear.

Plaintiff also submits a number of objections to the Declaration of Samantha J. Hughes.

The objections are immaterial to the Court's disposition. The Court therefore declines to rule
upon them.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 31

**BC686906**                                                        January 16, 2020
**SHAHRIAR YAZDANNIAZ VS FCA US LLC ET AL**                          8:30 AM

Judge: Honorable Yolanda Orozco              CSR: None
Judicial Assistant: Hortencia Garcia         ERM: None
Courtroom Assistant: Theresa de la Paz       Deputy Sheriff: None

---

Discussion

Plaintiff seeks attorneys' fees and costs in the amount of $74,454.75 consisting of $45,801.25 in attorneys' fees, $5,752.87 in costs, and a lodestar multiplier of 0.5 for an additional $22,900.63.

Hourly Rate

"The reasonable hourly rate is that prevailing in the community for similar work." (PLCM Group v. Drexler (2000) 22 Cal.4th 1084, 1095.) "The experienced trial judge is the best judge of the value of professional services rendered in [her] court." (Ibid.)

Plaintiff seeks to recover attorneys' fees for 14 different attorneys who worked on the case. Their hourly rates are as follows:

Steve Mikhov: $550/hour (Mikhov Decl. ¶ 19)
Amy Morse: $350/hour (Mikhov Decl. ¶ 20)
Kristina Stephenson-Cheang: $375/hour (Mikhov Decl. ¶ 21)
Daniel Kalinowski: $250/hour (Mikhov Decl. ¶ 22)
George Aguilar: $275/hour (Mikhov Decl. ¶ 23)
Kirk Donnelley: $400/hour (Mikhov Decl. ¶ 24)
Maite Colon: $275/hour (Mikhov Decl. ¶ 25)
Matthew Evans: $400/hour (Mikhov Decl. ¶ 26)
Sundeep Samra: $225/hour (Mikhov Decl. ¶ 27)
Edward Lear: $595/hour (Lear Decl. ¶ 4)
Rizza Gonzales: $400/hour (Lear Decl. ¶ 6)
Mike Bergin: $150/hour (Lear Decl. ¶ 7)
Gina Kripotos: $250/hour (Lear Decl. ¶ 8)
Saba Zafar: $400/hour (Lear Decl. ¶ 9)


For each of the attorneys, attorneys Steve Mikhov and Edward Lear attest to their legal experience and the reasonableness of their rates. (Mikhov Decl. ¶ 16-27; Lear Decl. ¶ 2-9.)

In opposition, Defendants argue that Plaintiff's counsel's hourly rates are excessive. Defendants assert that Plaintiff's attorneys padded their bills by overstaffing what was otherwise a routine lemon law case with fourteen attorneys from three law firms. Citing to Morris v. Hyundai Motors America ((2019) Cal.App.5th 24), Defendants contend that the Court should reduce

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 31

BC686906                                                          January 16, 2020
**SHAHRIAR YAZDANNIAZ VS FCA US LLC ET AL**                                 8:30 AM

| | |
|---|---|
| Judge: Honorable Yolanda Orozco | CSR: None |
| Judicial Assistant: Hortencia Garcia | ERM: None |
| Courtroom Assistant: Theresa de la Paz | Deputy Sheriff: None |

Plaintiff's attorneys' fees by limiting the billing to one partner and two associates from the Knight Law Group. Defendants argue that Knight Law Group should be limited to the $23,035.00 in billing by partner Amy Morse and associates Kristina Stephenson-Cheang and George Aguilar, with Ms. Cheang's rate reduced to $300 per hour. Defendants assert that Century Law Group's fees should be limited to those generated by partner Edward O. Lear and associate Rizza Gonzales with Mr. Lear's rate reduced to $400 per hour and Ms. Gonzales' rate reduced to $300 per hour for total billing of $2,780.00.

In reply, Plaintiff argues that Defendants have not provided any actual evidence suggesting that the requested rates are improper. Plaintiff asserts that the Morris case cited by Defendants involves substantially different facts and circumstances than those here.

The Court finds that the hourly rates requested by Plaintiffs are reasonable and commensurate with rates charged by attorneys with comparable skill and expertise. The rates suggested by Defendant are not supported by any evidence and thus the Court declines to adjust the rates as requested.

Reasonable Hours Incurred

"A trial court assessing attorney fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney ... involved in the presentation of the case." (Christian Research Institute v. Alnor (2008) 165 Cal.App.4th 1315, 1321.) "The reasonableness of attorney fees is within the discretion of the trial court, to be determined from a consideration of such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel and the amount of time involved. The court may also consider whether the amount requested is based upon unnecessary or duplicative work." (Wilkerson v. Sullivan (2002) 99 Cal.App.4th 443, 448.)

While not per se objectionable, block billing can exacerbate the vagueness of an attorney fee request and support a court's finding that time entries were inflated and non-compensable. (Christian Research Institute v. Alnor (2008) 165 Cal.App.4th 1315, 1325-1326.)

Plaintiff's counsel provides detailed billing records for this case. (Mihkov Decl., Exh. A; Lear Decl., Exh. A.) Plaintiff seeks attorneys' fees in the amount of $45,801.25. Plaintiff argues that this case required a range of specialized knowledge, including: (1) an understanding of the full scope of consumer protection laws, which are highly nuanced; (2) knowledge of the intricacies of automobiles and the lexicon associated with them, as well as knowledge concerning how to investigate issues with automobiles; and (3) knowledge of auto manufacturers' and dealers'

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 31

BC686906                                                            January 16, 2020
**SHAHRIAR YAZDANNIAZ VS FCA US LLC ET AL**                               8:30 AM

Judge: Honorable Yolanda Orozco          CSR: None
Judicial Assistant: Hortencia Garcia     ERM: None
Courtroom Assistant: Theresa de la Paz   Deputy Sheriff: None

policies and protocols for repairing vehicles and complying with their legal obligations. (Mihkov
Decl., ¶ 60.) Plaintiff contends that counsel acquired knowledge and insight about these over the
course of many years of litigation, and this experience typically results in significantly higher
judgments or settlements for their clients, like Plaintiff here.

Plaintiff argues that Defendants should have acknowledged the defects in Plaintiffs' vehicle and
resolved the matter before this case was ever filed. Plaintiff asserts that instead, Defendants
engaged in expensive litigation, including denying all liability, engaging in extensive discovery,
and forcing Plaintiff's counsel to expend numerous hours preparing for trial. Plaintiff contends
that with little effort, Defendants could have resolved this matter much earlier and saved tens of
thousands in attorneys' fees, costs and expenses by doing so. Plaintiff argues that Defendants
ultimately capitulated, but not before causing substantial fees to be incurred. Plaintiff asserts that
when Defendants cause the entirety of fees to be incurred, they have no legitimate basis for
complaining about the amount of attorneys' fees reasonably and actually incurred, especially
when Defendants had the opportunity to resolve the matter before a lawsuit was even filed.

In opposition, Defendants argue that numerous time entries submitted by Plaintiff's counsel
contain entries that lump together several tasks. Defendants assert that the amount of hours block
billed amount to 39.45 hours and $15,511.25 in fees. Defendants contend that because it is not
clear from the entries provided how much time counsel spent on necessary tasks related to the
prosecution of Plaintiff's Song-Beverly causes of action, as opposed to administrative tasks,
other non-legal tasks, and objectionable tasks, the Court should invoke its discretion and reduce
Plaintiff's counsel's claimed hours and fees significantly.

Defendants additionally argue that the amount of work attributed in Plaintiff's motion to many
tasks appears to reflect what counsel believes the "value" of that task should be, not the actual
time spent. Defendants assert that the hours that were value billed amount to 22.3 hours and
$8,120.00 in fees.

Defendants contend that Plaintiff is also not entitled to attorneys' fees under Code Section
1794(d) for non-Song-Beverly causes of action or unnecessary litigation. For example, Plaintiff
seeks attorneys' fee incurred in connection with amending the complaint to allege a cause of
action for fraud and for the drafting of fifteen (15) motions in limine that Plaintiff failed to file or
serve. Defendants assert that the fees incurred as a result of amending the complaint to allege a
fraud cause of action are not recoverable as a fraud cause of action is separate and apart from
Plaintiff's breach of warranty claims and therefore not recoverable under the plain language of
Civil Code section 1794(d). As to the motions in limine, Defendants contend that because
Plaintiff never filed any motions in limine, they could not have been necessary to the prosecution

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 31

BC686906                                                          January 16, 2020
**SHAHRIAR YAZDANNIAZ VS FCA US LLC ET AL**                          8:30 AM

| | |
|---|---|
| Judge: Honorable Yolanda Orozco | CSR: None |
| Judicial Assistant: Hortencia Garcia | ERM: None |
| Courtroom Assistant: Theresa de la Paz | Deputy Sheriff: None |

of Plaintiff's Song-Beverly claims.

In reply, Plaintiff argues that Defendants fail to rebut that reasonableness presumption afforded by Plaintiff's fee bill. Plaintiff asserts that rather than carry its burden and offer evidence disputing Plaintiff's showing, Defendants incorrectly try to place the burden on Plaintiff. As to Defendants' arguments regarding block-billing, Plaintiff contends that the items Defendants identify as block billing are not examples of block billing, but instead describe the work performed by the attorney. As to Defendants' argument regarding value billing, Plaintiff argues that Defendants contention is not supported. Finally, as to Defendants' arguments regarding work related to non-Song-Beverly causes of action, Plaintiff asserts that the filing and defense of the FAC cannot be extricated from the prosecution of the Song-Beverly Act claims. Plaintiff contends that moreover, the 998 accepted by Defendant sets forth "Defendants shall pay attorney fees, costs, and expenses actually and reasonably incurred in the commencement and prosecution of this action." (Mikhov Decl., Exh. D, E.) Plaintiff argues that they cannot now seek to undo the bargain it entered into by now arguing that the attorneys' fees related to "prosecution of this action" somehow does not include prosecution of the fraud cause of action. Finally, as to the motions in limine, Plaintiff asserts that the motions were prepared in December 2018 when trial was scheduled to commence on March 11, 2019, with an FSC on March 1, 2019. Plaintiff contends that it is not inappropriate for counsel to prepare motions in limine in advance of the trial date.

The Court finds that the amount of fees request is unreasonable. First, as to the fee motion, the Court is not persuaded that Plaintiff will incur an additional 5 hours reviewing the opposition, preparing a reply, and preparing for and attending the hearing on the motion. Accordingly, a total of $800 representing 2 hours billed has been deducted from the total amount of fees requested.

The Court additionally finds that Plaintiff's counsel billed for time wherein one attorney was responsible for attending a hearing or deposition and another attorney was responsible for reviewing the transcript and drafting a summary. The Court finds such time is duplicative and therefore unreasonable. Accordingly, a total of $937.50 representing 2.5 hours billed has been deducted from the total amount of fees requested.

As to Defendants arguments regarding block-billing, value billing, and entries related to Plaintiff's fraud cause of action and motions in limine, the Court finds that such time was reasonably incurred, billed, and recorded and was contemplated by the parties' settlement agreement. Accordingly, Plaintiff may thus recover for such time. It appears to the Court that Plaintiff's counsel delegated tasks to attorneys with lower rates to ensure Plaintiff was appropriately billed.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 31

**BC686906**                                                      January 16, 2020
**SHAHRIAR YAZDANNIAZ VS FCA US LLC ET AL**                       8:30 AM

Judge: Honorable Yolanda Orozco              CSR: None
Judicial Assistant: Hortencia Garcia         ERM: None
Courtroom Assistant: Theresa de la Paz       Deputy Sheriff: None

Having analyzed the motions and pleadings filed, and having reviewed the billing statements
provided, the Court determines that a reasonable lodestar in this case, to limit any duplicative
and excessive fees, is $44,063.75.

Lodestar Multiplier

While the lodestar reflects the basic fee for comparable legal services in the community, it may
be adjusted based on various factors, including "(1) the novelty and difficulty of the questions
involved, and the skill displayed in presenting them; (2) the extent to which the nature of the
litigation precluded other employment by the attorneys; (3) the contingent nature of the fee
award" and (4) the success achieved. (Serrano v. Priest (1977) 20 Cal.3d 25, 49.)

Nonetheless, the court must not consider extraordinary skill and the other Serrano factors to the
extent these are already included with the lodestar. (Ketchum v. Moses (2001) 24 Cal. 4th 1122,
1138-1139.) "[A] trial court should award a multiplier for exceptional representation only when
the quality of representation far exceeds the quality of representation that would have been
provided by an attorney of comparable skill and experience billing at the hourly rate used in the
lodestar calculation. Otherwise, the fee award will result in unfair double counting and be
unreasonable." (Id. at 1139.)

Plaintiff seeks a lodestar multiplier of 0.5 in the additional amount of $22,900.63. Plaintiff
argues that throughout the litigation, there always existed the possibility that Plaintiff would not
prevail. Plaintiff asserts that the risk was further compounded by the fact that Plaintiff's
attorneys advanced all litigation costs and expenses without reimbursement. Plaintiff contends
that if he did not prevail, his attorneys would have suffered a substantial loss of uncompensated
attorney hours and thousands of dollars in out-of-pocket expenses. Plaintiff argues that he
requests a 0.2 enhancement based on that risk.

Plaintiff further argues that Defendants dragged this case out for nearly two years before
agreeing to a reasonable settlement offer proposed by Plaintiff. Plaintiff asserts that his attorneys
are not paid at all if they lose, and need to absorb significant delay in being paid if Plaintiff does
win. On account of the substantial delay in payment, Plaintiff requests a 0.3 enhancement.

In opposition, Defendants argue that each of the factors Plaintiff cites commands that the
attorneys' fees claimed should be adjusted downward. Defendants assert that this was a routine
lemon law case that did not present novel issues or preclude Plaintiff's counsel from handling
any other cases while they litigated this case. Defendants contend that moreover, this case did

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 31

BC686906                                                              January 16, 2020
SHAHRIAR YAZDANNIAZ VS FCA US LLC ET AL                               8:30 AM

Judge: Honorable Yolanda Orozco            CSR: None
Judicial Assistant: Hortencia Garcia       ERM: None
Courtroom Assistant: Theresa de la Paz     Deputy Sheriff: None

not proceed to trial. Defendants argue that such circumstances do not amount to a rare and
exceptional case justifying a multiplier.

The Court finds that under the circumstances of this case, a lodestar multiplier is not appropriate.
Nothing before the Court indicates that the case presented novel issues or that the quality of
representation far exceeded the quality of representation that would have been provided by
attorneys of comparable skill and experience billing at the same rates. While Plaintiff argues that
counsel accepted the case only on a contingency basis, the Court finds that such considerations
and risks are already included within the lodestar amount.

Based on the foregoing, the Court declines to award a lodestar multiplier.

Costs

Allowable costs "shall be reasonably necessary to the conduct of the litigation rather than merely
convenient or beneficial to its preparation." (Code Civ. Proc., § 1033.5, subd. (c)(2).) Any items
not specifically mentioned by statute "may be allowed or denied in the court's discretion." (Id.,
subd. (c)(4).)

"'If the items appear to be proper charges the verified memorandum is prima facie evidence that
the costs, expenses and services therein listed were necessarily incurred by the defendant
[citations], and the burden of showing that an item is not properly chargeable or is unreasonable
is upon the [objecting party].' [Citation.]" (Nelson v. Anderson (1999) 72 Cal.App.4th 111, 131.)
The Court therefore first determines if the statute expressly allows for the item, and whether it
appears proper on its face. If so, "the burden is on the objecting party to show them to be
unnecessary or unreasonable." (Id.)

The Beverly-Song Act allows a successful plaintiff to recover both "costs" and "expenses." (See
Civ. Code, § 1794, subd. (d).) Courts have held that "it is clear the Legislature intended the word
'expenses' to cover items not included in the detailed statutory definition of 'costs.'" (Jensen v.
BMW of North America, Inc. ("Jensen") (1995) 35 Cal.App.4th 112, 137.) The court in Jensen
held that "[t]he legislative history indicates the Legislature exercised its power to permit the
recovery of expert witness fees by prevailing buyers under the Act ... ," noting that the
legislature included "expenses" in the lemon law act because "'[t]he addition of awards of "costs
and expenses" by the court to the consumer to cover such out-of-pocket expenses as filing fees,
expert witness fees, marshall's fees, etc., should open the litigation process to everyone.'
[Citation.]"

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 31

**BC686906**                                                      January 16, 2020
**SHAHRIAR YAZDANNIAZ VS FCA US LLC ET AL**                         8:30 AM

Judge: Honorable Yolanda Orozco            CSR: None
Judicial Assistant: Hortencia Garcia       ERM: None
Courtroom Assistant: Theresa de la Paz     Deputy Sheriff: None

Plaintiff seeks costs in the amount of $5,752.87. Defendants do not challenge Plaintiff's costs.

The Court finds that Plaintiff is entitled to costs sought under Civil Code section 1794. The Court thus awards Plaintiff costs in the amount of $5,752.87.

Conclusion

Plaintiff's motion for attorney fees is GRANTED in part. The Court awards Plaintiff attorneys' fees in the amount of $44,063.75 and costs in the amount of $5,752.87, for a total of $49,816.62 in attorneys' fees and costs.

The Motion for Attorney Fees filed by Shahriar Yazdanniaz on 12/18/2019 is Granted in Part.

Order to Show Cause Re: Dismissal (Settlement) is continued to 03/10/2020 at 08:30 AM in Department 31 at Stanley Mosk Courthouse.

Moving party to give notice.

---

# EXHIBIT AA

**FILED**
Superior Court of California
County of Los Angeles

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 1 0 2020

Sherri R. Carter, Executive Officer/Clerk
By _____ , Deputy
Jontaé M. Marquez

CLAUDIA P. EWING, et al.;

    Plaintiffs,

    vs.

FCA US LLC, et al.;

    Defendants.

Case No. BC638178

DEPARTMENT 45

[TENTATIVE] ORDER

Action Filed: 10/20/16
Settlement Entered: 05/28/19

Hearing Date:    January 10, 2020
Moving Party:    Plaintiffs Claudia P. Ewing and Joshua W. Ewing
Responding Party:    Defendants FCA US LLC and Glenn E. Thomas Company, Inc.

**Motion for Attorney's Fees**

    The court has considered the moving, opposition, and reply papers.

    The court **GRANTS IN PART** Plaintiffs' motion for attorney's fees. The court awards

Plaintiffs a total amount of $104,263.50 in attorney fees.

**Background**

    On October 20, 2016, plaintiffs Claudia P. Ewing and Joshua W. Ewing (collectively,

"Plaintiffs") filed this action against defendants FCA US LLC and Glenn E. Thomas Company,

Inc. (collectively, "Defendants"). Plaintiffs' Complaint alleges 3 causes of action against

Defendants: (1) breach of express – violation of Beverly Song Act; (2) breach of implied

warranty – violation of Beverly Song Act; and (3) fraudulent inducement – concealment. Trial

was set for May 28, 2019. On May 28, 2019, Plaintiffs filed a Notice of Settlement.

On November 11, 2019, Plaintiffs filed this motion for attorney fees in the amount of $148,935.00 and for costs in the amount of $25,711.17, for a total request of $174,646.17. Defendants filed their opposition on November 20, 2019 and Plaintiff filed his reply on November 26, 2019. On November 25, 2019, Defendants filed a motion to tax Plaintiffs' $25,711.17 in costs, which is set to be heard on February 5, 2020.

**Evidentiary Objections**

The court **OVERRULES** Defendants' objections to the declaration of Steve Mikhov in their entirety.

The court **OVERRULES** Defendants' objections to the declaration of Edward Lear in their entirety.

The court **OVERRULES** Plaintiffs' objections to the declaration of Leon Roubinian in their entirety.

**Legal Standard**

"As a general rule, the prevailing party may recover certain statutory costs incurred in the litigation up to and including entry of judgment. [Citations.] These costs may include attorney fees, if authorized by contract, statute . . . or law. [Citation.] . . . attorney fees require a separate noticed motion. [Citations.]" (*Lucky United Props. Inv., Inc. v. Lee* (2010) 185 Cal.App.4th 125, 137.) This motion may be brought: (1) after judgment or dismissal, for fees incurred "up to and including the rendition of judgment in the trial court--including attorney's fees on an appeal before the rendition of judgment..."; and (2) on an interim basis, upon remittitur of appeal, of only fees incurred on appeal. (CRC, Rule 3.1702(b)-(c).)

2

In determining what fees are reasonable, California courts apply the "lodestar" approach.

(See, e.g., *Holguin v. DISH Network LLC* (2014) 229 Cal.App.4th 1310, 1332.) This inquiry

"begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the

reasonable hourly rate." (See *PLCM Group v. Drexler* (2000) 22 Cal.4th 1084, 1095.) From

there, the "[t]he lodestar figure may then be adjusted, based on consideration of factors specific

to the case, in order to fix the fee at the fair market value for the legal services provided." (*Id.*)

Relevant factors include: "(1) the novelty and difficulty of the questions involved, (2) the skill

displayed in presenting them, (3) the extent to which the nature of the litigation precluded other

employment by the attorneys, [and] (4) the contingent nature of the fee award." (*Ketchum v.

Moses* (2001) 24 Cal.4th 1122, 1132.)

**Discussion**

*Entitlement to Attorney Fees*

Plaintiffs move for attorney fees in the total amount of $148,935.00 (lodestar of

$99,290.00 with 1.5 multiplier), pursuant to CCP § 1032(a)(4) and Civil Code § 1794(d).

Plaintiffs assert that they are the prevailing party and, therefore, are entitled to statutory attorney

fees.

Plaintiffs and Defendants filed a Notice of Settlement on May 28, 2019. Defendants do

not dispute that Plaintiffs are entitled to attorney fees in this case. The court therefore finds that

Plaintiffs are entitled to attorney fees in connection with their claims in this matter.

///

///

*Reasonableness of Attorney's Fees*

    a.   Attorney Hourly Rate and Attorney Hours

Defendants contend that the entire $20,072.50 billed by the Knight Law Group ("KLG") should be excluded because KLG's work was duplicated by Century Law Group LLP ("CLG") when KLG brought CLG onto the case as trial counsel.

The factors considered in determining the modification of the lodestar "include the nature and difficulty of the litigation, the amount of money involved, the skill required and employed to handle the case, the attention given, the success or failure, *and other circumstances in the case*." (*EnPalm, LLC v. Teitler Family Trust* (2008) 162 Cal.App.4th 770, 774, emphasis in original.) A negative modifier was appropriate when duplicative work had been performed. (*Thayer v. Wells Fargo Bank, N.A.* (2001) 92 Cal.App.4th 819.)

Plaintiffs' attorney's fees include billing from the KLG, which initially litigated the case, and CLG, which associated in as trial counsel. The court finds that Defendants fail to establish that it was improper for Plaintiff's counsel to have two firms billing on this matter. The parties litigated this case for about three years and settled only on the day of trial. Defendants provides no legal support for their novel contention that a firm's entire bill should be excluded merely because another firm was brought in as trial counsel.

Defendants also run through the usual arguments made in lemon law attorney's fees motions without specifying how any of the arguments should reduce the attorney's fee award. Plaintiffs offer the expected responses. Defendants argue that Plaintiffs' claims lack novelty or difficulty. Plaintiffs counter that Defendants' litigation tactics ran up the bills. Defendants claim the settlement was not exceptional because it represented less than the statutorily enumerated damages. Plaintiffs argue the settlement was more than double the purchase price of the vehicle

4

at issue. Defendants argue Plaintiffs' counsel displayed no special skill in this litigation because Plaintiffs' counsel merely uses the same templates in all lemon law cases. Plaintiffs retort lemon law requires specialized legal knowledge and specialized factual knowledge of automobile mechanics, which Plaintiffs counsel's templates deliver at a bargain to their clients. Defendants argue Plaintiffs have not supplied any evidence that Plaintiffs' counsel took this case on contingency. Plaintiffs contend Defendants have failed to provide evidence that the case was not taken on contingency. The court finds none of Defendants' arguments merit a downward adjustment of the lodestar. None of Defendants' arguments explain how the attorney fee award might be reduced in a principled manner for the various claimed deficiencies. Further, Plaintiffs have a response to each of Defendants' contentions.

Defendants next identify 14 instances of duplicative billing, excessive rates, and unreasonably spent time. The 14 instances will be addressed in turn.

Defendants argue that the $3,980 billed on October 9, 2017 alone by Mr. Lear and Ms. Gonzales to strategize between Plaintiffs' two firms is duplicative and excessive. Plaintiffs retort that Defendants have at times been represented by multiple law firms, and that Plaintiffs involving 15 lawyers on this case leads to efficiency because each lawyer specializes in a particular task. The court finds Defendants' argument convincing. Billing almost $4,000 for attorneys in two firms to strategize with each other is excessive and duplicative. Plaintiffs' counsel's business model may be premised on the belief that task specialization leads to efficiency. But, that does not require the court to turn a blind eye to the places where that model is inefficient, namely in strategizing and familiarizing more than a dozen attorneys with a single case file. This amount will be halved to $1,990 to represent the time a single attorney might take to think through such strategy themselves.

5

Defendants argue that $1,890 billed for a partner spending 5.4 hours preparing discovery requests is excessive because drafting discovery is not a task that requires a partner's skill and 5.4 hours is too much time to adjust the names and dates on the same templates that Plaintiffs' counsel uses in every case. Plaintiffs assert that they made 320 discovery requests. The court finds the number of hours and hourly rate that Plaintiffs seek for these tasks are unreasonable as Plaintiffs' argument does not address why a partner needed to draft discovery requests from templates or take more than half a day to do so. This amount will be reduced to two hours at an associate's rate of $250, for a total of $500, to represent a reasonable time and rate for such work.

Defendants argue that $210 billed by a partner at KLG to review an opposition to a motion was duplicative because a partner at CLG had already drafted the moving papers and the reply three months earlier. Plaintiffs offer no retort. The court finds Plaintiffs' billing entry is unreasonable because it is duplicative and the task was unnecessary. This amount will be eliminated.

Defendants argue that $862.50 billed for preparing deposition summaries is excessive because the hourly rate for this work should not be $375 per hour. Plaintiffs do not explain how the rate was reasonable. The court finds the hourly rate unreasonable because that rate is for an attorney with 11 years of lemon law experience. Deposition summaries do not require such specialized experience and should not be billed at the corresponding rate. The court reduces this amount to $517.50, representing the 2.3 hours of work at an associate's rate of $225 per hour.

Defendants argue that a total of $272.50 billed for work related to Plaintiffs' counsel's failure to appear at two hearings is excessive because Defendants should not have to pay for work caused by Plaintiffs' counsel's scheduling errors. Plaintiffs offer no response. The court

finds Defendants' argument has merit. Plaintiffs' billing entry was not reasonably incurred because it is unreasonable for Plaintiffs' counsel to fail to attend court hearings. This amount will be excluded.

Defendants argue that $330.00 billed by a partner to review and audit billing statements should be excluded because it is a nonbillable administrative task. Plaintiffs offer no response. The court finds this billing entry unreasonable because the task is nonbillable administrative work. This amount will be excluded.

Defendants argue that $600 billed to review motions in limine on December 18, 2017 was unreasonable because the motions in limine were not served until the next day. Plaintiffs argue the date of the entry was wrong but the work was still done. The court finds this entry is reasonable given the apparent mistake in dating the work. This amount will not be reduced.

Defendants argue that $3,120 billed by CLG to draft an MSC statement was excessive because it involved reviewing discovery responses, which KLG had already done. Plaintiffs concede that 3.8 hours of that work billed at $400 per hour was inaccurately billed, constituting a reduction of $1,520. The court finds this entry was admittedly incorrectly billed. This amount will be reduced to $1,600.00.

Defendants argue that $4,940 billed by CLG for 12.35 hours drafting motions in limine is excessive because Plaintiffs' counsel uses the same boilerplate motions in each lemon law case. Plaintiffs counter that CLG conformed each motion to the facts of the case and it would have taken longer without templates. The court finds Plaintiffs' response does not justify why it is reasonable to take a business day and a half to add the facts of this case to a standardized set of motions. The court reduces this amount to six hours of work by CLG's partner, totaling $2,400.00.

Defendants argue that $400 billed by CLG for meeting with clients is excessive because no further description is provided of the meeting. Plaintiffs argue that meeting with a client is not objectionable and it does not need to be described further. The court finds that Plaintiffs' billing entry is reasonable because a lack of description does not make the time spent on the task excessive. This amount will not be reduced.

Defendants argue that $4,500 billed by CLG for nine hours of defending Plaintiffs' joint deposition is excessive because the deposition only lasted five hours. Plaintiffs argue the nine-hour entry includes travel to and from the downtown deposition site and debriefing Plaintiffs after the deposition. The court finds Plaintiffs' charge is unreasonable because, even assuming two hours of travel from Century City to downtown, Plaintiffs' counsel would have been debriefing Plaintiffs for two hours after their depositions. The court finds that Plaintiff does not justify taking two hours to discuss a deposition between people who were all in the deposition room together. The court reduces this amount to seven hours of work at this attorney's rate of $500 per hour, totaling $3,500.

Defendants argue that $2,231.25 billed by CLG's managing partner to review motions in limine and the facts of the case for the final status conference and mandatory settlement conference was duplicative because another attorney drafted the motions in limine and a statement for the mandatory settlement conference. Plaintiffs retort this work was necessary for oral argument. The court finds this charge duplicative and therefore unreasonable. This amount will be reduced to $1,000.

Defendants argue that $375 billed by CLG's law-student intern to calculate damages is excessive because damages in a lemon law case are merely the value of the vehicle multiplied by

two for a statutory penalty. Plaintiffs offer no rebuttal. The court finds this entry is unreasonable

because damages calculations in this type of case are very simple. This amount will be excluded.

Lastly, Defendants argue that the $1,200 billed to draft this motion and the $2,000 billed

to reply and appear on this motion are excessive. Plaintiffs retort that a motion for attorney fees

is fact driven and the reply must respond to the arguments raised in opposition. The court finds

these charges are unreasonable because a partner does not need to prepare a boilerplate motion,

like the present one, from scratch. Plaintiffs' charge of three hours to prepare the moving papers

is unreasonable. Plaintiffs' charge of three hours to prepare for and attend the hearing on this

motion is unreasonable, particularly since the same attorney prepared the moving papers and the

reply. The court reduces this amount to $2,000.

Cumulatively, Plaintiffs' counsel's bill is reduced by $12,403.75. The court finds

Plaintiffs' counsel reasonably incurred $86,886.25 in attorney fees.


b.  Lodestar Multiplier

Plaintiff also seeks a 1.5 multiplier based upon the contingent risk Plaintiff's counsel

undertook in this representation. The lodestar figure may be adjusted based on relevant factors,

which include: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in

presenting them, (3) the extent to which the nature of the litigation precluded other employment

by the attorneys, [and] (4) the contingent nature of the fee award." (*Ketchum, supra*, 24 Cal.4th

at 1132.)

Here, the court finds Plaintiffs establish that a multiplier is justified in this matter.

Plaintiffs' counsel accepted this case on contingency, advanced costs, and was required to secure

a settlement greater than Defendants' Section 998 offer in order to get any attorney fees. Thus,

Plaintiffs' counsel took on financial risk in accepting this case and litigating it for three years up to the day of trial. However, since none of the other factors favor a multiplier for Plaintiff, the court finds that it is reasonable to reduce the multiplier to a 1.2 multiplier. Accordingly, a 1.2 multiplier is justified–an additional $17,377.25–to compensate Plaintiffs' counsel for the financial risk present in this representation.

*Conclusion*

Based on the foregoing, the court GRANTS IN PART Plaintiffs' motion for attorney fees. The court awards Plaintiff attorney fees in the lodestar amount of $84,886.25, with a 1.2 multiplier in the amount of $17,377.25, for Plaintiffs' claims in this case and $2,000 for this motion, for a total award of $104,263.50.

**SUMMARY OF PLAINTIFF'S AWARD**

|  | Requested | AWARDED |
|---|---|---|
| **Lodestar:** | $96,090 | $84,886.25 |
| **Enhancement Multiplier:** | 1.5x | 1.2x |
| **Attorney's Fees Motion** | $3,200 | $2,000 |
| **TOTAL:** | $148,935 | **$104,263.50** |

It is so ordered.

Date: January 10, 2020

MEL RED RECANA
Judge of the Superior Court

10

# EXHIBIT BB

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 31

**BC707811**                                                              January 7, 2020
**SELENE VALENZUELA VS GENERAL MOTORS LLC**                                8:30 AM

Judge: Honorable Yolanda Orozco            CSR: Kevin Andrew Roldan #13463
Judicial Assistant: Hortencia Garcia       ERM: None
Courtroom Assistant: Theresa de la Paz     Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Steve B. Mikhov by Deepak Devabose

For Defendant(s): Haik Gasparyan, Esq by Kyle B. Roybal

**NATURE OF PROCEEDINGS:** Hearing on Motion for Attorney Fees; Hearing on Motion for
Attorney Fees

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956,
Kevin Andrew Roldan, CSR # 13463, certified shorthand reporter is appointed as an official
Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the
Court Reporter Agreement. The Order is signed and filed this date.

The Court's tentative ruling is posted online for the parties to review.

The matter is called for hearing.

Plaintiff and defendant submit to the Court's tentative ruling as it pertains to the Motion for
Attorney Fees by Hackler Firm only.

The Court's tentative ruling as to the Hackler Firm is adopted as the final order of the Court as
follows:

Background

On May 25, 2018, Plaintiff Selena Valenzuela filed the instant action against Defendant General
Motors LLC and Does 1 through 10. On August 28, 2019, Plaintiff filed the First Amended
Complaint ("FAC"), adding Saray Martinez as a Plaintiff. The FAC asserts causes of action for:

1. Violation of Song-Beverly Act – Breach of Express Warranty;
2. Violation of Song-Beverly Act – Breach of Implied Warranty; and
3. Violation of the Song-Beverly Act, Section 1793.2.

On September 4, 2019, Plaintiffs filed a Notice of Settlement of Entire Case.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 31

**BC707811**                                              January 7, 2020
**SELENE VALENZUELA VS GENERAL MOTORS LLC**                   8:30 AM

Judge: Honorable Yolanda Orozco          CSR: Kevin Andrew Roldan #13463
Judicial Assistant: Hortencia Garcia     ERM: None
Courtroom Assistant: Theresa de la Paz   Deputy Sheriff: None

Legal Standard

Attorneys' fees are allowed as costs when authorized by contract, statute, or law. (Code Civ.
Proc, § 1033.5, subd. (a)(10)(B).)

In a lemon law action, costs and expenses, including attorney's fees, may be recovered by a
prevailing buyer under the Song-Beverly Act. (See Civ. Code, § 1794(d).) Section 1794
provides:

If the buyer prevails in an action under this section, the buyer shall be allowed by the court to
recover as part of the judgment a sum equal to the aggregate amount of costs and expenses,
including attorney's fees based on actual time expended, determined by the court to have been
reasonably incurred by the buyer in connection with the commencement and prosecution of such
action.

(Civ. Code, § 1794 [emphasis added].) Thus, the statute includes a "reasonable attorney's fees"
standard.

The attorney bears the burden of proof as to "reasonableness" of any fee claim. (Code Civ. Proc.,
§ 1033.5(c)(5).) This burden requires competent evidence as to the nature and value of the
services rendered. (Martino v. Denevi (1986) 182 Cal.App.3d 553, 559.) "Testimony of an
attorney as to the number of hours worked on a particular case is sufficient evidence to support
an award of attorney fees, even in the absence of detailed time records." (Id.)

A plaintiff's verified billing invoices are prima facie evidence that the costs, expenses, and
services listed were necessarily incurred. (See Hadley v. Krepel (1985) 167 Cal.App.3d 677,
682.) "In challenging attorney fees as excessive because too many hours of work are claimed, it
is the burden of the challenging party to point to the specific items challenged, with a sufficient
argument and citations to the evidence. General arguments that fees claimed are excessive,
duplicative, or unrelated to not suffice." (Lunada Biomedical v. Nunez (2014) 230 Cal.App.4th
459, 488, quoting Premier Med. Mgmt. Sys., Inc. v. California Ins. Guarantee Ass'n (2008) 163
Cal.App.4th 550, 564.)

Evidentiary Objections

Plaintiffs assert various objections to the Declaration of Kyle B. Roybal. Objection No. 3 is
SUSTAINED. The remaining objections are OVERRULED.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 31

BC707811                                                              January 7, 2020
**SELENE VALENZUELA VS GENERAL MOTORS LLC**                           8:30 AM

Judge: Honorable Yolanda Orozco          CSR: Kevin Andrew Roldan #13463
Judicial Assistant: Hortencia Garcia     ERM: None
Courtroom Assistant: Theresa de la Paz   Deputy Sheriff: None

Discussion

Plaintiffs seek attorneys' fees and costs in the amount of $15,778.13 consisting of $10,518.75 in attorney fees and a 0.5 multiplier enhancement of $5,259.38.

Timeliness

On November 6, 2019, at the OSC Re: Dismissal (Settlement), Plaintiffs informed the Court that they intended to pursue attorney fees. (November 6, 2019 Minute Order.) The Court thus continued the OSC Re: Dismissal (Settlement) to November 13, 2019 and ordered that the Motion for Attorney Fees be reserved and filed by that date. (November 6, 2019 Minute Order.)

In opposition to the motion, Defendant argues that despite the Court's order, Plaintiffs filed the instant motion on November 14, 2019. Defendant asserts that for this reason alone, the Court should deny counsel's fee motion in its entirety.

In reply, Plaintiffs argue that Defendant failed to give proper notice of the filing deadline as ordered by the Court. Plaintiffs assert that Defendant never provided proper notice to Plaintiffs' associated trial counsel as ordered by the Court. (Daghighian Reply Decl. ¶ 3.) Plaintiffs contend that in fact, Plaintiffs' associated trial counsel only learned of the Court-set deadline from its co-counsel on the date of the deadline itself. (Daghighian Reply Decl. ¶ 3.)

Plaintiffs argue that moreover, they filed their motion in accordance with the statutory period set forth in Code of Civil Procedure section 1005 and Defendant was not prejudiced in any way by the filing on November 14, 2019. Plaintiffs assert that the Court should decide the issue of attorneys' fees on the merits, as the motion was filed only one day after the Court's deadline and counsel's involvement in the case was fundamental to Defendant accepting Plaintiffs' settlement offer.

The Court finds that Plaintiffs' instant attorney fee motion was filed a day after the Court's deadline of November 13, 2019. The Court admonishes Plaintiffs and expects all parties to comply with all deadlines set by the Court. Nevertheless, the Court finds that Defendant has opposed the motion on its merits and will not be prejudiced by the Court considering the merits of the instant motion. Accordingly, the Court uses its discretion and determines the motion on its merits.

Hourly Rate

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 31

BC707811                                                              January 7, 2020
SELENE VALENZUELA VS GENERAL MOTORS LLC                                    8:30 AM

Judge: Honorable Yolanda Orozco               CSR: Kevin Andrew Roldan #13463
Judicial Assistant: Hortencia Garcia          ERM: None
Courtroom Assistant: Theresa de la Paz        Deputy Sheriff: None

"The reasonable hourly rate is that prevailing in the community for similar work." (PLCM Group
v. Drexler (2000) 22 Cal.4th 1084, 1095.) "The experienced trial judge is the best judge of the
value of professional services rendered in [her] court." (Ibid.)

Plaintiffs seek to recover attorneys' fees for 4 different attorneys and paralegals who worked on
the case. Their hourly rates are as follows:

Sepehr Daghighian: $550/hour (Daghighian Decl. ¶ 3.)

Erik Schmitt: $275/hour (Daghighian Decl. ¶ 4.)

Lauren C. Martin: $275/hour (Daghighian Decl. ¶ 5.)

Andrea Plata: $75/hour (Daghighian Decl. ¶ 6.)

For each of the attorneys and paralegals, attorney Sepehr Daghighian attests to their legal
experience and the reasonableness of their rates. (Id. at ¶ 2-6.)

In opposition, Defendant argues that if the Court were to grant the full $10,518.75 requested as
fees, counsel will have been compensated at a rate of more than $480 per hour spent working on
non-fee-related matters, $200 higher than the highest rate billed by any attorney in counsel's firm
in this matter. Defendant asserts that counsel should not be permitted to inflate their hourly rates
in this manner.

In reply, Plaintiffs argue that Defendant fails to carry its burden to establish the requested fees
and rates, which are presumptively reasonable, should be reduced in any way.

The Court finds that the hourly rates requested by Plaintiffs are reasonable and commensurate
with rates charged by attorneys with comparable skill and expertise. Defendant's arguments to
the contrary are unpersuasive.

Reasonable Hours Incurred

"A trial court assessing attorney fees begins with a touchstone or lodestar figure, based on the
'careful compilation of the time spent and reasonable hourly compensation of each attorney ...
involved in the presentation of the case." (Christian Research Institute v. Alnor (2008) 165
Cal.App.4th 1315, 1321.) "The reasonableness of attorney fees is within the discretion of the trial

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 31

**BC707811**                                                            January 7, 2020
**SELENE VALENZUELA VS GENERAL MOTORS LLC**                              8:30 AM

Judge: Honorable Yolanda Orozco          CSR: Kevin Andrew Roldan #13463
Judicial Assistant: Hortencia Garcia     ERM: None
Courtroom Assistant: Theresa de la Paz   Deputy Sheriff: None

---

court, to be determined from a consideration of such factors as the nature of the litigation, the
complexity of the issues, the experience and expertise of counsel and the amount of time
involved. The court may also consider whether the amount requested is based upon unnecessary
or duplicative work." (Wilkerson v. Sullivan (2002) 99 Cal.App.4th 443, 448.)

While not per se objectionable, block billing can exacerbate the vagueness of an attorney fee
request and support a court's finding that time entries were inflated and non-compensable.
(Christian Research Institute v. Alnor (2008) 165 Cal.App.4th 1315, 1325-1326.)

Plaintiffs' counsel provides detailed billing records for this case. (Daghighian Decl., Exh. A.)
Plaintiffs argue that their fee recovery of $10,518.75 is based on about 39.75 hours spent by their
attorneys litigating this case, including this motion. Plaintiffs assert that this case required a
range of specialized knowledge, including: (1) an understanding of the full scope of consumer
protection laws, which are highly nuanced; (2) knowledge of the intricacies of automobiles and
the lexicon associated with them, as well as knowledge concerning how to investigate issues
with automobiles; and (3) knowledge of auto manufacturers' and dealers' policies and protocols
for repairing vehicles and complying with their legal obligations. (Daghighian Decl., ¶ 28.)
Plaintiffs contend that their attorneys have acquired knowledge and insight about these over the
course of many years of litigation, and this experience typically results in significantly higher
judgments or settlements for their clients, like the Plaintiffs here.

Plaintiffs argue that moreover, Defendant made this matter even more complex by maintaining it
had no liability and declining to submit any reasonably offers to settle the matter for over a year
of litigation. (Daghighian ¶ 30.) Plaintiffs assert that Defendant should have acknowledged the
defects in Plaintiffs' vehicle and resolved the matter before this case was ever filed. Plaintiffs
contend that instead, Defendant engaged in expensive litigation, including engaging in extensive
discovery and forcing Plaintiffs' counsel to expend numerous hours preparing for trial. Plaintiffs
argue that with little effort, Defendant could have resolved this matter much earlier and saved
tens of thousands in attorneys' fees, costs and expenses by doing so. Plaintiffs assert that
Defendant caused substantial fees to be incurred.

Plaintiffs contend that when Defendant causes the entirety of fees to be incurred, it has no
legitimate basis for complaining about the amount of attorneys' fees reasonably and actually
incurred, especially when Defendant had the opportunity to resolve the matter before a lawsuit
was even filed.

In opposition, Defendant argues that counsel's fee request should be reduced because although
counsel seeks to recover for 39.75 hours, 18 of those hours – nearly 50% – relate solely to

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 31

| | |
|---|---|
| **BC707811** | January 7, 2020 |
| **SELENE VALENZUELA VS GENERAL MOTORS LLC** | 8:30 AM |

| | |
|---|---|
| Judge: Honorable Yolanda Orozco | CSR: Kevin Andrew Roldan #13463 |
| Judicial Assistant: Hortencia Garcia | ERM: None |
| Courtroom Assistant: Theresa de la Paz | Deputy Sheriff: None |

counsel's fee motion. Defendant asserts that counsel cannot justify spending nearly 50% of the total time billed to this matter on the fee motion alone. Defendant contends that the Court should reduce counsel's claimed fees for working on this fee motion to no more than $1,237.50, which represents 4.5 hours at $275/hour (1.5 hours to prepare the fee motion, 1.0 hours to review the opposition and prepare a reply, and 2 hours to attend the hearing). Defendant argues that this amount represents reasonable compensation for work performed in connection with seeking attorneys' fees in this matter.

In reply, Plaintiffs argue that Defendant has failed to carry its burden and offer evidence disputing Plaintiffs' showing of reasonableness. Plaintiffs assert that other than complaining that half of counsel's fee bill is related to the instant motion, of which the fees incurred are legally recover, Defendant failed to make a single objection to counsel's fees.

The Court finds that the amount of fees requested is unreasonable. First, as to the fee motion, the Court is not persuaded that Plaintiffs will incur an additional 4 hours preparing for and attending the hearing on the instant motion, that Plaintiffs will require an additional 7 hours reviewing the opposition and drafting the reply, or that Plaintiffs required 6.5 hours to prepare the instant motion. Accordingly, a total of $3,575.00 representing 11 hours billed has been deducted from the total amount of fees requested.

Having analyzed the motions and pleadings filed, and having reviewed the billing statements provided, the Court determines that a reasonable lodestar in this case, to limit any duplicative and excessive fees, is $6,943.75.

Lodestar Multiplier

While the lodestar reflects the basic fee for comparable legal services in the community, it may be adjusted based on various factors, including "(1) the novelty and difficulty of the questions involved, and the skill displayed in presenting them; (2) the extent to which the nature of the litigation precluded other employment by the attorneys; (3) the contingent nature of the fee award" and (4) the success achieved. (Serrano v. Priest (1977) 20 Cal.3d 25, 49.)

Nonetheless, the court must not consider extraordinary skill and the other Serrano factors to the extent these are already included with the lodestar. (Ketchum v. Moses (2001) 24 Cal. 4th 1122, 1138-1139.) "[A] trial court should award a multiplier for exceptional representation only when the quality of representation far exceeds the quality of representation that would have been provided by an attorney of comparable skill and experience billing at the hourly rate used in the lodestar calculation. Otherwise, the fee award will result in unfair double counting and be

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Stanley Mosk Courthouse, Department 31

BC707811                                                               January 7, 2020
**SELENE VALENZUELA VS GENERAL MOTORS LLC**                            8:30 AM

Judge: Honorable Yolanda Orozco              CSR: Kevin Andrew Roldan #13463
Judicial Assistant: Hortencia Garcia         ERM: None
Courtroom Assistant: Theresa de la Paz       Deputy Sheriff: None

unreasonable." (Id. at 1139.)

Plaintiffs seek a lodestar multiplier of 0.5 in the additional amount of $5,259.38. Plaintiffs argue that throughout the litigation, there always existed the possibility that Plaintiffs would not prevail. Plaintiffs assert that indeed, Defendant's 998 offer created additional risk because Plaintiffs would need to prevail with civil penalties at trial, since anything less would have cut off attorney's fees as of the date of the offer. Plaintiffs contend that the risk was further compounded by the fact that Plaintiffs' attorneys advanced all litigation costs and expenses without reimbursement. Plaintiffs argue that if they did not prevail, their attorneys would have suffered a substantial loss of uncompensated attorney hours and thousands of dollars in out-of-pocket expenses. Plaintiffs contend that they request a 0.2 enhancement based on that risk.

Plaintiffs further argue that Defendant dragged this case out for over a year before agreeing to a reasonable settlement. Plaintiffs assert that Plaintiffs' attorneys are not paid at all if they lose, and need to absorb significant delay in being paid if Plaintiffs do win. On account of the substantial delay in payment, Plaintiffs request a 0.3 enhancement.

In opposition, Defendant argues that the notion that counsel should receive a 0.5 "enhancement" or "multiplier" is completely unjustified. Defendant asserts that counsel has not even satisfied the three elements cited in the motion to support an enhancement. Defendant contends that counsel cannot satisfy the first factor because the vast majority of the firm's work is dedicated to breach of warranty actions under Song-Beverly, issues which are virtually identical from case to case. Defendant argues that indeed, in the instant matter, the motions in limine, jury instructions, and other related trial documents were prepared by only slightly modifying templates counsel has used in dozens of other Song-Beverly cases.

Defendant asserts that the second factor also cuts against enhancement here. Defendant contends that counsel has not presented any evidence whatsoever suggesting that they avoided taking on new clients to represent Plaintiffs. Defendant argues that finally, counsel cannot satisfy the third factor because counsel cannot seek an upward adjustment in base hourly rates for contingent risk and a multiplier based on that same contingent risk. Defendant asserts that that argument would result in impermissible double-counting.

The Court finds that under the circumstances of this case, a lodestar multiplier is not appropriate. Nothing before the Court indicates that the case presented novel issues or that the quality of representation far exceeded the quality of representation that would have been provided by attorneys of comparable skill and experience billing at the same rates. While Plaintiff argues that counsel accepted the case only on a contingency basis, the Court finds that such considerations

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 31

BC707811                                            January 7, 2020
SELENE VALENZUELA VS GENERAL MOTORS LLC                8:30 AM

Judge: Honorable Yolanda Orozco          CSR: Kevin Andrew Roldan #13463
Judicial Assistant: Hortencia Garcia     ERM: None
Courtroom Assistant: Theresa de la Paz   Deputy Sheriff: None

and risks are already included within the lodestar amount.

Based on the foregoing, the Court declines to award a lodestar multiplier.

Conclusion

Plaintiffs' Motion for Attorney Fees is GRANTED in part. The Court awards Plaintiffs attorneys' fees in the amount of $6,943.75.

Moving party to give notice.

After hearing argument on the Motion for Attorney fees filed by Knight Law Firm, the Court revises and adopts its tentative ruling as the final order of the Court as follows:

Background

On May 25, 2018, Plaintiff Selena Valenzuela filed the instant action against Defendant General Motors LLC and Does 1 through 10. On August 28, 2019, Plaintiff filed the First Amended Complaint ("FAC"), adding Saray Martinez as a Plaintiff. The FAC asserts causes of action for:

(1) Violation of Song-Beverly Act – Breach of Express Warranty;
(2) Violation of Song-Beverly Act – Breach of Implied Warranty; and
(3) Violation of the Song-Beverly Act, Section 1793.2.

On September 4, 2019, Plaintiffs filed a Notice of Settlement of Entire Case.

Legal Standard

Attorneys' fees are allowed as costs when authorized by contract, statute, or law. (Code Civ. Proc, § 1033.5, subd. (a)(10)(B).)

In a lemon law action, costs and expenses, including attorney's fees, may be recovered by a prevailing buyer under the Song-Beverly Act. (See Civ. Code, § 1794(d).) Section 1794 provides:

If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 31

BC707811                                                    January 7, 2020
SELENE VALENZUELA VS GENERAL MOTORS LLC                          8:30 AM

Judge: Honorable Yolanda Orozco          CSR: Kevin Andrew Roldan #13463
Judicial Assistant: Hortencia Garcia     ERM: None
Courtroom Assistant: Theresa de la Paz   Deputy Sheriff: None

reasonably incurred by the buyer in connection with the commencement and prosecution of such action.

(Civ. Code, § 1794 [emphasis added].) Thus, the statute includes a "reasonable attorney's fees" standard.

The attorney bears the burden of proof as to "reasonableness" of any fee claim. (Code Civ. Proc., § 1033.5(c)(5).) This burden requires competent evidence as to the nature and value of the services rendered. (Martino v. Denevi (1986) 182 Cal.App.3d 553, 559.) "Testimony of an attorney as to the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records." (Id.)

A plaintiff's verified billing invoices are prima facie evidence that the costs, expenses, and services listed were necessarily incurred. (See Hadley v. Krepel (1985) 167 Cal.App.3d 677, 682.) "In challenging attorney fees as excessive because too many hours of work are claimed, it is the burden of the challenging party to point to the specific items challenged, with a sufficient argument and citations to the evidence. General arguments that fees claimed are excessive, duplicative, or unrelated to not suffice." (Lunada Biomedical v. Nunez (2014) 230 Cal.App.4th 459, 488, quoting Premier Med. Mgmt. Sys., Inc. v. California Ins. Guarantee Ass'n (2008) 163 Cal.App.4th 550, 564.)

Evidentiary Objections

Plaintiffs assert various objections to the Declarations of Kyle B. Roybal and Mary Lynn Arens in support of Defendant's Opposition and to Defendant's Request for Judicial Notice.

Objections to the Declaration of Kyle B. Roybal:

Objection Nos. 1-2, 4-6 – SUSTAINED.

The remaining objections are OVERRULED.

Objections to the Declaration of Mary Lynn Arens:

Objection Nos. 1-3 – SUSTAINED.

The objections to the Request for Judicial Notice are OVERRULED.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 31

BC707811                                                            January 7, 2020
**SELENE VALENZUELA VS GENERAL MOTORS LLC**                          8:30 AM

Judge: Honorable Yolanda Orozco              CSR: Kevin Andrew Roldan #13463
Judicial Assistant: Hortencia Garcia         ERM: None
Courtroom Assistant: Theresa de la Paz       Deputy Sheriff: None

Request for Judicial Notice

The court may take judicial notice of "official acts of the legislative, executive, and judicial
departments of the United States and of any state of the United States," "[r]ecords of (1) any
court of this state or (2) any court of record of the United States or of any state of the United
States," and "[f]acts and propositions that are not reasonably subject to dispute and are capable
of immediate and accurate determination by resort to sources of reasonably indisputable
accuracy." (Evid. Code § 452, subds. (c), (d), and (h).)

Taking judicial notice of a document is not the same as accepting the truth of its contents or
accepting a particular interpretation of its meaning. (Fremont Indem. Co. v. Fremont General
Corp. (2007) 148 Cal.App.4th 97, 113-14 (citations and internal quotations omitted).) In
addition, judges "consider matters shown in exhibits attached to the complaint and incorporated
by reference." (Performance Plastering v. Richmond American Homes of California, Inc. (2007)
153 Cal.App.4th 659, 665.) However, "[w]hen judicial notice is taken of a document . . . the
truthfulness and proper interpretation of the document are disputable." (Aquila, Inc. v. Sup. Ct.
(2007) 148 Cal.App.4th 556, 569 (quoting StorMedia Inc. v. Sup. Ct. (1999) 20 Cal.4th 449, 457
n. 9).)

Defendant requests that the Court take judicial notice of documents filed in various Los Angeles
County Superior Court cases. The request is GRANTED.

Discussion

Plaintiffs seek attorneys' fees and costs in the amount of $52,445.35 consisting of $30,650.00 in
attorney fees and $6,470.35 in recoverable costs and expenses, and a 0.5 multiplier enhancement
of $15,325.00.

Hourly Rate

"The reasonable hourly rate is that prevailing in the community for similar work." (PLCM Group
v. Drexler (2000) 22 Cal.4th 1084, 1095.) "The experienced trial judge is the best judge of the
value of professional services rendered in [her] court." (Ibid.)

Plaintiffs seek to recover attorneys' fees for 10 different attorneys who worked on the case. Their
hourly rates are as follows:

· Steve Mikhov: $550/hour (Mikhov Decl. ¶ 22.)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 31

BC707811                                                              January 7, 2020
SELENE VALENZUELA VS GENERAL MOTORS LLC                                      8:30 AM

Judge: Honorable Yolanda Orozco              CSR: Kevin Andrew Roldan #13463
Judicial Assistant: Hortencia Garcia         ERM: None
Courtroom Assistant: Theresa de la Paz       Deputy Sheriff: None

· Amy Morse: $350/hour (Id. at ¶ 23.)
· Kristina Stephenson-Cheang: $375/hour (Id. at ¶ 24.)
· Christopher Swanson: $375/hour (Id. at ¶ 25.)
· Saba Zafar: $400/hour (Id. at ¶ 26.)
· Natalie Fisher: $250/hour (Id. at ¶ 27.)
· Maite Colon: $275/hour (Id. at ¶ 28.)
· Deepak Devabose: $275/hour (Id. at ¶ 29.)
· Marisa Melero: $225/hour (Id. at ¶ 30.)
· Matthew E. Hartman: 2018 rate of $350/hour (Id. at ¶ 31.)

For each of the attorneys, attorney Steve Mikhov attests to their legal experience and the
reasonableness of their rates. (Id. at ¶ 19-33.)

In opposition, Defendant argues that if the Court were to grant counsel's fee request as
submitted, which the Court notes, includes the requested multiplier, counsel would be paid a
little over $45,975.00 for 95.2 hours of work, which amounts to nearly $500 per hour.

In reply, Plaintiffs argue that Defendant asserts a curious argument by computing what Plaintiffs'
counsel's hourly rate would be if they were awarded a fee enhancement. Plaintiffs assert that
Defendant provides no support for why any calculation of hourly rates with an enhancement
should be the measure of reasonableness.

The Court finds that the hourly rates requested by Plaintiffs are reasonable and commensurate
with rates charged by attorneys with comparable skill and expertise. As noted by Plaintiffs,
Defendant provides no support for its implied contention that an attorney's rate with any
requested enhancement is the measure for reasonableness. Instead, the Court determines the
reasonableness of Plaintiffs' counsel's rates by looking at what was actually billed. Accordingly,
the Court finds that Plaintiffs' counsel's rates are reasonable.

Reasonable Hours Incurred

"A trial court assessing attorney fees begins with a touchstone or lodestar figure, based on the
'careful compilation of the time spent and reasonable hourly compensation of each attorney ...
involved in the presentation of the case." (Christian Research Institute v. Alnor (2008) 165
Cal.App.4th 1315, 1321.) "The reasonableness of attorney fees is within the discretion of the trial
court, to be determined from a consideration of such factors as the nature of the litigation, the
complexity of the issues, the experience and expertise of counsel and the amount of time
involved. The court may also consider whether the amount requested is based upon unnecessary

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 31

BC707811                                                            January 7, 2020
SELENE VALENZUELA VS GENERAL MOTORS LLC                             8:30 AM

Judge: Honorable Yolanda Orozco            CSR: Kevin Andrew Roldan #13463
Judicial Assistant: Hortencia Garcia       ERM: None
Courtroom Assistant: Theresa de la Paz     Deputy Sheriff: None

or duplicative work." (Wilkerson v. Sullivan (2002) 99 Cal.App.4th 443, 448.)

While not per se objectionable, block billing can exacerbate the vagueness of an attorney fee request and support a court's finding that time entries were inflated and non-compensable. (Christian Research Institute v. Alnor (2008) 165 Cal.App.4th 1315, 1325-1326.)

Plaintiffs' counsel provides detailed billing records for this case. (Mihkov Decl., Exh. A.) Plaintiffs argue that their fee recovery of $30,650.00 is based on about 95.2 hours spent by their attorneys litigating this case, including this motion. Plaintiffs assert that this case required a range of specialized knowledge, including: (1) an understanding of the full scope of consumer protection laws, which are highly nuanced; (2) knowledge of the intricacies of automobiles and the lexicon associated with them, as well as knowledge concerning how to investigate issues with automobiles; and (3) knowledge of auto manufacturers' and dealers' policies and protocols for repairing vehicles and complying with their legal obligations. (Mihkov Decl., ¶ 65.) Plaintiffs contend that their attorneys have acquired knowledge and insight about these over the course of many years of litigation, and this experience typically results in significantly higher judgments or settlements for their clients, like the Plaintiffs here.

Plaintiffs argue that moreover, Defendant should have acknowledged the defects in Plaintiffs' vehicle and resolved the matter before this case was ever filed. Plaintiffs assert that instead, Defendant engaged in expensive litigation, including engaging in extensive discovery and forcing Plaintiffs' counsel to expend numerous hours preparing for trial. Plaintiffs contend that with little effort, Defendant could have resolved this matter much earlier and saved tens of thousands in attorneys' fees, costs and expenses by doing so. Plaintiffs argue that Defendant ultimately capitulated, but not before causing substantial fees to be incurred. Plaintiffs assert that when Defendant causes the entirety of fees to be incurred, it has no legitimate basis for complaining about the amount of attorneys' fees reasonably and actually incurred, especially when Defendant had the opportunity to resolve the matter before a lawsuit was even filed.

In opposition, Defendant argues that counsel should not be awarded fees above $16,872.50. Defendant asserts that counsel's fee request should be reduced because counsel billed only 52.6 hours for work reasonably incurred on Plaintiffs' behalf. Defendant contends that although counsel seeks compensation for 95.2 hours, 42.6 hours of counsel's time were not reasonably incurred, including the following: (a) 19.8 hours for tasks performed in connection with three separate ex parte hearings caused entirely by Plaintiff's refusal to sit for her deposition (Roybal Decl. ¶ 10, Exh. G); (b) 8 hours spent for trial preparation work that was duplicative of associate counsel's work in preparing this matter for trial (Roybal Decl., Exh. G); and (c) 14.8 hours for preparing this fee motion, which is materially identical to fee motions counsel has prepared and

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 31

BC707811                                                        January 7, 2020
**SELENE VALENZUELA VS GENERAL MOTORS LLC**                     8:30 AM

Judge: Honorable Yolanda Orozco              CSR: Kevin Andrew Roldan #13463
Judicial Assistant: Hortencia Garcia         ERM: None
Courtroom Assistant: Theresa de la Paz       Deputy Sheriff: None

filed in other Song-Beverly cases. (Roybal Decl., Exh. G.) Defendant argues that these 42.6 hours amount to nearly half of the time for which counsel seeks compensation in this matter. Defendant asserts that such tasks were unnecessary, duplicative, or in pursuit of counsel's own compensation.

In reply, Plaintiffs argue that Defendant's statement that counsel incurred 14.8 hours for preparing the instant motion is verifiably false and misleading. Plaintiffs assert that counsel's invoice clearly states only four hours were billed for the drafting of Plaintiffs' motion and accompanying declaration – one entry of 2.4 hours and a second entry for 1.6 hours on November 8, 2019. (Mihkov Decl., Exh. A.) Plaintiffs contend that Defendant inflates this number to 14.8 hours by likely including anticipated hours for drafting the Reply and attending the hearing on the motion. Plaintiffs fail to address Defendant's arguments regarding the tasks performed in connection with the ex parte hearings and other trial preparation.

The Court finds that the amount of fees requested is unreasonable. First, as to the fee motion, the Court is not persuaded that Plaintiffs will incur an additional 4 hours preparing for and attending the hearing on the instant motion, nor that Plaintiffs will require an additional 6.8 hours reviewing the opposition and drafting the reply. Accordingly, a total of $2,730.00 representing 7.8 hours billed has been deducted from the total amount of fees requested.

As to the time incurred related to Plaintiffs' opposition to Defendant's ex parte application to continue trial, the Court finds that Plaintiffs could have avoided the need to bill for such time had Plaintiff merely sat for deposition in this case. Accordingly, the Court finds that the time billed relating to Defendant's ex parte was not reasonable. A total of $1,692.50 representing 7.7 hours billed has been deducted from the total amount of fees requested.

Having analyzed the motions and pleadings filed, and having reviewed the billing statements provided, the Court determines that a reasonable lodestar in this case, to limit any duplicative and excessive fees, is $28,957.50.

Lodestar Multiplier

While the lodestar reflects the basic fee for comparable legal services in the community, it may be adjusted based on various factors, including "(1) the novelty and difficulty of the questions involved, and the skill displayed in presenting them; (2) the extent to which the nature of the litigation precluded other employment by the attorneys; (3) the contingent nature of the fee award" and (4) the success achieved. (Serrano v. Priest (1977) 20 Cal.3d 25, 49.)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 31

**BC707811**                                                      January 7, 2020
**SELENE VALENZUELA VS GENERAL MOTORS LLC**                        8:30 AM

Judge: Honorable Yolanda Orozco          CSR: Kevin Andrew Roldan #13463
Judicial Assistant: Hortencia Garcia     ERM: None
Courtroom Assistant: Theresa de la Paz   Deputy Sheriff: None

Nonetheless, the court must not consider extraordinary skill and the other Serrano factors to the extent these are already included with the lodestar. (Ketchum v. Moses (2001) 24 Cal. 4th 1122, 1138-1139.) "[A] trial court should award a multiplier for exceptional representation only when the quality of representation far exceeds the quality of representation that would have been provided by an attorney of comparable skill and experience billing at the hourly rate used in the lodestar calculation. Otherwise, the fee award will result in unfair double counting and be unreasonable." (Id. at 1139.)

Plaintiffs seek a lodestar multiplier of 0.5 in the additional amount of $15,325.00. Plaintiffs argue that throughout the litigation, there always existed the possibility that Plaintiffs would not prevail. Plaintiffs assert that the risk was further compounded by the fact that Plaintiffs' attorneys advanced all litigation costs and expenses without reimbursement. Plaintiffs contend that if they did not prevail, their attorneys would have suffered a substantial loss of uncompensated attorney hours and thousands of dollars in out-of-pocket expenses. Plaintiffs argue that they request a 0.2 enhancement based on that risk.

Plaintiffs further argue that Defendant dragged this case out for more than fifteen (15) months before accepting to a reasonable settlement offer proposed by Plaintiffs. Plaintiffs assert that Plaintiffs' attorneys are not paid at all if they lose, and need to absorb significant delay in being paid if Plaintiffs do win. On account of the substantial delay in payment, Plaintiffs request a 0.3 enhancement.

In opposition, Defendant argues that the notion that counsel should receive a 0.5 "enhancement" or "multiplier" is completely unjustified. Defendant asserts that counsel has not even satisfied the three elements cited in the motion to support an enhancement. Defendant contends that counsel cannot satisfy the first factor because the vast majority of the firm's work is dedicated to breach of warranty actions under Song-Beverly, issues which are virtually identical from case to case. Defendant argues that indeed, in the instant matter, the pleadings were prepared by only slightly modifying templates counsel has used in hundreds of other Song-Beverly cases.

Defendant asserts that the second factor also cuts against enhancement here. Defendant contends that counsel has not presented any evidence whatsoever suggesting that they avoided taking on new clients to represent Plaintiffs. Defendant argues that to the contrary, counsel currently has 350 active Song-Beverly cases pending against GM alone, and presumably hundreds more against other manufacturers. (Roybal Decl. ¶ 11.) Defendant asserts that in light of this caseload, the notion that Plaintiffs' case somehow precluded Counsel from taking on additional clients is incredible—especially given that counsel was not going to try the case; Plaintiffs' other attorneys were planning to do so.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 31

BC707811                                                      January 7, 2020
**SELENE VALENZUELA VS GENERAL MOTORS LLC**                   8:30 AM

Judge: Honorable Yolanda Orozco           CSR: Kevin Andrew Roldan #13463
Judicial Assistant: Hortencia Garcia      ERM: None
Courtroom Assistant: Theresa de la Paz    Deputy Sheriff: None

Defendant contends that finally, counsel cannot satisfy the third factor because counsel cannot seek an upward adjustment in base hourly rates for contingent risk and a multiplier based on that same contingent risk. Defendant argues that that argument would result in impermissible double-counting.

Defendant asserts that that even if the Court were inclined to award a multiplier, any separate contingency fee received by Plaintiffs' counsel is sufficient to account for any enhancement or multiplier for the nature of the results achieved. Defendant contends that it is inherent in a contingency fee agreement that counsel is rewarded for the results beyond a straight repurchase. Defendant argues that awarding a multiplier on top of such a contingency award would be impermissible double-dipping.

The Court finds that under the circumstances of this case, a lodestar multiplier is not appropriate. Nothing before the Court indicates that the case presented novel issues or that the quality of representation far exceeded the quality of representation that would have been provided by attorneys of comparable skill and experience billing at the same rates. While Plaintiff argues that counsel accepted the case only on a contingency basis, the Court finds that such considerations and risks are already included within the lodestar amount.

Based on the foregoing, the Court declines to award a lodestar multiplier.

Costs

Allowable costs "shall be reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation." (Code Civ. Proc., § 1033.5, subd. (c)(2).) Any items not specifically mentioned by statute "may be allowed or denied in the court's discretion." (Id., subd. (c)(4).)

"'If the items appear to be proper charges the verified memorandum is prima facie evidence that the costs, expenses and services therein listed were necessarily incurred by the defendant [citations], and the burden of showing that an item is not properly chargeable or is unreasonable is upon the [objecting party].' [Citation.]" (Nelson v. Anderson (1999) 72 Cal.App.4th 111, 131.) The Court therefore first determines if the statute expressly allows for the item, and whether it appears proper on its face. If so, "the burden is on the objecting party to show them to be unnecessary or unreasonable." (Id.)

The Beverly-Song Act allows a successful plaintiff to recover both "costs" and "expenses." (See

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 31

**BC707811**                                                    January 7, 2020
**SELENE VALENZUELA VS GENERAL MOTORS LLC**                      8:30 AM

Judge: Honorable Yolanda Orozco            CSR: Kevin Andrew Roldan #13463
Judicial Assistant: Hortencia Garcia       ERM: None
Courtroom Assistant: Theresa de la Paz     Deputy Sheriff: None

---

Civ. Code, § 1794, subd. (d).) Courts have held that "it is clear the Legislature intended the word 'expenses' to cover items not included in the detailed statutory definition of 'costs.'" (Jensen v. BMW of North America, Inc. ("Jensen") (1995) 35 Cal.App.4th 112, 137.) The court in Jensen held that "[t]he legislative history indicates the Legislature exercised its power to permit the recovery of expert witness fees by prevailing buyers under the Act … ," noting that the legislature included "expenses" in the lemon law act because "'[t]he addition of awards of "costs and expenses" by the court to the consumer to cover such out-of-pocket expenses as filing fees, expert witness fees, marshall's fees, etc., should open the litigation process to everyone.' [Citation.]"

Plaintiffs seek a total of $6,470.35 in costs and expenses.

Defendant objects to a total of $924.55 in costs and expenses. Specifically Defendant objects to the following expenses: (a) $60 in filing fees associated with the ex parte to add an indispensable party that counsel should have added as a Plaintiff from the beginning; (2) $799.55 in transcript fees for Defendant's PMK deposition that was objected to and never took place on July 24, 2019; and (c) $65 in appearance attorney fees counsel paid to an appearance attorney to attend a CMC on their behalf. Defendant argues that such expenses would not properly be billed to Plaintiffs and therefore should not be recovered from Defendant. (Hensley v. Eckerhart (1983) 461 U.S. 424, 429 ("Hours that are not properly billed to one's client are also not properly billed to one's adversary pursuant to statutory authority.").) Defendant asserts that accordingly, $924.55 in costs should be excluded.

In reply, Plaintiffs argue that Defendant failed to file a motion to tax costs within the statutorily prescribed period. Plaintiffs assert that accordingly, the Court should grant all "costs and expenses" pursuant to Civil Code section 1794(c). Plaintiffs contend that to the extent that Defendant, in its opposition, objects to Plaintiffs' costs, all of the costs were reasonably incurred in the prosecution of this action and should therefore be allowed. Plaintiffs argue that Plaintiffs' verified Memorandum of Costs is prima facie evidence that gives rise to a presumption of necessity of these costs.

The Court finds that Plaintiffs are entitled to the costs sought under Civil Code section 1794. Moreover, Defendant failed to file a motion to take costs within 15 days after service of the cost memorandum pursuant to California Rule of Court Rule 3.1700(c). Based on the foregoing, the Court awards Plaintiffs costs in the amount of $6,470.35.

Conclusion

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 31

**BC707811**                                                        January 7, 2020
**SELENE VALENZUELA VS GENERAL MOTORS LLC**                          8:30 AM

Judge: Honorable Yolanda Orozco              CSR: Kevin Andrew Roldan #13463
Judicial Assistant: Hortencia Garcia         ERM: None
Courtroom Assistant: Theresa de la Paz       Deputy Sheriff: None

Plaintiffs' Motion for Attorney Fees is GRANTED in part. The Court awards Plaintiffs attorneys' fees in the amount of $28,957.50 and costs in the amount of $6,470.35, for a total of $35,427.85 in attorneys' fees and costs.

Furthermore, the Court sets the following hearing:

Order to Show Cause Re: Dismissal is scheduled for 02/06/2020 at 08:30 AM in Department 31 at Stanley Mosk Courthouse.

Moving party to give notice.

# EXHIBIT CC

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 74

BC690576
**VICKIE M LIVELY VS FCA US LLC ET AL**

December 10, 2019
8:30 AM

Judge: Honorable Michelle Williams Court          CSR: None
Judicial Assistant: C. Guerrero                   ERM: None
Courtroom Assistant: R. Cruz                      Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Ruling on Submitted Matter

The Court, having taken the matter under submission on 11/26/2019, now rules as follows:

Plaintiff's Motion for Attorney Fees. The motion for attorney fees is GRANTED IN PART.
Plaintiff is awarded attorney fees in the amount of $112,065.

Plaintiff requests attorney fees in the amount of $172,162.50 consisting of $114,775 in fees plus
an enhancement of 0.5%.

Lodestar
The court has reviewed the billing records for all of plaintiff's law firms as well as the
declarations submitted in support of this motion and finds the time spent and requested hourly
rates are reasonable. The court specifically reviewed the billing records to determine whether
there was any unreasonable duplication of efforts in light of the litigation history of this case and
found none. The court has deducted the fees requested for work performed on plaintiff's motion
for leave to file an amended complaint ($1,460) and plaintiff's motion to compel the deposition
of defendant's PMK ($1,250). The court finds the lodestar for this case to be $112,065.

Multiplier

The court makes the following findings: (1) this case is an average lemon law case that did not
involve the presentation of novel or difficult questions, (2) plaintiff's counsel displayed a high
level of skill in presenting this case at trial and counsel involved in pretrial litigation also
displayed a high level of skill in marshalling the evidence and positioning the case for settlement
and eventually trial, and (3) plaintiff's counsel accepted and worked on this matter on a
contingency basis. While litigation of cases brought under the Song-Beverly Act can be
challenging, the court finds the degree of difficulty in this case as well as the number of attorneys
working on it does not justify the application of a multiplier.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 74

**BC690576**                                      December 10, 2019
**VICKIE M LIVELY VS FCA US LLC ET AL**                    8:30 AM

Judge: Honorable Michelle Williams Court        CSR: None
Judicial Assistant: C. Guerrero                 ERM: None
Courtroom Assistant: R. Cruz                    Deputy Sheriff: None

The Court, having taken the matter under submission on 12/02/2019, now rules as follows:

The Motion to Tax Costs filed by FCA US LLC on 06/18/2019 is Granted in Part. Costs are taxed $715.67.

Item 1. Plaintiff does not oppose defendant's motion to tax fees related to her motion for leave to file an amended complaint. Plaintiff also seeks $61.65 for the filing fee for a motion to compel deposition that was not heard. Item 1 is taxed $183.30.

Item 4. Defendant seeks to tax costs related to depositions. There is no requirement that deponents testify at trial in order for deposition costs to be recoverable. The court finds these depositions were reasonably necessary for plaintiff to adequately prepare this case for trial. The motion to tax item 4 is denied.

Item 8. At the hearing on this motion, defendant conceded plaintiff's expert fees are reasonable. The motion to tax item 8 is denied.

Item 13. Defendant seeks to tax costs related to travel. Plaintiff seeks costs including mileage and parking for travel to trial, as well as lunch for plaintiff's counsel. There is no explicit statutory authority entitling plaintiff to reimbursement of these costs. Item 13 is taxed $532.37.

The clerk is directed to give notice.

Certificate of Mailing is attached.

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>12/10/2019<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ C. Guerrero _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Vickie M. Lively | |
| DEFENDANT/RESPONDENT:<br>FCA US LLC et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>BC690576 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Ruling on Submitted Matter) of 12/10/2019 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Eric Y Kizirian
Lewis Brisbois Bisgaard & Smith LLP
633 W 5th St
Suite 4000
Los Angeles, CA 90071-

Edward Lear
Century Law Group LLP
5200 W Century Blvd #345
Los Angeles, CA 90045

Steve Borislav Mikhov
Knight Law Group, LLP
10250 Constellation Blvd
Ste 2500
Los Angeles, CA 90067-

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 12/10/2019

By: C. Guerrero
Deputy Clerk

# EXHIBIT DD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 26 2019

Sharri R. Carter, Executive Officer/Clerk
By Cher Mason, Deputy

**Superior Court of California**

**County of Los Angeles**

*Department 36*

TANISHA LASHAY PITTS

             Plaintiff,

        v.

FCA US LLC, a Delaware Limited Liability
Company; FAB4 LLC, a California Limited
Liability Company dba RUSSELL
WESTBROOK CHRYSLER DODGE JEEP
RAM; and DOES 1 though 10, inclusive

             Defendant.

Case No.:    BC690577

Hearing Date: 8/26/2019

**RULING RE: MOTION FOR
ATTORNEYS' FEES, COSTS AND
EXPENSES**

The motion is GRANTED for $66,059.71.

"'[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of
hours reasonably expended multiplied by the reasonable hourly rate ...'" (*Ketchum v. Moses*
(2001) 24 Cal.4th 1122, 1134.) The lodestar method is based on the factors to the particular
case: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in
presenting them, (3) the extent to which the nature of the litigation precluded other employment
by the attorneys, (4) the contingent nature of the fee award." (*Id*. at 1132.) "The ''experienced

1    trial judge is the best judge of the value of professional services rendered in his court, and while

2    his judgment is of course subject to review, it will not be disturbed unless the appellate court is

3    convinced that it is clearly wrong.'"" (*Id.*; *see also Doppes v. Bentley Motors, Inc.* (2009) 174

4    Cal.App.4th 967, 997 [holding the lodestar method is the proper means of calculating attorney's

5    fees under Civ. Code § 1794(d) for Song-Beverly claims].)

6

7    Factors that the court may consider for applying a lodestar multiplier are (1) the novelty and

8    difficulty of the questions, and the skill displayed in presenting them, (2) the extent to which the

9    nature precluded other employment by the attorneys, (3) the contingent nature of the fee award,

10   from the viewpoint of eventual victory on the merits and the viewpoint of establishing eligibility

11   for an award (4) the result obtained by the litigation, (5) the quality of the representation, and (6)

12   any delay in receipt of payment. (*Serrano III v. Priest* (1977) 20 Cal. 3d 25, 48.)

13

14   Here, Plaintiff moves for attorney's fees, costs, and expenses under Civil Code § 1794. Plaintiff

15   asserts that she is the prevailing party under Civil Code § 1794(d) and may recover her attorney's

16   fees and costs.  Plaintiff may have reasonable attorney's fees as the prevailing party under both

17   the Song-Beverly Act. (See Civ. Code § 1794(d); *Murillo v. Fleetwood Enterprises, Inc.* (1998)

18   17 Cal.4th 985, 990.)

19

20   Plaintiff claims attorney's fees for her counsel Knight Law Group, LLC for $19,892.50 and her

21   counsel Century Law Group, LLP for $31,251.00. (Mikhov Decl. ¶ 2, Exh. A.)  Plaintiff's

22   counsel also requests a 0.5 enhancement, for $25,571.75, to account for the delay in payment and

23   contingent risk posed by the case.  Plaintiff further claims $14,916.21 in costs and expenses.

24   (Mikhov Decl. ¶ 2, Exh. B.)  Although not required, Plaintiff has submitted the billing records

25   from counsel to support the motion. (Mikhov Decl. Ex. A; *see Horsford v. Board of Trustees*

26   (2005) 132 Cal.App.4th 359, 396 ["[T]he verified time statements of the attorneys, as officers of

27   the court, are entitled to credence in the absence of a clear indication the records are

28   erroneous"].)

Base Fees:

Plaintiff claims attorney's fees for $51,143.50. (Mikhov Decl. ¶ 2, Exh. A.) Defendants contend there is no basis for Plaintiff's attorneys' high billing rates. (Opp. p. 4:22-28) Defendants object to several specific billing entries based on vagueness, unreasonableness, or duplicity. (Opp. pp. 5-8.) Defendant's arguments regarding the attorneys' fees are based on conjuncture and unsupported by any significant evidence beyond opinion. The court finds Defendants' contentions that Plaintiff's counsel overbilled their hourly rates and time unpersuasive. As Plaintiff has met her initial burden by supplying verified time statements of the attorneys, the court is inclined to grant Plaintiff's requested base fees for $51,143.50.

Lodestar Multiplier:

Plaintiff requests a 0.5 multiplier because Plaintiff advanced all litigation costs and expenses without reimbursement, because Defendants extended the case for over a year before agreeing to a reasonable settlement, and because Plaintiff risked substantial loss of uncompensated attorney hours and thousands of dollars in out-of-pocket expenses. Defendants oppose the fees requested and argue there is nothing novel or requiring special skill about this case. Based on the case history, evidence, and arguments of counsel, the Court is not inclined to grant a multiplier. The evidence by Plaintiff does not sufficiently establish that the case was risky or involved novel issues which required particular skill. The Court finds the initially requested fees to be a reasonable amount given the parties' evidence and arguments, and enough to reasonably compensate Plaintiff's counsel. Defendants' counter request to apply a negative multiplier is denied, as Defendants provide no evidence that the case was over litigated beyond Plaintiff's continuing to take and defend depositions for 3 weeks after receiving the settlement offer. The court denies the request for a lodestar multiplier.

Costs:

Plaintiff requests $14,916.21 in costs and expenses. Defendants argue that Plaintiff's expert witness fee for expert Dr. Luna for $3,970.00 is not recoverable under Civil code section

1794(d) because the expert was designated as a fraud expert not an expert in Song-Beverly matters and fraud is not a cause of action under Song-Beverly. (Opp. p. 9:3-11.) Defendants cite no legal authority for this proposition. Civil Code section 1794(d) states:

"(d) If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." (Civ. Code, § 1794.)

California courts have interpreted "costs and expenses" broadly in relation to costs requests under Civil Code section 1794(d), finding that reasonably incurred expert witness fees with the commencement and prosecution of the action may be recovered. (*Jensen v. BMW of North America, Inc.* (1995) 35 Cal.App.4th 112, 138, as modified on denial of reh'g (June 22, 1995); *Warren v. Kia Motors America, Inc.* (2018) 30 Cal.App.5th 24, 42.) The expert witness was unquestionably deposed with the prosecution, regardless of the hypothesized purpose for the expert. Although Plaintiff may have had Defendants' offer in hand, an acceptance had not been communicated to Defendants and trial was still a possibility. As a practical matter, should the matter have progressed to trial, Plaintiff could not have prosecuted her case without expert testimonies. The court will award costs in the amount.

Dated: AUG 2 0 2019

GREGORY W. ALARCON

Gregory Alarcon
Superior Court Judge

# EXHIBIT EE

Clerk: CVK

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-06290-R-JEM | Date | 07-01-2019 |
|---|---|---|---|
| Title | *Bruce Nai Hung Li v. FCA US LLC; et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Christine Chung | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**  **(IN CHAMBERS) Order Re: Plaintiff's Motion for Attorneys' Fees (DE 46)**

## I.  INTRODUCTION

On April 18, 2017, Bruce Nai Hung Li ("Plaintiff") filed a complaint against FCA US LLC ("Defendant") in Los Angeles Superior Court. Plaintiff asserted three claims: breach of express warranty—violation of the Song-Beverly Act (claim 1); breach of implied warranty—violation of Song-Beverly Act (claim 2); and fraudulent inducement—concealment (claim 3).

On August 25, 2017, this case was removed to the United States District Court for the Central District of California pursuant to diversity jurisdiction. On July 10, 2018, the parties arrived to the first day of trial and agreed to settle the case for $96,000.00.

Presently before the Court is Plaintiff's Motion for Attorneys' Fees under the Song-Beverly Act seeking a total amount of $95,908.61. This amount consists of: (1) an award of attorneys' fees pursuant to California Civil Code section 1794(d) under the "lodestar" method in the amount of $49,265.00; (2) a "lodestar" modifier of .5 under California law, in the amount of $24,632.50; and (3) reimbursement of costs and expenses in the amount of $22,011.11. For the following reasons, the Court **GRANTS in part** Plaintiff's motion, awarding Plaintiff $49,265.00 in attorneys' fees and $22,011.11 in costs and expenses.

## II.  FACTUAL BACKGROUND

The dispute at issue arises from Plaintiff's purchase of a 2015 Jeep Cherokee, manufactured by Defendant, with a faulty Totally Integrated Power Module ("TIPM"). Within the applicable express warranty period, the vehicle began exhibiting electrical issues and required several safety recalls. Plaintiff first presented the vehicle to an FCA-authorized repair facility after about 8,770 miles for a safety recall. Plaintiff returned to FCA's repair facility again on 4 separate occasions for a total of 10

Case 2:20-cv-08114-DSF-EMC Document 42-3 Filed 09/02/21 Page 279 of 533 Page ID #:649
Case 2:17-cv-06290-R-JEM Document 54-2 Filed 07/09/19 Page 2 of 5 Page ID #:649

Clerk: CVK

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06290-R-JEM | Date | 07-01-2019 |
|---|---|---|---|
| Title | ***Bruce Nai Hung Li v. FCA US LLC; et al.*** | | |

safety recalls. Plaintiff later experienced further issues with the vehicle resulting from the defective TIPM which caused the air bag light and check engine light to turn on several times. In sum, Plaintiff delivered the vehicle to FCA's authorized repair facility at least nine times due to electrical issues.

## III.    JUDICIAL STANDARD

The Song-Beverly Act provides: "If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d).

## IV.    DISCUSSION

In awarding attorneys' fees, courts retain broad discretion in determining what is a reasonable award. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1137–39 (2001). The California Court of Appeal has expressly held that the lodestar method applies to determining attorneys' fees under the Song-Beverly Act. *Robertson v. Fleetwood Travel Trailers of California, Inc.*, 144 Cal. App. 4th 785, 817 (2006). The lodestar method requires multiplying the number of hours reasonably expended by a reasonable hourly rate. *Graciano v. Robinson Ford Sales*, 144 Cal. App. 4th 140, 154 (2006). The party seeking fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rate." *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1020 (2001) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983)). To challenge attorneys' fees as excessive, the challenging party must "point to the specific items challenged, with a sufficient argument and citations to the evidence." *Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guarantee Ass'n*, 163 Cal. App. 4th 550, 564 (2008). General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice. *Id.*

Therefore, to assess the reasonableness of attorneys' fees sought by Plaintiff, the Court considers the reasonableness of the hourly rate and the hours expended, respectively.

### i.    *Hourly Rates*

In California, "the reasonable hourly rate . . . is that prevailing in the community for similar work." *Ctr. for Biological Diversity v. Cty. of San Bernardino*, 185 Cal. App. 4th 866, 901 (2010) (internal quotations omitted). The Court has discretion to adjust the hourly rate based on the following facts, assuming they are not already subsumed in the lodestar calculation: (1) the novelty and difficulty of the questions involved, (2) the skills displayed in presenting those questions, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, and (4) the contingent nature of

Case 2:20-cv-08414-DSF-EMC Document 42-3 Filed 09/02/21 Page 280 of 533 Page ID
Case 2:17-cv-06290-R-JEM Document 34-2 Filed 07/09/19 Page 3 of 4 Page ID
#:650

Clerk: CVK

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06290-R-JEM | Date | 07-01-2019 |
|---|---|---|---|
| Title | ***Bruce Nai Hung Li v. FCA US LLC; et al.*** | | |

the fee award. *Id.* at 1132, 1138. "The purpose of such adjustment is to fix a fee at the fair market value for the particular action." *Id.* at 1132.

For the court to determine the hourly rate, "the parties seeking fees must submit 'satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Mireskandari v. Daily Mail & Gen. Tr. PLC*, No. CV 12-02943 MMM (FFMx), 2014 WL 12586434, at *12 (C.D. Cal. Nov. 7, 2014) (citing *Blum v. Stenson*, 465 U.S. 886, 896–96 n.11 (1984)), *aff'd sub nom. Mireskandari v. Associated Newspapers, Ltd.*, 665 F. App'x 570 (9th Cir. 2016). The district court may also rely upon its own familiarity with the legal market to set the attorney's hourly rate. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

Plaintiff seeks fees incurred by the Knight Law Group, LLP ("Knight Law") and the Law Offices of Michael H. Rosenstein, LC. Specifically, Plaintiff seeks fees incurred by the following attorneys at Knight Law: attorney of record Steve Mikhov ("Mikhov") at a rate of $550 per hour; attorney Amy Morse ("Morse") at a rate of $350 per hour; attorney Russell Higgins ("Higgins") at a rate of $450 per hour; attorney Deepak Devabose ("Devabose") at a rate of $275 per hour; attorney Kristina Stephenson-Cheang ("Stephenson-Cheang") at a rate of $375 per hour; attorney Kirk Donnelly ("Donnelly") at a rate of $400 per hour; attorney Christopher Urner ("Urner") at a rate of $325 per hour; and attorney Lauren C. Martin ("Martin") at a rate of $250 per hour. Furthermore, Plaintiff seeks fees incurred by the following attorneys at the Law Offices of Michael H. Rosenstein, LC: attorneys Michael H. Rosenstein ("Rosenstein") at a rate of $550 per hour; attorney Brian T. Shippen-Murray at a rate of $350 per hour; and attorney James P. Martinez at a rate of $275 per hour. Plaintiff's Motion is supported by declarations from Mikhov and Rosenstein in which they detail their experience and expertise in the field of consumer law. In sum, Plaintiff seeks to recover attorneys' fees in the amount of $49,265.00.

Defendant argues that while Plaintiff is entitled to recover attorneys' fees, costs, and expenses in a Song-Beverly case, Plaintiff's attorneys' fees are unreasonable and that the number of lawyers who worked on the case was unnecessary. However, in challenging the reasonableness of fees, a fee opponent "bears the burden of providing specific evidence to challenge the accuracy and reasonableness of the hours charged." *McGrath v. County of Nevada*, 67 F.3d 248, 255 (1995). Failure to submit evidence on any specific aspect of Plaintiff's fee claim results in waiver of any objection. *Blum v. Stenson*, 465 U.S. 866, 892 (1984). Here, Defendant fails to submit any evidentiary support that fees were not incurred or were unreasonable. Rather, Defendant makes conclusory statements lacking any substantive support. In addition, while Defendant criticizes Plaintiff's use of 11 attorneys, these law firms claim to have a strategy of having specialized attorneys work on different aspects of the case which results in greater efficiency and efficacy. This Court declines to admonish the use of a larger number of attorneys, as it appears there was no duplicative billing.

Clerk: CVK

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06290-R-JEM | Date | 07-01-2019 |
|---|---|---|---|
| Title | ***Bruce Nai Hung Li v. FCA US LLC; et al.*** | | |

Based on the submitted materials, the Court's review of the recent Real Rate Report, and the Court's familiarity with the current local market, the Court finds that Plaintiff's requested rates per hour are reasonable.

ii.    *Hours Expended*

Knight Law purportedly spent 68.3 hours on this matter and the Law Offices of Michael Rosenstein purportedly spent 68.9 hours on this matter. Defendant counters that Plaintiff's request is unreasonable and should be reduced.

After reviewing the submitted materials, the Court finds that the itemizations of each attorney are reasonable. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (explaining that, in most instances, courts "should defer to the winning lawyer's professional judgment" about hours spent on the case).

Defendant contests some of the billable hours and argues that two law firms were not necessary to litigate this matter. However, the Law Offices of Michael Rosenstein were retained only when it seemed apparent that the case would continue to trial. The attorneys from the Law Officer of Michael Rosenstein specialize in preparing cases for trial and were brought on to provide Plaintiff with greater efficiency at the trial stage and all the necessary tasks in trial preparation. However, this Court finds that bringing in another law firm for this purpose is appropriate. Furthermore, the Court finds the tasks billed by each lawyer to be appropriate and reasonable.

A.    **Lodestar Calculation**

The hours expended in this matter by Knight Law were 68.3, amounting to $25,370.00, and the hours expended in this matter by the Law Offices of Michael H. Rosenstein, LC were 68.9, amounting to $23,895.00. The Court finds that these hours are generous but nevertheless reasonable. The Court further finds that the requested hourly rates are reasonable. Accordingly, $49,265.00 is a presumptively reasonable fee award.

B.    **Lodestar Modifier Calculation**

Once a lodestar amount is determined, the amount may be augmented by taking various relevant factors into account, including: "(1) the novelty and difficulty of the questions involved and the skilled displayed in presenting them; (2) the extent to which the nature of the litigation precluded other employment by the attorneys; and (3) the contingent nature of the fee award, based on the uncertainty of prevailing on the merits and of establishing eligibility for the award." *Robertson v. Fleetwood Travel Trailers of California, Inc.*, 144 Cal. App. 4th 785, 819 (2006).

Case 2:20-cv-08114-DSF-PVC Document 32-3 Filed 09/02/21 Page 282 of 533 Page ID
Case 2:17-cv-06290-R-JEM Document 54 Filed 07/09/19 Page 5 of 5 Page ID
#:652

Clerk: CVK

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-06290-R-JEM | Date | 07-01-2019 |
|---|---|---|---|
| Title | *Bruce Nai Hung Li v. FCA US LLC; et al.* | | |

      Plaintiff seeks a lodestar multiplier of .5 amounting to $24,632.50. However, the Court finds Plaintiff's argument unpersuasive. First, there was no novelty to this case and no special skill was required to handle it. This was a run of the mill Song-Beverly case with a fraud cause of action. The legal issues were common to Song-Beverly cases in which Plaintiff's counsel specializes. All that was needed to litigate this case was legal counsel competent in consumer protection laws. Second, Plaintiff does not even make an argument that counsel was precluded from taking on other work. Third, the Court rejects Plaintiff's argument that the uncertainty of prevailing in this matter based on a contingent fee warrants an award adjustment. While Plaintiff claims that FCA dragged this case out for nearly fifteen months before agreeing to settle and Plaintiff risked not recovering anything for the time expended and costs advanced, there is a risk and delay inherent in every contingency matter. Thus, the Court denies Plaintiff's request for a lodestar multiplier of .5.

### C.    Costs and Expenses

      In addition to attorneys' fees, Plaintiff moves to be reimbursed for costs and expenses incurred. Under the Song-Beverly Act, a prevailing buyer shall be allowed to recover, as part of the judgment, a sum equal to the aggregate amount of costs and expenses. Cal. Civ. Code § 1794(d).

      Plaintiff filed a verified Application to the Clerk to Tax Costs establishing costs necessarily incurred. The detailed application of costs amounts to a total of $22,011.11. Having reviewed the document, the Court finds it appropriate for Defendant to reimburse Plaintiff the total amount of costs incurred.

## V.    CONCLUSION

      In light of the foregoing, the Court **GRANTS in part** Plaintiff's Motion for Attorneys' Fees (DE 46) and awards Plaintiff $49,265.00 in attorneys' fees and $22,011.11 in reimbursement of costs and expenses.

      **IT IS SO ORDERED.**

                                      0    :    00

Initials of Preparer                cch

# EXHIBIT FF

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 78

**BC644172**                                                    May 31, 2019
**RITA L JOHNSON VS FCA US LLC**                                8:30 AM

Judge: Honorable Robert S. Draper          CSR: Jane Hong-Elsey, CSR #11975
Judicial Assistant: Patricia Salcido       ERM: None
Courtroom Assistant: Sky SoYeon Hahn       Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Edward O Lear by Rizza D. Gonzales

For Defendant(s): Jennifer A. Kuenster by Leon Roubinian (Telephonic)

**NATURE OF PROCEEDINGS:** Hearing on Motion to Tax Costs; Hearing on Motion for Attorney Fees; Legacy Event Type; Order to Show Cause Re: Dismissal

Pursuant to Government Code sections 68086, 70044, California Rules of Court, rule 2.956, and the stipulation of appearing parties, Jane Hong-Elsey, CSR #11975, certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

The Court's tentative ruling is provided to counsel before the hearing is held.

The matters is called for hearing and argued.

After argument, the Court's tentative ruling becomes the final ruling of the Court as indicated below and as more fully reflected in the written ruling, which is signed and filed this date and incorporated herein by reference to the Court file.

Plaintiff Rita L. Johnson's Motion for Attorneys' Fees and Costs is GRANTED in the amount of $93,314.75.

Defendant FCA US LLC's Motion to Tax Costs is GRANTED, AND $17,712.58 is taxed from the costs sought by Johnson, leaving a total costs award of $13,937.42.

Plaintiff is awarded attorneys' fees and costs in the amount of $107,252.17.

Plaintiff is to give notice.

Later:

On the Court's own motion, the Legacy Event Type scheduled for 05/31/2019, and Order to

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 78

**BC644172**                                                      May 31, 2019
**RITA L JOHNSON VS FCA US LLC**                                  8:30 AM

Judge: Honorable Robert S. Draper            CSR: Jane Hong-Elsey, CSR #11975
Judicial Assistant: Patricia Salcido         ERM: None
Courtroom Assistant: Sky SoYeon Hahn         Deputy Sheriff: None

---

Show Cause Re: Dismissal scheduled for 05/31/2019 are continued to 08/01/19 at 08:30 AM in Department 78 at Stanley Mosk Courthouse.

Plaintiff is to give notice.

Certificate of Mailing is attached.

| | Reserved for Clerk's File Stamp |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>05/31/2019<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ P. Salcido _____ Deputy |
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | |
| PLAINTIFF/PETITIONER:<br>Rita L. Johnson | |
| DEFENDANT/RESPONDENT:<br>FCA US LLC | |

| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>BC644172 |
|---|---|

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Edward O Lear
Century Law Group LLP
5200 W. Century Boulevard
Suite 345
Los Angeles, CA  90045

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 05/31/2019

By:  P. Salcido
Deputy Clerk

**CERTIFICATE OF MAILING**

# EXHIBIT GG

Electronically Received 06/20/2019 04:37 PM

**FILED**
Superior Court of California
County of Los Angeles

**06/25/2019**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ O. Chavez _____ Deputy

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| **ANTHONY S. CARRUTHERS,** | Case No. BC639911 |
| Plaintiff, | |
| vs. | |
| **FCA US LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,** | **[PROPOSED] ORDER ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES** |
| Defendants. | Date:  May 8, 2019 |
| | Time:  8:30 a.m. |
| | Dept.:  56 |
| | Judge: Hon. Holly Fujie |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff's Motion for Attorney's Fees, Costs and Expenses, scheduled for hearing on May 8, 2019, at 8:30 a.m., in Department 56, of the above-entitled court located at 111 North Hill

-1-

1  Street, Los Angeles, California, 90012, the Honorable Holly Fujie, presiding. Plaintiff moved the

2  court for an award of $65,045.00 in lodestar attorney fees plus a .5 lodestar multiplier, and

3  $10,117.42 in costs and expenses.

4      Having read the motion, the memoranda and the declarations filed by the parties, the Court

5  adopts its tentative ruling as follows:

6      1.  Plaintiff's Motion for Attorney's Fees, Costs and Expenses is GRANTED, in part;

7      2.  Plaintiff is awarded lodestar attorney's fees in the amount of $65,045.00;

8      3.  The Court declines to award a multiplier;

9      4.  Plaintiff's costs and expenses will be determined at Defendant's Motion to Tax Costs on

10         June 12, 2019.

11     **IT IS HEREBY ORDERED.**

12

13                                              IT IS SO ORDERED

                                               **Holly J. Fujie**
14

15  Dated: _____              _____
           06/25/2019                        Holly J. Fujie / Judge
16                                           Judge of the Superior Court

17  Prepared by:
   **KNIGHT LAW GROUP, LLP**
18  Steve Mikhov (SBN 224676)
   Deepak Devabose (SBN 298890)
19  10250 Constellation Blvd., Suite 2500
   Los Angeles, CA 90067
20  Telephone: (310) 552-2250
   Fax: (310) 552-7973
21  stevem@knightlaw.com
   deepakd@knightlaw.com
22  Attorneys for Plaintiff,
   **ANTHONY S. CARRUTHERS**
23

24

25

26

27

28

                                   -2-
                            [PROPOSED] ORDER

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 10250 Constellation Blvd., Suite 2500, Los Angeles, CA 90067.

I served the foregoing document described as:

**[PROPOSED] ORDER ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES**

Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

Michelle J. Droeger, Esq.
CLARK HILL PLC
1055 West Seventh Street, 24th Floor
Los Angeles
Fax: 213-488-1178
**Counsel for Defendant,
FCA US LLC**

__XX__   BY MAIL:  I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary course of business. The envelope was sealed and placed for collection that same day following ordinary business practices, addressed to the above-referenced attorney.

__XX__   BY FACSIMILE: By personally faxing the above-referenced document to the facsimile number below the recipient's name.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 13, 2019 at Los Angeles, California.

SARAH SEMSAR

-1-

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 10250 Constellation Blvd., Suite 2500, Los Angeles, CA 90067.

I served the foregoing document described as:

**[PROPOSED] ORDER ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES**

Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

Michelle J. Droeger, Esq.
CLARK HILL PLC
1055 West Seventh Street, 24th Floor
Los Angeles
Fax: 213-488-1178
**Counsel for Defendant,**
**FCA US LLC**

<u>XX</u>    BY MAIL:  I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary course of business. The envelope was sealed and placed for collection that same day following ordinary business practices, addressed to the above-referenced attorney.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 20, 2019 at Los Angeles, California.

_____
SARAH SEMSAR

-1-

# EXHIBIT HH

Superior Court of California

County of Los Angeles

Department 51

FILED
Superior Court of California
County of Los Angeles

JUN 05 2019

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Daisy G. Vallin

| | |
|---|---|
| JANIECE CAROLEEN GARZA,<br><br>Plaintiff,<br><br>v.<br><br>FCA US LLC, et al.,<br><br>Defendants. | Case No.: BC **635166**<br><br>Hearing Date: 6/4/19<br><br>Trial Date: None set<br><br>**RULING RE:**<br><br>Motion for Attorney Fees, Costs, and Expenses |

Background

Plaintiff Janiece Caroleen Garza ("Plaintiff") sued Defendants FCA US LLC, et al.
("Defendants") for breach of express and implied warranty under Song-Beverly Consumer
Warranty Act.

On December 11, 2018, Notice of Settlement was filed.

On May 3, 2019, prevailing Plaintiff filed this Motion for Attorney Fees, Costs, and Expenses
against Defendants in the total amount of $104,187.50.

The Court considered the moving, opposition, and reply papers and oral argument.

Standard

Under the Song-Beverly Act, a prevailing buyer shall recover as part of the judgment a sum
equal to the aggregate amount of costs and expenses, including attorney's fees based on actual
time expended, determined by the court to have been reasonably incurred in the action. Civ.
Code § 1794(d).

"The determination of what constitutes a reasonable fee generally 'begins with the 'lodestar,' i.e.,
the number of hours reasonably expended multiplied by the reasonable hourly rate....'" "[T]he
lodestar is the basic fee for comparable legal services in the community; it may be adjusted by the
court based on factors including, as relevant herein, (1) the novelty and difficulty of the questions
involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the
litigation precluded other employment by the attorneys, (4) the contingent nature of the fee
award...." Graciano v. Robinson Ford Sales, Inc. (2006) 144 Cal.App.4th 140, 154.

The court has the discretion to increase or decrease the lodestar figure by applying a positive or
negative multiplier based on a variety of factors that judge did not consider when determining
the lodestar figure. See Ketchum v. Moses (2001) 24 Cal.4th 1122, 1138; Northwest Energetic
Servs., LLC v. California Franchise Tax Bd. (2008) 159 Cal.App.4th 841, 879-882. The purpose
of a fee enhancement is "primarily to compensate the attorney for the prevailing party at a rate
reflecting the risk of nonpayment in contingency cases as a class." Ketchum, supra, 24 Cal.4th at

1122. However, "the trial court is not required to include a fee enhancement for exceptional skill, novelty of the questions involved, or other factors. Rather, applying a multiplier is discretionary." Rey v. Madera Unif. Sch. Dist. (2012) 203 Cal.App.4th 1223, 1242.

Analysis

Plaintiff moves for reasonable attorney fees, costs, and expenses from Defendants on the grounds that, as a prevailing party in this action, Plaintiff is entitled to recover costs and expenses including attorneys' fees per Civ. Code § 1794(d) and the parties' settlement agreement. Plaintiff declares that it is entitled to the lodestar amount of $63,364.25, lodestar modifier of 0.5 in the amount of $31,682.13, and actual costs and expenses of $9,141.12. (Mtn., p. 2, Mikhov Decl., Exs. A-B.) Plaintiff argues that the hourly rates and time expended are reasonable because of the complexity of the case and special knowledge required of Plaintiff's counsels. In addition, Plaintiff's counsel requests for a 0.5 enhancement of the lodestar amount based on the contingent nature of the fee award and the risk of significant delay in getting fees paid. (Mtn., p.p. 13-14.)

On the other hand, Defendants argue that no attorney's fees, costs or expenses should be awarded to Plaintiff for any work done after the date of the first statutory repurchase offer made by Defendants, because Plaintiff deliberately rejected Defendants' good-faith settlement offers. Defendants also contend that 0.5 enhancement of the lodestar amount is inappropriate on the same ground.

The Court finds that Plaintiff met the burden of showing that the fees incurred are, for the most part, reasonable in amount under Civ. Code § 1794(d). The instant case required comprehensive understanding of "lemon law" and intricacies of automobile and its industry, not to mention asymmetric information between parties. Also, Plaintiff's counsel faced contingency risk of not receiving compensation at all after over two years of litigation costs and expenses. Based on these factors, Plaintiff satisfied the burden of proving the reasonable number of hours devoted to the litigation, through declarations and billing records. The burden shifts.

Defendants fail to rebut the claimed costs, since they merely contend that amounts of attorneys' fees are excessive without providing a specific analysis or factual support. See Mallard v. Progressive Choice Ins. Co. (2010) 188 Cal.App.4th 531, 545; Raining Data Corp. v. Barrenechea (2009) 175 Cal.App.4th 1363, 1376 (an "'assertion [that] is unaccompanied by any citation to the record or any explanation of which fees were unreasonable or duplicative' is insufficient to disturb the trial court's discretionary award of attorney fees."). The mere fact that Plaintiff rejected their previous settlement offers does not suffice.

With the exception of the maximum hourly rate requested, which will be reduced to $500 per hour, and the deletion of expert fees for Dr. Luna, the Court finds that the lodestar amount of $63,039.25 in attorney fees and $7249.12 in costs and expenses are reasonable.

Nevertheless, the Court declines to grant the lodestar enhancement, because the court must not intertwine considerations relevant to the determination of the lodestar amount with factors relevant to whether the lodestar should be adjusted upward. Ketchum, supra, 24 Cal.4th at 1139; see Northwest Energetic Services, LLC, supra, 159 Cal.App.4th at 879. The factors claimed by Plaintiff have already been included within the lodestar, and multiplying the fee award will result in unfair double counting and be unreasonable. See Ketchum, supra, 24 Cal.4th at 1139.

Conclusion

Plaintiff's Motion for Attorney Fees, Costs, and Expenses in the amount of $70,288.37 is GRANTED.

Plaintiff to give notice.

Dated:

JUN 0 5 2019

Dennis Landin
Superior Court Judge

3

# EXHIBIT II

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 50

**BC627950**                                                                    May 30, 2019
**NICOLE C GAINES VS FCA US LLC ET AL**                                          8:30 AM

Judge: Honorable Teresa A. Beaudet          CSR: None
Judicial Assistant: S. Fletcher             ERM: None
Courtroom Assistant: G. Mack                Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Deepak Devabose; Michael Harris Rosenstein, Esq. (Telephonic)

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Hearing on Motion for Attorney Fees

Order appointing Court Approved Reporter as Official Report Pro Tempore appointing Jamie Onuki #13904, is signed and filed.

Matter is called for hearing.

Motion is argued and the Court rules as follows: The Motion re: PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES filed by Nicole C. Gaines on 02/01/2019 is Granted. The Court has already issued a ruling regarding Plaintiff's costs. Plaintiff is entitled to recover $79,230.00 in attorneys' fees from Defendants.

Payment is due on 7/15/19 per stipulation of the parties.

Plaintiff is ordered to give notice.

Order is signed and filed and incorporated herein by reference.

# EXHIBIT JJ

1

2

3    *Superior Court of California*

4    *County of Los Angeles*

5    *Department 50*

6

7    CHIARA DI MARTINO,                          Case No.:       BC 631896

8                 Plaintiff,                     Hearing Date:   April 9, 2019

9         vs.                                    Hearing Time:   8:30 a.m.

10   HYUNDAI MOTOR AMERICA, et al.               [~~TENTATIVE~~] ORDER RE:

11               Defendants.                     PLAINTIFF'S MOTION FOR ATTORNEYS'
                                                 FEES;
12
                                                 DEFENDANT'S MOTION TO STRIKE, OR
13                                               IN THE ALTERANTIVE, TAX COSTS

14

15

16   ***Background***

17        Plaintiff Chiara Di Martino ("Plaintiff") filed this action on August 29, 2016 against

18   Defendant Hyundai Motor America ("Defendant") for violations of the Song-Beverly Act.

19        Defendant served *a Code of Civil Procedure* (?YEAR?) section 998 offer to compromise

20   on September 27, 2016 for $21,500, which offer was objected to by Plaintiff as vague and

21   ambiguous. (Mikhov Decl., ¶ 9.) On May 5, 2017, Defendant served another section 998 offer

22   for $45,000, which was ultimately rejected by Plaintiff. (Mikhov Decl., ¶ 13.) On July 25, 2017,

23   Defendant amended its answer to not contest liability. On June 6, 2018, Defendant served

24   another section 998 offer for $67,500, which Plaintiff accepted on June 20, 2018. (Mikhov Decl.

25   ¶ 15.)

26

27

28

1

**I.      Motion for Attorney's Fees**

Plaintiff now moves for an award of attorneys' fees in the amount of $86,865. Defendant opposes.

***Evidentiary Objections***

The Court rules on Plaintiff's evidentiary objections to the Declaration of Stefanie G. Jo in support of the opposition to the motion for attorney's fees as follows:

No. 1 is sustained;

No. 2 is sustained;

No. 3 is overruled;

No. 4 is overruled with regard to the first sentence because Plaintiff references the July 1, 2015 offer in paragraph 6 of the Mikhov Declaration; sustained with regard to the second sentence.

No. 5 is overruled;

No. 6 is overruled;

No. 7 is overruled;

No. 8 is overruled;

No. 9 is overruled;

No. 10 is sustained;

No. 11 is sustained.

The Court notes that Defendant's opposition to the motion for attorney's fees was originally filed on January 30, 2019. At the time, no evidentiary objections were included with the filing. The Court issued an order continuing the hearing on the motion for attorney's fees because the parties had failed to provide the Court with courtesy copies of their voluminous papers. The Court did not grant any party leave to file further or supplemental documents. However, on March 21, 2019, Defendant filed evidentiary objections to the Declarations of Steve Mikhov and Bryan Altman in support of Plaintiff's motion for attorney's fees. Because these evidentiary objections were not timely filed, the Court disregards them.

*Discussion*

Civil Code section 1794(d) provides: "If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action."

"[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate. ... The reasonable hourly rate is that prevailing in the community for similar work. The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided." *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095 (internal citations omitted)]; (*see Robertson v. Fleetwood Travel Trailers of California, Inc.* (2006) 144 Cal.App.4th 785, 818 [applying the lodestar method to determine attorneys' fees in Song-Beverly action].)

The Hourly Rate of Counsel

From August 2016 through the present, the Knight Law Group billed 102.4 hours for services rendered. (Mikhov Decl., ¶ 2, Ex. A.) Plaintiff requests applicable hourly billing rates ranging from $225 to $550 for the Knight Law Group as follows: Daniel Kalinowski, $250/hour, Deepak Devabose, $275/hour, Amy Morse, $350/hour, Thomas Burns, $225/hour, Christopher Thoms, $350/hour, Alastair Hamblin, $375/hour, Kirstina Stephenson-Cheang, $375/hour, Steve Mikhov, $550/per hour. (Mikhov Decl., ¶¶ 19-26.) Mr. Mikhov attests to the experience and qualifications of the attorneys in the Knight Law Group. The Court finds that the hourly rates requested by Plaintiff's counsel are reasonable and commensurate with rates charged by attorneys with comparable skill and experience. Plaintiff requests a total of $36,372.50 for work performed by the Knight Law Group.

From January 2017 to June 2018, the Altman Law Group billed 53.75 hours for services rendered. (Altman Decl., ¶ 4, Ex. A.) Plaintiff requests applicable hourly billing rates ranging

3

1    from $150 to $650 for the Altman Law Group.  Bryan Altman billed at $650/hour. (Altman

2    Decl., ¶ 3.) Although Mr. Altman attests to the fact that his associates Joel E. Elkins, Gary H.

3    Klein, Michael Morris-Nussbaum, Colin S. Welsh, and Roxane L'Yvonnet performed billable

4    work on this case, Mr. Altman does not provide the applicable hourly billing rates for each

5    individual. Nevertheless, based on the information contained in the billing statement attached as

6    Exhibit A to Mr. Altman's declaration, the court is able to conclude that these individuals billed

7    $450/hour, $450/hour, $325/hour, $300/hour and $150/hour, respectively. (Altman Decl., Ex. A.)

8    Although there is no discussion by Mr. Altman regarding the experience or qualifications of any

9    of the other attorneys from his firm, Plaintiff did not object to his Declaration on this basis and in

10   fact offered alternative rates for the attorneys from the Altman firm, thereby seeming to

11   acknowledge their experience and qualifications.

12         Lodestar Multiplier

13         While the lodestar reflects the basic fee for comparable legal services in the community,

14   it may be adjusted based on various factors, including "(1) the novelty and difficulty of the

15   questions involved, and the skill displayed in presenting them; (2) the extent to which the nature

16   of the litigation precluded other employment by the attorneys; (3) the contingent nature of the fee

17   award" and (4) the success achieved. (*See Serrano v. Priest* (1977) 20 Cal.3d 25, 49.)

18         However, the court must not consider extraordinary skill and the other <u>Serrano</u> factors to

19   the extent these are already included within the lodestar. *Ketchum v. Moses* (2001) 24 Cal.4th

20   1122, 1138-11399.) "[A] trial court should award a multiplier for exceptional representation only

21   when the quality of representation far exceeds the quality of representation that would have been

22   provided by an attorney of comparable skill and experience billing at the hourly rate used in the

23   lodestar calculation. Otherwise, the fee award will result in unfair double counting and be

24   unreasonable." (*Id.* at p. 1139.)

25         Here, Plaintiff argues that a 0.5 lodestar multiplier is appropriate primarily because this is

26   a contingency case. However, none of the other factors support the application of a multiplier.

27   There is no indication that this case was complex or presented challenging legal issues,

28

1    particularly considering that Plaintiff's counsel specializes in these types of cases. There is no

2    evidence that Plaintiff's counsel was precluded from taking other cases because of the nature of

3    this case. Nor is the success achieved by Plaintiff's counsel exceptional. Finally, there is no

4    evidence that Defendant did anything to unreasonably delay resolution of this case.

5         The Court also notes that the hourly rates requested by Plaintiff's counsel are reasonable

6    because of counsel's demonstrated skill and experience. Because the quality of representation

7    and the degree of skill exercised by Plaintiff's counsel are already factored into the lodestar, it

8    would be unreasonable to award an enhancement. (*See Holguin v. Dish Network LLC* (2014) 229

9    Cal.App.4th 1310, 1333 ["Where, as here, the court determines that the lodestar itself constitutes

10    a reasonable fee for the action at issue, no enhancement is warranted."]].)

11         Accordingly, the Court declines to apply a multiplier to the lodestar amount.

12         <u>Reasonableness of the Requested Fees</u>

13         "[T]he court's discretion in awarding attorney fees is … to be exercised so as to fully

14    compensate counsel for the prevailing party for services reasonably provided to his or her

15    client." (*Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th

16    359, 395 (*Horsford*)).) The trial court may reduce the award where the fee request appears

17    unreasonably inflated, such as where the attorneys' efforts are unorganized or duplicative.

18    (*Serrano v. Unruh* (1982) 32 Cal.3d 621, 635, footnote 21.) "[T]he verified time statements of

19    the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication

20    the records are erroneous." *Horsford, supra*, at page 3966.)

21         Here, Plaintiff's counsel has attached billing statements to the instant motion detailing the

22    nature of the work performed. (Mikhov Decl., Ex. A; Altman Decl., Ex. A.)

23         First, Defendant contends that Plaintiff's counsel is improperly seeking double recovery

24    of attorney's fees because Plaintiff's counsel's contingency fee agreements purportedly provide

25    that Plaintiff's counsel may recover 40% of civil penalties recovered. The Court has sustained

26    Plaintiff's objections to the evidence of its retainer agreement; moreover, Defendant cites to no

27    authority that authorizes the denial or reduction of a fees motion vis-a-vis the *defendant* in a

28

1  Lemon Law case based on the fact that a plaintiff's retainer agreement provides that a portion of

2  a recovered civil penalty goes to his or her attorney. The *Horsford* case cited by Plaintiff does

3  not stand for that proposition. "[T]he trial court abused its discretion in requiring plaintiffs'

4  counsel to look to their clients, under a contingency fee agreement, to make up for any

5  undercompensation arising from the court's statutory fee award. . . . [R]equiring this of plaintiffs'

6  counsel would be improper.") (*See Horsford*, *supra*, at p. 401.) The Court declines to find that

7  the motion should be denied based upon Plaintiff's double recovery theory.

8       Second, Defendant argues that Plaintiff's motion should be denied in its entirety because

9  Plaintiff has not satisfied a condition precedent in their settlement agreement. Defendant asserts

10  that the settlement agreement requires Plaintiff to submit a statement of incurred attorney's fees

11  to Defendant's counsel at least seven days before filing of any motion for fees so that Defendant

12  can seek to resolve any disputes regarding the incurred fees. (Jo Decl., ¶ 2, Ex. A.)  Plaintiff did

13  not submit a statement to Defendant's counsel regarding the requested fees. (Jo Decl., ¶ 10.)

14       The Court finds the failure of Plaintiff to comply with the terms of the settlement

15  agreement regarding the submission of the statement of attorney's fees to be troubling.  Plaintiff

16  offers no explanation regarding the failure.  Unfortunately, the settlement agreement does not

17  include a remedy for such failure nor does it indicate that Plaintiff is barred from proceeding

18  with the motion unless Plaintiff has complied with the submission requirement.  Additionally, no

19  ex parte relief was sought by Defendant with regard to the submission requirement once the

20  motion was filed.  Had such relief been requested, the Court could have ordered the Plaintiff to

21  provide the submission before proceeding further with the motion.  Under these circumstances,

22  and the fact that the parties have fully addressed the fees sought, the Court does not find that

23  Plaintiff is barred from proceeding with its motion for attorney's fees as the prevailing party

24  under Civil Code section 1794(d). There is no argument that Plaintiff is not the prevailing party

25  in this action. Indeed, Defendant stipulates in the settlement agreement that Plaintiff is the

26  prevailing party for purposes of determining an attorney's fee award. (Jo Decl., ¶ 2, Ex. A, p.

27  2:9-11.)

28

1      Third, Defendant contends that Plaintiff has not submitted sufficient evidence of the

2  reasonableness of the time spent and fees incurred by her attorneys. The Court finds that the

3  declarations submitted by Mr. Mikhov and Mr. Altman are sufficient to support the total number

4  of hours spent on this case by Plaintiff's attorneys.

5      Fourth, Defendant argues that all fees incurred after the June 2018 section 998 offer was

6  accepted should be deducted from the total award. Defendant argues that Plaintiff's counsel

7  continued "churning this case" by billing an additional $8,852.50 after June 7, 2018. However,

8  as Plaintiff points out in her reply, the offer was not accepted by Plaintiff until June 20, 2018,

9  and the fees incurred after June 20, 2018 were related to fees for preparing and drafting the

10  instant fees motion. Therefore, the Court declines to deduct any of the post-June 7, 2018 fees as

11  the Court finds that they were reasonably incurred.

12      Defendant also argues that the case was overstaffed, as 12 attorneys, one paralegal, and

13  two law firms billing on one case was inefficient and unreasonable. The Court reviewed the

14  items highlighted by Defendant in Exhibit D but does not find that the billing entries evidence

15  inefficient or unreasonable billing as a result of the staffing on the case.  Further, the Court does

16  not find any support for the proposition that Plaintiff may not recover for fees incurred by work

17  performed by a paralegal.

18      Defendant objects to Plaintiff's counsel's use of form documents or templates and argues

19  that the time spent on tasks was inflated as a result. However, as Plaintiff notes, although the use

20  of forms and templates help with efficiency, counsel is still expected to modify each document

21  for each individual case, and time spent to ensure that each document is appropriately modified

22  is reasonable. Therefore, absent any indication that the billing records are erroneous or inflated,

23  the Court finds that the fees requested by Plaintiff are reasonable. Defendant also objects to

24  Plaintiff's counsel billing on 0.25-hour increments. The Court does not find that billing in such

25  increments to be unreasonable, and there is no evidence to suggest that any of the attorney's

26  tasks in actuality took a fraction of the time billed.

27

28

7

**II.     Motion to Strike or Tax Costs**

On December 21, 2018, Plaintiff filed a memorandum of costs totaling $4,496.31.
Defendant seeks to strike the entirety of the costs memorandum on the ground that Plaintiff
violated the parties' agreement, which required her to submit her expenses and costs to
Defendant prior to seeking expenses and costs with the Court. Defendant also seeks to tax certain
costs as unreasonable and unnecessary. Plaintiff opposes.

*Evidentiary Objections*

The Court rules on Plaintiff's evidentiary objections to the Declaration of Stephanie G. Jo
in support of the motion to strike or tax costs as follows:

No. 1 is overruled;

No. 2 is overruled;

No. 3 is overruled;

No. 4 is overruled.

*Discussion*

A prevailing party is entitled to recover costs, including attorneys' fees, as a matter of
right, except as otherwise expressly provided by statute. (Code Civ. Proc., §§ 1032(a)(4),
1032(b), 1033.5.) Costs recoverable under section 1032 are restricted to those that are both
reasonable in amount and reasonably necessary to the conduct of the litigation. (Code Civ. Proc.,
§§ 1033.5(c)(2), (3).) Costs "merely convenient or beneficial" to the preparation of a case are
disallowed. (Code Civ. Proc., section 1033.5(c)(2)); (*see Ladas v. California State Auto. Assn.*
(1993) 19 Cal.App.4th 761, 774 (expenses for attorney meals incurred while attending local
depositions not "reasonably necessary").)

"A 'verified memorandum of costs is prima facie evidence of [the] propriety' of the items
listed on it, and the burden is on the party challenging these costs to demonstrate that they were
not reasonable or necessary." *Adams v. Ford Motor Co.* (2011) 199 Cal.App.4th 1475, 1486-
1487 (italics and brackets omitted)].) "If the items appearing in a cost bill appear to be proper

charges, the burden is on the party seeking to tax costs to show that they were not reasonable or necessary. On the other hand, if the items are properly objected to, they are put in issue and the burden of proof is on the party claiming them as costs." *Ladas v. California State Auto. Assn.*, *supra*, 19 Cal.App.4th at page 7744.) Costs otherwise allowable as a matter of right may be disallowed if the court determines they were not reasonably necessary, and the court has power to reduce the amount of any cost item to an amount that is reasonable. (*See Perko's Enterprises, Inc. v. RRNS Enterprises* (1992) 4 Cal.App.4th 238, 245 (finding that "the intent and effect of section 1033.5, subdivision (c)(2) is to authorize a trial court to disallow recovery of costs, including filing fees, when it determines the costs were incurred unnecessarily")]).)

The Court declines to strike the costs memorandum because Plaintiff failed to submit it first to Defendant's counsel for the same reasons discussed above regarding the motion for attorney fees.

Next, Defendant contends that certain cost items must be stricken because they were unreasonably incurred. First, Defendant argues that Plaintiff should be disallowed the $60 filing fee for a discovery motion that was never heard and ruled upon. Second, Defendant argues that Plaintiff should be disallowed the $60 fee for an *ex parte* application to specially set the same discovery motion that was never heard. Third, Defendant seeks to tax another $60 for an *ex parte* application to continue trial. The Court does not find that these cost items were unnecessarily or unreasonably incurred.

Defendant argues that Plaintiff should not be allowed to recover for travel for depositions (totaling $43.63.) Travel expenses to attend depositions are allowable as costs under Code of Civil Procedure section 1033.5, subdivision (a)(3)(C). Defendant also seeks to tax service of subpoena costs for dealership employees and for FCA US LLC. Defendant argues that FCA US LLC was not involved in this case, so subpoenaing FCA US LLC was unnecessary. Defendant also argues that varying costs for serving different individuals in the same location is

9

"troubling." Defendant also argues that none of the depositions actually went forward, and so

Plaintiff should not be allowed to recover for these costs. Plaintiff asserts that the subpoena for

FCA US LLC was a scrivener's error and should actually state HMA (Defendant). Plaintiff

otherwise argues that these fees for service of process were necessarily incurred. The Court finds

that these costs are allowable.

Defendant also argues that court reporter fees should be taxed because these fees are

excessive. Defendant points to Code of Civil Procedure section 1033.5, subdivision (a)(11),

which provides that court reporter fees are allowable "as established by statute." Defendant

argues that Government Code section 69948 sets the appropriate fee for reporting testimony and

proceedings at $55 per day. Plaintiff counters that Defendant stipulated to the use of these

reporters and would unfairly benefit if these costs were taxed. Moreover, the Court notes that

Government Code section 69948 applies only to "official superior court reporters" and not

private court reporters hired by a litigant. (*See Gamage v. Medical Bd. of California* (1998) 60

Cal.App.4th 936, 938 [finding that Government Code section 69950 specifies transcription fees

which must be charged by official Superior Court reporters, "but does not purport to set or limit

reporting fees for other reporters or proceedings."].) Accordingly, the Court finds that these costs

were reasonably incurred and are allowable.

Finally, Defendant argues that Plaintiff's "other" costs should be taxed because they are

not allowable under section 1033.5. Plaintiff seeks $822.60 for attorney service and messengers

for court filings, $34.27 for overnight fees, $65 for an attorney to make a court appearance on

behalf of Plaintiff, $105.82 for travel, and $86.20 for transcripts. Plaintiff argues that all of these

cost items are reasonably and necessarily incurred and are recoverable as "expenses" pursuant to

Civil Code Section 1794(d). The Court finds that all of the costs items were reasonably incurred

and allowable except the $65 fee for an attorney to make an appearance.  Attorney fees are not a

"cost" or an "expense." Therefore, the Court will reduce Plaintiff's cost award by $65.

1    *Conclusion*

2         Based on the foregoing, Plaintiff's motion for attorneys' fees, costs, and expenses is

3    granted. Plaintiff is entitled to recover $57,910 in attorneys' fees and $4,431.31 in costs from

4    Defendant.

5         Plaintiff is ordered to give notice of this Order.

6

7    DATED:  April 9, 2019

8                                                      Hon. Teresa A. Beaudet
                                                       Judge, Los Angeles Superior Court
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

# EXHIBIT KK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 58

**BC668442**                                                                                   March 8, 2019
**MARCOS GASTELUM ROMERO VS FCA US LLC ET AL**                                 9:30 AM

| | |
|---|---|
| Judge: Honorable John P. Doyle | CSR: V. Rodriguez, CSR 12215 |
| Judicial Assistant: M. Mort | ERM: None |
| Courtroom Assistant: R. Lee | Deputy Sheriff: None |

APPEARANCES:

For Plaintiff(s): Hadi Gerami appearing for Steve Borislav Mikhov, Esq.

For Defendant(s): Kristoffer S. Jacob appearing for Mirna Jeftic Scheffy

**NATURE OF PROCEEDINGS:** Hearing on Motion to Tax Costs; Hearing on Motion for
Attorney Fees; Order to Show Cause Re: Dismissal (Settlement)

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956,
Veronica Rodriguez, CSR 12215 certified shorthand reporter is appointed as an official Court
reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court
Reporter Agreement. The Order is signed and filed this date.

The matter is called for hearing.

The Court gives the following tentative ruling:
The Motion for Attorneys' Fees is granted in part.
The Motion to Tax Costs is denied.

This is an action pertaining to an allegedly defective vehicle. On August 1, 2018, Plaintiff
accepted Defendants' offer to compromise pursuant to Code Civ. Proc. § 998. Plaintiff obtained
$115,000 as a settlement payment and the parties agreed that Plaintiff was the prevailing party
entitled to bring a motion for attorneys' fees, costs, and expenses to the extent the parties could
not agree on the amount of such fees and costs. Plaintiff now seeks $57,035 in fees, a .5 fee
multiplier, and $15,916.68 in costs.

As the prevailing party, Plaintiff is entitled to reasonable fees, costs, and expenses. (Civ. Code §
1794(d).) Defendants oppose the Motion, arguing that (1) the number of hours incurred for this
matter is excessive and (2) no fee multiplier is warranted.

Defendants first argue that Plaintiff unreasonably incurred $18,760 in fees between the time he
was served with and accepted the subject § 998 offer. However, technically, Plaintiff was
entitled to consider the offer for thirty days and meanwhile litigate this matter. (Code Civ. Proc.
§ 998(b)(2).)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 58

BC668442                                                               March 8, 2019
**MARCOS GASTELUM ROMERO VS FCA US LLC ET AL**                         9:30 AM

Judge: Honorable John P. Doyle              CSR: V. Rodriguez, CSR 12215
Judicial Assistant: M. Mort                 ERM: None
Courtroom Assistant: R. Lee                 Deputy Sheriff: None

Next, Defendants argue that the association of a second law firm—Wirtz Law APC—was
unreasonable and unnecessary. The Court rejects this as Wirtz Law APC did not conduct
duplicative work but rather specialized in trial preparation.

Defendants also argue that there was no need to incur $4,345 to depose percipient witnesses in
this lemon law matter who typically have no memory of the facts underlying the case. However,
Defendants were entitled to depose such individuals to determine what they did or did not have
knowledge of.

On the other hand, as Defendants point out, there was no need to incur fees for Plaintiff's motion
to enforce settlement, which was taken off calendar, and motion for sanctions, which was denied.
Plaintiff argues such motions were necessary to ensure the settlement would actually be
completed. The Court, however, respectfully disagrees on this point. As discussed in the Court's
February 8, 2019 ruling, Plaintiff's motions were unnecessary given that Defendants agreed to
tender the $115,000 settlement payment before the motions were filed and Plaintiff was
otherwise arranging surrender of the subject vehicle with a third-party. Thus, the Court deducts
$1,282.50 in fees. (Jacob Decl. ¶ 8.)

Further, the amount of time billed for the current Motion—23 hours at $350 per hour—is
excessive. The Court will deduct $2,450—7 hours at $350 per hour.

Next, the Court will not award a fee multiplier. The Court does not believe this matter involved
any complex or novel legal issues warranting a multiplier. Indeed, Plaintiff's counsel litigate
dozens of matters nearly identical to this one, generally abiding by the same litigation strategy.
This is not to say that a multiplier is inappropriate across the board as a general rule in lemon law
cases or otherwise. It goes without saying that this ruling bears only on the current motion in the
context of this particular case under the circumstances.

Plaintiff also requests $4,390 in additional fees in his opposition to Defendants' motion to tax
costs; Plaintiff states that the Court allowed him to request further, unanticipated fees in his
opposition. Defendants do not respond to this point in their reply to the opposition to the motion
to tax costs. Thus, the Court allows the additional $4,390 requested.

Finally, the amount of costs and expenses awarded will be discussed in connection with
Defendants' motion to tax costs.

In sum, the Motion for Attorneys' Fees and Costs is granted in part. The Court awards

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 58

BC668442                                                                    March 8, 2019
**MARCOS GASTELUM ROMERO VS FCA US LLC ET AL**                                9:30 AM

Judge: Honorable John P. Doyle              CSR: V. Rodriguez, CSR 12215
Judicial Assistant: M. Mort                 ERM: None
Courtroom Assistant: R. Lee                 Deputy Sheriff: None

---

$57,692.50 in attorneys' fees.

Motion to Tax Costs
Defendants seek to tax the majority of Plaintiff's costs and expenses.

The Motion to Tax Costs is denied because it is untimely. A motion to tax costs must be filed
fifteen days after the memorandum of costs is served. (Cal. Rules of Court, rule 3.1700.) Here,
the Motion was impermissibly filed on February 11, 2019, when the memorandum of costs was
served on, at the latest, December 13, 2018.

Defendants argue that they believed the motion to tax costs was included in the parties'
stipulation setting the date for Defendants' opposition to Plaintiff's motion for fees and costs.
The Court rejects this contention because an opposition to a motion for fees is not the same as a
motion to tax costs.

Plaintiff is awarded his requested costs and expenses.

The matter is argued and the tentative ruling becomes the order of the Court.

The Motion to Tax Costs filed by Downtown Figueroa Motors, LLC, FCA US LLC on
03/01/2019 is Denied.

The Motion for Attorney Fees , Costs and Expenses filed by Marcos Gastelum Romero on
12/06/2018 is Granted in Part.

The Court orders the Complaint filed by MARCOS GASTELUM ROMERO on 07/13/2017
dismissed without prejudice.

The Court retains jurisdiction to make orders to enforce any and all terms of settlement,
including judgment, pursuant to Code of Civil Procedure Section 664.6.

Counsel for plaintiff shall give notice.

---

# EXHIBIT LL

Electronically Received 03/19/2019 10:34

**FILED**
Superior Court of California
County of Los Angeles

**03/28/2019**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ Deputy
Jean Gurnee

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| **ANTONIO MARTINEZ,** | Case No. BC624319 |
| | Unlimited Jurisdiction |
| Plaintiff, | [PROPOSED] ORDER GRANTING **PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES** |
| vs. | |
| **FCA US LLC, a Delaware Limited Liability Company; CHAMPION DODGE, LLC, a California Corporation, dba CHAMPION CHRYSLER JEEP DODGE; and DOES 1 through 10, inclusive,** | Date: February 20, 2019<br>Time: 9:00 a.m.<br>Dept.: 96<br>Judge: Hon. Anthony J. Mohr |
| Defendants. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff's Motion for Attorney's Fees, Costs and Expenses, came on regularly for hearing on February 20, 2019, at 9:00 a.m., in Department 96, of the above-entitled court located at 111

-1-

[PROPOSED] ORDER

1  North Hill Street, Los Angeles, California, 90012, the Honorable Anthony J. Mohr, presiding.

2  Plaintiff moved the court for an award of $69,565.00 in lodestar attorney fees plus a .5 lodestar

3  multiplier, and $4,992.80 in costs and expenses.

4      Michael H. Rosenstein of The Law Offices of Michael H. Rosenstein, LC appeared on

5  behalf of Plaintiff Antonio Martinez and Lynn R. Levitan of Clark Hill, LLP appeared on behalf

6  of Defendants FCA US LLC and Champion Dodge, LLC. Having read the motion, the

7  memoranda and the declarations filed by the parties, and having heard oral argument of counsel,

8  the Court issued its ruling, as follows:

9    1.  Plaintiff's Motion for Attorney's Fees, Costs and Expenses is GRANTED;

10    2.  The Court finds that the following hourly rates requested by counsel are reasonable:

11      <u>Knight Law Group, LLP</u>

12        •  Steve Mikhov $550.00/hr

13        •  Kristina Stephenson-Cheang $375.00/hr

14        •  Amy Morse $350.00/hr

15        •  Christopher Thoms $350.00/hr

16        •  Michelle Lumasag $200.00/hr

17      <u>The Law Offices of Michael H. Rosenstein, LC</u>

18        •  Michael H. Rosenstein $550.00/hr

19        •  Brian Murray $350.00/hr

20        •  Jamie Adler $300.00/hr

21    3.  Plaintiff is awarded full lodestar attorney's fees in the amount of $69,565.00;

22    4.  The Court finds that Plaintiff is entitled to a multiplier of 0.2 in the amount of $13,913.00;

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

-2-

[PROPOSED] ORDER

5. Plaintiff is awarded full costs and expenses in the amount of $4,992.80;

6. Plaintiff is awarded a total amount of attorney's fees, costs and expenses in the amount of $88,470.80.

**IT IS HEREBY ORDERED.**

Dated: _____03/28/2019_____

IT IS SO ORDERED

_____Anthony Mohr / Judge_____
Judge of the Superior Court

Prepared by:
**KNIGHT LAW GROUP, LLP**
Steve Mikhov (SBN 224676)
Deepak Devabose (SBN 298890)
10250 Constellation Blvd., Suite 2500
Los Angeles, CA 90067
Telephone: (310) 552-2250
Fax: (310) 552-7973
Email: stevem@knightlaw.com
      deepakd@knightlaw.com

Attorneys for Plaintiff,
**ANTONIO MARTINEZ**

-3-
[PROPOSED] ORDER

# EXHIBIT MM

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 61

BC655846                                                              February 13, 2019
**ALICIA HABERMAN VS FCA US LLC ET AL**                                           9:00 AM

Judge: Honorable Gregory Keosian          CSR: None
Judicial Assistant: L. Woods              ERM: None
Courtroom Assistant: H. Martinez          Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Steve Mikhov by: Roger Kirnos

For Defendant(s): Aaron M. Brian, Esq. by:  Paloma Acosta (Telephonic)

**NATURE OF PROCEEDINGS:** Hearing on Motion for Attorney Fees; Order to Show Cause Re: Dismissal

The Court issues a tentative ruling and the matters are called for hearing.

Parties submit to the Court's tentative ruling.

The Court's tentative ruling becomes the final ruling of the Court as follows:

The Motion for Attorney Fees filed by Alicia Haberman on 10/30/2018 is Granted. $43,798.00 for fees and $10,246.76 for costs.

Order Re: Court's Ruling is signed and filed this date and is incorporated herein by reference to the Court file.

Order to Show Cause Re: Dismissal is continued to 03/27/2019 at 09:00 AM in Department 61 at Stanley Mosk Courthouse.

Notice is deemed waived.

Minute Order                                                          Page 1 of 1

# EXHIBIT NN

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 38

BC671090                                                              January 25, 2019
**ANTONIUS A NIEUVENHUIS VS FORD MOTOR**                                9:30 AM
**COMPANY**

Judge: Honorable Maureen Duffy-Lewis          CSR: None
Judicial Assistant: Robert R. Alva            ERM: None
Courtroom Assistant: Roger Lomeli             Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Steve Borislav Mikhov, Esq. by Roger Kirnos

For Defendant(s): Robert Christopher Rodriguez

**NATURE OF PROCEEDINGS:** Hearing on Motion for Attorney Fees

Pursuant to Government Code sections 68086, 70044, California Rules of Court, rule 2.956, and
the stipulation of appearing parties, Adriana Patron #13834, certified shorthand reporter is
appointed as an official Court reporter pro tempore in these proceedings, and is ordered to
comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

Motion is called for hearing and argued.

In this lemon law matter, plaintiff seeks attorney fees; a lodestar amount of $38,735 with a 1.5
multiplier. Plaintiff also seeks costs and expenses of $2,021.33.

Motion GRANTED.

$38,735 is reasonable. No multiplier.

Court also awards $2,021.33 in costs and expenses.

Counsel for plaintiff to give notice.

# EXHIBIT OO

**FILED**
Superior Court of California
County of Los Angeles

02/28/2019

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ A. Barton _____ Deputy

Electronically Received 02/15/2019 04:52

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

|   |   |
|---|---|
| BORIS YU, | Case No. BC639907 |
| Plaintiff, | |
| vs. | [~~PROPOSED~~] ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES |
| FCA US LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive, | |
| Defendants. | Date:  January 22, 2019<br>Time:  8:30 a.m.<br>Dept.: 71<br>Judge:  Hon. Monica Bachner |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff's Motion for Attorney's Fees, Costs and Expenses, came on regularly for hearing on January 22, 2019, at 8:30 a.m., in Department 71, of the above-entitled court located at 111 N.

-1-

[~~PROPOSED~~] ORDER

1  Hill Street, Los Angeles, California, 90012, the Honorable Monica Bachner, presiding. Plaintiff

2  moved the court for an award of $37,792.50 in lodestar attorney fees plus a 0.5 lodestar multiplier

3  and for $4,200.12 in costs and expenses.

4       Erin Barnes of Wirtz Law appeared on behalf of Plaintiff Boris Yu and Lynn Levitan of

5  Clark Hill appeared on behalf of Defendant FCA US LLC.

6       Having read the motion, the memoranda and the declarations filed by the parties and

7  having heard oral argument of counsel, the Court adopts its tentative ruling as follows:

8     1.  Plaintiff's Motion for Attorney's Fees, Costs and Expenses is GRANTED, in part;

9     2.  Plaintiff is awarded lodestar attorney's fees in the amount of $37,792.50;

10     3.  Plaintiff is awarded costs in the amount of $4,200.12;

11     4.  The Court finds that the following hourly rates requested by counsel are reasonable:

12      Knight Law Group, LLP

13         •  Steve Mikhov $550.00/hr

14         •  Russell Higgins $450.00/hr

15         •  Constance Morrison $375.00/hr

16         •  Kristina Stephenson-Cheang $375.00/hr

17         •  Amy Morse $350.00/hr

18         •  George Aguilar $275.00/hr

19         •  Daniel Kalinowski $250.00/hr

20         •  Michael Ouziel $250.00/hr

21         •  Jonathan Cagliata $225.00/hr

22      Wirtz Law APC

23         •  Richard M. Wirtz $500.00/hr

24         •  Erin K. Barns $375.00/hr

25         •  Amy R. Smith $325.00/hr

26         •  Lauren B. Veggian $300.00/hr

27         •  Rebecca Evans $175.00/hr

28  ///

1    5.   The Court declines to award a multiplier;

2    6.   Plaintiffs are awarded a total amount of attorney's fees and costs in the amount of

3         $41,992.62.

4

5         **IT IS HEREBY ORDERED.**

6
                                                        **IT IS SO ORDERED**
7

8                                                       *MBachner*

9    Dated:   02/28/2019          _____

10                                                      Judge of the Superior Court

11   Prepared by:
     **KNIGHT LAW GROUP, LLP**
12   Steve Mikhov (SBN 224676)
     Deepak Devabose (SBN 298890)
13   10250 Constellation Blvd., Suite 2500
     Los Angeles, CA 90067
14   Telephone: (310) 552-2250
     Fax: (310) 552-7973
15   stevem@knightlaw.com
     deepakd@knightlaw.com
16

17   Attorneys for Plaintiff,
     **BORIS YU**
18

19

20

21

22

23

24

25

26

27

28

-3-

[PROPOSED] ORDER

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 10250 Constellation Blvd., Suite 2500, Los Angeles, CA 90067.

I served the foregoing document described as:

**[PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES**

Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

Lynn R. Levitan, Esq.
CLARK HILL PLC
1055 W. Seventh Street, 24th Floor
Los Angeles, CA 90017
Fax: 213-488-1178
**Counsel for Defendants,
FCA US LLC**

XX    BY MAIL:  I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary course of business. The envelope was sealed and placed for collection that same day following ordinary business practices, addressed to the above-referenced attorney.

XX    BY FACSIMILE: By personally faxing the above-referenced document to the facsimile number below the recipient's name.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 8, 2019 at Los Angeles, California.

SARAH SEMSAR

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 10250 Constellation Blvd., Suite 2500, Los Angeles, CA 90067.

I served the foregoing document described as:

**[PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES**

Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

Lynn R. Levitan, Esq.
CLARK HILL PLC
1055 W. Seventh Street, 24th Floor
Los Angeles, CA 90017
Fax: 213-488-1178
**Counsel for Defendants,**
**FCA US LLC**

XX    BY MAIL:  I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary course of business. The envelope was sealed and placed for collection that same day following ordinary business practices, addressed to the above-referenced attorney.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 15, 2019 at Los Angeles, California.

SARAH SEMSAR

-1-

# EXHIBIT PP

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 40

BC656138                                                          January 7, 2019
**MARIA GUADALUPE SOLIS ET AL VS FCA US LLC ET AL**                     8:30 AM

Judge: Honorable David Sotelo            CSR: J.Park, #13925
Judicial Assistant: R. Reza              ERM: None
Courtroom Assistant: M. Navarro          Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): CENTURY LAW GROUP, LLP By Rizza Gonzales

For Defendant(s): LEWIS BRISBOIS BISGAARD & SMITH LLP By Sharon Shin

**NATURE OF PROCEEDINGS:** Hearing on Motion for Attorney Fees

Pursuant to Government Code sections 68086, 70044, California Rules of Court, rule 2.956, and
the stipulation of appearing parties, J. Park, #13925, certified shorthand reporter is appointed as
an official Court reporter pro tempore in these proceedings, and is ordered to comply with the
terms of the Court Reporter Agreement. The Order is signed and filed this date.

Matter is called for hearing, argued and submitted.
.
The Court rules as follows: The Motion for Attorney Fees filed by Maria Guadalupe aka Ma
Guadalupe Solis on 12/10/2018 is Granted. This is a standard so-called "lemon law" action. The
Complaint was filed on March 30, 2017. The Knight Law Group firm represented plaintiff before
the filing date, then associated the Century Law Group, to prepare for trial. Century began billing
April 1, 2018.
.
On June 11, 2018, a Notice of Settlement was filed, indicating that the case was settled.
.
Plaintiff Maria Guadalupe Solis ("Plaintiff") brings this Motion for Attorneys' Fees, Costs, and
Expenses. An Opposition was filed by Defendants FCA US LLC and Champion Dodge LLC's
("Defendants").
.
The Court considered the moving, opposition, and reply papers and rules as follows.
.
Standard: The party claiming attorneys' fees must establish entitlement to such fees and the
reasonableness of the fees claimed. Civic Western Corporation v. Zila Industries, Inc. (1977) 66
Cal.App.3d 1, 16. "Except as attorney's fees are specifically provided for by statute, the measure
and mode of compensation of attorneys and counselors at law is left to the agreement, express or

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 40

BC656138                                                    January 7, 2019
**MARIA GUADALUPE SOLIS ET AL VS FCA US LLC ET AL**              8:30 AM

| | |
|---|---|
| Judge: Honorable David Sotelo | CSR: J.Park, #13925 |
| Judicial Assistant: R. Reza | ERM: None |
| Courtroom Assistant: M. Navarro | Deputy Sheriff: None |

implied, of the parties[.]" CCP § 1021.
.
"It is well established that the determination of what constitutes reasonable attorney fees is committed to the discretion of the trial court, whose decision cannot be reversed in the absence of an abuse of discretion." Melnyk v. Robledo (1976) 64 Cal.App.3d 618, 623. In exercising its discretion, the court should consider a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in handling the matter, the attention given, the success or failure, and the resulting judgment. Ibid.
.
In determining the proper amount of fees to award, courts use the lodestar method. The lodestar figure is calculated by multiplying the total number of reasonable hours expended by the reasonable hourly rate. "Fundamental to its determination … [is] a careful compilation of the time spent and reasonable hourly compensation of each attorney … in the presentation of the case." Serrano v. Priest (1977) 20 Cal.3d 25, 48 (Serrano III). A reasonable hourly rate must reflect the skill and experience of the attorney. Id. at 49. "Prevailing parties are compensated for hours reasonably spent on fee-related issues. A fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether." Serrano v. Unruh (1982) 32 Cal.3d 621, 635 (Serrano IV); see also Weber v. Langholz (1995) 39 Cal.App.4th 1578, 1587 ("The trial court could make its own evaluation of the reasonable worth of the work done in light of the nature of the case, and of the credibility of counsel's declaration unsubstantiated by time records and billing statements.")
.
Reasonable attorney fees should be based on an objective standard of reasonableness, i.e., the market value of services rendered, not on some notion of cost incurred. PLCM Group, Inc. v. Drexler (2000) 22 Cal.4th 1084, 1090. The value of legal services performed in a case is a matter in which the trial court has its own expertise. Id. at 1096. The trial court may make its own determination of the value of the services contrary to, or without the necessity for, expert testimony. Ibid. The trial court makes its determination after consideration of a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case. Ibid.
.
Evidentiary Objections: Defendants' evidentiary objections to the Lear and Mikhov Declarations are OVERRULED.
.
Analysis: Here, Plaintiff is the prevailing party and therefore generally entitled to attorneys' fees. See Garcia v. Mercedes-Benz USA, LLC (2018) 21 Cal.App.5th 1259, 1266-1267 ("the question of whether a buyer is a prevailing party under the [Song-Beverly Consumer Warranty] Act looks

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 40

BC656138                                                                January 7, 2019
MARIA GUADALUPE SOLIS ET AL VS FCA US LLC ET AL                           8:30 AM

Judge: Honorable David Sotelo              CSR: J.Park, #13925
Judicial Assistant: R. Reza               ERM: None
Courtroom Assistant: M. Navarro           Deputy Sheriff: None

to what the buyer was last offered by the manufacturer or retail seller before filing suit and
whether she achieved a greater result by the time of settlement or verdict.)
.
1. Hourly Rates and Time Billed: Plaintiff's Counsels seek a total of $44,601.25 in attorney fees.
Regarding the hourly rates and time spent, Plaintiff states that 14 attorneys from two law firms
spent a total of 104.9 hours prosecuting this case – 59.9 hours from attorneys from Knight Law
Group and 45 hours from attorneys of Century Law Group. (See Mtn., Mikhov Decl., Ex. A;
Lear Decl., Ex. A.) The rates range from $200 to $595. Plaintiff's Counsels' declarations provide
sufficient support for these rates. Upon a review of the itemized time records, the Court finds that
the time billed on each task is sufficiently documented and reasonable. Based on the Court's
experience and knowledge of reasonable rates for similar work, the Court finds that the hourly
rates are reasonable as well.
.
2. Lodestar Multiplier Request: Plaintiff's Counsels seek a 0.5 lodestar multiplier for the
representation they provided. Relevant factors to determine whether an enhancement is
appropriate include (1) the novelty and difficulty of the questions involved, (2) the skill
displayed in presenting them, (3) the extent to which the nature of the litigation precluded other
employment by the attorneys, (4) the contingent nature of the fee award. Ketchum v. Moses
(2001) 24 Cal.4th 1122, 1132.
.
Based on the record, including plaintiff's memorandum of points and authorities, the Court finds
that no multiplier is warranted. The contingent risks, preclusion of other work, skill, and
difficulty counsel assert are absorbed by counsel's hourly rates. See Robertson v. Fleetwood
Travel Trailers of California. Inc. (2006) 144 Cal.App.4th 785, 822.
.
Furthermore, this was a routine case and plaintiff does not asset that any novel or complex issues
were presented.
.
Conclusion: The Motion is GRANTED, reduced according to the above. Specifically, the Court
awards $44,601.25 in attorney's fees.
.
Plaintiff to give notice.
.
.


Certificate of Mailing is attached.

---

Minute Order                                                            Page 3 of 3

# EXHIBIT QQ

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 12

**BC641408**                                                    January 4, 2019
**PATRICK A GREEN VS FCA US LLC ET AL**                          10:19 AM

Judge: Honorable Barbara A. Meiers          CSR: None
Judicial Assistant: J. Marquez              ERM: None
Courtroom Assistant: E. Avena               Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s):  No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Ruling on Submitted Matter

The Court, having taken the matter under submission on 01/02/2019, now rules as follows: Any still pending motion to enforce settlement is off calendar as "moot." Pursuant to Plaintiff's motion, Plaintiff is found to be the prevailing party; his motion is granted, and Defendant is ordered to pay attorney fees to the Plaintiff in the sum of $62,325.00 and cost of $5,423.78.

The clerk is to give notice.

Certificate of Mailing is attached.

Minute Order                                                    Page 1 of 1

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
Patrick A Green

DEFENDANT/RESPONDENT:
FCA US, LLC et al

## CERTIFICATE OF MAILING

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**01/04/2019**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _Jontae Marquez_ Deputy

Jontae M. Marquez

CASE NUMBER:
BC641408

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Aaron Michael Brian
Nixon Peabody LLP
300 S Grand Ave
Ste 4100
Los Angeles, CA  90071-

Sepehr  Daghighian
Hackler Daghighian Martino & Novak, PC
10250 Constellation Blvd
Ste 2500
Los Angeles, CA  90067-

Jennifer A. Kuenster, Esq.
Nixon Peabody LLP
One Embarcadero Center, Suite 1800
San Francisco,, CA  94111-3600

✓ Steve Borislav Mikhov
Knight Law Group, LLP
10250 Constellation Blvd
Ste 2500
Los Angeles, CA  90067-

Sylvia Jaymie Quach
Clark Hill LLP
1055 West Seventh Street
24th Floor
Los Angeles, CA  90017-

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 01/7/2019

By:   Jontae M. Marquez
      Deputy Clerk

CERTIFICATE OF MAILING

# EXHIBIT RR

FILED
Superior Court of California
County of Los Angeles

JAN 09 2019

Sherri R. Carter, Executive Officer/Clerk

By _Oscar R. Chavez_, Deputy
Oscar Chavez

1

2

3

4

5

6

7

8

9

10                    **SUPERIOR COURT OF CALIFORNIA**

11            **COUNTY OF LOS ANGELES - STANLEY MOSK COURTHOUSE**

12

| | |
|---|---|
| **ROSA L. RODRIGUEZ; and, EMILIANO GONZALEZ,** | **Case No.   BC616911** <br> *Unlimited Jurisdiction* |
| Plaintiffs, | *Assigned to the Hon. Holly J. Fujie, Dept. 56* |
| vs. | |
| **FCA US LLC, a Delaware Limited Liability Company; and, DOES 1 through 10, inclusive,** | **[PROPOSED] JUDGMENT RE: PLAINTIFFS' MOTION FOR ATTORNEYS FEES, COSTS & EXPENSES PURSUANT TO CIVIL CODE § 1794(d)** |
| Defendants. | **Hearing Date:    December 10, 2018** <br> **Hearing Time:    8:30 a.m.** |

13

14

15

16

17

18

19

20

21

22                          **[PROPOSED] JUDGMENT**

23         This matter was scheduled for hearing in the above-entitled Court on December 10, 2018,

24   for hearing on Plaintiffs ROSA L. RODRIGUEZ and EMILIANO GONZALEZ's (hereinafter

25   "Plaintiffs") Motion for Attorney's Fees, Costs and Expenses. On December 7, 2018, the Court

26   issued a tentative ruling to which all parties submitted, and the tentative ruling became the final

27   ruling of the Court.

28   ///

Electronically Received 12/12/2018 02:21 PM

-1-

[PROPOSED] JUDGMENT RE: MOTION FOR ATTORNEYS FEES

1    Plaintiffs' Motion for Attorney's Fees, Costs and Expenses was GRANTED IN PART.

2  Defendant was ORDERED to pay to Plaintiffs, through their counsel, the amount of $74,567.50

3  in attorney's fees, and $11,690.41 in costs and expenses. The total fees, costs, and expenses

4  awarded to Plaintiffs amounts to **$86,257.91**.

5    It is hereby ORDERED, ADJUDGED, and DECREED that JUDGMENT be entered in the

6  amount of **$86,257.91** as of the date of December 10, 2018, against Defendant FCA US LLC, a

7  Delaware Limited Liability Company, with interest thereon at the rate of ten percent (10%) per

8  annum until paid.

9

10  **IT IS SO ORDERED, ADJUDGED, AND DECREED.**

11

12

13  Dated: _____        _____

14                                    HON. HOLLY J. FUJIE
                                      *Judge of the Superior Court*

15                                                    JUDGE HOLLY J. FUJIE

16  **O'CONNOR LAW GROUP, P.C.**

17  Mark O'Connor, Esq. (SBN 157680)
    Amy L. Hajduk, Esq. (SBN 230211)

18  384 Forest Ave., Suite 17
    Laguna Beach, CA 92651

19  Tel:   (949) 494-9090
    Fax:   (949) 494-9913

20

21  **KNIGHT LAW GROUP, LLP**
    Steve B. Mikhov, Esq. (SBN 224676)

22  10250 Constellation Blvd., Suite 2500
    Los Angeles, CA 90067

23  Tel:   (310) 552-2250
    Fax:   (310) 552-7973

24

25  Attorneys for Plaintiff(s):
    ROSA L. RODRIGUEZ, and, EMILIANO GONZALEZ

26

27

28

                                      -2-

                    [PROPOSED] JUDGMENT RE: MOTION FOR ATTORNEYS FEES

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

     I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 384 Forest Ave., Suite 17, Laguna Beach, CA 92651.

     On **December 12, 2018**, I served the foregoing document(s) described as: **[PROPOSED] JUDGMENT RE: PLAINTIFFS' MOTION FOR ATTORNEYS FEES, COSTS & EXPENSES PURSUANT TO CIVIL CODE § 1794(d)**, to all interested parties in this action as set forth in the service list below, in the following matter:

[X]   **U.S. MAIL**: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Laguna Beach, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

[_]   **BY PERSONAL SERVICE**: I caused a true copy of said document(s) to be hand-delivered to the addressee(s) via a California registered process server pursuant to Code of Civil Procedure §1011.

[_]   **BY EXPRESS MAIL:** I caused said document(s) to be deposited in a box or other facility regularly maintained by the express service carrier providing overnight delivery pursuant to Code of Civil Procedure §1013(c).

[_]   **BY ELECTRONIC MAIL:** I caused said document(s) to be served electronically pursuant to Code of Civil Procedure §1010.6(a).

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **December 12, 2018**, at Laguna Beach, California.

_____
Kristin N. Arndt

SERVICE LIST

| | |
|---|---|
| Jon D. Universal, Esq. (SBN 141255)<br>Nejla Nassirian, Esq. (SBN 308730)<br>**UNIVERSAL & SHANNON, LLP**<br>2240 Douglas Blvd., Suite 290<br>Roseville, CA 95661<br>Tel: (916) 780-4050 \| Fax: (916) 780-9070<br>Email:  juniversal@uswlaw.com | **Attorneys for Defendant(s): FCA US LLC** |

[PROPOSED] JUDGMENT RE: MOTION FOR ATTORNEYS FEES

# EXHIBIT SS

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 09/17/18                                                          **DEPT.** 39

HONORABLE  ELIZABETH R. FEFFER          JUDGE   R. KARAPETYAN          DEPUTY CLERK

HONORABLE                        JUDGE PRO TEM        ELECTRONIC RECORDING MONITOR
#6                                               JUSTUS ALENTIE      CSR# 13859
         L. BITUIN, C.A.        Deputy Sheriff   REPORTER IN PRO TEMPORE    Reporter

| 9:00 am | BC620996 | | |
|---|---|---|---|
| | AVILIO SICILIANO | Plaintiff Counsel | CHRISTOPHER M. THOMAS (X) |
| | VS KIA MOTORS AMERICA INC | Defendant Counsel | MARCELO LEE          (X) |

**NATURE OF PROCEEDINGS:**

PLAINTIFF AVILIO SICILIANO MOTION FOR ATTORNEY'S
FEES, COSTS AND EXPENSES;

The Stipulation and Order to Use Certified Shorthand
Reporter appointing official Court reporter pro
tempore in the current proceedings is signed and
filed this date.

Matter is called for hearing.

After hearing arguments from counsel, the court rules
as follows:

Plaintiff's Motione for Attorney's fees is GRANTED
in the amount of $30,592.50.

Plaintiff is entitled to costs in the requested amount
of $3,303.67.

Counsel for plaintiff is to submit an order.

Plaintiff is to give notice.

                    Page   1 of  1   DEPT. 39

09/20/2018

MINUTES ENTERED
09/17/18
COUNTY CLERK

# EXHIBIT TT

# COPY



1

2

3

4

5

6

7

8

9 **SUPERIOR COURT OF CALIFORNIA**

10 **COUNTY OF LOS ANGELES**

11

12 | GEOFFREY T. MORGAN and | Case No.: BC625668 |
AMBYR N. MORGAN,

13 | | [PROPOSED] ORDER ON
**PLAINTIFFS' MOTION FOR**

14 | Plaintiffs, | **ATTORNEY'S FEES**

15 | | Date:  August 8, 2018

16 | vs. | Time: 8:30 am
Dept.: 58

17 | FCA US LLC, a Delaware Limited Liability
Company; CERRITOS DODGE, INC., a

18 | California Corporation dba CERRITOS
DODGE CHRYSLER JEEP; and DOES 1

19 | through 10, inclusive

20 |

21 | Defendant.

22

23

24

25 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

26 ///

27 ///

28 ///

1

[PROPOSED] ORDER

1       Plaintiffs' Motion for Attorney's Fees came on regularly for hearing on August 8, 2018, at

2   8:30 a.m., in Department 58, of the above-entitled court located at 111 North Hill Street, Los

3   Angeles, CA 90012, the Honorable John P. Doyle, presiding.  Plaintiffs moved the Court for an

4   award of $72,478.75 in lodestar attorney fees plus a 1.5 lodestar multiplier.

5       Brian Murray of the Law Offices of Michael H. Rosenstein, LC appeared on behalf of

6   Plaintiffs Geoffrey T. Morgan and Ambyr N. Morgan, and Lisa Schwartz-Tudzin of Nixon

7   Peabody LLP appeared telephonically on behalf of Defendants FCA US LLC And Cerritos

8   Dodge, Inc. Having read the motions, the memoranda, the declarations filed by the parties, and

9   having heard oral argument of counsel, the Court took the motion under submission.  Later,

10  outside the presence of counsel, the Court ruled on the submitted matter as follows:

11    1. Plaintiffs' Motion for Attorney's Fees is GRANTED;

12    2. The Court finds that the following hourly rates requested by Plaintiffs' counsel are

13      reasonable:

14      <u>Knight Law Group, LLP</u>

15        • Steve Mikhov $500.00/hr

16        • Roger Kirnos $400.00/hr

17        • Sepehr Daghighian $400.00/hr

18        • Kirk Donnelly $375.00/hr

19        • Amy Morse $350.00/hr

20        • Kristina Stephenson-Cheang $350.00/hr

21        • Deepak Devabose $250.00/hr

22        • George Aguilar $250.00/hr

23        • Jennifer Reiz $225.00/hr

24        • Thomas Burns $225.00/hr

25      <u>Law Offices of Michael H. Rosenstein, LC</u>

26        • Michael H. Rosenstein $500.00/hr

27        • Brian Murray $350.00/hr

28        • Jamie Adler $300.00/hr

1           •   Jim Martinez $275.00/hr

2           •   Raymond Hay $275.00/hr

3     3.  Plaintiffs are awarded lodestar attorney's fees in the amount of $72,478.75;

4     4.  The Court declines to grant a lodestar multiplier;

5     5.  Defendants' Motion to Tax Costs remains as previously set on September 18, 2018.

6    **IT IS HEREBY ORDERED.**

7                                                           **IT IS SO ORDERED**

8

9    SEP 1 8 2018

10  Dated: _____             Judge of the Superior Court

11  Prepared by:

12  **KNIGHT LAW GROUP, LLP**
Steve Mikhov (SBN 224676)

13  Roger Kirnos (SBN 283163)
10250 Constellation Blvd. Suite 2500

14  Los Angeles, CA 90067

15  Telephone: (310) 552-2250
Fax: (310) 552-7973

16  Email: stevem@knightlaw.com

17         rogerk@knightlaw.com
Attorneys for Plaintiffs,

18  **GEOFFREY T. MORGAN and
AMBYR N. MORGAN**

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 10250 Constellation Blvd., Suite 2500, Los Angeles, CA 90067.

I served the foregoing document described as:

**[PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

> Scott S. Shepardson, Esq.
> NIXON PEABODY LLP
> One Embarcadero Center, 18th Floor
> San Francisco, CA 94111
> Fax: 415-984-6300
> **Counsel for Defendant,**
> **FCA US LLC and**
> **CERRITOS DODGE CHRYSLER JEEP**

XX   BY MAIL:  I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary course of business. The envelope was sealed and placed for collection that same day following ordinary business practices, addressed to the above-referenced attorney.

XX   BY FACSIMILE: By personally faxing the above-referenced document to the facsimile number below the recipient's name.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 16, 2018 at Los Angeles, California.

SARAH SEMSAR

-1-

PROOF OF SERVICE

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 10250 Constellation Blvd., Suite 2500, Los Angeles, CA 90067.

I served the foregoing document described as:

**[PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

Scott S. Shepardson, Esq.
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, Ca, 94111
**Counsel for Defendant,**
**FCA US LLC and**
**CERRITOS DODGE CHRYSLER**
**JEEP**
(Via Mail Only)

<u>XX</u>     BY MAIL:  I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary course of business. The envelope was sealed and placed for collection that same day following ordinary business practices, addressed to the above-referenced attorney.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 23, 2018 at Los Angeles, California.

Jacqueline Gidney

-1-
PROOF OF SERVICE

# EXHIBIT UU

# COPY



RECEIVED

AUG 16 2018

FILING WINDOW

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| DIETER F. HADORN, | Case No. BC633611 |
| Plaintiff, | Unlimited Jurisdiction |
| vs. | **[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS AND EXPENSES** |
| FCA US LLC, a Delaware Limited Liability Company; GLENDALE DODGE, LLC, a California Limited Liability Company dba GLENDALE DODGE CHRYSLER JEEP, and DOES 1 through 10, inclusive, | |
| | Date:  August 7, 2018 |
| | Time:  8:30 a.m. |
| | Dept.:  40 |
| | Judge:  Hon. David Sotello |
| Defendants. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff's Motion for Attorney's Fees, Costs and Expenses, was set for hearing on August 7, 2018, at 8:30 a.m., in Department 40, of the above-entitled court located at 111 North Hill Street, Los Angeles, California, the Honorable David Sotello, presiding. Plaintiff moved the court

-1-

[PROPOSED] ORDER

for an award of $29,567.50 in lodestar attorney fees plus a 1.5 lodestar multiplier, and $2,088.70 in costs and expenses.

Having read the motion, the memoranda and the declarations filed by the parties, the Court adopted its tentative ruling, as follows:

1. Plaintiff's Motion for Attorney's Fees, Costs and Expenses is GRANTED, in part;

2. The Court finds that the following hourly rates requested by counsel are reasonable based upon the attorney's expertise, experience and the results achieved:

<u>Knight Law Group, LLP</u>

- Steve Mikhov $500.00/hr
- Amy Morse $350.00/hr
- Christopher Swanson $350.00/hr
- Hadi Gerami $350.00/hr
- Kristina Stephenson-Cheang $350.00/hr
- Jennifer Reiz $225.00/hr
- Michelle Lumasag $200.00/hr

<u>Wirtz Law APC</u>

- Richard M. Wirtz $500.00/hr
- Amy R. Smith $325.00/hr
- Jessica R. Underwood $250.00/hr
- Rebecca Evans $175.00/hr

3. Plaintiff is awarded lodestar attorney's fees in the amount of $29,567.50;

4. The Court declines to award a multiplier;

5. Plaintiff is awarded costs and expenses in the amount of $2,088.70;

///
///
///
///
///

-2-

*BC633611*

6. Plaintiff is awarded a total amount of attorney's fees, costs and expenses in the amount

of $31,656.20.

**IT IS HEREBY ORDERED.**

                                                    **IT IS SO ORDERED**

                    AUG 2 9 2018.

Dated: _____                _____
                                        DAVID SOTELO
                                        Judge of the Superior Court

Prepared by:
**KNIGHT LAW GROUP, LLP**
Steve Mikhov (SBN 224676)
Roger Kirnos (SBN 283163)
10250 Constellation Blvd., Suite 2500
Los Angeles, CA 90067
Telephone: (310) 552-2250
Fax: (310) 552-7973
Email: stevem@knightlaw.com
       rogerk@knightlaw.com

Attorneys for Plaintiff,
**DIETER F. HADORN**

-3-
[PROPOSED] ORDER

1

PROOF OF SERVICE

(Code of Civil Procedure §1013a)

2

3    I am employed in the County of Los Angeles, State of California.  I am over the age of 18
years and not a party to the within action.  My business address is 10250 Constellation Blvd.,

4    Suite 2500, Los Angeles, CA 90067.

5    I served the foregoing document described as:

6    **[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S
FEES AND COSTS AND EXPENSES**

7

8    Said document was served on the interested parties in this action, by placing true copies
thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

9

10   Scott S. Shepardson, Esq.
NIXON PEABODY LLP

11   One Embarcadero Center, 18th Floor
San Francisco, CA 94111

12   Fax: 866-904-6525
     **Counsel for Defendants,**

13   **FCA US LLC and**
     **GLENDALE DODGE, LLC**

14

15   XX   BY MAIL: I am readily familiar with this firm's practice of collection and processing
     correspondence for mailing with the United States Postal Service.  Under that practice, it

16   would be deposited with the U.S. Postal Service on that same day with postage thereon
     fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary

17   course of business. The envelope was sealed and placed for collection that same day
     following ordinary business practices, addressed to the above-referenced attorney.

18

19   XX   BY FACSIMILE: By personally faxing the above-referenced document to the facsimile
     number below the recipient's name.

20

21   I declare under penalty of perjury under the laws of the State of California that the
     foregoing is true and correct.

22

23   Executed on August 9, 2018 at Los Angeles, California.

24

25                          SARAH SEMSAR

26

27

28

-1-

PROOF OF SERVICE

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 10250 Constellation Blvd., Suite 2500, Los Angeles, CA 90067.

I served the foregoing document described as:

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS AND EXPENSES**

Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

Scott S. Shepardson, Esq.
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111
**Counsel for Defendants,**
**FCA US LLC and**
**GLENDALE DODGE, LLC**

<u>XX</u>   BY MAIL: I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary course of business. The envelope was sealed and placed for collection that same day following ordinary business practices, addressed to the above-referenced attorney.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 15, 2018 at Los Angeles, California.

SARAH SEMSAR

-1-

PROOF OF SERVICE

# EXHIBIT VV

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/18/18                                          **DEPT.** 50

HONORABLE  TERESA A. BEAUDET          JUDGE    J.M. GURNEE         DEPUTY CLERK

HONORABLE                          JUDGE PRO TEM          ELECTRONIC RECORDING MONITOR
5
        G. MACK C.A.           Deputy Sheriff   NONE                    Reporter

| | | |
|---|---|---|
| 8:30 am | BC626539 | Plaintiff Counsel    DEEPAK DEVABOSE (X) |
| | LUIS F MARROQUIN ET AL | |
| | VS | Defendant Counsel |
| | FORD MOTOR COMPANY | VALERIE CAMPBELL (X) |

**NATURE OF PROCEEDINGS:**

PLAINTIFFS LUIS F. MARROQUIN AND VANESSA I. VELASCO'S
MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES;


The Court's tentative ruling having been published
on the Court's official website and the parties
indicating that they submit, the tentative ruling is
adopted as the final order of the Court, as more
fully reflected in the ruling signed and filed this
date and incorporated herein by reference to the
case file as follows:

Plaintiff's motion for attorneys' fees, costs, and
expenses is granted. Plaintiffs are entitled to
recover $55,312.50 in attorney's fees and $12,893.46
in costs from Defendant.

Plaintiffs are to give notice.

                    Page   1 of   1   DEPT. 50

```
MINUTES ENTERED
07/18/18
COUNTY CLERK
```

# EXHIBIT WW

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/13/18                                                    DEPT. 49

HONORABLE Deirdre Hill                 JUDGE    K. SANDOVAL        DEPUTY CLERK

HONORABLE                         JUDGE PRO TEM         ELECTRONIC RECORDING MONITOR
#007
          F. ESTRADA CA          Deputy Sheriff   JUSTUS BALENTINE/#13859    Reporter

| 8:32 am | BC631014 | Plaintiff Counsel | ROGER KIRNOS (X) |
|---------|----------|-------------------|------------------|
|         | EVERETT BELL VS FCA US LLC ET AL | Defendant Counsel | JUDITH A. ZIPKIN (X) |

**NATURE OF PROCEEDINGS:**

 MOTION OF PLAINTIFF EVERETT BELL FOR ATTORNEY'S FEES,
 COSTS AND EXPENSES;
(C/F 6-20 PER EX PARTE OF 6-18-18)

Matter is called for hearing.

Counsel argue and submit.

Court adopts the Tentative Ruling as the Final
Court Order.

(SEE ATTACHED)

Plaintiff to give notice and submit a Proposed
Judgment.

Page    1 of    1    DEPT. 49

MINUTES ENTERED
07/13/18
COUNTY CLERK

## Superior Court of California
## County of Los Angeles

| Everett Bell, | Case No.: **BC631014** |
|---|---|
| Plaintiff, | |
| vs. | [Tentative] Ruling |
| FCA US LLC, et al., | |
| Defendants. | |

**FILED**
Superior Court of California
County of Los Angeles

JUL 13 2018

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
K. Sandoval

Hearing Date:  July 13, 2018
Department 49, Judge Deirdre Hill
Motion for Attorney's Fees, Costs, and Expenses

MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES

Moving Party:  Plaintiff Everett Bell
Responding Party:  Defendants FCA US LLC and H.W. Hunter Inc.

Ruling:        Plaintiff's motion for attorneys' fees is GRANTED in the total amount of
$   43,602.24

The Court considered the moving papers, opposition and reply.

BACKGROUND

This is a lemon law matter.  On August 18, 2016, plaintiff Everett Bell ("Plaintiff")
filed this action against defendants FCA US LLC and H.W. Hunter, Inc. (collectively,
"Defendants"), alleging causes of action for breach of express and implied warranty
under the Song-Beverly Act and fraudulent inducement. Plaintiff purchased a new 2012
Ram 1500 Laramie for $56,461.92 on September 19, 2012.  Plaintiff had to take back her
vehicle numerous times to repair issues with the engine, but the problem persisted.
Plaintiff eventually asked Defendants to buy back the vehicle, but they refused.

On September 25, 2017, the parties agreed to settlement this case for $70,000.
Mikhov Decl. ¶ 18; Rosenstein Decl. ¶ 13. The settlement amount consisted of a
statutory "buy-back" of Plaintiff's vehicle, incidental and consequential damages, and civil
penalties.  Mikhov Decl. ¶ 18.

On May 25, 2018, Plaintiff filed the instant motion for attorney's fees, costs, and
expenses under the Song-Beverly Act.  On June 18, 2018, Defendants filed an ex parte

application to allow Defendants leave to file opposition to Plaintiff's motion for attorney's fees, costs and expenses.  The Court granted the ex parte application and reset the hearing for July 13, 2018.  Defendants' opposition was filed the same day.  On July 5, 2018, Plaintiff filed his reply.

STANDARDS

"'[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate ...'" *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1134.  The lodestar method is based on the factors, as relevant to the particular case: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." *Id.* at 1132.  "The "experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong.'" *Id.*; see also *Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 997 (holding the lodestar method is the proper means of calculating attorney's fees under Civ. Code § 1794(d) for Song-Beverly claims).

Factors that the court may consider for applying a lodestar multiplier are (1) the novelty and difficulty of the questions involved, and the skill displayed in presenting them, (2) the extent to which the nature of the litigation precluded other employment by the attorneys, (3) the contingent nature of the fee award, from the point of view of eventual victory on the merits and the point of view of establishing eligibility for an award (4) the result obtained by the litigation, (5) the quality of the representation, and (6) any delay in receipt of payment.  *Serrano III v. Priest* (1977) 20 Cal. 3d 25, 48.

ANALYSIS

Plaintiff moves for attorney's fees, costs, and expenses pursuant to Civil Code § 1794.  Plaintiff asserts that she is the prevailing party under Civil Code § 1794(d) and CCP § 1032(a)(4) and, therefore, is entitled to recover her attorney's fees and costs.  It is undisputed that Plaintiff is entitled to reasonable attorney's fees as the prevailing party under both the Song-Beverly Act and the terms of the parties' settlement.  See Civ. Code § 1794(d); *Murillo v. Fleetwood Enterprises, Inc.* (1998) 17 Cal.4th 985, 990.

*Evidentiary Objections*

Plaintiff's objections nos. 1-9 are overruled.  The objections to relevance are unsupported.  The remainder of the objections only go to the weight of the evidence presented, rather than their admissibility.

Plaintiff claims attorney's fees for her counsel, Knight Law Group, LLP, in the amount of $15,860.  Mikhov Decl., ¶ 2, Exh. A.  In addition, Plaintiff claims attorney's fees for the Law Offices of Michael H. Rosenstein, LC in the amount of $24,206.25. Rosenstein Decl. ¶ 8, Exh. A.  Plaintiff's counsel also requests a 0.5 enhancement, in the amount of $20,033.13, to account for the delay in payment and contingent risk posed by

this case.  Plaintiff claims $3,535.99 in costs and expenses. Mikhov Decl. ¶ 2, Exs. A-B;
Rosenstein Decl. ¶ 8, Ex. A.  Although not required, Plaintiff has submitted the billing
records from counsel in support of the motion. Mikhov Decl. Ex. A; Rosenstein Decl. Ex.
A; See *Horsford v. Board of Trustees* (2005) 132 Cal.App.4th 359, 396 ("[T]he verified
time statements of the attorneys, as officers of the court, are entitled to credence in the
absence of a clear indication the records are erroneous.").

     Defendants oppose the amount of fees requested and argue that from the outset
of litigation, Defendants offered Plaintiff full restitution and reasonably incurred costs,
expenses and attorneys' fees, and therefore the case was needlessly protracted into 13-
months of litigation.  Defendants point out that the matter settled before trial with no
depositions or expert discovery.  Defendants would hold that there is nothing special or
unusual regarding this case, as demonstrated by Plaintiff's counsel's use of form
pleadings, discovery, and motions.  Zipkin Decl. ¶¶ 7-10.  Further, Defendants contend
that there is improper staffing on routine tasks, specifically that more experienced
attorneys handled tasks that are more appropriate for junior attorneys.  See e.g. Opp. pp.
4:24-5:4.  Defendants further contend that Plaintiff's counsel uses hourly rates that are
out of line with billing practices and that there is no legitimate evidence to support those
practices.

     Defendant's arguments are based on conjuncture and unsupported by any
significant evidence beyond a conclusory declaration.  Defendant has cited no actual
work product of Plaintiff's that was duplicative of previous work on other cases, or other
substantial evidence supporting the declaration's contentions that Plaintiff's counsel only
files form motions and pleadings.  See Zipkin Decl. ¶¶ 7-10.  A single page excerpt from
a minute order from a trial court ruling is not strong evidence that Plaintiff's counsel
overbilled in this case.  See Zipkin Decl. ¶ 6, Ex. C.  The rejection of the initial 998 offer
bears some weight for Defendants' argument, but ultimately Plaintiff did receive more
than what was offered then, so Plaintiff apparently had good reason to reject it.  Zipkin
Decl. ¶¶ 3-5; Mikhov Decl. ¶¶ 3, 9, 18.  Further, the Court finds Defendants' bare
contentions that Plaintiff's counsel's staffing was improper and that counsel overbilled
their hourly rates unpersuasive.  See e.g. Opp. pp. 4:24-5:4, 5:21-10:10.

     As Plaintiff has met its initial burden by supplying verified time statements of the
attorneys, the Court is inclined to grant Plaintiff's fully requested base fees in the amount
of $40,066.25.

*Lodestar Multiplier*

     Plaintiff requests a 0.5 multiplier because Plaintiff advanced all litigation costs and
expenses without reimbursement, Defendants dragged this case for over 13 months
before agreeing to a reasonable settlement, and Plaintiff risked substantial loss of
uncompensated attorney hours and thousands of dollars in out-of-pocket expenses.
Based on the case history, evidence, and arguments of counsel, the Court is not inclined
to grant a multiplier.  The proffered evidence by Plaintiff does not sufficiently establish
that the case was particularly risky, or involved novel issues which required particular
skill.  The Court finds the initially requested fees to be a reasonable amount given the
parties' evidence and arguments, and enough to reasonably compensate Plaintiff's

counsel.  Defendants' counter request to apply a negative multiplier is denied, as Defendants provide no evidence that the case was over litigated beyond Plaintiff's rejection of an early settlement.  See Opp. p. 10.

*Costs*

Plaintiff requests $3,535.99 in costs and expenses.  Defendants do not dispute costs.  Therefore, the Court will award costs in the full amount.

Accordingly, Plaintiff's motion for attorneys' fees and costs is GRANTED in the total amount of $___43,602.24___

*Plaintiff to submit a proposed judgment*

Date:  July 13, 2018

_____

Judge Deirdre Hill

# EXHIBIT XX

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 02/23/18                                                              **DEPT.** 58

HONORABLE JOHN P. DOYLE                JUDGE | M. MORT                    DEPUTY CLERK

HONORABLE                        JUDGE PRO TEM |              ELECTRONIC RECORDING MONITOR
#12
        R. LEE, C.A.          Deputy Sheriff | R. QUINONES, CSR 13307      Reporter

8:30 am  BC620824                          | Plaintiff   Roger Kirnos (X)
                                           | Counsel
         NANCY L AANDAHL                   |
         VS                                | Defendant   Lisa Tidzin (X)
         FCA US LLC                        | Counsel

**NATURE OF PROCEEDINGS:**

PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND
EXPENSES;

The Stipulation and Order to Use Certified Shorthand
Reporter appointing official Court reporter pro
tempore in the current proceedings is signed and
filed this date.

The matter is called for hearing.

The Court gives the following tentative ruling:

*******************************************************

Tentative Ruling:      The Motion is granted in part.
The Court awards $72,265.59 in fees, costs, and
expenses.

This is an action arising from defects in the
Totally-Integrated Power Module of a 2011 Dodge
Durango purchased by Plaintiff on February 27, 2012.
Plaintiff filed the operative Complaint on May 18,
2016, alleging causes of action for (1) breach of
express warranty-violation of Song-Beverly Act, (2)
Breach of Implied Warranty-Violation of Song-Beverly
Act, (3), fraudulent inducement-concealment, and (4)
negligent repair.

                    Page    1 of   4    DEPT. 58

                                                    MINUTES ENTERED
                                                    02/23/18
                                                    COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 02/23/18 | **DEPT.** 58 |
| HONORABLE JOHN P. DOYLE   JUDGE | M. MORT   DEPUTY CLERK |
| HONORABLE #12   JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| R. LEE, C.A.   Deputy Sheriff | R. QUINONES, CSR 13307   Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | BC620824 <br><br> NANCY L AANDAHL <br> VS <br> FCA US LLC | Plaintiff Counsel | Roger Kirnos (X) |
| | | Defendant Counsel | Lisa Tidzin (X) |

**NATURE OF PROCEEDINGS:**

Motion for Attorneys' Fees, Costs, and Expenses
The parties have settled this matter via an offer
made pursuant to Code Civ. Proc. § 998; the parties
agreed that Plaintiff is the prevailing party in
this matter and that she would bring a single
motion for attorney's fees, costs, and expenses.
Pursuant to the § 998 offer, Defendant has agreed to
pay Plaintiff $102,031.79 (including a civil
penalty) in damages. Plaintiff now seeks $70,783.75
in fees, $35,391.88 as a 1.5 fee multiplier, and
$8,560.21 in costs.

As the prevailing party, Plaintiff is entitled to
reasonable fees and costs. (Civ. Code § 1794(d).)
Defendant opposes the Motion arguing that
Plaintiff's case was improperly managed, the number
of hours expended by opposing counsel was not
reasonable, and that the hourly rate for Plaintiff's
counsel was not reasonable.

The Court does not believe that Plaintiff's case was
necessarily improperly managed simply because the
Law Offices of Michael H. Rosenstein was associated
as co-counsel with the Knight Law Group LLC. The
overall fee amount sought does not indicate any
substantial duplication of work and is substantially
consistent with other Lemon Law cases in which only
one firm handled the matter. Further, counsel's
hourly rate-ranging from $225 to $500 per hour
depending on the attorney-is reasonable for this



Page   2 of   4   DEPT. 58

| MINUTES ENTERED |
|---|
| 02/23/18 |
| COUNTY CLERK |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 02/23/18 | | DEPT. 58 |
|---|---|---|
| HONORABLE JOHN P. DOYLE        JUDGE | M. MORT | DEPUTY CLERK |
| HONORABLE                  JUDGE PRO TEM #12 | | ELECTRONIC RECORDING MONITOR |
| R. LEE, C.A.        Deputy Sheriff | R. QUINONES, CSR 13307        Reporter | |

| 8:30 am | BC620824 | Plaintiff Counsel | Roger Kirnos (X) |
|---|---|---|---|
| | NANCY L AANDAHL VS FCA US LLC | Defendant Counsel | Lisa Tidzin (X) |

**NATURE OF PROCEEDINGS:**

locality.

On the other hand, the Court finds that the total hours expended is not reasonable. The Law Office of Michael H. Rosenstein bills in .25 increments, which apparently results in at least some amount of inflated billing. Not every task requires fifteen minutes. In addition, the Knight Law Group billed for 116 hours, but Plaintiff's law and motion as well as the pleadings filed by the Plaintiff are essentially copy-paste jobs. Accordingly, the Court will make a modest reduction of 10% as to each fee request, in the exercise of its discretion on this particular motion under the circumstances.

Further, the Court will not award a 1.5 fee multiplier. The Court does not believe this particular matter involved any complex or novel legal issues warranting any multiplier. That is not to say that the result would necessarily be the same in another Lemon Law case.

Finally, as Defendant has not opposed Plaintiff's costs and expenses, the Court will award Plaintiff's requested $8,560.21.

In total, the Court awards $72,265.59 in fees, costs, and expenses.

********************************************************

Page   3 of  4   DEPT. 58

MINUTES ENTERED
02/23/18
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 02/23/18                                                                  **DEPT.** 58

HONORABLE JOHN P. DOYLE            JUDGE | M. MORT            DEPUTY CLERK

HONORABLE                    JUDGE PRO TEM |            ELECTRONIC RECORDING MONITOR
#12
            R. LEE, C.A.         Deputy Sheriff | R. QUINONES, CSR 13307      Reporter

| | | | |
|---|---|---|---|
| 8:30 am | BC620824 | Plaintiff Counsel | Roger Kirnos (X) |
| | NANCY L AANDAHL VS FCA US LLC | Defendant Counsel | Lisa Tidzin (X) |

**NATURE OF PROCEEDINGS:**

The matter is argued and the tentative ruling becomes
the order of the Court.  Defendant is given sixty
days to pay.

Notice is waived.

Page   4 of   4   DEPT. 58

MINUTES ENTERED
02/23/18
COUNTY CLERK

# EXHIBIT YY

CALIFORNIA SUPERIOR COURT
COUNTY OF LOS ANGELES, CENTRAL DISTRICT
DEPARTMENT 45

**FILED**
ON ANGELES SUPERIOR COURT

APR 0 4 2018

By _____ Clerk
_____ Depu.

CHARLES MARGESON VS FORD MOTOR COMPANY
BC 549430

---

## ORDER

The Court granted Plaintiff's *Ex Parte* Application To Set Aside And/Or Clarify/Reconsider The Order Entered on Plaintiff's Motion For Attorney Fees on February1, 2018. After hearing counsel for the plaintiff and defendant, the Court took the matter under submission to determine why there is an inconsistency in the amount of the attorney's fees in the tentative issued to counsel before the Feb. 1st hearing and the tentative that was signed by the Court immediately thereafter.

The Court now rules that the signed tentative order was the first tentative that *had been revised* by the Court changing the 1.4 multiplier to 1.8 increasing the attorney fees from $741,839.70 to $953,793.90.

Wherefore, the Court clarifies its Order awarding the plaintiff's counsel attorney fees in the amount of $953,793.90.

The Clerk is ordered to serve the parties by facsimile.

IT SO ORDERED.
April 4, 2018.

MEL RED RECANA
Judge

1



LA Superior Court
111 North Hill Street,
Los Angels, CA 90012

| DATE: | Apr. 4, 2018 |
| --- | --- |
| ATTN: | 13236535542@fax.lacourt.org |
| | |
| FROM: | "SMC-DEPT.45" |
| SUBJECT: | =?utf-8?B?U01DLURFUFQuNDU=?= |

**Note:**
Please open the attached document. It was scanned and sent to you using a Xerox Phaser MFP. For more information on Xerox products and solutions, please visit http://www.xerox.com.

_

*Fax  Server Powered by*  **STREEM CENTER™**

# EXHIBIT ZZ

39

**ORIGINAL**

**FILED**
Superior Court of California
County of Los Angeles

**DEC 3 1 2017**

Sherri R. Carter, Executive Officer/Clerk
By _R. Castle_ Deputy
R. Castle

**RECEIVED**

**NOV 2 8 2017**

DEPT 39

RECEIVED
NOV 27 2017
FILING WINDOW

BY FAX

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| JESUS MONTES, | Case No.: BC617619 |
| Plaintiff, | Unlimited Jurisdiction |
| vs. | [~~PROPOSED~~] ORDER ON PLAINTIFF'S ATTORNEY'S FEES AND COSTS AND EXPENSES |
| FORD MOTOR COMPANY, a Delaware Corporation, and DOES 1 through 10, inclusive, | Date: October 31, 2017 |
| | Time: 9:00 a.m. |
| | Dept.: 39 |
| Defendants. | Reservation ID: 170922253101 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff's Motion for Attorney's Fees and Costs and Expenses, came on regularly for hearing on October 31, 2017 at 9:00 a.m., in Department 39, of the above-entitled court located at 111 North Hill Street, Los Angeles, California 90012, the Honorable Elizabeth Feffer, presiding.

[~~PROPOSED~~] ORDER

1    Roger Kirnos of Knight Law Group, LLP appeared on behalf of Plaintiff, Jesus Montes,

2  and Douglas A. Proudfoot of Gates, O'Doherty, Gonter & Guy, LLP appeared on behalf of

3  Defendant, Ford Motor Company. Having read the motion, the memoranda and the declarations

4  filed by the parties, and having entertained oral argument of counsel, the Court makes the

5  following ruling:

6    1. Plaintiff's Motion for Attorney's Fees and Costs and Expenses is GRANTED. Plaintiff is

7       awarded attorney's fees in the amount of $43,527.50;

8    2. The Court finds that the work performed and the time incurred is reasonable;

9    3. The Court finds that the following hourly rates requested by counsel are reasonable:

10      Knight Law Group, LLP

11      • Steve Mikhov $500.00/hr

12      • Russell Higgins $400.00/hr

13      • Kristina Stephenson-Cheang $350.00/hr

14      • Chris Swanson $325.00/hr

15      • Michael Ouziel $250.00/hr

16      • Amy Morse $250.00/hr

17      • George Aguilar $225.00/hr

18      • Jennifer Reiz $200.00/hr

19      Daniels, Fine, Israel, Schonbuch & Lebovits, LLP

20      • Moses Lebovits $750.00/hr

21      • Ashley Arnett $350.00/hr

22      • Mary Fersch $350.00/hr

23      • Eloise Perez $150.00/hr

24    4. Plaintiff is awarded their full costs in the amount of $3,204.84;

25    5. Plaintiff is awarded a total amount of attorneys' fees and costs and expenses in the

26       amount of $46,732.34.

27  ///

28  ///

-1-

1   ///

2        IT IS HEREBY ORDERED.

3
                                                    IT IS SO ORDERED
4

5

6   Dated: __DEC 3 1 2017__                    ELIZABETH R. FEFFER

7                                              Judge of the Superior Court

8

9   Prepared by:

10  **O'CONNOR & MIKHOV, LLP**
    Steve Mikhov, Esq. (SBN 224676)
11  1801 Century Park East, Ste. 2300
    Los Angeles, CA   90067
12  Telephone: (310) 552-2250
    Fax: (310) 552-7973
13

14  Attorneys for Plaintiff,
    JESUS MONTES
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              -2-
                    [PROPOSED] ORDER

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 1801 Century Park East, Suite 2300, Los Angeles, CA 90067.

I served the foregoing document described as:

**[PROPOSED] ORDER ON PLAINTIFF'S ATTORNEY'S FEES AND COSTS AND EXPENSES**

Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

| | |
|---|---|
| Douglas Proudfoot, Esq.<br>GATES, O'DOHERTY, GONTER,<br>& GUY LLP<br>38 Discovery, Suite 200<br>Irvine, CA 92618<br>Fax: 949-753-0265<br>**Counsel for Defendant,**<br>**FORD MOTOR COMPANY**<br>(via FAX & MAIL only) | Moses Lebovits, Esq.<br>DANIELS FINE ISRAEL SCHONBUCH &<br>LEBOVITS LLP<br>1801 Century Park East, 9th floor<br>Los Angeles, CA 90067<br>**Associated Counsel for Plaintiffs,**<br>**JESUS MONTES**<br>(via E-mail only) |

XX    BY MAIL:  I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary course of business. The envelope was sealed and placed for collection that same day following ordinary business practices, addressed to the above-referenced attorney.

XX    BY FACSIMILE: By personally faxing the above-referenced document to the facsimile number below the recipient's name.

XX    BY E-MAIL OR ELECTRONIC TRANSMISSION: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 27, 2017 at Los Angeles, California.

Mirka Arellano

-1-

PROOF OF SERVICE

# EXHIBIT AAA

1  **KNIGHT LAW GROUP, LLP**
   Steve Mikhov (SBN 224676)
2  1801 Century Park East, Suite 2300
   Los Angeles, California 90067
3  Telephone: (310) 552-2250
   Fax: (310) 552-7973
4

5  **WIRTZ LAW APC**
   Richard M. Wirtz (SBN 137812)
6  1801 Century Park East, Suite 2300
   Los Angeles, CA 90067
7  Telephone: (310)556-2121
   Fax: (858)259-6008
8

9  Attorneys for Plaintiff,
   **SERGIO I. LOPEZ**
10

11

12                    **SUPERIOR COURT OF CALIFORNIA**

13                      **COUNTY OF LOS ANGELES**

14  **SERGIO I. LOPEZ,**                    Case No.: BC585892
                                            Unlimited Jurisdiction
15
             Plaintiff,                     [~~PROPOSED~~] ORDER GRANTING
16                                          **PLAINTIFF'S MOTION FOR**
        vs.                                 **ATTORNEY'S FEES AND COSTS AND**
17                                          **EXPENSES**

18  **FORD MOTOR COMPANY, a Delaware**      *Assigned for All Purposes to the*
    **Corporation, and DOES 1 through 10,**  *Honorable Elizabeth Feffer*
19  **inclusive,**

20                                          Date:  October 11, 2017
             Defendant.                     Time: 9:00 a.m.
21                                          Dept.: 39

22

23

24

25

26

27

28

                                    i
─────────────────────────────────────────────────────────

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 11 2017

Sherri R. Carter, Executive Officer/Clerk
By Susana C. Ontiveros, Deputy

1    **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

2         **PLEASE TAKE NOTICE** that on October 11, 2017 at 9:00 a.m. in Department 39 of

3    the Los Angeles County Superior Court, located at 111 N. Hill St., Los Angeles, California,

4    Plaintiff Sergio I. Lopez, moved the court for an award of attorney's fees and costs and expenses

5    pursuant to Civil Code § 1794(d) of the Song Beverly Consumer Warranty Act (Civ. Code 1790

6    *et. seq).*

7         Having read the motion, the memoranda and declarations filed by the parties, the court

8    makes the following ruling:

9         Plaintiff's Motion for Attorney's Fees and Costs and Expenses is GRANTED. Plaintiff is

10   awarded $108,750.00 in attorney's fees.

11        Plaintiff is awarded ___TBD___ for cost and expenses.

12   ← Plaintiff is also awarded a lodestar multiplier of 1.5 in the amount of ___∅___.

13        Said payment is to be mailed to Plaintiff's counsel's offices in Los Angeles no later than

14   30 days from this order. *Per statute.*

15                           DF

16        **IT IS HEREBY ORDERED.**

17

18                                              **IT IS SO ORDERED**

19

20

21

22   Dated: ___OCT 1 1 2017___              **ELIZABETH R. FEFFER**

23                                              Judge of the Superior Court

24

25

26

27

28

ii

# EXHIBIT BBB

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 20 2017

Sherri R. Carter, Executive Officer/Clerk
By Armando Garcia, Deputy

## Superior Court of California

## County of Los Angeles

### Department 78

ANITA LONGIN;

      Plaintiff,

    vs.

FORD MOTOR COMPANY;

      Defendant.

Case No.:     BC 564186
Hearing Date:   September 20, 2017

**[TENTATIVE] RULING RE:**

PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES.

Plaintiff Anita Longin's Motion for Attorneys' Fees is GRANTED in the total amount of $227,228, plus costs and expenses totaling $31,712.55.

## FACTUAL BACKGROUND

This is a Lemon Law case. Plaintiff Anita Longin ("Longin") alleges in her First Amended Complaint ("FAC") as follows. On March 30, 2010, she purchased a new 2010 Ford Escape (the "Escape") with express warranties. (FAC ¶ 7.) The Escape was delivered with serious defects in the steering and transmission, and when Longin delivered the Escape to a Ford repair facility, Ford Motor Company ("Ford") denied warranty coverage, was unable to conform the vehicle to warranty, and failed to replace the vehicle. (*Id.* ¶¶ 14–19.)

The FAC alleges that Longin is entitled to civil penalties under the Song-Beverly Act and treble damages under section 3345. (FAC ¶ 26.) The FAC also alleges that Longin was a senior citizen within the meaning of Civil Code section 1761 subdivision (f) at the time the action was filed. (FAC ¶ 1.)

## PROCEDURAL HISTORY

Longin filed her Complaint on November 18, 2014, alleging two causes of action:

1. SONG-BEVERLY ACT
2. MAGNUSON-MOSS ACT

Ford filed its Answer on December 18, 2014. Trial was originally set for May 15, 2016, but on May 10, 2016, the trial was continued until May 31, 2016.

On May 27, 2016, the court granted Longin's ex parte application, and trial was continued until July 19, 2016. On June 30, 2016, trial was continued until August 16, 2016 because of Longin's health. On August 3, 2016, trial was continued until November 1, 2016.

On October 24, 2016, this court granted Longin's motion for leave to file her FAC and continued the trial until November 14, 2016.

Longin filed her FAC on October 24, 2016, alleging two causes of action:

1. SONG-BEVERLY ACT

2. MAGNUSON-MOSS ACT

On November 10, 2016, this court continued the trial again based on counsel's unavailability for trial until January 24, 2017 pursuant to a stipulation by the parties.

Trial began on March 13, 2017. On March 17, 2017, the jury found in favor of Longin, finding total damages of $18,256.95 and a total civil penalty of $36,500. The court entered judgment in favor of Longin in the total amount of $54,756.95 on April 19, 2017.

Longin filed her Motion for Attorney Fees on June 16, 2017. Ford filed its Opposition on September 7, 2017. Longin filed her Reply on September 13, 2017.

## DISCUSSION

### I.   OBJECTIONS

Longin's Objections – Luebke's Declaration

- Objection No. 1 is OVERRULED
- Objection No. 2 is OVERRULED
- Objection No. 3 is OVERRULED

Longin's Objections – Proudfoot Declaration

- Objections Nos. 1-8 and 10 -12 are SUSTAINED.  Argument of counsel is more properly in the Opposition memorandum.

- Objection No. 9 is OVERRULED as to the last sentence, and otherwise SUSTAINED.

### II.   MOTION FOR ATTORNEYS' FEES

Attorneys' fees are allowed as costs when authorized by contract, statute, or law. (Code Civ. Proc., § 1033.5, subd. (a)(10)(B).)

### A.  ENTITLEMENT TO ATTORNEYS' FEES

"If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses,

2

including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." (Civ. Code, § 1794, subd. (d).)

Here, it is undisputed that as the prevailing party in a Song-Beverly Act case, plaintiff is entitled to attorneys' fees.

## B. REASONABLENESS OF ATTORNEYS' FEES

As the party seeking attorneys' fees, Longin bears the burden in demonstrating that the amount of feess she seeks is reasonable. (See *Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1320.) To meet this burden, Longin may be required "to produce records sufficient to 'provide a proper basis for determining how much time was spent....'" (*Lunada Biomedical v. Nunez* (2014) 230 Cal.App.4th 459, 486 [quoting *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131–1132].) Longin's "'evidence should allow the court to consider whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended.'" (*Id.* at pp. 486–487.)

Courts have also held that "the verified time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous." (*Horsford v. Board Of Trustees Of California State University* (2005) 132 Cal.App.4th 359, 396.) The court in *Horsford* held that "Gordon, for example, stated in his verified declaration that his listing of hours 'included only the hours that I believe were reasonably necessary to achieve our clients' goals.' Instead of a presumption of credibility, the trial court often assumed the opposite." (*Ibid.*)

Here, Longin submits two declaration in support of her motion for attorneys' fees, one from each of the two law firms working on this case.

Steve Mikhov ("Mikhov") began working with Longin at the outset of litigation in November 2014. (Mikhov Decl. ¶ 8.) Mikhov states that he has been admitted to the California Bar since 2003, and currently bills at $500 per hour. (*Id.* ¶ 20.) Mikhov seeks a total amount of fees of $68,465, which are supported by time records recorded in increments of .1 hours. (*Id.* ¶¶ 2, 35, Ex. A.)

Mikhov sets forth the following work that was performed by himself and his associates and other partners. Mikhov first reviewed Longin's repair history before agreeing to represent her on a contingency basis. (Mikhov Decl. ¶ 8.) In January of 2015, Ford served extensive discovery requests on Longin, which Mikhov and his associates answered in February 2015. (*Id.* ¶ 9.) On April 6, 2015, Longin was deposed. (*Ibid.*) Longin then propounded written discovery on Ford in June 2015, and after Ford responded with "incomplete and evasive responses," the parties met and conferred regarding additional responses in September 2015 and through March and April of 2016. (*Id.* ¶¶ 10, 11.)

Mikhov states that because it appeared that this case was going to trial due to the "aggressive litigation" of the case and "the lack of any meaningful settlement offer," Mikhov associated with the Law Offices of Sephr Daghighian, P.C. ("LOSD") on February 16, 2016. (Mikhov Decl. ¶ 12.)

Mikhov's declaration also includes a list of all twelve other attorneys who worked on this action within his firm. (Mikhov Decl. ¶¶ 21–32.) These attorneys' billing rates range from $250 per hour to $400 per hour. Mikhov sets forth the billing rates for seven other lemon-law attorneys, who bill at between $395 and $595 per hour, with experience ranging from 22 to 34 years of experiences. (*Id.* ¶ 34.) Mikhov also describes and attaches 32 trial court orders granting substantial attorneys' fees at similar rates in lemon law cases, some of which also granted a multiplier. (*Id.* ¶¶ 36–67.)

Sephr Daghighian ("Daghighian") states that after agreeing to associate in this case because it appeared to be headed to trial, he began his work by reviewing the case file with an eye towards trial. (Daghighian Decl. ¶ 12.) Daghighian also deposed Ford employees and the dealership in this matter. (*Id.* ¶ 14.) Daghighian then worked with Longin's expert regarding Ford's Technical Service Bulletins and Special Service Messages relating to Longin's vehicle. (*Id.* ¶ 15.) Daghighian began preparing for trial "in earnest" in May 2016. (*Id.* ¶ 16.) Daghighian also deposed Ford's expert on May 5, 2016. (*Id.* ¶ 17.)

Daghighian filed thirteen motions in limine relating to trial on May 12, 2016, and filed oppositions to Ford's MILs. (Daghighian Decl. ¶¶ 18, 19.) Daghighian also notes that Ford served its first 998 offer on May 20, 2016 for $15,000. (*Id.* ¶ 24.) Ford's second 998 offer was on March 13, 2017, for a total of $18,000. (*Id.* ¶ 26.)

Daghighian states he spent 347.75 hours on this case at $400 per hour, not including time spent on this motion for attorneys' fees. (Daghighian Decl. ¶¶ 3–5.) His paralegal, Yaghoubzadeh, spent 12.25 hours at $75 per hour, and his associate, Larry Castruita, spent 61.25 hours at $300 per hour. (*Id.* ¶¶ 6, 7.) The total amount of attorneys' fees sought by Daghighian is $162,763. (*Id.* ¶ 8.)

## A. HOURLY RATES

As the court held in *569 East County Boulevard LLC v. Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426:

> The courts repeatedly have stated that the trial court is in the best position to value the services rendered by the attorneys in his or her courtroom [Citation], and this includes the determination of the hourly rate that will be used in the lodestar calculus. [Citations.] In making its calculation, the court may rely on its own knowledge and familiarity with the legal market, as well as the experience, skill, and reputation of the attorney requesting fees [Citation], the difficulty or complexity of the litigation to which that skill was [Citations], and affidavits from other attorneys regarding prevailing fees in the community and rate determinations in other cases.

(*Id.* at pp. 436-437.)

In the context of attorneys' fees in Song-Beverly Act cases, courts have held:

> At the outset, it is important to note that we are not concerned in this case with a customary statutory or contractual provision which merely provides for "reasonable

4

attorney fees." The statute we are dealing with takes a somewhat different approach. It requires the trial court to make an initial determination of the actual time expended; and then to ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable. These circumstances may include, but are not limited to, factors such as the complexity of the case and procedural demands, the skill exhibited and the results achieved. If the time expended or the monetary charge being made for the time expended are not reasonable under all the circumstances, then the court must take this into account and award attorney fees in a lesser amount. A prevailing buyer has the burden of "showing that the fees incurred were 'allowable,' were 'reasonably necessary to the conduct of the litigation,' and were 'reasonable in amount.' " [Citation.]

The plain language of the statute allows only for the recovery of attorney fees which have been "reasonably incurred by the buyer." "The word 'incurred' when used in connection with bills or expenses, means to become liable for, ... to have liability thrust upon one by act or operation of law." [Citation.] Here, the buyer admittedly was being billed for and was liable for attorney fees only at the hourly rate of $120 per hour. Thus, for the 630.4 hours of actual time expended by her attorney, Nightingale was only obligated for fees in the amount of $75,648.4. She was billed for these fees, and paid $64,563.47 in attorney fees and costs. Therefore, in the instant case, the portion of the award of attorney fees resulting from higher hourly rates than the buyer was obligated to pay was not incurred within the meaning of the statute and may not be recovered.

(*Nightingale v. Hyundai Motor America* ("*Nightingale*") (1994) 31 Cal.App.4th 99, 104–105.)

Ford argues that because Longin has not provided a declaration stating that she agreed to pay the hourly rates charged by her attorneys, she cannot recover those rates and this court should deny this motion in its entirety. (Opposition at p. 7.) However, the right to recover attorneys' fees is well established, and the fact that Longin's attorneys represented her on a contingency basis does not mean the attorneys waived their right to collect attorneys' fees, nor were they required to provide the court with the retainer agreement. This issue before the court is only whether the rates charges are "reasonable."

Ford then argues that no fees should be allowed by Daghighian because the association of Daghighian with Mikhov was required to be consented to in writing by Longin, and no such signed consent form was produced. (Opposition at pp. 7–8.)

However, Ford cites to no cases where a plaintiff's own attorneys must produce a signed consent form to an association in seeking attorneys' fees. Simply put, whatever rights Longin has with respect to the California Rules of Professional Conduct regarding association of outside counsel, those rights are held by Longin, and may not be asserted by Ford in opposing a motion for attorneys' fees.

Ford argues generally that it is unreasonable to hire a second law firm in a simple lemon law action, and that the total amount of attorneys' staffing this case is unreasonable. (Opposition at pp. 8–9.) However, Ford has failed to articulate why such a case should not have been staffed in this manner. Longin's attorneys state that because the case was being aggressively litigated by Ford and appeared to be going to trial, Daghighian was associated in to prepare the case for trial. The court finds that hiring separate trial counsel is not unusual, especially in a lemon law action, which actions infrequently go to trial.

Ford is correct in arguing that this court retains discretion in granting or reducing the requested amount of attorneys' fees. As to the amount of fees, Ford argues only that the requested fees are too high, and that contingent attorneys may only bill at the same rates as non-contingent attorneys. (Opposition at pp. 10–13.)

The court disagrees. Ford cites to *Ketchum v. Moses* ("*Ketchum*") (2001) 24 Cal.4th 1122, 1132. (Opposition at p. 10.) It is true that the court in that case approved of a method of calculating fees that began "with a lodestar figure based on the reasonable hours spent, multiplied by the hourly prevailing rate for private attorneys in the community conducting *noncontingent* litigation of the same type." (*Ketchum*, *supra*, 24 Cal.4th at p. 1133.)

However, the court in *Ketchum* held that:

> The economic rationale for fee enhancement in contingency cases has been explained as follows: "A contingent fee must be higher than a fee for the same legal services paid as they are performed. The contingent fee compensates the lawyer not only for the legal services he renders but for the loan of those services. The implicit interest rate on such a loan is higher because the risk of default (the loss of the case, which cancels the debt of the client to the lawyer) is much higher than that of conventional loans." [Citation.] "A lawyer who both bears the risk of not being paid and provides legal services is not receiving the fair market value of his work if he is paid only for the second of these functions. If he is paid no more, competent counsel will be reluctant to accept fee award cases."

(*Ketchum*, *supra*, 24 Cal.4th at pp. 1132–1133.)

Therefore, *Ketchum* does not stand for the proposition that all attorneys taking cases on contingency are limited in their hourly rates to those billed by their defense counterparts. Indeed, the economic rationale for fee enhancement generally set forth in *Ketchum* run counter to Ford's argument. The court will address below whether a fee enhancement in the form of a multiplier is reasonable under these circumstances. The court also notes that in *Nightingale*, the plaintiff was not represented on a contingent basis, but rather, agreed to an hourly fee. Having done so, the court simply stated that she could not recover attorneys' fees in excess of that agreed-to hourly rate because no such fees were "incurred."

Ford introduces no evidence to show that the rates set forth by Longin's attorneys are unreasonable. Ford sets forth only that its attorney, Matthew Proudfoot, bills at $175 to $200 per

hour. (Proudfoot Decl. ¶ 15.) The court finds this fact irrelevant to whether the hourly rates of attorneys working on a contingency basis are reasonable.

The court has reviewed the hourly rates billed by Longin's attorneys, as well as the attorneys' level of experience, and finds that the rates charged by Longin's attorneys are reasonable.

## B. INDIVIDUAL ENTRIES

The court notes that Ford does not cite to any specific unreasonable entries in its Opposition, but rather points to a detailed list of costs it claims are unreasonable as set forth in Exhibit A attached to the Luebke declaration.

In her Reply, Longin objects to this documents are an attempt to impermissible file an oversized brief without prior court approval. (Reply at pp. 3–4.) The court has overruled the objection to this exhibit, but agrees generally that Ford's failure to address the reasonableness of the hours billed in the opposition while relying instead on a 13-page single space exhibit is improper. However, in an effort to evaluate the reasonableness of the specific hourly entries, the court has generally considered the "summary of objectionable specific charges" attached as Exhibit A.

Ford sets forth seven categories of charges it claims are unreasonable. The court will consider them in turn.

### 1. Category 1: Block Billing (Knight Law Group)

"Trial courts retain discretion to penalize block billing when the practice prevents them from discerning which tasks are compensable and which are not." (*Heritage Pacific Financial, LLC v. Monroy* (2013) 215 Cal.App.4th 972, 1010.)

Here, the court has reviewed all of the entries Ford claims are "block billed" because they include multiple tasks within the same entry. The court finds that none of these tasks are improperly block billed such that the court cannot tell which tasks are compensable and which are not. Some of the tasks are in amounts as low as .3 hours. Additionally, all of the tasks are described in detail, even if included in a single entry. For example, on April 6, 2015, the task of 4.5 hours is described as "prepare for and attend Plaintiff's deposition." The court can easily determine that both "preparing for" and "attending" plaintiff's deposition are compensable.

Some of the longer entries are also easily identifiable as compensable tasks. For example, the 13 hours billed on March 10, 2017 is for "prepar[ing] for and attend[ing] trial; meeting with Darrell Bladjo." Time spent in preparing for and attending trial is obviously compensable, and meetings with expert Bladjo are also compensable. The court finds that these entries are reasonable.

### 2. Category 2: Interoffice Conferences (Knight Law Group)

Ford argues that these entries are unreasonable because the number and length of the conferences were dictated by plaintiff's staffing strategy and not necessity, specifically, plaintiff's decision to staff numerous associate attorneys who needed to get up to speed with this case.

As an initial matter, the court notes that the largest entry of 8.5 hours is for reviewing and revising the special verdict form and preparing exam outlines. These tasks, although they involved a "conference" among attorneys, are reasonable and compensable.

The remainder of the objected-to conferences total 10.6 hours between January 5, 2015, and March 22, 2017. The court finds that although this case was staffed with anunusually high amount of attorneys, 10.6 hours for the attorneys to confer over the course of more than two years is not unreasonable.

The court will not reduce the lodestar amount by any of the interoffice conferences.

### 3. Category 3: Clerical and Secretarial Tasks (Knight Law Group)

Ford argues that these tasks are "secretarial" work that were improperly billed by attorneys billing $250 per hour rather than paralegals at a lower rate.

The court finds that the tasks described in this section are reasonable. The tasks involved drafting subpoenas and summarizing deposition transcripts, as well as preparing Longin's document productions. While some of these tasks could be performed by a skilled paralegal, drafting documents is typically a task for associate attorneys, specifically, the attorneys' billing at only $250 per hour. In addition, the time allocated to each task is in most instances .2 hours.

The court will not reduce the lodestar amount by any of the allegedly "clerical" tasks listed by Ford.

### 4. Category 4: Block Billing (Daghighian)

The court has reviewed Ford's listed entries it claims are block billed. No entry is longer than 6.75 hours. The longer entries are clearly compensable. For example, the 6.75 hours were spent attending the MSC, reviewing Ford's mediation brief, meeting with Longin and her representative, and drafting a report regarding the MSC for co-counsel. These tasks are compensable and the court finds that the amount of time spent on these tasks are reasonable.

The court will not reduce the lodestar amount by any of the claimed "block-billed" entries.

### 5. Category 5: Duplicative, Excessive, or Unreasonable Time (Daghighian)

Ford argues that it is "unreasonable" for Daghighian to bill 1.5 hours for packing and unpacking a trial briefcase on March 9, 2017, and then unpacking the trial briefcase and preparing a summary of proceedings for 1.25 hours on March 19, 2017. While it is likely that packing and unpacking the briefcase likely included organizing of materials for trial, because this is not specified, the court finds that some reduction in time is appropriate. The court reduces the number of hours for these two tasks by 1 hour.

Ford also argues that this is a "cut and paste" motion for attorneys, fees, and therefore the 9.5 hours spent drafting the motion and 2 hours spent drafting the declaration in support thereof are unreasonable. However, Ford fails to present admissible evidence that the memorandum is

identical to prior motions for attorneys' fees.  Indeed, Longin's briefs specifically address this case and, as to the Reply, Ford's arguments.

The court finds that 11.5 hours to draft the 15-page motion and supporting documents is a reasonable number of hours for the preparation of a motion for attorneys' fees.

The court therefore reduces the number of hours in this category by one hour.

### 6. Category 6: Clerical and Secretarial Tasks (Daghighian)

The court has reviewed the listed entries and finds that many of the tasks described are properly performed by an attorney. For example, although on March 7, 2016, Daghighian spent 3.75 hours, in part, printing and saving documents from co-counsel, he also prepared a case file, reviewed the pleadings and discovery, and organized the document production.  However, tasks like scheduling a court reporter, making copies, and filing and serving documents are tasks more properly performed by a secretary or paralegal.  The court therefore reduces the hours performed in these tasks by 5 hours.

### 7. Interoffice Conferences (Daghighian)

The court has reviewed these entries and finds that although they are significantly larger than the claimed interoffice conferences relating only to Knight Law, the conferences center around the trial. Also, many of the claimed entries involve communications with opposing counsel, which are clearly appropriately billed.  Additionally, some of the billed time is appropriately with a paralegal regarding tasks to be performed, and the time spent is typically minimal, for example, 15 minutes.  The court finds that conferences between co-counsel and with paralegals before and during trial are generally reasonable and compensable.  However, some of the time was necessitated only by the fact that there were multiple counsel working on the case, and the court finds that in total this category of time should be reduced by 4 hours.

### C. MULTIPLIER

"A trial court has discretion to adjust the lodestar amount to take account of unique circumstances in the case. [Citation.] Some factors the court may consider in adjusting the lodestar include: '(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award. [Citation.] 'The purpose of such adjustment is to fix a fee at the fair market value for the particular action. In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services.' [Citation.]." (*Amaral v. Cintas Corp. No. 2* (2008) 163 Cal.App.4th 1157, 1216.)

> The courts repeatedly have stated that the trial court is in the best position to value the services rendered by the attorneys in his or her courtroom [Citation], and this includes the determination of the hourly rate that will be used in the lodestar calculus. [Citations.] In making its calculation, the court may rely on its own

knowledge and familiarity with the legal market, as well as the experience, skill, and reputation of the attorney requesting fees [Citation], the difficulty or complexity of the litigation to which that skill was [Citations], and affidavits from other attorneys regarding prevailing fees in the community and rate determinations in other cases.

(*569 East County Boulevard LLC v. Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426.)

Here, the court agrees with Ford that a multiplier is not appropriate under these circumstances. As an initial matter, the court notes that only Mikhov sets forth a rationale for a multiplier in his declaration. (Mikhov Decl. ¶¶ 68–71.) However, Mikhov did not take on the bulk of the trial litigation in this case, but instead associated with Daghighian. Daghighian sets forth no basis for the multiplier in his declaration.

The court notes that while Longin's attorneys achieved a favorable result in this case, there was no unusual or novel questions or work performed. Plaintiff's attorneys simply reviewed her file, filed a complaint, engaged in reasonable discovery and investigation, and then took the case to a short trial. None of these tasks are so unusual as to justify a multiplier.

Additionally, the court notes that the economic rationale for allowing contingency attorneys to bill at a higher rate is to compensate them for the risk they take over non-contingent defense work, and the delay in receiving payment of their attorneys' fees. As discussed in *Ketchum*, one way to provide for this additional risk is to calculate a lodestar based on the hours reasonably incurred at the prevailing *non-contingent* rates, and then add a multiplier. Alternatively, the court can simply award attorneys' fees at higher hourly rates. However, by asking for a multiplier on a lodestar calculated with arguably higher rates charged by contingency fee lawyers, Longin is essentially asking this court to double-count the risk in taking on contingent cases. Because this court is granting attorneys' fees at the rates set forth in the declarations, it finds an additional multiplier to be unnecessary. Also, the court has reviewed the amount of work necessary to litigate this case to trial and, while the court finds the award of $227,228 to be reasonable, the court has made minimal reductions to the number of hours claimed by Longin's attorneys, and finds that the total amount of the award even absent a multiplier will provide reasonable compensation to Longin's attorneys.

Accordingly, the court GRANTS attorneys' fees totaling $227,228, representing the total lodestar amount claimed by Longin of $231,228, less the ten hour reduction at $400 per hour, without any multiplier.

## III.   MOTION FOR COSTS

Allowable costs "shall be reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation." (Code Civ. Proc., § 1033.5, subd. (c)(2).) Any items not specifically mentioned by statute "may be allowed or denied in the court's discretion." (*Id.*, subd. (c)(4).)

"'If the items appear to be proper charges the verified memorandum is prima facie evidence that the costs, expenses and services therein listed were necessarily incurred by the defendant [citations], and the burden of showing that an item is not properly chargeable or is unreasonable is upon the [objecting party].' [Citation.]" (*Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 131.) The court therefore first determines if the statute expressly allows for the item, and whether it appears proper on its face. If so, "the burden is on the objecting party to show them to be unnecessary or unreasonable." (*Ibid.*)

However, other courts have held that: "On the other hand, if the items are properly objected to, they are put in issue and the burden of proof is on the party claiming them as costs." (*Ladas v. California State Auto. Assn.* (1993) 19 Cal.App.4th 761, 774.)

Longin has submitted a verified Memorandum of Costs setting forth $31,712.55 in costs.

Ford argues that the $368.06 for travel expenses are excessive and not supported by documents. (Opposition at p. 17.) The court finds that Longin has met her burden to claim a total of $368.06 for travel expenses during the over two years of litigation in this action. The Memorandum of Costs is verified, and these expenses are not facially unreasonable.

Ford argues that the overnight delivery, postage, business record, and copying charges are not compensable under section 1033.5.

However, Longin correctly points out that the Beverly-Song act allows a successful plaintiff to recover both "costs" and "expenses." (See Civ. Code, § 1794, subd. (d).) Courts have held that "it is clear the Legislature intended the word 'expenses' to cover items not included in the detailed statutory definition of 'costs.'" (*Jensen v. BMW of North America, Inc.* ("*Jensen*") (1995) 35 Cal.App.4th 112, 137.) The court in *Jensen* held that "[t]he legislative history indicates the Legislature exercised its power to permit the recovery of expert witness fees by prevailing buyers under the Act . . . ," noting that the legislature included "expenses" in the lemon law act because "'[t]he addition of awards of "costs and expenses" by the court to the consumer to cover such out-of-pocket expenses as filing fees, expert witness fees, marshall's fees, etc., should open the litigation process to everyone.' [Citation.]"

The court agrees that because section 1794 provides for the recovery of "expenses," a term that is broader than statutory "costs," overnight delivery, postage, business record, and copying charges are allowable. Ford fails to address this point in its Opposition.

Ford also argues that court reporter fees are not recoverable unless the court orders the reporter's presence. (Opposition at p. 17.) However, such fees are also properly considered "expenses" that are recoverable under section 1794.

The court GRANTS the Motion for Costs in the total amount of $31,712.55.

Plaintiff to give notice.

DATED: September 20, 2017

**GAIL RUDERMAN FEUER**

Hon. Gail Ruderman Feuer
Judge of the Superior Court

# EXHIBIT CCC

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 06/19/17 | **DEPT.** 51 |

| | | | |
|---|---|---|---|
| HONORABLE MICHAEL J. RAPHAEL | JUDGE | R. DUARTE | DEPUTY CLERK |
| HONORABLE #8 | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| A. ALBA, CA | Deputy Sheriff | KEVIN ROLDAN CSR#13463 | Reporter |

| | | | | |
|---|---|---|---|---|
| 9:00 am | BC597233 | Plaintiff Counsel | MOSES LEBOVITS | (X) |
| | TARISA BELLAMY VS MERCEDES BENZ USA LLC | Defendant Counsel | ASHLEY OAKS | (X) |

**NATURE OF PROCEEDINGS:**

MOTION OF PLAINTIFF FOR ATTORNEY'S FEES;

The Order Appointing Court Approved Reporter as Official Reporter Pro Tempore is signed and filed this date.

The matter is called for hearing.

The Court, having heard oral argument, takes the matter under submission.

All parties take notice that in the above cited matter, heretofore submitted on 06/19/17, the Court has issued its Ruling Re: Motion for Attorneys' Fees, signed and filed this date, and incorporated herein by reference to the case file.

The motion is GRANTED as modified: plaintiff is awarded $116,872.50 as her reasonable attorneys' fees, as more fully reflected in the ruling signed and filed this date.

Clerk to give notice to plaintiff, plaintiff is ordered to give notice to all parties.

        CLERK'S CERTIFICATE OF MAILING
I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am

Page    1 of    3    DEPT. 51

**MINUTES ENTERED**
06/19/17
**COUNTY CLERK**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 06/19/17 | **DEPT.** 51 |

| | | | |
|---|---|---|---|
| HONORABLE MICHAEL J. RAPHAEL | JUDGE | R. DUARTE | DEPUTY CLERK |
| HONORABLE #8 | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| A. ALBA,   CA | Deputy Sheriff | KEVIN ROLDAN CSR#13463 | Reporter |

| | | | | |
|---|---|---|---|---|
| 9:00 am | BC597233 | Plaintiff Counsel | MOSES LEBOVITS | (X) |
| | TARISA BELLAMY VS MERCEDES BENZ USA LLC | Defendant Counsel | ASHLEY OAKS | (X) |

**NATURE OF PROCEEDINGS:**

not a party to the cause herein, and that on this
date I served the Ruling Re: Motion for Attorneys'
Fees and the above entitled minute order
upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.
Dated: June 19, 2017

Sherri R. Carter, Executive Officer/Clerk


By: _____
                    **R. Duarte**
                    R. Duarte



Knight Law Group, LLP
1801 Century Park East, #2300
Los Angeles, CA  90067


Page   2 of  3   DEPT. 51

| |
|---|
| **MINUTES ENTERED** 06/19/17 **COUNTY CLERK** |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 06/19/17 | **DEPT.** 51 |
| HONORABLE MICHAEL J. RAPHAEL       JUDGE | R. DUARTE       DEPUTY CLERK |
| HONORABLE                     JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| #8        A. ALBA,    CA       Deputy Sheriff | KEVIN ROLDAN  CSR#13463     Reporter |

| | | | |
|---|---|---|---|
| 9:00 am | BC597233 | Plaintiff Counsel | MOSES LEBOVITS     (X) |
| | TARISA BELLAMY | | |
| | VS | Defendant Counsel | ASHLEY OAKS     (X) |
| | MERCEDES BENZ USA LLC | | |

**NATURE OF PROCEEDINGS:**

Daniels Fine Israel et al. LLP
1801 Century Park East, 9th FL
Los Angeles, CA  90067


Lehrman Law Group
12121 Wilshire Boulevard, #1300
Los Angeles, CA  90025

Page   3 of   3   DEPT. 51

```
MINUTES ENTERED
06/19/17
COUNTY CLERK
```

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

**Superior Court of California**

**County of Los Angeles**

JUN 19 2017

Sherri R. Carter, Executive Officer/Clerk
By: Richard Duarte, Deputy

**Department 51**

|  |  |
|---|---|
| TARISA BELLAMY, | Case No.:  BC597233 |
| Plaintiff, | Hearing Date:  6/19/17 |
| v. | Trial Date:  Post-Trial |
| MERCEDES-BENZ USA, LLC, et al., | **RULING RE:** |
| Defendants. | Motion for Attorneys' Fees |

Background

This is a "lemon law" action.   On March 21, 2017, the Court entered a judgment in plaintiff's favor, following a jury verdict determining that defendant was liable for a civil penalty of two times damages.   On May 22, 2017, the Court granted in part and denied in part defendant's motion to tax costs.   On June 7, 2017, the Court denied plaintiff's post-judgment motion for prejudgment interest, an issue that the Court had already deciding in issuing the judgment.

On May 19, 2017, plaintiff filed this opposed motion for attorneys' fees.   The Court considered the moving, supplemental, opposition, and reply papers, and rules as follows.

Plaintiff's counsel should have tabbed the exhibits appended to the supplemental declaration. CRC, rule 3.1110(f).

Standard

The party claiming attorneys' fees must establish entitlement to such fees and the reasonableness of the fees claimed.   Civic Western Corporation v. Zila Industries, Inc. (1977) 66 Cal.App.3d 1, 16.   "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties[.]"   CCP § 1021.

"It is well established that the determination of what constitutes reasonable attorney fees is committed to the discretion of the trial court, whose decision cannot be reversed in the absence of an abuse of discretion."   Melnyk v. Robledo (1976) 64 Cal.App.3d 618, 623.   In exercising its discretion, the court should consider a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in handling the matter, the attention given, the success or failure, and the resulting judgment.   Ibid.

In determining the proper amount of fees to award, courts use the lodestar method.   The lodestar figure is calculated by multiplying the total number of reasonable hours expended by the reasonable hourly rate.   "Fundamental to its determination ... [is] a careful compilation of the time spent and reasonable hourly compensation of each attorney ... in the presentation of the case."   Serrano v. Priest (1977) 20 Cal.3d 25, 48 (Serrano III).   A reasonable hourly rate must

reflect the skill and experience of the attorney.   Id. at 49.   "*Prevailing parties* are compensated for hours reasonably spent on fee-related issues.   A fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether."   Serrano v. Unruh (1982) 32 Cal.3d 621, 635 (Serrano IV); see also Weber v. Langholz (1995) 39 Cal.App.4th 1578, 1587 ("The trial court could make its own evaluation of the reasonable worth of the work done in light of the nature of the case, and of the credibility of counsel's declaration unsubstantiated by time records and billing statements.")

Reasonable attorney fees should be based on an objective standard of reasonableness, i.e., the market value of services rendered, not on some notion of cost incurred.   PLCM Group, Inc. v. Drexler (2000) 22 Cal.4th 1084, 1090.   The value of legal services performed in a case is a matter in which the trial court has its own expertise.   Id. at 1096.   The trial court may make its own determination of the value of the services contrary to, or without the necessity for, expert testimony.   Ibid.   The trial court makes its determination after consideration of a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case.   Ibid.

## Plaintiff is Entitled to Recover Her Reasonable Attorneys' Fees

There is no dispute that plaintiff is entitled to recover her reasonable attorneys' fees.   Plaintiff prevailed on her claims under the Song-Beverly Consumer Warranty Act, which provides for attorneys' fees "based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Civ. Code § 1794(d).

## The Claimed Hourly Rates are Reasonable

There are two separate declarations in support of fees.   In the Mikhov declaration, plaintiff's counsel claims hourly rates ranging from $250 to $500.   Mikhov Decl. ¶ 2, Exh. A, Time Sheet, p. 14.   Plaintiff's counsel's declaration provides sufficient support for these rates.   Plaintiff's counsel specializes in consumer warranty law and its more seasoned attorneys (who claim the higher rates) have extensive experience in this practice area.   Mikhov Decl. ¶¶ 25-37. Additionally, plaintiff's counsel vigorously pursued this litigation, especially in overcoming defendant's unmeritorious discovery objections.   Further, this lawsuit was reduced to the issue of whether defendant willfully refused to replace or repurchase plaintiff's vehicle once defendant learned that the vehicle was irreparably defective.   This inquiry required proving defendant's state of mind, no easy task.   Although the principal amount involved was arguably relatively low, plaintiff's counsel achieved the best possible result in the sense that the jury awarded the maximum civil penalty.   Therefore, accounting for the relevant factors stated above, the Court finds that plaintiff's counsel's claimed hourly rates are reasonable.

In the Lebovits declaration, trial counsel (whom the Court observed in trial) claims hourly rates of $750 for the senior trial counsel and $350 for the junior counsel.   The Court will reduce those rates to $600 and $250.   In the abstract, senior counsel's experience arguably could support the high rate of $750, but in this particular lemon law action, that rate is too high, despite counsel's skill in trial litigation.   A $600 rate still is quite a high rate in Los Angeles, and the Court would not award even that if the lead counsel's work were broader than his use as a trial specialist, as well as for the reasons discussed in the previous paragraph.   The rate also accounts for the contingent risks.   The junior trial counsel is a 2014 law school graduate and a $250 rate is

reasonable for this litigation, much like the $250 rate for the 2013 law school graduate in discussed in the Mikhov declaration.

<u>Reasonableness of Number of Hours – Mikhov Declaration</u>

In the Mikhov declaration, plaintiff's counsel claims 181.2 hours' attorney work.   Mikhov Decl. ¶ 2, Exh. A, Time Sheet, p. 14.   This number excludes "secretarial support staff time."   Mikhov Decl. ¶ 40.   By way of a supplemental memorandum, counsel claims additional time spent on the motion to tax costs.   (Defendant does not object to the supplemental memorandum, and it had sufficient time to do so, as plaintiff served it personal and via e-mail on May 22, 2017, over two weeks before defendant filed its opposition)   Plaintiff deducted $1,950 for discovery sanctions defendant paid.   MOT 15:6.   Plaintiff withdraws the 14 hours spent on her unsuccessful prejudgment interest motion, which the Court would have deducted because that motion was brought as to a matter already decided.   REPLY 7:12-16, 10:28.

In opposition, defendant argues that plaintiff's time is inflated because of overstaffing and, relatedly, that some of the tasks could have been delegated to support staff at a lower hourly rate. Defendant, however, identifies no specific instances, although plaintiff had included a detailed time sheet as an exhibit to her moving papers, the Court would consider any such specific instance (or category of instances) but cannot discern on its review what instances defendant is referring to.   To succeed in proving that the matter was overstaffed, defendant should have instances of "[undue] time telephoning, conferencing, and e-mailing each other" or "task padding, over-conferencing, attorney stacking (multiple attendance by attorneys at the same court functions), and excessive research."   <u>Donahue v. Donahue</u> (2010) 182 Cal.App.4th 259, 272 (internal quotations and citations omitted).   In a parenthetical citation, <u>Donahue</u> stated that these facts "support[ed] the trial court's conclusion the matter was overstaffed."   <u>Ibid.</u> (internal quotations and citation omitted).   Therefore, defendant's argument based solely on the fact that plaintiff claims time for 10 attorneys is insufficiently supported.   There might be some instance where the number of attorneys is sufficient to show an unreasonable number of hours expended, but here, as plaintiff argues in reply, about 10 hours or less is attributed five of the attorneys and for discrete tasks, supporting an inference that their time was not spent on "churning the file."

Defendant provides no support for its contention that counsel should have delegated tasks to paralegals or other support staff.   Defendant cited no authority stating that such delegation is required.   Defendant identified no specific time sheet entries that it might have contended were unreasonable retained by the attorneys.   Defendant mentioned, for example, drafting a witness list, but it certainly is not unreasonable for the attorney to draft a trial witness list, especially because it is an attorney, not a paralegal, who would conduct the trial, and because it is the attorney who must ultimately select the witnesses to be called.

The Court nevertheless has an independent duty to determine a party's reasonable fees, even apart from the opposing party's arguments, and finds that some of counsel's claimed time was unreasonable.

As mentioned above, plaintiff deducted $1,950 for sanctions already paid.

Also as mentioned above, plaintiff appropriately withdrew time for the prejudgment interest motion, 14 hours at $325, which equals $4,550.

Because five items of plaintiff's costs memorandum were plainly improper, a one-half deduction from the time spent drafting the costs memorandum and opposition to the motion to tax costs,

and related tasks is appropriate.   These entries are .9 hours at $500, or $450, and 11.6 hours at
$325, or $3,770.   Swanson Decl. ¶ 7, Exh. B, Time Sheet, pp. 13-14.   Accordingly, a deduction
is calculated as follows: $500 x .45 = $225; $325 x 5.8 = $1,885.   The total deduction for this
item is therefore $2,110.

Additionally, as the Court found on the motion to tax costs, plaintiff's expert witness designation
and related tasks were unreasonable.   The Court has identified a number of entries associated
with such tasks.   The Court finds the following deductions sufficiently account for the
unreasonable time spent on expert tasks: .2 hours at $500, .7 hours at $250, .1 hours at $350, .2
hours at $400, and 2.3 hours at $450 for a total of $1,425.   Swanson Decl. ¶ 7, Exh. B, Time
Sheet, pp. 10-12.

In the Mikov declaration, plaintiff's claimed fees ultimately total $69,197.50.   Swanson Decl. ¶
7, Exh. B, Time Sheet.   Subtracting the appropriate deductions, plaintiff is entitled to reasonable
fees totaling $59,162.50.

Reasonableness of Number of Hours – Lebovits Declaration

In the Lebovits declaration, plaintiff's counsel claims 66.9 hours of work by the senior trial
lawyer and 72 by the junior lawyer.   This is not an unreasonable number of total hours for the
trial lawyers in a jury trial, even where the jury trial was completed in two days, and where there
were some post-trial work these lawyers handled.   In general, the bills do not reflect excessive
work for trial counsel's case preparation.   The bills also reflect 2.2 hours of "no charge" pre-trial
work (see page two) and 3.2 hours of "no charge" post-trial work (see page four).

Once again, defendant in opposition does not point to specific items that are unreasonable.   On
the Court's independent review, it concludes that none of the pre-trial and trial hours claimed are
unreasonable.   Due to the somewhat extended proceedings here in obtaining actual judgment,
which were in part extended due to plaintiffs' counsel, the Court will reduce the award by the .3
hours expended by senior counsel on March 23, 2017 for reviewing the objection to the
judgment, the 1.0 hours on March 23, 2017 by junior counsel for drafting that objection.

Thus, on the Lebovits declaration, the Court awards 66.6 hours at a $600 rate, or $39,960, and 71
hours at a $250 rate, or $17,750, for a total of $57,710.

The total between the Mikov ($59,162.50) and Lebovits ($57,710) declarations is $116,872.50

No Lodestar Multiplier is Warranted

Plaintiff seeks a 1.25 lodestar multiplier on the sole basis that counsel represented her on
contingency.

Relevant factors to determine whether an enhancement is appropriate include (1) the novelty and
difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to
which the nature of the litigation precluded other employment by the attorneys, (4) the
contingent nature of the fee award.   Ketchum v. Moses (2001) 24 Cal.4th 1122, 1132.

Based on the record, including plaintiff's memorandum of points and authorities, no multiplier is
warranted.   The contingent risks, preclusion of other work, skill, and difficulty counsel assert
are absorbed by counsel's hourly rates.   See Robertson v. Fleetwood Travel Trailers of
California, Inc. (2006) 144 Cal.App.4th 785, 822.   This conclusion is further supported by
plaintiff's argument that her counsel's base hourly rates are justified by the representation's

contingent nature.   MOT 12:15-10.   Thus, plaintiff had accounted for the representation's
contingent risk in her counsel's hourly rates.   Also accounting for the risk by applying a lodestar
multiplier would constitute impermissible double recovery.   Additionally, plaintiff's
unmeritorious motion for prejudgment interest, an issue on which the Court had already ruled,
and plaintiff's noticing unnecessary technician depositions at least in part contributed to the
delay plaintiff's counsel now claims.   Plaintiff does not identify any particular case or cases that
her counsel had to decline because of taking on this case.

Therefore, plaintiff has not met her burden of justifying a lodestar multiplier, and no multiplier is
applied.

<u>Conclusion</u>

The motion is GRANTED as modified: plaintiff is awarded $116,872.50 as her reasonable
attorneys' fees.   Plaintiff to give notice.

Dated:   6/19/17

Michael J. Raphael
Judge of the Superior Court

# EXHIBIT DDD

**FILED**

53

BC574493

Superior Court of California
County of Los Angeles

MAY 2 5 2012

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
R. Mason

1  OMAR GOMEZ, ET AL. V. KIA MOTORS AMERICA, INC., BC574493, MAY 25 2017

2  **ORDER RE:**

3  Plaintiffs OMAR GOMEZ's and DIANA GOMEZ'S Motion for Attorney's Fees and Costs and

4  Expenses

5       Plaintiffs OMAR GOMEZ's and DIANA GOMEZ's Motion for Attorney's Fees and
Costs and Expenses is **GRANTED**, to the extent that attorney's fees of $168,000 are awarded.

6  Plaintiffs' request for a multiplier is **DENIED**. Plaintiffs' requests for costs and expenses has
already been addressed, via the Court's ruling on Defendant KIA MOTORS AMERICA, INC.'s

7  Motion to Tax Costs heard on March 23, 2017.

8

9  **BACKGROUND**

10       Plaintiffs Omar Gomez and Diana Gomez ("Plaintiffs") filed this action on March 9,

11  2015 against Defendant Kia Motors America, Inc. ("Defendant"). The Complaint asserts one

12  cause of action for violation of the Song-Beverly Consumer Warranty Act ("Song-Beverly"). On

13  November 29, 2016, the judgment on jury verdict was filed. On January 18, 2017, Plaintiffs filed

14  their "Notice of Entry of Judgment."

15       Plaintiffs now move this court, per Civil Code § 1794(d), for an award of attorney's fees

16  in the amount of $204,795, plus a Lodestar multiplier of 1.5 in the amount of $102,397.

17

18  **DISCUSSION**

19      A. Request for Judicial Notice

20      At the outset, Defendant's Request for Judicial Notice is denied in its entirety.

21      Civil Code § 1794(d) provides:

22      "If the buyer prevails in an action under this section, the buyer shall be allowed by the

23  court to recover as part of the judgment a sum equal to the aggregate amount of costs and

24  expenses, including attorney's fees based on actual time expensed, determined by the

25  court to have been reasonably incurred by the buyer in connection with the

26  commencement and prosecution of such action."

27

28

1

Here, it is undisputed that Plaintiffs are the prevailing party and are entitled to an award of attorneys' fees and costs pursuant to Civil Code § 1794(d). The only dispute relates to the appropriate amount of recovery.

"[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' *i.e.,* the number of hours reasonably expended multiplied by the reasonable hourly rate…The reasonable hourly rate is that prevailing in the community for similar work. The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided." (PCLM Grp. v. Drexler (2000) 22 Cal.4th 1084, 1095 (internal citations omitted); see Robertson v. Fleetwood Travel Trailers of California, Inc. (2006) 144 Cal.App.4th 785, 818 (applying the lodestar method to determine attorneys' fees in Song-Beverly action).)

### B. Counsels' Hourly Rate

Here, Plaintiffs request an applicable hourly billing rate ranging from $650.00/hour (attorney Bryan Altman ["Altman"]) down to $225.00/hour (attorney Daisy Ortiz) for ten attorneys who worked on this case. In support of these rates, Plaintiffs submit attorney declarations from Steve Mikhov ("Mikhov") and Altman, who attest to their own rates and experience, as well as the rates and experience of other attorneys in their respective law firms.

### 1. The Altman Law Group

The Altman Law Group ("ALG") requests fees in the amount of $105,412.50; although no itemization was furnished, it appears, from the invoice attached as Exhibit "A" to Altman's declaration, that the fees were generated as follows:

2

| Timekeeper | Hourly Rate | Number of Hours | Total |
|---|---|---|---|
| Bryan Altman | $650.00 | 123.75 | $80,437.50 |
| Joel Elkins | $450.00 | 34.5 | $15,525.00 |
| Jordan Cohen | $300.00 | 31.5 | $9,450.00 |
| Total | | | $105,412.50 |

The Court notes that this case did not present particularly complex or unique issues. It is a kind of case where both plaintiff's and defense counsel have tried numerous times.  They all involve essentially the same legal issues.

Having reviewed the evidence on the record, presided over the trial, and based on the Court's own experience and knowledge, in the area of reviewing hourly rates for the kind of work involved, the Court finds that requested hourly rate of $650.00 not reasonable.  However, following arguments the parties made at the hearing, the Court believes that the hourly rate for Altman should be set at $550.00. While Mr. Altman is a highly skilled trial lawyer and achieved the maximum possible for his client, the Court finds $550 to be the reasonable hourly rate applicable to this area of trial practice. That Mr. Altman was the trial lawyer is reflected in the higher hourly rate assigned. The Court further reduces the hourly rate of Joel Elkins to $375.00. The hourly rate of Jordan Cohen is unchanged. The fees generated by ALG are thus as follows:

| Timekeeper | Hourly Rate | Number of Hours | Total |
|---|---|---|---|
| Bryan Altman | $550.00 | 123.75 | $68,062.50 |
| Joel Elkins | $375.00 | 34.5 | $12,937.50 |
| Jordan Cohen | $300.00 | 31.5 | $9,450.00 |
| Total | | | $90,450.00 |

3

2. <u>O'Connor & Mikhov, LLP</u>

O'Connor & Mikhov, LLP ("OM") requests fees in the amount of $99,382.50. At the outset, the Court notes that the Billing Rate Summary ("Summary") attached as Exhibit "A" to Mikhov's declaration, which purports to show an itemization of how this $99,382.50 was generated, appears inaccurate. For instance, OM seeks fees totaling $4,150.00 for 16.9 hours of time billed by attorney Amy Morse ("Morse") at an hourly rate of $250.00; $250.00 multiplied by 16.9 actually equals $4,225.00. Likewise, Daisy Ortiz ("Ortiz") billed 2.5 hours at an hourly rate of $225.00; only $540.00 was charged rather than $562.50. No errors are noted with respect to attorneys Kristina Stephenson-Cheang ("Stephenson-Cheang") and Lauren Ungs ("Ungs"). The amounts itemized for attorneys Russell Higgins ("Higgins"), Roger Kirnos ("Kirnos") and Mikhov (*i.e.,* $37,520.00, $42,862.50 and $9,900.00, respectively) are all inaccurate and should be $43,800.00, $46,987.50 and $12,300.00, respectively, for the number of hours and hourly rates listed. The effect of this is that OM should have requested $112,285.00. The following calculation is provided:

| Timekeeper | Hourly Rate | Number of Hours | Total |
|---|---|---|---|
| Amy Morse | $250.00 | 16.9 | $4,225.00 |
| Daisy Ortiz | $225.00 | 2.5 | $562.50 |
| Kristina Stephenson-Cheang | $350.00 | 10.9 | $3,815.00 |
| Lauren Ungs | $350.00 | 1.7 | $595.00 |
| Russell Higgins | $400.00 | 109.5 | $43,800.00 |
| Roger Kirnos | $375.00 | 125.3 | $46,987.50 |
| Steve Mikhov | $500.00 | 24.6 | $12,300.00 |
| Total | | | $112,285.00 |

　
Again, following arguments the parties made at the hearing, the Court believes that the hourly rates for Morse, Ortiz, Stephenson-Cheang, Ungs, and Mikhov should remain unchanged. The hourly rate for Kirnos, however, should be increased to $475.00. Mr. Kirnos participated in many of the legal arguments. The Court reduces the hourly rate of Higgins to $250.00 because from the Court's observations, his role appeared to be primarily to operate the Elmo and other technical equipment which a trained technician or paralegal can do.  Charging an hourly rate of $400 for Mr. Higgins would not be reasonable. The following calculation is provided:

| Timekeeper | Hourly Rate | Number of Hours | Total |
|---|---|---|---|
| Amy Morse | $250.00 | 16.9 | $4,225.00 |
| Daisy Ortiz | $225.00 | 2.5 | $562.50 |
| Kristina Stephenson-Cheang | $350.00 | 10.9 | $3,815.00 |
| Lauren Ungs | $350.00 | 1.7 | $595.00 |
| Russell Higgins | $250.00 | 109.5 | $27,375.00 |
| Roger Kirnos | $475.00 | 125.3 | $59,517.50 |
| Steve Mikhov | $500.00 | 24.6 | $12,300.00 |
| Total | | | $108,390.00 |

Again, the alteration of hourly rates reduces the amount of fees charged by ALG from $99,382.50 to $90,450.00. The Court adjusts the amount of fees charged by OM from $112,285.00 to $108,390.00.

C.  Reasonableness of the Requested Fees

"[T]he court's discretion in awarding attorney fees is…to be exercised so as to fully compensate counsel for the prevailing party for services reasonably provided to his or her client." (Horsford v. Bd. of Trustees of California State Univ. (2005) 132 Cal.App.4[th] 359, 395.)

The trial court may reduce the award where the fee request appears unreasonably inflated, such as where the attorneys' efforts are unorganized or duplicative. (<u>Serrano v. Unruh</u> (1982) 32 Cal. 3d 621, 635, fn. 21.) "[T]he verified time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous." (<u>Horsford</u>, supra, 132 Cal.App.4th at 396.)

Here, Plaintiffs' counsel Mikhov and Altman have attached billing statements to their respective declarations, which reflect that a total of 484.4 hours (*i.e.*, 291.4 hours by OM and 193.5 hours by ALG) was billed by *ten* attorneys during the pendency of this action.

Based upon all of the pleadings filed in this matter, and after duly considering the totality of the facts and circumstances in connection with this issue, and after duly considering all relevant factors, including the claimed time spent, the claimed hourly rate, and the complexity of the work performed, based on the Court's own professional experience over 35 plus years of private practice in evaluating the reasonableness of billable time for given legal tasks, this Court finds that the *total* amount of reasonable attorney's fees to be awarded is $87,000 for OM and $81,000 for ALG for a total of $168,000.

A total of $168,000 in attorney fees to achieve a total award of approximately $110,000.00 is within the realm of reasonableness. Due to the nature of this case, there was no reason to have three counsel at counsel table for Plaintiff throughout the trial. It was not reasonable to have 10 timekeepers preparing the case for trial. Whenever a new lawyer has to do work on the file, there is a certain amount of redundant review time which the Court finds to be not reasonable. The amount being sought by Plaintiff's counsel for his client is excessive and not reasonable.

At the hearing, counsel for Plaintiff referenced other courts in this courthouse and others which have approved higher hourly rates. While the information is interesting, it is not binding on this Court.

6

D. Award of Costs

Although Plaintiffs request an award of fees and expenses, this has already been addressed in the Court's March 23, 2017 ruling on Defendant's Motion to Tax Costs.

E. Lodestar Multiplier

"Under Serrano III, the lodestar is the basic fee for comparable legal services in the community; it may be adjusted by the court based on factors including, as relevant here, (1) the novelty and difficult of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award. (Serrano[ v. Priest (1977)] 20 Cal. 3d [25,] at p. 49.) The purpose of such adjustment is to fix a fee at the fair market value for the particular action. In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services. The '"experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong."' (Ibid.)" (Ketchum v. Moses (2001) 24 Cal.4th 1122, 1131-1132.)

Plaintiffs have not articulated any basis warranting the imposition of a multiplier under these circumstances.

Based on the foregoing, Plaintiff's motion is granted, to the extent that Plaintiff is entitled to cover attorneys' fees from Defendant in the amount of $168,000.

Plaintiff is ordered to provide notice of this ruling.

DATED:  May 24, 2017

_____
Howard L. Halm
Judge of the Superior Court

7

# EXHIBIT EEE

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 03/15/17                                   **DEPT.** 52

| | |
|---|---|
| HONORABLE Susan Bryant-Deason     JUDGE | M.F. LOPEZ        DEPUTY CLERK |
| HONORABLE                  JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| #14 | REPORTER IN PRO TEMPORE: |
|      T. ISUNZA, C.A.     Deputy Sheriff | LEANDRA AMBER, CSR #12070   Reporter |

| | | | | |
|---|---|---|---|---|
| 8:30 am | BC596210 | Plaintiff Counsel | ROGER KIRNOS | (X) |
| | ANGELICA ANDRINO ET AL | | | |
| | VS | Defendant | LINDSAY G. CARLSON | (X) |
| | KIA MOTORS AMERICA INC | Counsel | BRIAN TAKAHASHI | (X) |

**NATURE OF PROCEEDINGS:**

MOTION OF PLAINTIFFS FOR ATTORNEY'S FEES AND COSTS AND EXPENSES;

Matter is called for hearing.

The Stipulation and Order to Use Certified Shorthand Reporter appointing official Court reporter pro tempore in the current proceedings is signed and filed this date.

Hearing on motion for attorney's fees, costs and expenses is held.

The court having read the papers and heard the arguments rules as follows:

Defendant's request for judicial notice is DENIED because the copy of the complaint attached as Exhibit G to the Takahashi declaration is not stamped by the court and thus gives no indication that it is a court record.

Plaintiff's objections to the Takahashi declaration are ruled upon as follows. Nos. 1-3 are SUSTAINED due to lack of foundation. Nos. 4, 7, and 9 are SUSTAINED as inadmissible opinion. No. 6 is SUSTAINED as speculative. Nos. 5 and 8 are OVERRULED.

Page    1 of    3    DEPT. 52

MINUTES ENTERED
03/15/17
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 03/15/17                                                    **DEPT.** 52

HONORABLE Susan Bryant-Deason          JUDGE | M.F. LOPEZ          DEPUTY CLERK

HONORABLE                              JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR
#14                                                   REPORTER IN PRO TEMPORE:
        T. ISUNZA, C.A.        Deputy Sheriff | LEANDRA AMBER, CSR #12070   Reporter

| 8:30 am | BC596210 | | | |
|---|---|---|---|---|
| | | Plaintiff Counsel | ROGER KIRNOS | (X) |
| | ANGELICA ANDRINO ET AL VS | | | |
| | KIA MOTORS AMERICA INC | Defendant Counsel | LINDSAY G. CARLSON BRIAN TAKAHASHI | (X) (X) |

**NATURE OF PROCEEDINGS:**

The motion is GRANTED. The court awards plaintiff
reasonable attorney's fees and costs in the amount
of $113,398.46. This amount reflects a reduction in
the hourly rates for the performance of tasks that
are typically performed by junior attorneys being
handled by partners and more senior associates, as
well as the duplicative nature of some of the
entries. No multiplier to the attorney's fees was
applied because the hourly rates adequately address
the contingent nature of counsel's representation.
See Horsford v. Board of Trustees of California
State University (2005) 132 Cal.App.4th 359, 395
("The contingency adjustment may be made at the
lodestar phase of the court's calculation or by
applying a multiplier to the noncontingency lodestar
calculation (but not both).")

Clerk gives notice.

                    CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the MINUTE ORDER
upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in LOS ANGELES,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address

                Page    2 of    3    DEPT. 52

MINUTES ENTERED
03/15/17
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 03/15/17 | **DEPT.** 52 |

| | | | |
|---|---|---|---|
| HONORABLE Susan Bryant-Deason | JUDGE | M.F. LOPEZ | DEPUTY CLERK |
| HONORABLE #14 | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| T. ISUNZA, C.A. | Deputy Sheriff | REPORTER IN PRO TEMPORE:<br>LEANDRA AMBER, CSR #12070   Reporter | |

| | | | | |
|---|---|---|---|---|
| 8:30 am | BC596210 | Plaintiff<br>Counsel | ROGER KIRNOS | (X) |
| | ANGELICA ANDRINO ET AL<br>VS<br>KIA MOTORS AMERICA INC | Defendant<br>Counsel | LINDSAY G. CARLSON<br>BRIAN TAKAHASHI | (X)<br>(X) |

**NATURE OF PROCEEDINGS:**

as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.

Dated: 03/15/2017

Sherri R. Carter, Executive Officer/Clerk

By: _____
              M.F. LOPEZ

Roger Kirnos, Esq.
LAW OFFICES OF MICHAEL H. ROSENSTEIN, LC
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

Brian Takahashi, Esq.
Lindsay G. Carlson, Esq.
BOWMAN AND BROOKE LLP
970 West 190th Street, Suite 700
Torrance, CA 90502

Page   3 of   3   DEPT. 52

MINUTES ENTERED
03/15/17
COUNTY CLERK

# EXHIBIT FFF

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 03/06/17                                                                          DEPT. 54

HONORABLE  Ernest Hiroshige         JUDGE | S. TEMBLADOR          DEPUTY CLERK
                                            | S. ALEXANDER, CRT. AST.
HONORABLE                      JUDGE PRO TEM |                    ELECTRONIC RECORDING MONITOR
11                                          |
                              Deputy Sheriff | NONE                      Reporter

---

3:00 pm | BC538183                          | Plaintiff
        |                                   | Counsel
        | GREG DORFMAN                      |          NO APPEARANCES
        |                                   | Defendant
        |              VS                   | Counsel
        | BMW OF NORHT AMERICA LLC          |

---

**NATURE OF PROCEEDINGS:**

RULING ON SUBMITTED MATTER/NOTICE OF ENTRY OF ORDER;

The Court having taken the matter under submission on
January 24, 2017 hereby rules pursuant to the Court's
written ruling which is signed and filed as of
February 28, 2017.

Clerk to notice via email.

CERTIFICATE OF SERVICE BY E-MAIL

I Sherri R. Carter, Executive Officer/Clerk of the
Superior Court of California, County of Los Angeles,
and not a party to the within action, hereby certify
that on 03-06-17, I served the above minutes and copy
of the Court's written ruling on counsel listed
below by E-mail transmittal and the transmission
was reported complete and without error.

Dated: March 6, 2017

Sherri R. Carter, Executive Officer/Clerk

By: _____
     S. Temblador, Deputy

Roger Kirnos
RKIRNOS@ROSE-LAWOFFICE.COM

Robert A. Philipson

                    Page   1 of   2   DEPT. 54

MINUTES ENTERED
03/06/17
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 03/06/17 | DEPT. 54 |

| | | | |
|---|---|---|---|
| HONORABLE Ernest Hiroshige | JUDGE | S. TEMBLADOR | DEPUTY CLERK |
| | | S. ALEXANDER, CRT. AST. | |
| HONORABLE 11 | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| | Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 3:00 pm | BC538183 | Plaintiff Counsel | NO APPEARANCES |
| | GREG DORFMAN | | |
| | VS | Defendant Counsel | |
| | BMW OF NORHT AMERICA LLC | | |

NATURE OF PROCEEDINGS:

rphilipson@lehrmanlawgroup.com

MINUTES ENTERED
03/06/17
COUNTY CLERK

Minute Order
Judge Ernest M. Hiroshige
Dept. 54
February 28, 2017

<u>Greg Dorfman v BMW of North America, LCC,</u> BC538183
**Ruling on Submitted Matters**
**Date of Hearing: January 24, 2017**
**Plaintiff's Motion for attorney fees and costs and expenses**

Based on the oral arguments presented at the hearing the Court took the matter under further consideration and submission.

After giving the matter further consideration, the Court rules as follows:

**Ruling:  The Tentative Ruling granting $ 47,732.50 in attorney fees to Plaintiff's Counsel and the reasoning of the Tentative ruling stands without modification.**
The Clerk to email Notice of this Ruling to Counsel of Record.

The Defense argument that their discovery of a fee agreement in another case some four years prior to this proceeding means that the same fee agreement is in effect in this case.  There is no evidence that that same agreement is in effect in this case, therefore the Court finds that agreement not relevant to this Court's assessment of this motion.


February 28, 2017                    Ernest M. Hiroshige
                                     _____
                                     Judge Ernest M. Hiroshige

# EXHIBIT GGG

COPY

1

2

3

4

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

JAN 06 2017

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
A. Rising

5

6

7

8              **SUPERIOR COURT OF CALIFORNIA**

9                   **COUNTY OF LOS ANGELES**

10

11    **ROBERT CARTER and PEGGY CARTER,**          Case No.: BC495228
                                                     Unlimited Jurisdiction
12
                     Plaintiffs,                     **[PROPOSED] ORDER ON PLAINTIFFS'**
13                                                   **ATTORNEY'S FEES AND COSTS AND**
              vs.                                    **EXPENSES**
14
15    **CHRYSLER GROUP LLC, a Delaware**            **Date: November 2, 2016**
      **Limited Liability Company, and Does 1**     **Time: 9:30 a.m.**
16    **through 10, inclusive,**                     **Dept: 12**

17
                     Defendants.
18
19

20

21    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

22          Plaintiffs' Motion for Attorney's Fees and Costs and Expenses, came on regularly for

23    hearing on November 2, 2016, 9:30 a.m., in Department 12, of the above-entitled court located

24    at 111 North Hill Street, Los Angeles, California 90012, the Honorable Barbara A. Meiers,

25    presiding.

26          Christopher Swanson of O'Connor & Mikhov LLP appeared on behalf of Plaintiffs,

27    Robert Carter and Peggy Carter and Victor Block of Gates, O'Doherty, Gonter & Guy, LLP

28

1  appeared on behalf of Defendant, Chrysler Group LLC. Having read the motion, the

2  memorandum and the declaration filed by the parties, and having heard oral argument of

3  counsel, the Court makes the following ruling:

4

5  1. Plaintiffs' Motion for Attorney's Fees and Costs and Expenses is GRANTED. Plaintiffs

6     are awarded the full amount of their requested lodestar attorneys' fees in the amount of

7     $39,160.00;

8  2. Plaintiffs are awarded their full costs in the amount of $2,306.22;

9  3. The Court does not grant a lodestar multiplier;

10  4. Plaintiffs are awarded a total amount of attorneys' fees and costs and expenses in the

11     amount of $41,466.22.

12

13     IT IS HEREBY ORDERED.

14

15                                         IT IS SO ORDERED

16

17  Dated: 1/6/17

18                                         Judge of the Superior Court

19

20  Prepared by:
21  **O'CONNOR & MIKHOV, LLP**
    Mark O'Connor (SBN 157680)
22  Steve Mikhov, Esq. (SBN 224676)
    1801 Century Park East, Ste. 2300
23  Los Angeles, CA 90067
    Telephone: (310) 552-2250
24  Fax: (310) 552-7973
25
    Attorneys for Plaintiffs,
26  REBERT CARTER and PEGGY CARTER
27
28

-1-

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 01/06/17 | | **DEPT.** 12 |
|---|---|---|
| HONORABLE BARBARA A. MEIERS JUDGE | B. BAKER | DEPUTY CLERK |
| HONORABLE JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| E. AVENA, C.A. Deputy Sheriff | NONE | Reporter |

BC495228

ROBERT CARTER ET AL
VS
CHRYSLER GROUP LLC

Plaintiff
Counsel        NO APPEARANCE

Defendant
Counsel

**NATURE OF PROCEEDINGS:**

COURT ORDER

Submitted Order is signed by the Court and ordered
filed this date.

Submitting party, plaintiff, to  give notice.
(copy of minute order and signed order  is attached to
buck slip)

MINUTES ENTERED
01/06/17
COUNTY CLERK

# EXHIBIT HHH

FILED
SEP 13 2016
Department 48

REC'D
SEP 0 9 2016
FILING WINDOW

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 15 2016

Sherri R. Carter, Executive Officer/Clerk
By Anthony He, Deputy

1
2
3
4
5
6
7

8          **SUPERIOR COURT OF CALIFORNIA**

9            **COUNTY OF LOS ANGELES**

10
                                              Case No.: BC539866
11   **BRADFORD JOHN MANSUR,**                 *Unlimited Jurisdiction*

12                Plaintiff,                   **ORDER RE: PLAINTIFF'S MOTION
                                              FOR ATTORNEYS FEES AND COSTS**
13        vs.                                 **AND EXPENSES PURSUANT TO CIVIL
                                              CODE § 1794(d)**
14

15   **CHRYSLER GROUP LLC, a Delaware
     Limited Liability Company, H.W. HUNTER,**   *Assigned to the Hon. Elizabeth Allen White*
16   **INC., a California Corporation, and DOES 1**   Department 48
17   **through 10, inclusive,**
                                              **Hearing Date:** August 25, 2016
18                                            **Hearing Time:** 8:30 a.m.
                 Defendants.                  **Reservation ID:** 160322114935
19

20                                                       By    L

21
           This matter having come on for hearing on August 25, 2016, and this Court having
22
     considered all moving and opposing paper and oral argument of counsel and finding good cause
23
     hereby ORDERS as follows:
24
           Plaintiff's motion is GRANTED in the amount of $81,266.50 in fees and $2,907.40 in
25
     costs.  Plaintiff's request for application of a multiplier of 1.5 is DENIED. This Court finds that
26
     Plaintiff is the prevailing party under Civil Code § 1794(d) and approves the hourly rates set forth
27
     in ¶ 29 of the O'Connor Declaration.  Defendant Chrysler Group LLC is ORDERED to pay
28

─────────────────────────────────────────────
[~~PROPOSED~~] ORDER RE: PLAINTIFF'S NOTICE OF
MOTION FOR ATTORNEYS FEES AND COSTS AND EXPENSES

$81,366.50 *ueu*

1   Plaintiff through their counsel of record the amount of ~~$84,173.90~~ in attorney's fees and costs ~~and~~

2   ~~expenses.~~ *in the sum of $2,907.40. ueu*

3

4   Date: __9/15__, 2016                              *Elizabeth All White*

5                                                    Hon. Elizabeth Allen White
                                                     Dept. 48
6

7

8

9

10

11

12

13

14

15

16

17

18

19   Prepared by:

20

21   **O'CONNOR & MIKHOV, LLP**
     Mark O'Connor (SBN 157680)
22   384 Forest Ave., Suite 17
     Laguna Beach, CA 92651
23   Telephone: (949) 494-9090
     Fax: (949) 494-9913
24

25   Attorneys for Plaintiff,
     BRADFORD JOHN MANSUR
26

27

28
                                        2
                        ORDER RE: PLAINTIFF'S NOTICE OF
                     MOTION FOR ATTORNEYS FEES AND COSTS

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

     I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 384 Forest Ave., Suite 17, Laguna Beach, CA 92651.

On **September 9, 2016**, I served the foregoing document(s) described as: **ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEYS FEES AND COSTS AND EXPENSES PURSUANT TO CIVIL CODE § 1794(d)** to all interested parties in this action as set forth on the attached service list in the following matter:

[ ]   **U.S. MAIL**:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Laguna Beach, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

[ ]   **BY FACSIMLE:** In addition to service by mail as set forth above, a copy of said document(s) was also delivered by facsimile transmission to the addressee(s) pursuant to Code of Civil Procedure §1013(e)

[ ]   **BY PERSONAL SERVICE**:  I caused a true copy of said document(s) to be hand-delivered to the addressee(s) via a California registered process server pursuant to Code of Civil Procedure §1011

[ ]   **BY EXPRESS MAIL:** I caused said document(s) to be deposited in a box or other facility regularly maintained by the express service carrier providing overnight delivery pursuant to Code of Civil Procedure §1013(c)

[X]   **BY ELECTRONIC MAIL:**  I caused said document(s) to be served electronically pursuant to Code of Civil Procedure §1010.6(a) to: *mproudfoot@gogglaw.com*

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **September 9, 2016** at Laguna Beach, California.

Rebecca A. Judy

Matt Proudfoot
Gates, O'Doherty, Gonter & Guy, LLP
38 Discovery #200
Irvine, CA 92618
**Attorneys for Defendant**

# EXHIBIT III

1  **O'CONNOR & MIKHOV LLP**
   Mark O'Connor (SBN 157680)
2  Shawna Melton (SBN 276989)
   Monica K. Sandhu (SBN 297535)
3  384 Forest Ave. Suite 17
   Laguna Beach, CA 92651
4  Telephone: (949) 494-9090
5  Fax: (949) 494-9913

6  Attorneys for Plaintiffs,
   KEVIN KEBODEAUX and
7  RENAIR MILSTEIN

8

9              **SUPERIOR COURT OF CALIFORNIA**

10                  **COUNTY OF LOS ANGELES**

11 **KEVIN KEBODEAUX and**            Case No.: BC552037
12 **RENAIR MILSTEIN,**               Unlimited Jurisdiction

13                                    **JUDGMENT**
14             Plaintiffs,            *Case Assigned to the Honorable Marc*
                                      *Marmaro*
15    vs.                            Dept. 37

16
17 **MERCEDES-BENZ USA, LLC, a Delaware**   Complaint Filed:  July 17, 2014
   **Limited Liability Company, and DOES 1**   Trial: June 6, 2016
18 **through 10, inclusive,**

19
20             Defendant.

21

22       This action came on regularly for trial on June 6, 2016, in department 37 of the Superior

23 Court of the State of California, County of Los Angeles, Central District before the Honorable

24 Marc Marmaro, Judge, presiding.

25       Plaintiffs Kevin Kebodeaux and Renair Milstein, appeared by their attorneys, Mark

26 O'Connor and Monica K. Sandhu of O'Connor and Mikhov, LLP.

27

28                                    -1-

                                   JUDGMENT

1      Defendant, Mercedes-Benz USA, LLC appeared by its attorneys, Jon Universal and Sally

2  Ayvazian of Universal and Shannon, LLP.

3      For reasons set forth on the record on June 10, 2016, the Honorable Marc Marmaro,

4  rendered a verdict in favor of the Plaintiffs.

5      NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Plaintiffs,

6  Kevin Kebodeaux and Renair Milstein, have and recover from Defendant Mercedes-Benz USA,

7  LLC the sum of $28,939.78 plus civil penalties in the sum of $7,500.00 for a total judgment of

8  36,439.78 together with costs and attorney's fees in the amount of $ *203,247.39*

9  (attorneys' fees and costs to be in a sum to be determined by a motion for attorney's fees and

10  costs or by stipulation of the parties) with interest thereon at the rate of ten percent per annum

11  from the date of the judgment until paid. *to the extent provided for by law. m)*

12

13

14  DATED: ___**JUN 2 2 2016**___

15

16

17                         Honorable Marc Marmaro

18                         Judge of the Superior Court

19

20

21

22

23

24

25

26

27

28                     -2-

_JUDGMENT_

*pursuant to Court Order of 8-22-16*
*attest: [signature]*
*Court Clerk*
*8-22-16*

# EXHIBIT JJJ

ORIGINAL

RECEIVED

SEP 12 2016

FILING WINDOW

FILED
LOS ANGELES SUPERIOR COURT

SEP 14 2016

SHERRI R. ~~~~ EXECUTIVE OFFICER/CLERK
BY ~~~~
Mysty-Mior   Deputy

BY FAX

1

2

3

4

5

6

7

8    SUPERIOR COURT OF CALIFORNIA

9    COUNTY OF LOS ANGELES

10

11   FRANK J. BACA and FRANCES A. BACA,        Case No.: BC566511
                                                Unlimited Jurisdiction
12
              Plaintiffs,                       [PROPOSED] ORDER ON PLAINTIFFS'
13                                              ATTORNEY'S FEES AND COSTS AND
                                                EXPENSES
14        vs.
                                                Date: August 22, 2016
15                                              Time: 8:30 a.m.
     CHRYSLER GROUP LLC, a Delaware             Dept: 58
16   Limited Liability Company, CERRITOS
     DODGE, INC., a California Corporation,
17   and DOES 1 through 10, inclusive,

18
              Defendants.
19

20

21

22
     TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:
23
              Plaintiffs' Motion for Attorney's Fees and Costs and Expenses, came on regularly for
24
     hearing on August 22, 2016, 8:30 a.m., in Department 58, of the above-entitled court located at
25
     111 North Hill Street, Los Angeles, California 90012, the Honorable John Doyle, presiding.
26
              Roger Kirnos of the Law Offices of Michael H. Rosenstein appeared on behalf of
27
     Plaintiffs, Frank J. Baca and Frances A. Baca, and Lisa Tudzin of Nixon Peabody LLP appeared
28

1    on behalf of Defendant, Chrysler Group LLC. Having read the motion, the memorandum and

2    the declaration filed by the parties, and having entertained oral argument of counsel, the Court

3    makes the following ruling:

4

5     1. Plaintiffs' Motion for Attorney's Fees and Costs and Expenses is GRANTED. Plaintiffs

6        are awarded attorney's fees in the amount of $66,381.00;

7     2. The Court finds that the following hourly rates requested by counsel are reasonable:

8         • Steve Mikhov $500.00/hr

9         • Lauren Ungs $350.00/hr

10       • Daisy Ortiz $225.00/hr

11       • Amy Morse $250.00/hr

12       • Kristina Stephenson-Cheang $350.00/hr

13       • Kevin Van Hout $300.00/hr

14       • Chris Swanson $325.00/hr

15       • Stephanie Marshall $200.00/hr

16       • Michael Ouziel $250.00/hr

17       • Constance Morrison 350.00/hr

18       • Joshua Sams $400.00/hr

19       • Michael Rosenstein $500.00/hr

20       • Roger Kirnos $350.00/hr

21     3. Plaintiffs are awarded their full costs in the amount of $5,485.66;

22     4. Plaintiffs are awarded a total amount of attorneys' fees and costs and expenses in the

23        amount of $71,866.66.

24    ///

25    ///

26    ///

27      IT IS HEREBY ORDERED.

28

-1-

1

2

3     Dated: **9-14-16**

4

5

6

7 Prepared by:
   **O'CONNOR & MIKHOV, LLP**

8 Mark O'Connor (SBN 157680)
   Steve Mikhov, Esq. (SBN 224676)

9 1801 Century Park East, Ste. 2300
   Los Angeles, CA 90067

10 Telephone: (310) 552-2250
   Fax: (310) 552-7973

11

12 Attorneys for Plaintiffs,
   FRANK J. BACA and FRANCES A. BACA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IT IS SO ORDERED

Judge of the Superior Court

JOHN P. DOYLE, JUDGE

-2-

[PROPOSED] ORDER

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 1801 Century Park East, Suite 2300, Los Angeles, CA 90067.

I served the foregoing document described as:

**[PROPOSED] ORDER ON PLAINTIFFS' ATTORNEY'S FEES AND COSTS AND EXPENSES**

Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

| | |
|---|---|
| Scott S. Shepardson, Esq. | Michael H. Rosenstein, Esq. |
| NIXON PEABODY LLP | Law Offices of Michael H. Rosenstein |
| One Embarcadero Center, 18th Floor | 1801 Century Park East, 2300 |
| San Francisco, CA 94111 | Los Angeles, CA 90067 |
| Fax: (415) 984-8300 | **Co-Counsel for Plaintiffs,** |
| **Counsel for Defendant,** | **FRANK J. BACA and** |
| **FCA US LLC** | **FRANCES A. BACA** |
| (via mail and fax) | (via email only) |

XX   BY MAIL: I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary course of business. The envelope was sealed and placed for collection that same day following ordinary business practices, addressed to the above-referenced attorney.

XX   BY FACSIMILE: By personally faxing the above-referenced document to the facsimile number below the recipient's name.

XX   BY E-MAIL OR ELECTRONIC TRANSMISSION: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 6, 2016 at Los Angeles, California.

MELISSA URIBE

-1-

PROOF OF SERVICE

1  PROOF OF SERVICE
   (Code of Civil Procedure §1013a)

2

3  I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 1801 Century Park East, Suite 2300, Los Angeles, CA 90067.

4

5  I served the foregoing document described as:

6  **[PROPOSED] ORDER ON PLAINTIFFS' ATTORNEY'S FEES AND COSTS AND EXPENSES**

7

8  Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

9

10  Scott S. Shepardson, Esq.               Michael H. Rosenstein, Esq.
    NIXON PEABODY LLP                       Law Offices of Michael H. Rosenstein
11  One Embarcadero Center, 18th Floor      1801 Century Park East, 2300
    San Francisco, CA 94111                 Los Angeles, CA 90067
12  Fax: (415) 984-8300                     **Co-Counsel for Plaintiff,**
    **Counsel for Defendant,**              **FRANK J. BACA and**
13  **FCA US LLC**                          **FRANCES A. BACA**
    (via mail and fax)                      (via email only)
14

15  XX  BY MAIL: I am readily familiar with this firm's practice of collection and processing
16      correspondence for mailing with the United States Postal Service. Under that practice, it
        would be deposited with the U.S. Postal Service on that same day with postage thereon
17      fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary
        course of business. The envelope was sealed and placed for collection that same day
18      following ordinary business practices, addressed to the above-referenced attorney.

19  XX  BY FACSIMILE: By personally faxing the above-referenced document to the facsimile
20      number below the recipient's name.

21  XX  BY E-MAIL OR ELECTRONIC TRANSMISSION: Based on a court order or an
22      agreement of the parties to accept service by e-mail or electronic transmission, I caused
        the documents to be sent to the persons at the e-mail addresses listed above. I did not
23      receive, within a reasonable time after the transmission, any electronic message or other
        indication that the transmission was unsuccessful.

24

25  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

26

27  Executed on September 12, 2016 at Los Angeles, California.

28
                                          MELISSA URIBE

-1-

# EXHIBIT KKK

**COPY**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 1 2 2016

Sherri R. Carter, executive officer/Clerk

By: _____, Deputy
Ishayla Chambers

1   **O'CONNOR & MIKHOV LLP**
2   Mark O'Connor (SBN 157680)
    Steve B. Mikhov (SBN 224676)
3   Christopher Swanson (SBN 278413)
    1801 Century Park East, Suite 2300
4   Los Angeles, CA 90067
    Telephone: (310) 552-2250
5   Fax: (310) 552-7973

6   Attorneys for Plaintiffs,
    JASMINE LEPE and
7   CLANCEY MCLAUGHLIN

8

9                    **SUPERIOR COURT OF CALIFORNIA**

10                      **COUNTY OF LOS ANGELES**

11

12  **JASMINE LEPE and CLANCEY**            Case No.: BC556273
13  **MCLAUGHLIN,**                         Unlimited Jurisdiction

14                    Plaintiffs,           **NOTICE OF RULING REGARDING
                                            PLAINTIFFS' MOTION FOR**
15          vs.                             **ATTORNEY'S FEES AND COSTS AND
                                            EXPENSES AND DEFENDANT'S**
16                                          **MOTION TO STRIKE COSTS OR TAX
                                            COSTS AND ORDER TO SHOW CAUSE**
17  **CHRYSLER GROUP LLC, a Delaware**
    **Limited Liability Company, VALENCIA**
18  **DODGE, INC., a California Corporation,**  Date: August 2, 2016
    **dba CA SUPERSTORES VALENCIA CJD,**   Time: 8:30 a.m.
19  **and DOES 1 through 10, inclusive and DOES**  Dept: 50
    **1 through 10, inclusive,**
20

21                    Defendants.

22

23

24  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

25          Plaintiffs' Motion for Attorney's Fees and Costs and Expenses, Defendant's Motion to

26  Strike Costs, or, in the alternative, to Tax Costs, and Order to Show Cause regarding Dismissal

27  came on regularly for hearing on August 2, 2016, 8:30 a.m., in Department 50, of the above-

28  entitled court located at 111 North Hill Street, Los Angeles, California 90012, the Honorable

_____

NOTICE OF RULING REGARDING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS AND
EXPENSES AND DEFENDANT'S MOTION TO STRIKE OR TAX COSTS AND ORDER TO SHOW CAUSE

**BY FAX**

1    Teresa Beaudet, presiding.

2        Christopher Swanson of O'Connor and Mikhov, LLP., appeared on behalf of Plaintiffs,

3   Jasmine Lepe and Clancey McLaughlin, and Lisa Tudzin of Nixon Peabody LLP appeared on

4   behalf of Defendant, Chrysler Group LLC. Having read the motions, the memorandums and the

5   declarations filed by the parties, and having entertained oral argument of counsel, the Court

6   adopted its tentative ruling, as follows:

7

8     1.   Plaintiffs' Motion for Attorney's Fees and Costs and Expenses is GRANTED. Plaintiffs

9        are awarded attorney's fees in the amount of $69,728.75;

10    2.   Defendant's Motion to Strike, or, in the alternative Tax Costs is DENIED. Plaintiffs are

11       awarded their full costs in the amount of $4,983.35;

12    3.   Plaintiffs are awarded a total amount of attorneys' fees and costs and expenses in the

13       amount of $74,712.10;

14    4.   The Court continued the Order to Show regarding Dismissal after Settlement to August

15       23, 2016, at 8:30 a.m., in Department 50 of the Los Angeles Superior Court, located

16       111 North Hill Street, Los Angeles, California 90012.

17

18        Attached hereto as Exhibit 1, please find a true and correct copy of the Court's Minutes

19   Order entered on August 2, 2016.

20

21

22   Dated: August 11, 2016           **O'CONNOR & MIKHOV LLP**

23

24                 Mark O'Connor, Esq. (SBN 157680)

25                 Steve Mikhov, Esq. (SBN 224676)
                     Christopher Swanson (SBN 278413)

26                 Attorneys for Plaintiffs,
                     JASMINE LEPE and CLANCEY MCLAUGHLIN

27

28

-1-

# EXHIBIT 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 08/02/16

DEPT. 50

HONORABLE TERESA A. BEAUDET                  JUDGE

A. HE                        DEPUTY CLERK
G. VELASQUEZ, C.A.

HONORABLE #2                     JUDGE PRO TEM

ELECTRONIC RECORDING MONITOR

NONE                         Deputy Sheriff

KEVIN A. ROLDAN
CSR#13463                    Reporter

8:30 am  BC556273

JASMINE LEPE ET AL
VS
CHRYSLER GROUP LLC ET AL

Plaintiff Counsel    CHRISTOPHER SWANSON (X)

Defendant Counsel    LISA TUDZIN (X)

**NATURE OF PROCEEDINGS:**

PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS AND EXPENSES;

DEFENDANT'S MOTION TO STRIKE COSTS OR TO TAX COSTS;

OSC RE DISMISSAL AFTER SETTLEMENT

The case is called.

The Court's tentative ruling is published to the parties via posting on the Court's website.

The Stipulation and Order to Use Certified Shorthand Reporter appointing official Court reporter pro tempore in the current proceedings is signed and filed this date.

Oral arguments are heard and the Court adopts its tentative ruling as its final order, filed this date and incorporated herein by reference.

Plaintiffs Jasmine Lepe and Clancey McLaughlin's motion for attorneys' fees is GRANTED. Defendant's motion to strike or tax costs is DENIED. Plaintiffs are entitled to recover $69,728.75 in attorneys' fees and $4,983.35 in costs from Defendant.

Plaintiffs to give notice.

Page    1 of    3    DEPT. 50

**MINUTES ENTERED**
08/02/16
**COUNTY CLERK**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 08/02/16 | | DEPT. 50 |
| HONORABLE TERESA A. BEAUDET | JUDGE | A. HE    DEPUTY CLERK |
| HONORABLE #2 | JUDGE PRO TEM | G. VELASQUEZ, C.A.    ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | KEVIN A. ROLDAN CSR#13463    Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | BC556273 | Plaintiff Counsel | CHRISTOPHER SWANSON (X) |
| | JASMINE LEPE ET AL VS CHRYSLER GROUP LLC ET AL | Defendant Counsel | LISA TUDZIN (X) |

**NATURE OF PROCEEDINGS:**

LATER, OUTSIDE THE PRESENCE OF COUNSEL AND THE
COURT REPORTER:

The Court continues the Order to Show Cause
Re Dismissal After Settlement to August 23, 2016,
at 8:30 a.m., in Department 50 for dismissal of the
Doe Defendants. Counsel for Plaintiffs shall prepare
a proposed judgment for the award of attorney's
fees and costs.

Plaintiffs to give notice.

            CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the Minute Order dated 8/2/2016
upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.

Dated: 8/2/2016

Sherri R. Carter, Executive Officer/Clerk

                Page  2 of  3  DEPT. 50

MINUTES ENTERED
08/02/16
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 08/02/16 | | DEPT. 50 |
| HONORABLE TERESA A. BEAUDET | JUDGE | A. HE   DEPUTY CLERK |
| | | G. VELASQUEZ, C.A. |
| HONORABLE #2 | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | KEVIN A. ROLDAN |
| | | CSR#13463   Reporter |

| | | |
|---|---|---|
| 8:30 am | BC556273 | Plaintiff Counsel   CHRISTOPHER SWANSON (X) |
| | JASMINE LEPE ET AL VS CHRYSLER GROUP LLC ET AL | Defendant Counsel   LISA TUDZIN (X) |

**NATURE OF PROCEEDINGS:**

By: _A. He, Deputy Clerk_

O'CONNOR & MIKHOV LLP
Lauren A. Ungs
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

Page   3 of   3   DEPT. 50

MINUTES ENTERED
08/02/16
COUNTY CLERK

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 1801 Century Park East, Suite 2300, Los Angeles, CA 90067.

I served the foregoing document described as:

**NOTICE OF RULING REGARDING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS AND EXPENSES AND DEFENDANT'S MOTION TO STRIKE COSTS OR TAX COSTS AND ORDER TO SHOW CAUSE**

Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

Scott S. Shepardson, Esq.
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111
**Counsel for Defendant,**
**FCA US LLC f/k/a**
**CHRYSLER GROUP LLC**

XX  BY MAIL: I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary course of business. The envelope was sealed and placed for collection that same day following ordinary business practices, addressed to the above-referenced attorney.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 11, 2016 at Los Angeles, California.

MELISSA URIBE

-1-

# EXHIBIT LLL

36

*Superior Court of California*
*County of Los Angeles*
*Department 36*

FILED
Superior Court of California
County of Los Angeles
SEP 09 2015
Sheri R. Carter, Executive Officer/Clerk
By _____, Deputy

HELM,

            Plaintiff(s),

      v.

CHRYSLER GROUP LLC,

            Defendant(s).

Case No.: BC519503

Hearing Date: 9/9/15

[TENTATIVE] RULING RE:
PLAINTIFF'S MOTION FOR ATTORNEY'S
FEES AND COSTS AND EXPENSES.

The motion is granted in a reduced sum, not as prayed.

1. As to the issue of **prevailing party**, the court determines that the two settlement offers were rejected and involved too much uncertainty in terms, as explained in the reply, at pages 1 through 3 and 6 through 11.

2. The **multiplier** is not warranted, for the reasons set forth in the opposition, page 15.

3. The **hourly rates**, increasing with attorney experience, appear standard considering what has been charged in the local legal community.

4. The opposing log of items claimed **excessive times or sums**, is an overly broad, "shotgun" approach. Many of the tasks attacked as being excessive in time are just small fractions of an hour to do the job.

5. Defendant argues for more evidentiary detail from moving party, where the law does not require it.

1

1  Civil Code **Section 1794(d)** requires a court to base the attorneys' fee award on actual time

2  expended on the case, and reasonably incurred, as to time spent, and amount, under all

3  circumstances including complexity of the case, procedural demands, skill exhibited, and results

4  achieved. McKenzie v. Ford Motor Co. (2015) 238 Cal. App. 4th 695, 703.

5  "The plain wording of the statute [Civ. C. §1794] requires the trial court to base the fee award

6  upon actual time expended on the case, as long as such fees are reasonably incurred—both from

7  the standpoint of time spent and the amount charged." Robertson v. Fleetwood Travel Trailers

8  of California, Inc. (2006) 144 Cal.App.4th 785, 817.

9  As to Song–Beverly warranty claims, prevailing buyers have the burden to show that the fees

10  incurred were reasonably necessary to the conduct of the litigation, and were reasonable

11  amounts. Doppes v. Bentley Motors, Inc. (2009) 174 Cal.App.4th 967, 998.

12

13  The appellate court reviews awards of attorney fees under Civil Code section 1794, subdivision

    (d), for abuse of discretion. Doppes v. Bentley Motors, Inc. (2009) 174 Cal.App.4th 967, 998.

14

15  A court recently was reversed, after determining there was no **prevailing party**, denying fees

16  incurred after an auto manufacturer's settlement offer, and denying duplicative fees, as shown by

17  the following excerpt:

18          The trial court's erroneous comparison of Ford's initial compromise offer with the offer

19          McKenzie later accepted fatally undermines its conclusion that the entire amount of hours

20          billed by McKenzie's counsel in the wake of that initial offer was unjustified. The court's

21          additional finding, that McKenzie's two attorneys also engaged in instances of duplicative

22          billing after Ford's initial offer, does not support a complete denial of fees for that period.

23          Consequently, we remand the matter to the trial court with directions to reconsider the fee

24          award.

25  McKenzie v. Ford Motor Co. (2015) 238 Cal. App. 4th 695, 698 (Cal. App. 4th Dist. 2015)

                                                                                          2

1   A cited opinion involved litigation only over a penalty, as to which the car buyer did not prevail,
2   as shown by the following excerpt:

3
4       Mercedes-Benz immediately admitted liability for failure to replace or repurchase the car
        and offered to do so, the amount [24] of restitution was not contested, and the entire trial
5       concerned the civil penalty, MacQuiddy's main litigation objective was to obtain a civil
6       penalty. The fight in this case was not about the repurchase of the car. (See Foothill
7       Properties, supra, 46 Cal.App.4th at pp. 1555–1556; Epstein v. Frank (1981) 125
        Cal.App.3d 111, 124 [177 Cal. Rptr. 831] ["It is not always the case however that the
8       party in whose favor the final judgment is entered will be deemed to be the prevailing
9       party. For example, the party who prevails on all of the issues which were actually
10      litigated at the trial will be deemed the prevailing party even though the judgment may be
11      entered in favor of the opposing party."].) The trial court did not abuse its discretion in
        determining MacQuiddy did not prevail under the Act and therefore was not entitled to
12      attorney fees.
13

14  MacQuiddy v. Mercedes-Benz USA, LLC (2015) 233 Cal. App. 4th 1036, 1049.
15

16
17  An offer under Code of Civil Procedure **Section 998** may include nonmonetary terms and
    conditions, but must be sufficiently specific to enable meaningfully evaluating it and its worth,
18  and a reasoned decision about accepting it. MacQuiddy v. Mercedes-Benz USA, LLC (2015)
19  233 Cal. App. 4th 1036, 1050 ("Because of the undefined and subjective nature of the term that
20  Mercedes-Benz would repurchase the 'undamaged' car, we conclude the section 998 offer was at
    least ambiguous, and was therefore not valid.").
21

22  Trial court's determinations of issues related to Section 998 are reviewed for abuse of discretion.
23  Clark v. Optical Coating Lab. (2008) 165 Cal.App.4th 150, 185; Santantonio v. Westinghouse
24  Broad. Co. (1994) 25 Cal. App. 4th 102, 121.
25

3

"The award of a **multiplier** is in the end a discretionary matter largely left to the trial court." Hogar v. Community Development Com'n of City of Escondido (2007) 157 Cal.App.4th 1358, 1371.

"[T]he trial court is not required to include a fee enhancement for exceptional skill, novelty of the questions involved, or other factors. Rather, applying a multiplier is discretionary." Rey v. Madera Unif. Sch. Dist. (2012) 203 Cal.App.4th 1223, 1242.

As for **evidentiary burdens**, attorney billing records are not required, but there must be some evidence in support of fees. Martino v. Denevi (1986) 182 Cal.App.3d 553, 558-559; Weber v. Langholz (1995) 39 Cal. App. 4th 1578, 1587.

"It is not necessary to provide detailed billing timesheets to support an award of attorney fees under the lodestar method.... Declarations of counsel setting forth the reasonable hourly rate, the number of hours worked and the tasks performed are sufficient." Concepcion v. Amscan Holdings, Inc. (2014) 223 Cal.App.4th 1309, 1324.

The requirement of substantial evidence is inapposite as to attorney fee awards. Maughan v. Google Technology, Inc. (2006) 143 Cal.App.4th 1242, 1249. *But see* Yield Dynamics, Inc. v. Tea Sys. Corp. (2007) 154 Cal.App.4th 547, 576 ("A request for an award of attorney fees is entrusted to the trial court's discretion and will not be overturned in the absence of a manifest abuse of discretion, a prejudicial error of law, or necessary findings not supported by substantial evidence.").

" 'Although a fee request ordinarily should be documented in great detail, it cannot be said ... that the absence of time records and billing statements deprive[s] [a] trial court of substantial evidence to support an award....' " City of Colton v. Singletary (2012) 206 Cal.App.4th 751, 784-85.

"[V]erified time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous." Horsford v. Board Of Trustees Of

1  California State Etc. (2005) 132 Cal.App.4th 359, 396 (deciding it was an abuse of discretion to

2  completely disregard counsel's time records based upon finding numerous instances of

3  overlapping work).

4  Parties opposing motions for attorneys' fees fail to show any abuse of discretion where they

5  merely contend that amounts of attorneys' fees are excessive, without providing a specific

6  analysis or factual support.  Mallard v. Progressive Choice Ins. Co. (2010) 188 Cal.App.4th 531,

7  545;  Raining Data Corp. v. Barrenechea (2009) 175 Cal.App.4th 1363, 1376 (an "'assertion

8  [that] is unaccompanied by any citation to the record or any explanation of which fees were

9  unreasonable or duplicative' is insufficient to disturb the trial court's discretionary award of

   attorney fees.");  Maughan v. Google Technology, Inc. (2006) 143 Cal. App. 4th 1242, 1250;

10  Avikian v. Wtc Fin. Corp. (2002) 98 Cal. App. 4th 1108, 1119;  Premier Medical Management

11  Systems, Inc. v. California Insurance Guarantee Association (2008) 163 Cal.App.4th 550, 560

12  (emphasizing that opposing parties "submitted no evidence that the hours claimed by counsel

   were excessive," and declining to "declare as a matter of law that the hours were unreasonable");

13  Villanueva v. City of Colton (2008) 160 Cal.App.4th 1188, 1204 (opposing party "offered no

14  evidence of any kind which might have warranted a reduced fee award.").

15

16  The determination of **reasonable amount** of attorney fees is within the sound discretion of trial

   courts.  PLCM Group v. Drexler (2000) 22 Cal.4th 1084, 1095;  Akins v. Enterprise Rent-A-Car

17  Co. (2000) 79 Cal. App. 4th 1127, 1134.

18

19  "'"[P]adding' in the form of inefficient or duplicative efforts is not subject to compensation.'"

20  Premier Medical Management Systems, Inc. v. California Insurance Guarantee Association

   (2008) 163 Cal.App.4th 550, 556.

21

22  In setting the **hourly rate** for an attorney fees award, courts are entitled to consider the rate of

23  "'fees customarily charged by that attorney and others in the community for similar work.'"

24  Bihun v. AT&T Information Systems, Inc. (1993) 13 Cal. App. 4th 976, 997 (affirming rate of

25  $450 per hour), *overruled on other grounds by* Lakin v. Watkins Associated Indus. (1993) 6 Cal.

   4th 644, 664.

In determining a reasonable attorney's fee award, judges have discretion to disallow attorney fees incurred after a **reasonable settlement offer**, where the ultimate recovery was no better, even where Code of Civil Procedure Section 998 is inapplicable. Meister v. Regents of Univ. of Cal. (1998) 67 Cal. App. 4th 437, 452.

Regarding costs, a party who does not prevail under Civil Code Section 1794(d), could still be a prevailing party for purposes of Code of Civil Procedure Section 1032. MacQuiddy v. Mercedes-Benz USA, LLC (2015) 233 Cal. App. 4th 1036, 1051.

The Court awards to Plaintiff attorneys' fees, in the sum of $66,172.80, and costs and expenses, in the total amount of $3,322.33, payable forthwith by Defendant

Dated: 9/9/15

Gregory W. Alarcon

Gregory Alarcon

Superior Court Judge

I certify that this is a true and correct copy of the original _____ RULING _____ on file in this office consisting of 62 pages. SHERRI R. CARTER, Executive Officer / Clerk of the Superior Court of California, County of Los Angeles. Date SEP 15 2015 By _____, Deputy

D. WADE

# EXHIBIT MMM

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 27 2015

Sherri R. Carter, Executive Officer/Clerk

By Ana Ayala, Deputy

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| DMITRY SHYCHKO aka DZMITRY SHYCHKO, | Case No.: BC533642<br>Unlimited Jurisdiction |
| Plaintiff, | |
| vs. | [PROPOSED] ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEYS FEES AND COSTS |
| MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive, | *Assigned to the Honorable Michael Linfield*<br>Department 34 |
| Defendant. | **Hearing Date:** April 20, 2015<br>**Hearing Time:** 8:30 a.m. |

By Fax

This matter having come on for hearing on April 20, 2015 and this Court having

considered all moving and opposing paper and oral argument of counsel and finding good cause

hereby ORDERS as follows:

This Court's tentative ruling, attached to this ORDER as Exhibit "A", is adopted.

Plaintiff's motion is GRANTED.  Defendant Mercedes-Benz USA LLC, is ORDERED to pay to

Plaintiff through their counsel the amount of $79,081.14 in attorneys fees and costs.

JUDGMENT is entered against Defendant in the amount of $79,081.14.

MAY 27 2015

Date: April _____, 2015

MICHAEL LINFIELD
Hon. Michael Linfield
Dept. 34

ORDER RE MOTION FOR ATTORNEY FEES AND COSTS

# EXHIBIT A

**Case Number:** BC533642   **Hearing Date:** April 20, 2015   **Dept:** 34
Moving Party: Plaintiff Dmitry Shychko ("plaintiff")

Resp. Party: Defendant Mercedes-Benz USA, LLC ("defendant")

Plaintiff's Motion for Attorneys Fees and Costs in GRANTED in part. The Court awards plaintiff $79,081.14 in attorney's fees and costs.

Defendant's Objections to O'Conner Declaration:

- Objection SUSTAINED OVERRULED
  1 SUSTAINED
- 2 SUSTAINED
  3 OVERRULED
  4 OVERRULED
  5 OVERRULED
  6 OVERRULED

Defendant's Objections to Mikhov Declaration:

Objection
1 SUSTAINED
2 OVERRULED
3 SUSTAINED
4 OVERRULED
5 OVERRULED
6 OVERRULED

7 OVERRULED
8 OVERRULED

Defendant's Objections to Swanson Declaration:

Objection
1 SUSTAINED

BACKGROUND:

Plaintiff commenced this action on 1/21/14 against
defendant for violations of the Song-Beverly Act and
Magnuson-Moss Act. The action pertains to defects in a
vehicle manufactured by defendant and purchased by
plaintiff.

Plaintiff filed notices of settlement in September and
December 2014. The Court dismissed the action on 1/6/15.

ANALYSIS:

Plaintiff seek attorney's fees in the amount of $100,047.39,
which includes a lodestar amount of $63,977.50 and a
multiplier of 1.5. Attorney's fees may only be recovered
where such recovery is authorized by statute or contract.
(See Code Civ. Proc., § 1033.5(a)(10)(A).) Attorney's fees
may be recovered by a prevailing buyer under the Song-
Beverly Act. (See Civ. Code, § 1794(d).) It is undisputed that

plaintiffs are the prevailing parties pursuant to the settlement in this action. (See O'Connor Decl., Exh. 2 [erroneously attached to the Fox declaration].)

Civil Code section 1794(d) provides:

If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action.

(Civ. Code, § 1794 [emphasis added].) Therefore, the statute includes a "reasonable attorney's fees" standard.

The trial court has broad authority to determine the amount of a reasonable fee. (PLCM Group, Inc. v. Drexler (2000) 22 Cal.4th 1084, 1095; Ghanooni v. Super Shuttle of Los Angeles (1993) 20 Cal.App.4th 256, 262.) In determining the reasonable value of the attorney services, "the court does not need separate evidence to establish the reasonable value of whatever should be justly awarded, the theory being that the trial judge is competent from his own knowledge of legal practice to fix the amount of the fees. [Citations.]" (Spencer v. Harmon Enterprises (1965) 234 Cal.App.2d 614, 621 [internal citations omitted].)

The attorney bears the burden of proof as to "reasonableness" of any fee claim. (Code Civ. Proc., § 1033.5(c)(5).) This burden requires competent evidence as to the nature and value of the services rendered. (Martino v. Denevi (1986) 182 Cal.App.3d 553, 559.) While the attorney should submit contemporaneous time and billing records

accurately reflecting the work done, these records may not be absolutely essential to fee recovery in state practice. (Weil & Brown, Cal Prac. Guide: Civ. Proc. Before Trial (The Rutter Group 2011) ¶¶ 1:304-1:305, p. 1-53.) "Testimony of an attorney as to the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records." (Martino, 182 Cal.App.3d at 559.)

## 1. Lodestar Calculation

In determining whether the requested attorney's fees are "reasonable," the Court's 'first step involves the lodestar figure - a calculation based on the number of hours reasonably expended multiplied by the lawyer's hourly rate. The lodestar figure may then be adjusted, based on consideration of facts specific to the case, in order to fix the fee at the fair market value for the legal services provided.'

(Gorman v. Tassajara Development Corp. (2008) 162 Cal.App.4th 770, 774 [internal citations omitted].) In determining whether to adjust the lodestar figure, the Court may consider the nature and difficulty of the litigation, the amount of money involved, the skill required and employed to handle the case, the attention given, the success or failure, and other circumstances in the case. (EnPalm LLC v. Teitler (2008) 162 Cal.App.4th 770, 774; PLCM Group, Inc. v. Drexler (2000) 22 Cal.4th 1084, 1095.)

## a. The Hourly Rates of Plaintiffs' Counsel are Reasonable

Plaintiff provides sufficient evidence to support the requested
hourly rates of the attorneys who worked on this action. (See
Mikhov Decl., ¶¶ 2-9, 12; Ungs Decl., ¶¶ 2, 4; Fox Decl., ¶¶
3, 5; O'Connor Decl., ¶¶ 11-18, 21; Ortiz Decl., ¶¶ 2, 4;
Stephenson-Cheang Decl., ¶¶ 2, 4; Swanson Decl., ¶¶ 2, 4.)

b. The Number of Hours Billed is Excessive

Plaintiff provides billing records in support of the requested
fees. (See Fox Decl., Exh. 8.) Defendant is correct that the
amount requested is excessive and unreasonable. Plaintiff is
seeking $52,977.50 for work performed prior to this motion,
plus $11,000.00 for further work on the case. This action
was pending for less than a year before it settled. The
motions filed included one motion to compel further which
was filed by plaintiff and then withdrawn before hearing, and
motions in limine filed by defendant but not responded to by
plaintiff. The only other proceeding was a peremptory
challenge filed by plaintiff. Plaintiff argues that the large
amount of fees is due to defendant's litigation actions, but
Plaintiff does not provide sufficient evidence to suggest that
defendant needlessly increased litigation costs. (See, e.g.,
Mikhov Decl., ¶ 28 [conclusory assertions about defendant's
discovery responses].) Plaintiff points to fees awarded in
other lemon law cases, but, as discussed above, these
awards are not relevant to the facts of this case. Moreover,
given plaintiff's counsel's purported experience and skill, it is
unclear why the case required extensive work from seven
people. (See O'Connor Decl., ¶ 24; Mikhov Decl., ¶ 13.)

On the other hand, Defendant's argument that Plaintiff

should only have incurred some $11,672.50 is not particularly persuasive. Defendant argues that more than 80% of plaintiff's billing is unreasonable and excessive. According to defendants, "if the $63,977.50 claimed by plaintiff's attorneys is reduced by the $52,307.00 in excessive and improper billing set forth above, the balance is $11,672.50." (Opp., p. 4:13-14.) Yet at the same time, defendant claims that defense counsel themselves reasonably billed 90.8 hours. (Opp., p. 2:24; Chon Declaration, ¶ 7.) Defendant's attorneys do not give a breakdown of their hourly rate. However, the combined average hourly rate of plaintiffs' counsel is $440/hour. At this rate, even accepting the (unsupported) premise that plaintiff should only have billed as many hours as defendant, plaintiff would be entitled to a lodestar of $39,952. Thus it is not particularly persuasive for defendant to argue that plaintiff could only have incurred fees of less than one-third this amount.

Perhaps the fairer comparison would be between the 145.4 hours billed by plaintiff in the 90.8 hours billed by defendants. While the number of hours plaintiff's counsel billed is approximately 50% more than the number of hours defense counsel billed, this is not, in and of itself, necessarily outrageous or unreasonable.

Plaintiff fails to support the requested $11,000.00 for additional work on this action. To the extent that this amount is based on the costs incurred for the instant motion, it is excessive. The instant 8-page motion did not present any complex factual or legal issues. To the extent that there are any case citations, these are clearly cut-and-pasted from past motions that are already on counsels' computer. The same if true for the accompanying declarations from the

attorneys working on this matter – each of which is a form declaration which, mutatis mutandis, can be used for fee applications in all such Song-Beverly Act cases.

The attorneys fees motion, accompanying declarations, reply brief and appearance (if necessary) should not require more than 10 hours of time. At $440/hour, this would be an additional $4,400 in fees.

Analyzing all of the above factors, the court finds the lodestar for this case to be $50,000.00.

c. Plaintiff's Request for $4,081.14 in Costs is Reasonable

Defendant only challenges the $4,081.14 in requested costs in a footnote. (See Opp., p. 2:27-28, fn. 1.) That footnote states: "plaintiff also seeks to recover costs in the sum of $4081.14. . . . . Plaintiff has not served or filed a memorandum of costs, and has thereby deprived MBUSA of the opportunity to challenge his claim costs by filing a motion to strike or tax costs, as well as a reply to plaintiff's arguments, if any, in support of his claimed costs. Plaintiff's request for costs in the sum of $4081.14 should therefore be denied in its entirety." (Id.)

Defendant is incorrect. Plaintiff has provided all of his costs and Exhibit 7 attached to the declaration of Amy Fox in support of plaintiff's motion for attorneys fees and costs. The costs are documented, and other than the general objection quoted in Footnote 1 above, defendant is not challenged any of the costs.

The Court finds that the $4,081.14 in costs expended, as

shown in Exh. 7 to be reasonable and adequately documented.

d. A Multiplier is Warranted for the Contingent Nature of the Case

Plaintiff also requests a multiplier of 1.5. "The award of a multiplier is in the end a discretionary matter largely left to the trial court." (Hogar v. Community Development Com'n of City of Escondido (2007) 157 Cal.App.4th 1358, 1371. See also Rey v. Madera Unif. Sch. Dist. (2012) 203 Cal.App.4th 1223, 1242.) A court may enhance the lodestar figure in appropriate cases. (Ketchum v. Moses (2001) 24 Cal.4th 1122, 1138.) The court in Ketchum provided an explanation of the rationale behind contingent fee enhancements: "'A contingent fee must be higher than a fee for the same legal services paid as they are performed. The contingent fee compensates the lawyer not only for the legal services he renders but for the loan of those services. The implicit interest rate on such a loan is higher because the risk of default (the loss of the case, which cancels the debt of the client to the lawyer) is much higher than that of conventional loans.'" (Id. at pp. 1132-1133 [quoting Posner, Economic Analysis of Law (4th ed. 1992) pp. 534, 567].) "A lawyer who both bears the risk of not being paid and provides legal services is not receiving the fair market value of his work if he is paid only for the second of these functions. If he is paid no more, competent counsel will be reluctant to accept fee award cases." (Id. at p. 1133 [internal citations and quotations omitted].) The following factors may be considered in deciding whether to apply a multiplier: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the

nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." (Id. at p. 1032.)

Although the case was neither novel nor difficult, plaintiff's counsel handled the case with the requisite skill needed, and the time spent on this matter obviously affected counsels' ability to take other cases. Most critically, this action was handled on a purely contingent basis. (See Milkov Decl., ¶ 26; O'Connor Decl., ¶ 25.)

The Court finds that the 1.5 multiplier requested is reasonable given the circumstances of this action.

Plaintiff's motion is GRANTED in part as follows:

Lodestar: $50,000.00
Multiplier of 1.5 $75,000.00
Costs $4,081.14

Total fees and costs: $79,081.14

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 384 Forest Ave., Suite 17, Laguna Beach, CA 92651.

On **May 5, 2015**, I served the foregoing document(s) described as: **ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY FEES** to all interested parties in this action as set forth on the attached service list in the following matter:

[X]   **U.S. MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Laguna Beach, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

[ ]   **BY FACSIMLE:** In addition to service by mail as set forth above, a copy of said document(s) was also delivered by facsimile transmission to the addressee(s) pursuant to Code of Civil Procedure §1013(e)

[ ]   **BY PERSONAL SERVICE:** I caused a true copy of said document(s) to be hand-delivered to the addressee(s) via a California registered process server pursuant to Code of Civil Procedure §1011

[ ]   **BY EXPRESS MAIL:** I caused said document(s) to be deposited in a box or other facility regularly maintained by the express service carrier providing overnight delivery pursuant to Code of Civil Procedure §1013(c)

[ ]   **BY ELECTRONIC MAIL:** I caused said document(s) to be served electronically pursuant to Code of Civil Procedure §1010.6(a) to: *Klehrman@lehrmanlawgroup.com*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **May 5, 2015** at Laguna Beach, California.

_____
Rebecca A. Judy

•••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••
## SERVICE LIST

Kate Lehrman
Lehrman Law Group
12121 Wilshire Blvd., Suite 1300
Los Angeles, CA 90025
**Attorneys for BMW of North America**

-1-

# EXHIBIT NNN

1  **O'CONNOR LAW GROUP, P.C.**
Mark O'Connor (SBN: 157680)
2  Shawna Melton (SBN: 276989)
384 Forest Ave. Suite 17
3  Laguna Beach, CA. 92651
Telephone: (949) 494-9090
4  Fax: (949) 494-9913
5
6  Attorneys for Plaintiff,
STUART CHIAVASSA
7
8
9                    **SUPERIOR COURT OF CALIFORNIA**
10                    **COUNTY OF LOS ANGELES**
11
12
13  **STUART CHIAVASSA**,                Case No: BC476752
14
15              Plaintiffs,              **NOTICE OF RULING RE:
                                          PLAINTIFF'S MOTION FOR
16                                        ATTORNEYS FEES AND COSTS**
17  vs.
                                          *Assigned for All Purposes to the
18                                        Honorable Abraham Khan*
19  **FORD MOTOR COMPANY, a Delaware**   Department 51
    **Corporation, and DOES 1 through 10,**
20  **inclusive.**                       Date Filed: January 12, 2012
                                          Trial Date: June 11, 2013
21
22              Defendant.
23
24      **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE**
25  **NOTICE THAT:**
26      On October 31, 2013 at 9:00 a.m. in Department 51 of the Los Angeles County Superior
27  Court- Central District located at 111 North Hill Street, Los Angeles, California 90012, the Court
28

-1-

Chiavassa v. Ford –Notice of Ruling Re Motion for Attorneys Fees and Costs

1   Plaintiff's Motion for Attorneys Fees and Costs caem on regularly for hearing.  Mark O'Connor

2   of O'Connor & Mikhov, LLP appeared on behalf of Plaintiff.  Victor Block appeared on behalf

3   of Defendant Ford Motor Company.

4        The court issued a tentative Order.

5
    After consideration of all papers filed and argument of counsel the court GRANTED
6
7   Plaintiff's motion in the amount of $136,701.17 to be paid forthwith by Ford to Plaintiff.

8        The court's confirmed final Order is attached to this Notice of Motion.

9

10
    Dated:   October 31, 2013
11
                                O'CONNOR & MIKHOV LLP
12

13

14                              Mark O'Connor
                                Attorney for Plaintiff,
15                              Stuart Chiavassa

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    -2-

                Chiavassa v. Ford –Notice of Ruling Re Motion for Attorneys Fees and Costs

# EXHIBIT 1

# 13

*Superior Court of California*

*County of Los Angeles*

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

*Department 51*

Honorable Abraham Khan

**OCT 31 2013**

Sherri R. Carter, Executive Officer/Clerk
By Rosemarie D. Aquino, Deputy

CHIAVASSA,

      Plaintiff(s),

    v.

FORD MOTOR COMPANY,

      Defendant(s).

Case No.: BC476752

Hearing Date: 10/31/13

**[TENTATIVE]  RULING RE:**

PLAINTIFFS MOTION FOR ATTORNEYS

FEES AND COSTS PURSUANT TO CCP §

1794(d) [AMENDED].

The motion is granted, in a reduced sum, not as initially prayed.

The Court awards to Plaintiff STUART CHIAVASSA, attorneys' fees in the sum of $166,967.54, payable forthwith by Defendant FORD MOTOR COMPANY

*136,701.17*

Dated: 10/31/13

ABRAHAM KHAN

Hon. Abraham Khan
Superior Court Judge

# PROOF OF SERVICE

STATE OF CALIFORNIA         )
                                     )

COUNTY OF ORANGE         )

       I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 384 Forest Ave., Suite 17, Laguna Beach, CA  92651.

       On October 31, 2013, I served the foregoing document(s) described as:  **NOTICE OF RULING RE: PLAINTIFF'S MOTION FOR ATTORNEYS FEES** to all interested parties in this action,

[  ]    by placing [  ] the original [  ] a true copy thereof enclosed in a sealed envelope addressed as follows:

[X]    by transmitting via e-mail to the following:

Doug Proudfoot
Gates, O'Doherty, Gonter & Guy
15635 Alton Parkway, Suite 260
Irvine, CA 92618
**Attorneys for Defendant Ford Motor Company**

[  ]    **PERSONAL DELIVERY**:  I personally delivered the enclosed documents to recipient.

[  ]    **U.S. MAIL**:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Laguna Beach, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

[  ]    **FEDERAL EXPRESS:**  I delivered such envelope to an authorized courier or driver authorized by the express service carrier to receive documents in an envelope or package designated by the express service carrier with delivery fees provided for.

[X]    **STATE**:  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[  ]    **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on October 31, 2013 at Laguna Beach, California.

_____
Rebecca A. Judy

Proof of Service: Chiavassa v. Ford Motor Company

# EXHIBIT OOO



## Superior Court of California
## County of Los Angeles

| | |
|---|---|
| Brian Snell, | Case No.: **BC 476133** |
| Plaintiff, | |
| vs. | Tentative Ruling |
| Ford Motor Co. | |
| Defendant. | |

Hearing Date: September 17, 2013
Department 54, Judge Ernest M. Hiroshige
Motion for Attorney Fees
Moving Party:  Plaintiff Brian Snell ("Plaintiff")
Responding Party:  Defendant Ford Motor Co. ("Defendant")

T/R:   THE MOTION IS GRANTED IN PART.  THE COURT AWARDS PLAINTIFF
       TOTAL ATTORNEY'S FEES OF $35,854.69 (WITH 1.25 MULTIPLIER ON
       $28,683.75 IN LODESTAR FEES) AND COSTS IN THE AMOUNT OF $3,133.58.

       PLAINTIFF TO NOTICE.

       The Court considers the moving papers, the opposition, and the reply.

       In the motion, Plaintiff contends that the parties agreed in the settlement
agreement for this matter that Plaintiff would recover his reasonable attorney's fees
pursuant to the Song-Beverly Warranty Consumer Act.  Plaintiff contends that his
counsel has reasonably incurred $35,413.75 in lodestar fees and that a multiplier of 1.5
should increase that amount by $17,707.10.  Plaintiff contends he is entitled to $3,133.58
in costs, for a total fees and costs award of $56,254.43.

       "The verified time statements of the attorneys, as officers of the court, are entitled
to credence in the absence of a clear indication the records are erroneous."  (*Horsford v.
Board Of Trustees Of California State University* (2005) 132 Cal.App.4th 359, 396.)  If the
motion is supported by evidence, the opposing party must respond with specific evidence
showing that the fees are unreasonable.  (*Premier Med. Mgmt. Sys. v. California Ins.*

*Guarantee Ass'n* (2008) 163 Cal.App.4th 550, 560-63.)   The Court has discretion to reduce fees that result from inefficient or duplicative use of time. (*Horsford* at 395.)

"The determination of what constitutes a reasonable fee generally 'begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate....'" "[T]he lodestar is the basic fee for comparable legal services in the community; it may be adjusted by the court based on factors including, as relevant herein, (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award...." (*Graciano v. Robinson Ford Sales, Inc.* (2006) 144 Cal.App.4th 140, 154.)

"If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." (Civ. Code § 1794(d).)

"The lodestar method is applicable to calculating attorney fees under section 1794, subdivision (d) ... because 'the lodestar adjustment method is the prevailing rule for calculation of statutory attorney fees unless the statute expressly indicates a contrary intent, and no such contrary intent is apparent.'" (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 997.)

## Reasonable Hourly Rate

Plaintiff claims attorney fees based on an hourly rate of $350/hour for Mr. Mikhov, $325/hour for Mr. Rosenstein, $175/hour for Mr. Kirnos, $225/hour for Ms. Ungs, $300/hour for Ms. Levin and $400/hour for Mr. Romano. (Rosenstein Decl. ¶¶ 5, 6, Ex. A; Mikhov Decl. ¶j 37, 39, 42, Ex. G; Ungs Decl., ¶ 5). These rates are well within the range of fees charged by other attorneys who specialize in this area of law. (Rosenstein Decl. ¶ 5; Mikhov Decl. ¶ 42(a-g)). Defendant has not disputed the reasonableness of the hourly rates claimed by Plaintiff's attorneys.

## Reasonable Hours Expended

Plaintiff contends that it has incurred $35,413.7 in attorney's fees, $19,557.50 by counsel OM Law and $15,856.25 by Law Offices of Michael Rosenstein. Rosenstein claims that his office spent 65.75 hours on this matter. Attorney Mikhov, of OM Law, attaches billing entries but does not indicate the total amount of time expended. (See Mikhov Decl. ¶ 43, Exh. H; Rosenstein Decl. ¶ 7.) Given that the declarations and billing entries appear facially reasonable, Plaintiff met his initial burden on this motion of showing the reasonableness of the amount of time expended. The Court also considers counsel's declaration evidence regarding the amount of work spent on discovery and trial preparation. (See Mikhov Decl. ¶¶ 11-30; Rosenstein Decl. ¶ 7, Exh. A.)

Defendant contends that Plaintiff improperly requests 20.2 hours for a discovery motion for which the Court awarded Plaintiff $2,460 in sanctions. The Court agrees with Defendant that Plaintiff cannot recover fees for a discovery motion for which he has been awarded sanctions, as that would amount to a duplicative award. In reply, Plaintiff has withdrawn the request for fees associated with this motion to compel in the amount of $6,730. This amount corresponds to the amount claimed in the billing entries. (Mikhov Decl. Exh. A.)

Defendant contends that Plaintiff unreasonably incurred 22.75 hours preparing this motion for attorney's fees. Given the detailed and helpful nature of the moving and reply papers, and the fact that a hearing may be required, this amount of hours and corresponding fees ($4,468.75) is reasonable.

Defendant contends that Plaintiff unreasonably incurred more than 20 hours in document review, including for documents that Plaintiff's counsel admits were produced by Defendant in prior matters. The evidence reflects that Defendant produced 4,600 pages of documents in this matter, and that the time Plaintiff spent reviewing these documents was reasonable. The Court would incorporate by this reference Plaintiff's reply brief in response to the billing entries that Defendant contends are unreasonable.

## Mutiplier

Defendant has cited no authorities to support its argument that a multiplier may not be applied to an award of attorney's fees under the Song-Beverly Warranty Consumer Act. As a multiplier is part of the lodestar calculation, which applies to requests for attorney's fees under the Act, this argument is unpersuasive.

Courts look to the following factors, among others, in determining whether a multiplier is appropriate: "(1) the novelty and difficulty of the questions involved, and the skill displayed in presenting them; (2) the extent to which the nature of the litigation precluded other employment by the attorneys; (3) the contingent nature of the fee award, both from the point of view of eventual victory on the merits and the point of view of establishing eligibility for an award; (4) the fact that an award against the state would ultimately fall upon the taxpayers; (5) the fact that the attorneys in question received public and charitable funding for the purpose of bringing law suits of the character here involved; (6) the fact that the monies awarded would inure not to the individual benefit of the attorneys involved but the organizations by which they are employed," (See *Serrano v. Priest* (1977) 20 Cal.3d 25, 48.)

The Court finds a that small upward multiplier is appropriate given that the matter was taken on a contingency and given the delay of payment of attorney's fees to Plaintiff's counsel (the action was filed December 30, 2011.) However, there is no showing from Plaintiff as to the novelty or difficulty of the questions involved or that the nature of the litigation precluded other employment by counsel. Accordingly, the Court awards a multiplier of 1.25 and thereby increases Plaintiff's lodestar fees of $28,683.75

($35,413.75 requested fees - $6,730 for motion to compel compliance) by $7,170.94.
Therefore, the Court awards Plaintiff total attorney's fees of $35,854.69.

Costs

        Defendant does not challenge Plaintiff's request for costs in the amount of
$3,133.58.  Accordingly, the motion is granted as to the request for costs.

Date: September 17, 2013

_____
Judge Ernest M. Hiroshige

4

# EXHIBIT PPP

DEPARTMENT 58 LAW AND MOTION RULINGS

If oral argument is desired, kindly refer to CRC 3.1308. (NOTE THE EXTENSIVE RE-NUMBERING AND REVISION OF THE CALIFORNIA RULES OF COURT, EFFECTIVE 1-1-07)

This Tentative Ruling is not an invitation nor an opportunity to file further documents relative to the hearing in question. No such filing will be considered by the Court in the absence of permission first obtained following ex parte application therefore.

Case Number: BC394377   Hearing Date: February 18, 2009   Dept: 58

JUDGE ROLF TREU
DEPARTMENT 58

Hearing Date: Wednesday, February 18, 2009
Calendar No:
Case Name: William Jeske v. Ford Motor Co. et al.
Case No.: BC 394377
Motion: Motion for Attorney Fees and Costs
Moving Party: Plaintiff, William Jeske
Responding Party: Defendants, Ford Motor Co. and Vista Ford, Inc.

Tentative Ruling: Plaintiff William Jeske's Motion for Attorneys' Fees and Costs is Granted

ANALYSIS

Entitlement to Attorneys' Fees –

Cal. Civil Code section 1794(d) provides that a buyer who prevails in an action under the Song-Beverly Act is entitled recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on the actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action.

Here, Plaintiff is the prevailing party. The parties entered into a settlement and Defendants paid Plaintiff a total of $49,908.09 pursuant to the settlement. The settlement agreement also provides that Plaintiff shall be deemed the prevailing party for the purposes of any fee motions. Takahashi Decl., Exh. Q, ¶ 5.

The settlement agreement provides that the amount of attorneys' fees shall 1) be determined by mutual written agreement between the parties following review of Plaintiff's billing statement or 2) if the parties cannot agree, be determined in a single noticed motion by the Court having jurisdiction over the suit. Takahashi Decl., Exh. Q, ¶ 5. (Emphasis added) Defendants contend that Plaintiff should not be entitled to fees because of Plaintiff's attorney's failure to submit their billing statements before the filing of this motion. However, this argument is flawed. The phrase is in the disjunctive. It is obvious the parties cannot

agree, and thus the motion is properly before the Court.

Excessive Rate –

Defendants contend that the requested attorneys' fees are excessive and Plaintiff's attorneys' hourly rates should be reduced to $200/hour. Defendants contend that Plaintiff's attorney's rates of $300 and $400/hour are unreasonable in light of the simplicity of this instant lemon law litigation and because Defendants' attorney is experienced and has a rate of $200/hour.

However, Plaintiff has sufficiently shown that his attorneys' rates of $300 and $400/hour are reasonable based on the attorneys' experience, the nature of the litigation, the contingent nature of the contract and the hourly rates of other attorneys who litigate consumer matters who have similar experience. Plaintiff has also sufficiently shown that he incurred attorney's fees in the sum of $17,160.00 and $501.00 in costs.

Lodestar –

The final issue on this motion is what, if any, lodestar multiplier should be used. Plaintiff argues that the Court should take the actual fees incurred ($17,160.00) and multiply it by a factor of 1.33 under the lodestar method. Defendants contend that a multiplier is not justified in this case.

Serrano v. Unruh (1982) 32 Cal. 3d 621, 639 provides factors to determine whether a lodestar multiplier is appropriate, which include:
The time and labor required of the attorneys;
The contingent nature of the fee agreement;
The extent to which the nature of the litigation precluded other employment by the attorneys;
The experience, reputation, and ability of the attorneys who performed the services, and the skill they displayed in the litigation;
The amount involved and the results obtained;
The informed consent of the client to the fee agreement.

In this case, the time and labor required of the attorneys is represented by the number of hours billed. The fact that the agreement was contingent weighs in favor of adding a lodestar multiplier. Plaintiff also contends that prosecution of this case involved significant time and resources of attorneys, and Plaintiffs' were unable to pursue other possible cases because of the time commitments of this case. The experience and skill of Plaintiff's attorneys' is reflected in their hourly rates of $300 and $400/hour. The amount involved and results obtained were neither relatively low nor high of $49,908.09, in consideration of the size of the attorneys' fees award sought. It appears that the client consented to a contingent fee agreement.

On balance, the Court is of the opinion that a multiplier should be applied and that the suggested percentage is reasonable.

Disposition –

Plaintiff's motion for attorneys' fees is granted. Plaintiff is awarded $ 23,323.80 in attorneys' fees and costs.

# EXHIBIT QQQ

**FILED**

LOS ANGELES SUPERIOR COURT

AUG 2 0 2008

JOHN A. CLARKE, CLERK

BY DELIA RODRIGUEZ, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

GRACE KANG,

       Plaintiff,

  vs.

AMERICAN HONDA MOTOR CO., INC., et al.,

       Defendants.

Case No.: BC379949

RULINGS/ORDERS

Plaintiff's Motion for Attorneys Fees, Costs, and Expenses is GRANTED.

Defendant shall pay Plaintiff attorneys fees in the amount of $31,355.11 and costs and expenses in the amount of $2,308 for a total of $33,663.11.

Defendant's evidentiary objections are OVERRULED.

Court sets an OSC re: dismissal for October 2, 2008, 8:45 a.m., Dept. 28. Counsel for Plaintiff is ordered to appear

-1-

1   unless the request for dismissal is filed five court days before

2   the hearing.

3                                    I.

4                             INTRODUCTION

5        Grace Kang ("Plaintiff") commenced action against American

6   Honda Motor Co., Inc. and Diamond Bar Imports, Inc.

7   (collectively "Defendants") alleging causes of action for (1)

8   Song-Beverly Act, (2) Magnuson-Moss Act, and (3) negligent

9   repair.  Plaintiff alleges that she purchased a Honda from

10  Defendants.  The car allegedly had problems and Defendants did

11  not fix the vehicle.  The parties eventually settled.

12  Plaintiff moves for an award of attorney's fees, costs, and

13  expenses pursuant to the settlement agreement.

14       Plaintiff argues that she is the prevailing party under the

15  settlement agreement and that the agreement provides that

16  Defendant must pay Plaintiff's fees, costs, and expenses.

17  Plaintiff argues that the lodestar method is the appropriate

18  method of calculating fees and that a multiplier of 1.5 should

19  be used because counsel worked on a contingency basis.

20  Plaintiff seeks fees, costs, and expenses of $71,609.81.

21       Defendant argues that the fees are excessive and that the

22  lodestar method is not the appropriate means of calculating

23  fees.  In the alternative, Defendant argues that if the lodestar

24  method is used, a negative multiplier should be applied and that

25  the fees should be reduced to $11,620.

                                  -2-

1   In reply, Plaintiff argues that Defendant has the burden of

2   raising specific objections to the number of hours alleged in

3   Plaintiff's itemized fee bill and that the Court is not required

4   to independently research each time entry to determine its

5   necessity.

6                              II.

7                          DISCUSSION

8

9   A.   Attorney's Fees

10       The parties do not dispute that the settlement agreement

11  entitles Plaintiff to fees, costs, and expenses.  Rather, the

12  parties dispute the method of calculating those fees and the

13  sufficiency of Plaintiff's evidence of the fees.  Plaintiff

14  urges that the lodestar method is the appropriate means of

15  calculating fees.   The settlement agreement provides that: "The

16  Court shall determine the fee award by applying California law

17  applicable to attorney fee, cost, and expense awards."  Vachon

18  Decl., Exh. 1, ¶ 1f.

19       In this case, both parties agree that the cause of action

20  arose under the Song-Beverly Consumer Warranty Act, which

21  entitles a prevailing party to recover attorney's fees, costs,

22  and expenses.  Generally, the lodestar method of calculation

23  applies to a statutory award of attorney fees unless the statute

24  provides another method.  Meister v. Regents of Univ. of Cal.

25  (1998) 67 Cal.App.4th 437, 448.  Plaintiff argues that the

                              -3-

1  lodestar method is proper under the act whereas Defendant argues

2  that the act has its own statutorily prescribed method of

3  calculating fees because the act states "the buyer shall be

4  allowed by the court to attorney's fees based on actual time

5  expended." Civ. Code § 1794(d).

6  Nonetheless, the lodestar adjustment method, including use of

7  fee multipliers, is applicable to attorney fee awards under the

8  Song-Beverly Act.  Robertson v. Fleetwood Travel Trailers of

9  California, Inc. (2006) 144 Cal App 4th 785, rehearing denied

10  (2006) 2006 Cal. App. LEXIS 1967, review denied (2007) 2007 Cal.

11  LEXIS 1443.  Under this approach, a base amount is calculated

12  from a compilation of time reasonably spent and reasonable

13  hourly compensation of each attorney.  Serrano v. Priest  (1977)

14  20 Cal.3d 25, 48; Serrano v. Unruh (1982) 32 Cal.3d 621, 639.

15       The factors that are considered when deciding on whether to

16  enhance the attorney's fees are:

17            the novelty and difficulty of the questions involved;
             the skill displayed in presenting them;
18            the extent to which the nature of the litigation
             precluded other employment by the attorneys; and
19            the contingent nature of the fee award (except as
             mitigated by the client's agreement to pay some
20            portion of the fee regardless of the outcome). Priest,
             20 Cal.3d at 49.
21

22       Here, Plaintiff originally alleged that 150.1 hours were

23  expended on this action.  Plaintiff alleges that billable hourly

24  rates of $290, $315, and $440.  Additionally, Plaintiffs argue

25  that 6.5 hours were spent researching and drafting the

-4-

1   supplemental briefing to this motion and that 6 hours will be

2   spent attending the hearing.  Therefore, Plaintiffs argue that

3   the loadstar should be increased by 12.5 hours to 170.6.

4   Further, Plaintiff argues that a multiplier of 1.5 is reasonable

5   to compensate for the risk of taking the case on a contingency

6   basis.

7        First, Defendant argues that counsel's billing statements

8   are too vague to support the award of fees requested.  However,

9   the bills submitted in support of the motion clearly designate

10  the task, and the amount of time devoted to that task.

11  Therefore, the Court finds that they are sufficient.

12       Next, Defendant argues that Plaintiff billed at attorney

13  rates for administrative tasks.  Further, Defendant argues that

14  Plaintiff recycled many standard "forms" yet billed as if they

15  were created anew for this case.  Also, Defendant argues that

16  Plaintiffs billed for many duplicative tasks.    Plaintiff

17  argues that the itemized fee bills submitted, verified by a

18  member of the bar, presumptively establish the time actually

19  expended.  Horsford v. Board of Trustees of California State

20  University (2005) 132 Cal. App. 4th 359, 396 ("verified time

21  statements of the attorneys, as officers of the court, are

22  entitled to credence in the absence of a clear indication the

23  records are erroneous").  Plaintiff, however, reads more into

24  this ruling than is required.  The Horsford court, in making

25  this determination, was responding to the trial court's general

--8--

1   attitude of skepticism toward the fee bills submitted by counsel
2   in that case.  Rather, that Court found that "[t]he trial court
3   abused its discretion in rejecting wholesale counsels' verified
4   time records." Id.  Such is not the case here.  Rather, for
5   the reasons discussed below, the Court finds that Defendant has
6   sufficiently demonstrated that the attorney hourly rates are
7   unreasonable and that some of the time expended was not
8   reasonably spent.

9        Plaintiff argues that when the prevailing party has
10  presented an itemized fee bill, that the burden shifts to the
11  opposing party to make specific objections to particular time
12  entries.  However, all the authority referenced in support of
13  this position hails from the Federal courts and Federal case law
14  is not binding on California courts.  Alameida v. State
15  Personnel Bd. (2004) 120 Cal. App. 4th 46, 61.  Further,
16  Plaintiff has failed to lodge the non-California authority with
17  the Court as required by CRC Rule 3.1113(i).

18       In this case, Defendant has sufficiently demonstrated that
19  some of the tasks billed were not reasonably spent in the
20  instant litigation.  Defendant has produced discovery requests
21  and documents used in other cases, which are nearly identical to
22  those drafted in this case.  Further, Defense counsel has
23  pointed out several instances of duplicative billing.

24       For the foregoing reasons, the Court finds that the
25  billable hours expanded should be reduced to 125 hours.  The

1  case was not complicated and the parties conducted limited
2  discovery.  Further, the Court finds that the billable hourly
3  rates charged by Plaintiff's counsel are not reasonable and
4  inconsistent with the rates commonly charged by others in the
5  same field with similar experience and qualifications.  At its
6  core, this is a simple case.  Therefore, a proportionate
7  reduction yields total attorney's fees of:  $29,204.15.

$$125/170.6 \times 160.6 \times \$165.00 = \$19,416.02$$
$$125/170.6 \times 9.4 \times \$200.00 = \$1,377.49$$
$$\underline{125/170.6 \times 0.6 \times \$250.00 = \$109.90}$$

Total =  $20,903.41

12      Plaintiff's counsel urges that a multiplier should be
13  applied to compensate them for taking the case on a contingency
14  basis.  The case did not involve novel legal questions, and did
15  not appear to preclude counsel from working on other cases.
16  However, Plaintiff argues that the Court must consider a
17  multiplier for the contingency risk alone.  <u>Greene v. Dillingham</u>
18  <u>Constr. N.A.</u> (2002) 101 Cal. App. 4th 418, 427 (finding that it
19  was error for the Court to fail to consider contingent risk as a
20  factor in the context of an FEHA claim).  Because counsel took
21  this case on a contingency basis and could have received no
22  recovery, the Court will apply a multiplier of 1.5, which will
23  enhance the fees to $31,355.11.  The Court declines to use a
24  larger multiplier, due to the other factors considered.
25      Therefore, $31,355.11 in attorney fees is awarded.

-7-

B. Costs and Expenses

Plaintiffs seek costs and expenses of $2,385.  Defendant argues that many of the costs and expenses claimed by Plaintiffs are not allowed under CCP § 1033.5 and Civ. Code § 1794(d). However, Civ. Code § 1794(d) permits the prevailing buyer to recover both "costs" and "expenses."  The Legislature intended the word "expenses" to cover items not included in the detailed statutory definition of "costs."  Jensen v. BMW of North America, Inc. (1995) 35 Cal App 4th 112.  Therefore, the expenses recoverable under the Song-Beverly act are necessarily broader than the costs recoverable under CCP § 1033.5.

However, the Court will tax the costs of $77 claimed to file an opposition to a motion to compel because no fee is charged to file an opposition.  All other costs appear to be reasonably necessary to the prosecution of this action. Therefore, $2,308 in costs and expenses are awarded.

III.

CONCLUSION

Based upon the foregoing, the court orders that:

1) Plaintiff's Motion for Attorneys Fees, Costs, and Expenses is granted.

2) Defendant shall pay Plaintiff attorneys fees in the amount of $31,355.11 and costs and expenses in the amount of $2,308 for a total of $33,663.11.

3) Defendant's evidentiary objections are overruled.

-8-

1    4) Court sets an OSC re: dismissal for October 2, 2008,

2  8:45 a.m., Dept. 28.  Counsel for Plaintiff is ordered to appear

3  unless the request for dismissal is filed five court days before

4  the hearing.

5       MOVING PARTY TO GIVE NOTICE TO ALL PARTIES.

6       NON-COMPLIANCE WITH ANY ORDER HEREIN SHALL EXPOSE THE NON-

7  COMPLIANT PARTY AND/OR COUNSEL TO ANY AND ALL SANCTIONS

8  AUTHORIZED BY LAW.

9       IT IS SO ORDERED.

10  DATED:    August 20, 2008

11

12                                      YVETTE M. PALAZUELOS
                                        JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

-9-

# EXHIBIT RRR



# UNITED STATES CONSUMER LAW

# ATTORNEY FEE SURVEY REPORT

## 2017-2018



## Ronald L. Burdge, Esq.

# United States Consumer Law
# Attorney Fee Survey Report 2017-2018

Survey Conducted By
and
Survey Report Authored By

Ronald L. Burdge, Esq.
Burdge Law Office Co. L.A.
8250 Washington Village Drive
Dayton, OH 45458-1850
Voice: 937.432.9500
Fax: 937.432.9503

Email: Ron@BurdgeLaw.com



Attribution, No Derivs
CC-BY-ND

This copyright license allows for redistribution, commercial and non-commercial use, as long as all quoted and selected contents are passed along unchanged and with credit to the publication and author.

Copyright © 2019 by R.L.Burdge
September 10, 2019

This publication contains the results of proprietary research.

This publication was created to provide accurate and authoritative information concerning the subject matter covered. The publisher is not engaged in rendering legal or other professional advice and this publication is not a substitute for the advice of an attorney or expert. If you require legal or other expert advice, you should seek the services of a competent attorney or other professional.

# Acknowledgments

This work is dedicated to the private and public practice members of the Consumer Law bar and the Judicial officers who decide Consumer Law disputes and cases across the United States and its territories, all of whom tirelessly dedicate their careers to helping people find Justice every day in our legal system. Without their support and participation, the research for this publication would not have been possible.

I am grateful to the members of the National Association of Consumer Advocates and the National Association of Consumer Bankruptcy Attorneys and the many friends and supporters of the National Consumer Law Center, and to the Consumer Law bar who participated in the research that formed the foundation of this Survey Report. They are the men and women who make Justice work every day.

A special thanks is extended to Ira Rheingold, Richard Dubois, Willard Ogburn, Jon Sheldon, Charles Delbaum, Robert Hobbs, Edward Boltz, and many, many others for their constant encouragement of this project, advice and assistance since the survey began in 1999. The support, suggestions and comments from countless others over the years have contributed greatly to the result before you.

Finally, no words could adequately express my thanks to my wife, who guided, supported and encouraged me every day for the decades throughout this work. I could not do what I do, and I would accomplish nothing without her.

Ronald L. Burdge, Esq.
September 10, 2019


This Survey Report is available as a free pdf download
from this web site:
www.AttorneyFeeStudy.com


This Survey Report is also available as a free pdf download
from the web site accessed via any QR reader with this image:

Table of Contents

1. Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    Methods to Update Survey Results from 2017-2018 to Current Date . . . . . . . . . . 2
    Goals of Survey Report. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    What's New . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    Survey Report Sections Explained . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    Niche Areas in the Field of Consumer Law Defined . . . . . . . . . . . . . . . . . . . . . . . . 8
    Geographic Areas Defined . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    The Average and the Median: What it Means to You . . . . . . . . . . . . . . . . . . . . . . . 9
    Interpreting the Findings: Primary and Minor Variable Factors . . . . . . . . . . . . . 11
    Survey Techniques Explained . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
    Survey Design Methodology . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
    Data Gathering Methodology . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
    Data Analysis Methodology Explained. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
    Peer Review of Methodologies and Survey Analyses . . . . . . . . . . . . . . . . . . . . . . . 18
    Error Rate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
    Section 508 Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

2. Summary Profile of the Typical U.S. Consumer Law Attorney . . . . . . . . . . . . . . . . . . 21
    National Summary Profile Data . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
    Conclusions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31
    National Summary Profile Tables. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33
    Explanation of Tables. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33
    National Summary Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36
    National Median Rates for Practice Areas Table. . . . . . . . . . . . . . . . . . . . . . . . . . . 37
    National Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38
    National Specialty Variable Table. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39
    National Small Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40
    National Large Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

3. State Summary Tables . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42
    Billable Attorney and Paralegal Participation Data Count By State . . . . . . . . . . . 42
    Explanation of Tables. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45
    Alabama. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48
        Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49
    Alaska. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50
        Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51
    Arizona . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 52
        Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53
    Arkansas. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54
        Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55
        Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55
        Specialty Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 56
        Small Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 56

Large Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57
California . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 59
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 59
    Specialty Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60
    Small Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60
    Large Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61
Colorado . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 62
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63
    Specialty Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 64
    Small Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 64
    Large Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 65
Connecticut . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 66
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 67
Delaware . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 68
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 69
District of Columbia . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 70
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71
Florida . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 73
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 73
    Specialty Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74
    Small Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74
    Large Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 75
Georgia . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 76
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 77
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 77
    Specialty Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 78
    Small Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 78
    Large Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 79
Hawaii . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 80
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 81
Idaho . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 82
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 83
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 83
Illinois . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 84
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 85
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 85
    Specialty Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 86
    Small Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 86
    Large Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 87
Indiana . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 88
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 89
Iowa . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 90

Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 91
Kansas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 92
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 93
Kentucky . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 94
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 95
Louisiana . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 96
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 97
Maine . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 98
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 99
Maryland . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 100
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 101
Massachusetts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 102
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 103
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 103
    Specialty Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 104
    Small Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 104
    Large Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 105
Michigan. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 106
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 107
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 107
    Specialty Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 108
    Small Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 108
    Large Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 109
Minnesota . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 110
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 111
Mississippi . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 112
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 113
Missouri . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 114
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 115
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 115
    Specialty Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 116
    Small Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 116
    Large Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 117
Montana . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 118
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 119
Nebraska . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 120
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 121
Nevada . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 122
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 123
New Hampshire. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 124
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 125
New Jersey. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 126
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 127
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 127
    Specialty Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 128

Small Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 128
Large Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 129
New Mexico . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 130
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 131
New York . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 132
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 133
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 133
    Specialty Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 134
    Small Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 134
    Large Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 135
North Carolina . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 136
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 137
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 137
    Specialty Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 138
    Small Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 138
    Large Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 139
North Dakota . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 140
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 141
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 141
Ohio . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 142
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 143
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 143
    Specialty Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 144
    Small Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 144
    Large Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 145
Oklahoma . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 146
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 147
Oregon . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 148
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 149
Pennsylvania . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 150
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 151
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 151
    Specialty Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 152
    Small Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 152
    Large Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 153
Puerto Rico . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 154
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 155
Rhode Island . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 156
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 157
South Carolina . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 158
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 159
South Dakota . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 160
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 161
Tennessee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 162
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 163

iv

Texas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 164
   Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 165
   Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 165
   Specialty Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 166
   Small Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 166
   Large Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 167
Utah . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 168
   Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 169
Vermont . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 170
   Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 171
Virgin Islands U.S. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 172
   Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 173
Virginia . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 174
   Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 175
Washington . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 176
   Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 177
   Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 177
   Specialty Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 178
   Small Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 178
   Large Firm Size Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 179
West Virginia . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 180
   Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 181
Wisconsin . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 182
   Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 183
Wyoming . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 184
   Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 185


4. Metropolitan Area Tables . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 186
   Billable Attorney and Paralegal Data County By Metro Area . . . . . . . . . . . . . . . 186
   Explanation of Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 193
   Alabama, Birmingham - Hoover . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 196
      Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 196
      Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 196
   Alabama, Huntsville . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 198
      Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 198
      Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 199
   Alabama, Mobile . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 200
      Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 200
      Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 201
   Alabama, Montgomery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 202
      Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 202
      Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 203
   Alaska, Anchorage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 204
      Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 204
      Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 205

Alaska, Fairbanks . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 206
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 206
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 207
Alaska, Juneau. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 208
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 208
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 209
Arizona, Flagstaff . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 210
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 210
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 211
Arizona, Phoenix - Mesa - Scottsdale . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 212
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 212
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 213
Arizona, Tucson. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 214
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 214
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 215
Arizona, Yuma. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 216
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 216
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 217
Arkansas, Fayetteville - Springdale - Rogers . . . . . . . . . . . . . . . . . . . . . . . . . . 218
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 218
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 219
Arkansas, Little Rock - North Little Rock . . . . . . . . . . . . . . . . . . . . . . . . . . . . 220
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 220
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 221
Arkansas, Texarkana. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 222
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 222
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 223
California, Bakersfield . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 224
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 224
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 225
California, Fresno - Madera . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 226
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 226
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 227
California, Los Angeles - Long Beach - Anaheim . . . . . . . . . . . . . . . . . . . . . . . 228
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 228
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 229
California, Riverside - San Bernardino. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 230
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 230
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 231
California, Sacramento - Roseville . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 232
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 232
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 233
California, San Diego . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 234
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 234
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 235

vi

California, San Francisco . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 236
 Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 236
 Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 237
California, San Jose - Santa Clara . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 238
 Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 238
 Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 239
Colorado, Colorado Springs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 240
 Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 240
 Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 241
Colorado, Denver - Aurora . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 242
 Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 242
 Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 243
Colorado, Fort Collins - Loveland . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 244
 Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 244
 Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 245
Connecticut, Bridgeport - Stamford - Norwalk . . . . . . . . . . . . . . . . . . . . . . . . . . . 246
 Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 246
 Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 247
Connecticut, New Haven - Milford . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 248
 Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 248
 Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 249
Delaware, Dover . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 250
 Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 250
 Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 251
Delaware, Wilmington - New Castle - Newark . . . . . . . . . . . . . . . . . . . . . . . . . . . 252
 Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 252
 Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 253
Florida, Cape Coral - Fort Myers . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 254
 Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 254
 Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 255
Florida, Jacksonville . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 256
 Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 256
 Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 257
Florida, Miami - Fort Lauderdale . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 258
 Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 258
 Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 259
Florida, Tallahassee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 260
 Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 260
 Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 261
Florida, Tampa - St. Petersburg . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 262
 Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 262
 Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 263
Florida, Orlando . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 264
 Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 264
 Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 265

Georgia, Atlanta . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 266
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 266
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 267
Georgia, Augusta . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 268
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 268
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 269
Georgia, Macon . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 270
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 270
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 271
Georgia, Savannah . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 272
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 272
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 273
Hawaii, Honolulu . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 274
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 274
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 275
Idaho, Boise City . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 276
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 276
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 277
Idaho, Idaho Falls . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 278
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 278
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 279
Illinois, Chicago . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 280
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 280
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 281
Illinois, Rockford . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 282
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 282
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 283
Illinois, Springfield . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 284
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 284
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 285
Illinois, St Louis Metro East . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 286
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 286
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 287
Indiana, Fort Wayne . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 288
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 288
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 289
Indiana, Gary - Hammond . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 290
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 290
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 291
Indiana, Indianapolis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 292
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 292
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 293
Indiana, South Bend - Elkhart - Mishawaka . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 294
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 294
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 295

Indiana, Terre Haute . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 296
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 296
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 297
Iowa, Cedar Rapids . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 298
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 298
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 299
Iowa, Des Moines . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 300
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 300
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 301
Iowa, Dubuque . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 302
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 302
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 303
Kansas, Kansas City . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 304
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 304
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 305
Kansas, Wichita . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 306
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 306
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 307
Kentucky, Lexington . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 308
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 308
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 309
Kentucky, Louisville . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 310
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 310
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 311
Louisiana, Baton Rouge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 312
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 312
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 313
Louisiana, New Orleans . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 314
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 314
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 315
Louisiana, Shreveport . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 316
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 316
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 317
Maine, Bangor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 318
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 318
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 319
Maine, Portland . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 320
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 320
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 321
Maryland, Baltimore . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 322
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 322
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 323
Massachusetts, Boston - Cambridge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 324
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 324
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 325

Massachusetts, Springfield . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 326
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 326
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 327
Michigan, Detroit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 328
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 328
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 329
Michigan, Flint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 330
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 330
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 331
Michigan, Grand Rapids. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 332
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 332
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 333
Michigan, Kalamazoo - Portage. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 334
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 334
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 335
Michigan, Lansing. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 336
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 336
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 337
Michigan, Marquette . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 338
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 338
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 339
Minnesota, Duluth . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 340
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 340
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 341
Minnesota, Minneapolis - St Paul . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 342
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 342
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 343
Mississippi, Gulfport - Biloxi. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 344
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 344
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 345
Mississippi, Jackson . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 346
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 346
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 347
Missouri, Columbia. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 348
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 348
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 349
Missouri, Kansas City . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 350
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 350
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 351
Missouri, Springfield . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 352
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 352
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 353
Missouri, St Louis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 354
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 354
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 355

Montana, Billings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 356
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 356
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 357
Montana, Missoula . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 358
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 358
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 359
Nebraska, Lincoln . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 360
    Median Rates for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 360
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 361
Nebraska, Omaha . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 362
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 362
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 363
Nevada, Las Vegas. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 364
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 364
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 365
Nevada, Reno - Carson City . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 366
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 366
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 367
New Hampshire - Manchester . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 368
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 368
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 369
New Jersey, Newark . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 370
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 370
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 371
New Jersey, Trenton . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 372
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 372
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 373
New Mexico, Albuquerque - Santa Fe. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 374
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 374
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 375
New Mexico, Farmington. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 376
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 376
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 377
New Mexico, Las Cruces. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 378
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 378
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 379
New York, Albany - Schenectady. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 380
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 380
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 381
New York, Buffalo - Niagara Falls. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 382
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 382
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 383
New York, New York City. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 384
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 384
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 385

New York, Rochester . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 386
  Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 386
  Experience Variable Tab. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 387
New York, Syracuse . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 388
  Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 388
  Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 389
North Carolina, Asheville. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 390
  Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 390
  Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 391
North Carolina, Charlotte . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 392
  Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 392
  Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 393
North Carolina, Fayetteville. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 394
  Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 394
  Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 395
North Carolina, Greensboro . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 396
  Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 396
  Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 397
North Carolina, Raleigh . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 398
  Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 398
  Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 399
North Dakota, Bismarck. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 400
  Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 400
  Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 401
North Dakota, Fargo. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 402
  Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 402
  Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 403
North Dakota, Grand Forks . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 404
  Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 404
  Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 405
Ohio, Cincinnati . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 406
  Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 406
  Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 407
Ohio, Cleveland . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 408
  Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 408
  Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 409
Ohio, Columbus. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 410
  Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 410
  Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 411
Ohio, Toledo . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 412
  Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 412
  Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 413
Oklahoma, Oklahoma City. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 414
  Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 414
  Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 415

Oklahoma, Tulsa . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 416
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 416
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 417
Oregon, Eugene . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 418
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 418
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 419
Oregon, Portland . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 420
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 420
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 421
Pennsylvania, Erie . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 422
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 422
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 423
Pennsylvania, Harrisburg - Carlisle . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 424
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 424
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 425
Pennsylvania, Philadelphia . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 426
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 426
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 427
Pennsylvania, Pittsburgh . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 428
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 428
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 429
Pennsylvania, Scranton . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 430
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 430
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 431
Puerto Rico, San Juan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 432
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 432
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 433
Rhode Island, Providence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 434
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 434
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 435
South Carolina, Charleston . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 436
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 436
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 437
South Carolina, Columbia . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 438
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 438
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 439
South Carolina, Greenville - Spartanburg - Anderson . . . . . . . . . . . . . . . . . . . . 440
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 440
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 441
South Dakota, Rapid City . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 442
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 442
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 443
South Dakota, Sioux Falls . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 444
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 444
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 445

Tennessee, Chattanooga. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 446
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 446
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 447
Tennessee, Knoxville . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 448
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 448
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 449
Tennessee, Memphis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 450
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 450
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 451
Tennessee, Nashville. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 452
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 452
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 453
Texas, Amarillo . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 454
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 454
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 455
Texas, Austin . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 456
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 456
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 457
Texas, Dallas – Fort Worth . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 458
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 458
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 459
Texas, El Paso . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 460
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 460
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 461
Texas, Houston . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 462
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 462
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 463
Texas, San Antonio . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 464
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 464
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 465
Utah, Provo - Orem. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 466
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 466
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 467
Utah, Salt Lake City . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 468
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 468
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 469
Utah, St. George . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 470
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 470
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 471
Vermont, Burlington. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 472
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 472
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 473
Virginia, Alexandria - Arlington . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 474
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 474
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 475

xiv

Virginia, Charlottesville . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 476
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 476
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 477
Virginia, Richmond. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 478
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 478
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 479
Virginia, Norfolk – Virginia Beach . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 480
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 480
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 481
Washington, Richland - Kennewick - Pasco. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 482
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 482
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 482
Washington, Seattle - Tacoma. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 484
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 484
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 484
Washington, Spokane. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 486
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 486
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 487
Washington, Yakima. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 488
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 488
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 489
West Virginia, Charleston . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 490
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 490
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 490
West Virginia, Huntington. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 492
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 492
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 493
West Virginia, Morgantown. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 494
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 494
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 495
Wisconsin, Eau Claire. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 496
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 496
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 497
Wisconsin, Madison . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 498
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 498
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 499
Wisconsin, Milwaukee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 500
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 500
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 501
Wyoming, Casper . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 502
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 502
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 503
Wyoming, Cheyenne. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 504
    Median Rate for Practice Areas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 504
    Experience Variable Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 505

xv

5. Cases Employing Use of Prior Editions of this Survey Report ................... [506](#)
   Cases Listed by State or Other Jurisdiction............................... [510](#)

6. Cases on Use of Survey Data ............................................ [546](#)

7. About the Editor ...................................................... [548](#)

8. Recommendations for Future Survey Data................................. [549](#)

Appendix 1. 2017-2018 Survey Questions ..................................... [550](#)

Appendix 2. Geographic Area Definitions Used in Prior Survey Reports ........... [556](#)

Appendix 3.  Statement of Peer Review by The National Association of Legal Fee
   Analysis .......................................................... [557](#)

Appendix 4.  Table of Authorities ........................................... [559](#)

1. Introduction

This Survey Report publishes the results of the United States Consumer Law Attorney Fee Survey for 2017-2018. This Survey Report continues to be the only national survey of Consumer Law practitioners in the United States and is the only Consumer Law survey whose methodologies have been independently peer reviewed and is supported by the National Association of Legal Fee Analysis, a non-profit professional national association of attorney fee experts in the field of legal fee analysis.

The Survey is based on data provided by private practitioners and also data culled from all court cases reporting attorney fee decisions in the field of Consumer Law in Lexis and Westlaw and unreported state court decisions during 2017 and 2018.  These Consumer Law Survey Reports have been used in more than 40 jurisdictions, including state and federal courts, the U.S. Court of Federal Claims, the U.S. Department of Justice, the U.S. Department of Labor, and the American Arbitration Association to determine reasonable attorney fee rates.

Attorneys in every state and the U.S. Territories took part in the national survey and the results this year continue the trend of being the most comprehensive since our continuous research work began in 1999.

The survey participant data is based on a survey employing an online, email, and telephone survey of attorneys representing about 4,500 members of the National Association of Consumer Advocates and the National Association of Consumer Bankruptcy Attorneys and other known attorneys practicing in the field of Consumer Law as identified through Avvo.com, Lawyers.com, and court filings and fee decisions around the country. There were 1,592 participating attorneys in this survey with data reported for 2,078 paralegals, establishing a robust 35.37% participation rate. A recent internet search for similar state bar association surveys located 7 recent surveys with an average participation rate of 11.8%.[1]

---

[1]  A March 2019 Google  search of the term  "Economics of  Law Practice Survey," a common  title for many bar  association  surveys, resulted in survey  reports with participation  rates  that  could  be  compared  to  state attorney  totals as follows: Colorado (6.7%), Florida (of over 100,000 members, 3,284 were polled and 682 responses received; 20.7% of those polled, less than 1% of total membership), Kansas (9.3%), Michigan (30.3%: 20.9% of private practitioners and 9.4% of non-private practitioners), New Mexico (10.8%), Wisconsin (13.5%).

Methods to Update Survey Results from 2017-2018 to Current Date

Because the survey was conducted in 2017 and 2018, the hourly rates and other data reported represent 2017 and 2018 values. The reader may find some minor adjustment necessary or desirable for application outside of 2017 and 2018. Courts[2] have at times used percentage increases derived from the U.S. Census Consumer Price Index[3] to adjust rates to updated levels.

Goals of Survey Report

The primary goals of this research project have been and continue to be to:

- provide timely, relevant and accurate data benchmarks and information to inform and guide practical, management, and planning decisions by Consumer Law attorneys and firms, including private practitioners, non-private practitioners, the judiciary and government workers
- better understand the demographics of Consumer Law attorneys and their practice
- monitor and document general and key trends in the Consumer Law field of the legal profession, based on previous and present survey research and analysis
- understand how attorney compensation (e.g., hourly rate) is impacted by common variable factors (e.g., years in practice, niche area of practice, experience level, geographic location, and more)
- collect thorough and accurate information on the economic realities associated with the career field of Consumer Law to share with the bar and bench
- create a point of reference for future economic surveys of Consumer Law practitioners

---

[2] *Barnard v. Berryhill*, 2019 U.S. Dist. LEXIS 38671 (D.C. N.D. E. D. Ohio, Mar. 11, 2019); *United States Postal Serv. Fed. Credit Union v. Edwin*, 2018 U.S. Dist. LEXIS 31532, 2018 WL 1077291 (D. Virgin Islands, St. Croix Div., Feb. 27, 2018).

[3] *See* CPI Inflation Calculator, available at https://www.bls.gov/data/inflation_calculator.htm (Last visited Oct. 1, 2019).

What's New

A number of beneficial changes in format and content are introduced with this edition of the Survey Report. This section provides a central point where changes that appear in this new edition of the Survey Report are highlighted, explained and contrasted with the previous edition.

Foremost is the addition of survey data derived from hundreds of attorney fee decisions in and related to the field of Consumer Law which were issued by state and federal courts and administrative agencies in the United States and its Territories during 2017 and 2018. Sources for these fee decisions included Lexis, Westlaw, unreported case decisions, and private attorneys across the United States and it Territories. In each such fee decision, the court-awarded hourly rates were matched with the Court's geographical jurisdiction, each identified participating attorney's years in practice and firm size, their primary field of practice, the relevant Consumer Law niche area involved in the case, their law firm size, and other required survey data. Where the necessary survey data was not present in the court decision itself, internet research was undertaken to gather the missing relevant survey data points. In those few cases where necessary survey data points were still absent, individual attorneys were contacted to obtain the data points.

Thus, this edition of the Survey Report provides data that is based on reported data from participants and also actual fee decisions made by courts and agencies in the United States during 2017 and 2018. Such decision-based data was included in this Survey Report without regard to whether or not the decision forum relied on prior editions of this Survey Reports, e.g., all Consumer Law fee decisions in 2017 and 2018 were included in the resulting survey data upon which this Survey Report is based. The addition of these datapoints to the survey data allows the resulting Survey Report to achieve the highest level of accuracy in its results.

In the interests of transparency, a new table has been included at the beginning of the State and Metropolitan Area Tables, displaying the quantity of billable attorney and paralegal/legal assistant participation data counts for each section.

Another major change was the substantial increase in the quantity of metropolitan areas that are now individually reported in the Survey Report. The Survey Report now provides a data breakdown on 157 major metropolitan areas in the United

States, geographically covering 66.5% of the entire U.S. population.

The explanation of survey techniques, previously Section 5 of earlier Survey Reports, is now more centrally located in this Section 1, the Introduction.

The Summary Profile of the Typical U.S. Consumer Law Attorney, section 2, has been expanded to include comparison data fields contrasting current data results with results from the last Survey Report, for easy comparison of broad historical data points.

This Survey Report continues coverage of every state, the District of Columbia and the two most heavily populated U.S. Territories, Puerto Rico and the U.S. Virgin Islands. With the increased inclusion of a larger quantity of greater metropolitan areas, the Survey Report now includes coverage of one or more greater metropolitan areas in every state. Data for every non-metropolitan area in the United States is still reported.

Since this survey began in 1999, greater localized data reporting has continued to be preferred by the Bench and Bar.  To better serve the continued sharpening of this shift in focus, the Survey Report has evolved over time from its original twelve multi-state regions to individualized and localized data reporting for rural and urban areas. This change continues our effort to provide the reader with a quick and easy analysis of relevant data on an ever increasing and higher level of locality. It is expected that the resulting analyses will be of greater use to the reader, the profession, the Bench, and Bar.

Consumer Law is recognized as a specialized field of law by courts[4] as well as universities, law schools and the profession itself. As the field has continued to mature, niche specialty areas developed within the broader field of Consumer Law and have been recognized as such by the Courts. Subtle differences in practices and hourly rates can be found when these niche areas are examined that can provide a better understanding of these niche practices to practitioners and courts. Such data continues to be reported herein.

Specific factors are recognized to commonly have a larger impact on an hourly rate than other, less common factors. These factors can vary the hourly rate by their

---

[4] As said by the Ohio 9th District Court of Appeals,  "[c]onsumer law is a specialty area that is not common among many legal practitioners." *Crow v. Fred Martin Motor Co.*,  2003-Ohio-1293 (Summit, App. No. 21128).

application and continue to be called Variables in this Survey Report. Thus what might be termed as Years in Practice, in prior editions of this survey and elsewhere, is now termed more accurately as an Experience Variable. The experience level of an advocate is a primary variable in determining a reasonable hourly rate.

To more clearly identify the meaning of "Firm Size" in the Survey Report tables, the title has been changed to "Average Number of Attorneys in Firm."

To better understand the "years in practice" variable and its localized impact on a professional's hourly rate in larger greater metropolitan areas, a selected group of data-rich greater metropolitan areas in this Survey Report are now followed by an Experience Variable table that shows changing hourly rates over a practitioner's career. These Experience Variable tables take the years in practice of legal practitioners and breaks it down into brackets, generally in five year increments and capped by the elder bracket of 41+ years in practice. The average attorney hourly rate for each bracket is then provided.

Previously the ten states with the largest survey participation provided detailed data that allowed those state Survey Reports to include additional data tables, including a Specialty Variable table, Small Firm Size Variable table, and Large Firm Size Variable table. The substantial increase in survey participation and the addition of datapoints from court fee award data has allowed detailed, in-depth analysis to now be reported on 16 states, Arkansas, California, Colorado, Florida, Georgia, Illinois, Massachusetts Michigan, Missouri, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Texas, Washington.

The Specialty Variable table focuses on the percentage of practice time that is consumed by the practitioner on Consumer Law matters in brackets of ten percentage points from 50% to 100%. The average attorney hourly rate for each bracket is then provided.

The Small Firm Size Variable table and the Large Firm Size Variable table each take the Experience Variable tables and separate them by law firm size, as measured by the average number of attorneys in the firm, and then report the average attorney hourly rates for each years in practice bracket therein. This allows further contrast of data between large and small firm members by their levels of experience.

The Table of Authorities has been expanded with additional case citations that provides a convenient alphabetical listing of cases and authorities cited in this Survey

Report, updated to September 10, 2019.

## Survey Report Sections Explained

After this introductory section, the results of this Survey Report are reported first from a national viewpoint and then in two major localized data sections. At the beginning of each Section is an explanatory table of the Section's structure and content.

Section 2 of this Survey Report contains the Summary Profile of the Typical U.S. Consumer Law Attorney, a collective approach to the entire survey results which yields a general picture of key aspects of the typical U.S. Consumer Law practitioner in the United States and its territories. It is based on the survey results as a whole and may serve as a benchmark for both larger and local comparisons by the reader.

Section 3 begins the State Summary Tables analyses for each state in the United States, the District of Columbia, Puerto Rico and the U.S. Virgin Islands and includes a table of the Median Rate for the niche Practice Areas, reporting the 25% Median, the Median, and the 95% Median hourly rate brackets. This section provides the Survey's analytical approach to each state or area's survey results, which yields a more detailed summary picture of key aspects of the typical U.S. Consumer Law practitioner in each survey state or area.

Section 4 contains data for the greater metropolitan area tables for 157 greater metropolitan areas (GMA) in the United States. These GMA selections are based chiefly on the basis of their larger population count. For each GMA, this section contains a similar averages and median summary table as was included in Section 3 and also adds a Median Rate table for the niche Practice Areas and an Experience Variable Table (i.e., years in practice) to each greater metropolitan area analysis. This approach allows for a highly localized data reporting. Although the greater metropolitan area Median Rate for the niche Practice Areas tables only lists the Median point and not the 25% and 95% Median points that are listed in the state Median Rate for Practice Areas tables, there is a simple and statistically reliable way to calculate those greater metropolitan points if the reader desires to do so in a specific situation.

Since the Median Rate for Practice Areas provided in Section 3 give the 25% and 95% Median points and the table in Section 4 does not do so, the greater metropolitan area 25% and 95% points can be calculated based on the percentage difference away

from the Median point. For example, in the state Median Rate for Practice Areas table for Alabama, the Credit Rights fields for 25%, Median, and 95% list hourly rates of $263, $350, and $625 respectively. In the Birmingham, Alabama greater metropolitan Mediate Rate for Practice Areas table, the Credit Rights field only lists the Median at an hourly rate of $350.  Referring to the greater metropolitan table field for Credit Rights shows the Median hourly rate to be $350. The state table field for the Median is $350. The greater metropolitan table field is 100% of the state table field number. Applying that percentage to the 25% and the 95% Median points will result in a close approximation of the Birmingham 25% and 95% Median points, e.g. $263 and $625 respectively.

Section 5 provides a brief discussion of cases employing the use of prior editions of this Survey Report along with a listing of citations to cases which have used or cited the Survey Report since its inception, both pro and con. Specific hourly rates in fee award decisions are included in recent cases, where available. Also included is a list of all known cases giving negative treatment of prior editions of the Survey Report with an editor's remark as to each that provides a better understanding of the difference between the prior edition of the Survey Report under consideration in that specific case and noting differences in the more recent and current Survey Report. It should be noted that the methodologies of these Survey Reports has evolved during the last twenty years to address any perceived deficiencies noted by the Bench and Bar and commentators.

Section 6 discusses various cases that have dealt with the actual use of survey data in court proceedings such as fee hearings, with citations.

Section 7 provides biographical information about the Survey Report Editor.

Section 8 provides contact information for the reader's recommendations for future survey data gathering or other suggestion.

The Appendices contain supporting material to enable the reader to better understand the survey and this Survey Report, including the actual survey questions and possible answers for each, a peer review statement, and more.

To easily locate any specific case cited in this Survey Report, consult the Table of Authorities in Appendix 4.

Niche Areas in the Field of Consumer Law Defined

Consumer Law is recognized as a specialized area of law dealing with issues arising from transactions involving one or more persons acting as individuals or as a family. As a field of law, however, Consumer Law can be further reduced to finite and separate niche areas, typically rooted in the protection afforded by different types of consumer rights that are most often based on specific state and federal statutes. These include, for example, the United States Bankruptcy Code, the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, the Equal Credit Opportunity Act, the Truth in Lending Act, the Uniform Consumer Sales Practices Act (in the form of its state adaptations that are commonly called Unfair and Deceptive Acts and Practices, i.e., UDAP laws, Landlord-Tenant Statutes, the Mortgage Action and Forbearance Act, Credit Discrimination, the Magnuson Moss Warranty Act, state Lemon and Warranty laws, State and Federal Odometer Tampering laws, laws dealing with telemarketing, "junk" faxes, prepaid entertainment programs, and more. These numerous statutes can be grouped by the type of rights they each seek to preserve and protect for the purpose of this survey, because of the similarities involved in asserting such rights.

While Consumer Law is a field of law, for a closer analysis of the niche areas within Consumer Law, the following categorization has been made for purposes of this Survey Report and the Median Rate for Practice Areas tables:

1. Consumer Bankruptcy
2. Consumer Protection Class Action (based upon one of the other niche areas)
3. Credit Rights (FCRA, FDCPA, ECOA, TILA, Credit Discrimination, Credit Reporting, Debt Defense, etc)
4. Mortgage (Foreclosure Defense, RESPA, HOLA, Housing Rights, Landlord-Tenant, other real estate rights enforcement laws, etc.)
5. Vehicle Litigation (Autofraud, Lemon Law, Warranty Law, Vehicle-related UDAP claims, Repossession Law, etc.)
6. TCPA (the Telephone Consumer Protection Act)
7. Other (Common Law Fraud, unfair and deceptive acts, etc.)

Geographic Areas Defined

Survey participant data and Consumer Law case decisions on attorney fees has

been analyzed and compiled for this Survey Report for all 50 states and the geographic areas of the District of Columbia, Puerto Rico and the U.S. Virgin Islands and 157 greater metropolitan areas.

This national Survey Report also takes a localized view of the survey data by its inclusion of specific survey questions that differentiate population size and geographic areas of practice, which allows for data analysis of one or more greater metropolitan areas in every state. This enables a more detailed, specific and slightly different analysis of the survey data for the reader's review, application and analysis.

Generally, a greater metropolitan statistical area contains a core urban area of 50,000 or more population and includes the adjacent counties or municipalities that have a high degree of social and economic integration, as measured by commuting to work, with the urban core. However, a greater metropolitan area in this Survey Report is not defined the same as in the U.S. Census. The key difference is that in the Census definition of a metropolitan statistical area (MSA), the MSA may cross state or other governmental borders. In this Survey Report, data responses were confined to state or territorial political boundaries. For example, in this Survey Report the Chicago greater metropolitan area does not include the northwest Indiana area where Gary, Hammond and other Indiana cities are located which are socio-economically connected to Chicago, Illinois.

To provide even more detailed data, this survey obtained from each survey participant and case decision the specific niche area(s) of Consumer Law in which the participant or case attorney practiced. Thus, the differences in practicing in one niche area of Consumer Law can be compared with any of the other niche areas.

The responsive data enables an even more narrow and localized analysis to be generated and which provides median-based hourly rate numbers for these niche areas of Consumer Law within the wider field of Consumer Law itself, with a greater focus on geographic locality.

<br>

The Average and the Median: What it Means to You

To assure an adequate understanding, interpretation and application of the data in this Survey Report, a brief explanation of common data terminology in this Survey Report may be useful.

The tables in this Survey Report use some terms whose meaning, while understood by statisticians, may not be clear to all readers. This Survey Report presents the compiled data in measures of central tendency (mean and median) and dispersion or spread (percentiles). These data points can also be combined to more precisely derive results that may be applicable in circumstances requiring more specific calculations because of the characteristics of a given situation where data is sought by the reader.

The mean (sometimes called the arithmetic average) is calculated by adding the values of all responses, then dividing by the number of responses.

For example, five responses are reported, 3, 4, 6, 8 and 12. The average is calculated by adding their values (3 + 4 + 6 + 8 + 12 = 33), then dividing by the number of responses (5). Thus, the average is 33 / 5 = 6.6.

The median has a different meaning. It is the middle value of a series of values, which is initially rank-ordered from low to high. By definition, half the numbers are greater and half are less than the median. Both mean and median values are used throughout this Survey Report to denote the measure of central tendency, e.g., as a pointer for the central area of survey results without regard to the average.

Statisticians variously agree that using the median as a statistic reduces the effect of extreme outlier numbers (extremely high or low values, such as 12 in the above example) while the average does not do so because it takes all numbers into account.

As an example of how using a median affects the above numbers, the same five responses are reported, 3, 4, 6, 8 and 12. The median is the middle number of the order of distribution, 6. Note, however, that the average of this same distribution of numbers is 6.6. Depending on the set of numbers under analysis, the mean (i.e., the average) may be incrementally higher or lower than the actual median of that set of numbers.

The median literally is the value in the middle. It represents the mid way point in a sequence of numbers. It is determined by lining up the values in the set of data (for example, in this fee survey that would be all of the individual fee rate responses logged in the survey) from the smallest to the largest. The one in the dead-center position is the median number.

The median is not the average of the numbers because you don't add anything in the list, but you merely determine the center of the list. Some statisticians say that using

the mean (instead of the average) gives less weight to the individual numbers that are on the outer limits of the survey responses and thus it is more likely to direct the survey to the real center of the responses.

The median result of a set of numbers may be higher or lower than the average of that same set of numbers. Because the median number is commonly not the same as the average number, being either slightly above or below it, we are including both the average and the median results for key data points in the survey.

The dispersion of data around the median, which is at the 50th percentile point, is reported in three increments in several places throughout the Survey Report:

♦     25th percentile (what statisticians call the lower quartile); one-fourth of the number values are less and three-fourth of the values are more than this value

♦     75th percentile (the upper quartile); three-fourths of the number values are less and one-fourth are more than this value

♦     95th percentile; ninety-five percent of the number values are less and only five percent are more than this value.

Interpreting the Findings: Primary and Minor Variable Factors

An hourly attorney fee rate may commonly be impacted by a combination of several factors each applied when applicable and potentially varying degrees. The four primary factors are years in practice, firm size, practice location, and degree of practice concentration. These four variables are widely known to have a significant impact on an hourly rate and in this survey are identified as the primary variables. This Survey Report provides data on all these variable factors.

Another often widely variable factor that is sometimes considered in determining a reasonable hourly rate is reputation, although it is highly individualistic. Characteristics that may contribute to the individual attorney's reputation would include trial experience, continuing legal education presentations in or related to an attorney's primary practice field, related articles and book publications, and publicly available professional rating services such as Martindale-Hubbell and Avvo. Individual

analysis of these characteristics can be undertaken where and when and to the degree deemed appropriate.

Depending on the specific situation, there are other variable factors that historically are often of less impact than the primary variables, such as advertising, personal client relationships, and other more remote factors.  These minor variables may apply in often unique instances but almost always to a lesser variable degree than the primary variables. Most often these minor variables are highly individualistic to the practitioner at hand and can be examined where and when and to the degree deemed appropriate.

Thus, the information presented here on the factors that are primary variables will be indicative of a particular attorney's reasonable hourly rate but there may be times when a further, more detailed analysis of minor variable factors may be useful to further refine and modify the result of the primary variable factors to a specific situation. Such a detailed analysis requires an individualistic inquiry and even then the potential impact of such these additional variables may be limited and doubtful.

A Summary Profile of the Typical U.S. Consumer Law Attorney is presented at the outset of this Survey Report in Section 2, in order to provide a summary profile of the average U.S. Consumer Law attorney and their practice. It may be viewed as the average of all survey responses nationwide. Charts appear here which are employed in the state and greater metropolitan sections, enabling a local versus national comparison of data.

The Experience Variable Tables present an analysis of the impact that the years of experience in practice has on hourly rates. Each greater metropolitan area has its own table of survey results with the levels of experience, e.g., years in practice, being divided into 11 time frames with less than one year and more than 41 years bracketing the outer limits at each end.

One might think that longevity of practice would dictate an increasingly higher hourly rate and these tables report survey results that test that assumption and, in some cases, variations are observed.  For instance, since the beginning of this survey work twenty years ago, a bell shaped curve and other seemingly odd variations have historically been observed among senior levels of years in practice. Economic and social trends outside of this survey may further test the assumption of a relationship between increasing years in practice and an increasing hourly rate,  but these are not considered

in this survey.

The State and Metropolitan Summary Tables in Sections 3 and 4 are presented to give an overview of the practice of Consumer Law lawyers for each listed state, area or greater metropolitan area. Note the use of both average and median results in these sections, with the median used to reduce the effect of extremely high or low values in some data. These tables also show the difference in survey results when comparing the average hourly rates and the median hourly rates, a factor considered by some statisticians to arrive at what they may consider to be more neutral or accurate survey results.

Survey Techniques Explained

Surveys are widely considered to be important tools in any evaluation process. There are fundamentally two types of surveys: open ended questioning and closed ended questioning.

Open ended questions allow the responder to respond in any manner at all with no definite or limited answer. Close ended questions provide a limited number of possible answers from which a response can be chosen by the responder. Because open ended questions allow for an unlimited response, they can lead to a subjective analysis and the results are almost always more difficult to interpret and quantify for analysis.

Close ended questions, however, lend their responses to an easy and objective statistical analysis. This survey employed only close ended questions.

There are five types of close ended questions.

A Likert-scale question allows for responses on a scale and allows a responder to state their feelings about an issue, such as strongly agree to strongly disagree. Multiple choice questions allow the responder to select from a finite number of responses. Ordinal questions ask the responder to rate things in relation to each other, such as selecting the most important to the least important responses about an issue. Categorical questions first place the responder in a category and then poses questions based on those categories, such as preceding questions with the initial inquiry of whether the responder is male or female. Numerical questions are used when the answer must be a real number.

Different types of questions are used in survey work so that different types of result analyses may be conducted, but the most common survey techniques are the numerical and the multiple choice question because of the ease with which conclusions may be derived from the raw data.

In general, this survey used numerical and multiple choice questions. This allows for precise responses that can readily be cataloged and statistically interpreted. Categorical questions also exist within the survey that allowed for more information to be obtained from practitioners of consumer bankruptcy law, while allowing non-consumer bankruptcy practitioners to skip that focused section of the survey.

## Survey Design Methodology

In addition to considering the types of questions to be employed in a survey, the very design of the survey itself should be considered. This requires considering the placement, wording, sequencing, and other factors that can influence accurate data gathering.

In designing the United States Consumer Law Attorney Fee Survey, the author considered all procedure, question and design factors enumerated and discussed in three primary sources: *Evaluating Survey Questions: An Inventory of Methods* prepared by the Subcommittee on Questionnaire Evaluation Methods of the Statistical and Science Policy Office in the U.S. Office of Management and Budget (January 2016), and *Evaluating Survey Questions* by Doctor Chase H. Harrison of Harvard University's Program on Survey Research, and *Methods for Testing and Evaluating Survey Questions* by Stanley Presser et al, as published in Public Opinion Quarterly Vol. 68, Issue 1 (March 2004).

## Data Gathering Methodology

Understanding the data gathering methodology for this survey may assist the reader to understand, interpret, and apply the results published in this Survey Report.

This Survey Report is based on the results from two primary sources of data: the survey that was fielded to advocates operating in the field of Consumer Law during 2017 and 2018 and a continual survey of all available court and administrative decisions on

attorney fees in consumer civil and administrative litigation during 2017 and 2018. It is expected that this blend of data practitioner reported rates and court actual rate decisions will achieve a high level of accuracy.

In each case, the answers to a select number of key data questions was obtained. In addition, specific consumer bankruptcy practice questions were added to provide a more detailed analysis of that niche area, because of unique aspects and issues in Bankruptcy Law. The analysis of that data appears in a separate Survey Report.

The fielded survey was administered via email, ordinary mail, facsimile and telephonic data gathering and invitations to an internet-based online questionnaire. The survey was closed when data compilation began in early 2019.

In compiling this Survey Report, a valuable contribution was made by members of the National Association of Consumer Advocates and the National Association of Consumer Bankruptcy Attorneys, and Consumer Law attorneys independently determined to exist across the United States and its territories, who were invited to participate during 2017 and 2018.

The entire active membership of the National Association of Consumer Advocates and the National Association of Consumer Bankruptcy Attorneys, along with other known Consumer Law practitioners from around the United States and its territories were asked to participate in the survey.

Invitations to participate were also randomly sent to Consumer Law attorneys discovered through internet search engine results conducted on a national level, including specific lawyer and professional listing web sites such as Avvo.com, Lawyers.com and LinkedIn.com, as well as randomly selected physical telephone book specialty listings. Invitations to participate were also randomly sent to attorneys identified through court filings in various jurisdictions and bar association directories.

As noted above, this survey included a systematic, comprehensive survey of court and administrative agency cases involving disputed attorney fee issues in consumer civil and administrative agency litigation. The resulting fee decisions which are included in the survey database came from every state, the District of Columbia, Puerto Rico, and the U.S. Virgin Islands.

To accomplish this case survey, case alerts were created and established in Lexis

and Westlaw so that the Survey Editor would receive alerts to every consumer dispute decision involving attorney fees. With each such alert, the case decision was read, the fee-prevailing attorneys identified and researched. In some cases the attorneys were invited to participate in the survey or directly asked survey questions, but in many cases the research results revealed the survey's required responses for each such attorney and were entered individually into the survey database. As a result, this Survey Report presents the results of both attorney participants and actual decisions made by courts and administrative agencies that occurred during 2017 and 2018.

As with prior surveys, an on-line survey service was utilized to gather and tabulate the results with safeguards in place to limit data input to one participant per survey. Additional direct email and telephone survey input was also utilized. As the data was analyzed, all substantial outlier data points were each investigated for authenticity, and disregarded where authenticity was not established.

Our similar studies have been undertaken continually since 1999. The objective of these studies has been to determine and report upon the demographics of Consumer Law practitioners, including attorney hourly billing rate, firm size, years in practice, concentration of practice, areas of primary and secondary practice, paralegal billing rates and other data of use to the profession.

The collected information has been condensed into this national reference to provide useful data and benchmarks to inform the public, bar, and bench, to assist attorneys who handle consumer disputes as they manage their practice, and provide useful aid to judicial officers as they seek to determine applicable reasonable hourly rates in the cases and disputes before them.

The data is reported in a variety of focus tables below, allowing the reader to consider the data from several viewpoints of selected factors or criteria. Nevertheless there may be situations where a practitioner desires a data analysis and report specific to their practice or situation. If a more detailed analysis of data for any geographic or practice-specific situation is necessary, it can be performed upon request directed to the editor of this work.

Data Analysis Methodology Explained

The data analysis relies on descriptive statistics, including averages, medians, and percentiles. The average, also known as the mean, is calculated by adding all of the

respondents' numerical answers for a particular item and dividing by the total number of respondents. The median, also known as the midpoint, is the point at which half of the responses are above and half are below that number.

The percentiles, e.g., 25th, 75th, and 95th, represent the point in the range of responses at which 25%, 75%, 95% of the respective responses occur for a specific question. For example, the 95th percentile hourly rate amount is the hourly rate amount at which 95% of the reported hourly rate amounts were below and 5% of the hourly rate amounts were above the number quoted.

Items may not sum up to 100% due to rounding in some cases. A data result is indicated as a dash mark (e.g., " - ") in this Survey Report if no data or if insufficient data was reported.

Data is presented for all of the United States and the geopolitical areas of the District of Columbia, Puerto Rico and the U.S. Virgin Islands. Some survey data quantities allowed for greater and closer analysis than other geographic areas because not all reported at high levels of data responses. In almost all table fields, survey participation yielded sufficient data for reliable analysis without any necessary use of inferential analysis. In the State Summary Tables, the minimum state participation level was 10 survey data points or participants for analyses to be performed. In the Metropolitan Summary Tables, the minimum greater metropolitan participation level was also 10 survey data points or participants for analyses to be performed. In a Median Rate for Practice Areas table, if one field had no resulting data then the remaining six other practice area fields in that table would be considered and the median result entered in the field that had insufficient participation.

This was a r0bust survey, e.g., there are more than 4,153 fields of data calculation in this Survey Report but only six data fields lacked sufficient data input when the survey was closed, which represents 0.0014447387 of all data presented. The results for these 6 data fields were marked with a dash, indicating deficient data level to make a reliable computation. In any other inatance, the result would be imputed using a variation of the scientifically accepted standard Maximum Likelihood Estimation (MLE) method statistical approach, which estimates the parameters of a statistical model given observations by finding the parameter values that maximize the likelihood of making the observations given the parameters. This approach assumes a uniform prior distribution of the parameters, which was verified to exist by examination of the presented data in this survey. The common variation of MLE employed here used multiple but related

fields as sources of data for imputation, invoking multiple fields of related known data to arrive at imputed data for the 11 missing fields. Data fields used for imputation purposes were limited to geographically contiguous data fields because of the established multi-state regional data relationships observed over our 20 years of previous survey data analyses. Simply put, data movement has always been more relational within a geographical area than when contrasted between geographical areas.

In performing calculations of state data for any field in any table, several rules applied for the imputation of missing or insufficient data.

First, if the current survey state data was insufficient then using the prior survey result the editor looked first for a field with data in the prior survey that was contiguous to the data deficient field in the current survey. Next, the editor determined the percentage change from one data field to the next data field in the prior survey and then applied that percentage change to the current survey to calculate the percentage change that would occur from the same known contiguous field to the data deficient field in the current survey. Finally, if there was none then the editor would use the average of all contiguous states' data in the deficient field to determine the entry for the insufficient data field.

In the greater metropolitan area Median Rate for Practice Areas table, if any data field was insufficient then the state data for that field is used. In performing calculations for the greater metropolitan Experience Variable Table, if greater metropolitan data was insufficient then the current survey uses the state data result for that field where data is insufficient. In performing the greater metropolitan area calculations for any field, if greater metropolitan area data is insufficient then the current survey uses the state data result for that field.

Peer Review of Methodologies and Survey Analyses

The National Association of Legal Fee Analysis (NALFA) has reviewed this edition of the United States Consumer Law Attorney Fee Survey Report prior to publication and has announced its support of the methodology used in the data collection and analyses performed. See Appendix 3.

NALFA is a 501(c)(6) non-profit professional association for the legal fee analysis field, providing services on attorney fee and legal billing matters. Courts and clients turn

to NALFA for expertise when attorney fees and expenses are at issue in large complex cases. NALFA members include fully qualified attorney fee experts, special fee masters, bankruptcy fee examiners, fee dispute mediators and legal bill auditors and NALFA members follow Best Practices in legal fee analysis. For more information, visit www.thenalfa.org.

## Error Rate

Before this publication, a hand selected review was conducted of selected data received during this survey and compared with the data reported in the previous survey. The results indicate an error rate of less than one percentage point at the 95% confidence level in the present Survey Report, a number substantially lower than the published error rate of similar types of surveys.

## Section 508 Compliance

The United States Consumer Law Attorney Fee Survey is the only survey of its type that is Section 508 Certified. This means that the survey program on which this survey runs meets all current U.S. Federal Section 508 certification guidelines.

Section 508 is a Federal law that outlines the requirements to make online information and services accessible to users with disabilities. All Federal agencies are required to use 508 certified software and technologies when available.

The Voluntary Product Accessibility Template (VPAT) was used in the design of the survey. VPAT's purpose is to assist Federal contracting officials and others in making preliminary assessments regarding the availability of commercial "Electronic and Information Technology" products and services with features that support accessibility. The VPAT was developed by the Information Technology Industry Council (ITI) in partnership with the U.S. General Services Administration (GSA).

Use of the VPAT means that this survey is built on programming that includes a text element for every non-text element of the survey web page, web pages are designed so that all information displayed with color is also available without color, all parts of the survey are readable without having to open another window, and other techniques to enable disabled persons to fully participate in every aspect of the Fee Survey.

The editor deems it important that the survey reach the broadest range of potential respondents possible in order to provide the reader with the most accurate results. By including survey feedback from the disabled demographic, the survey ensures a more representative population is able to participate so that all demographics may be included in the survey results.

California

| | This Survey |
|---|---|
| Average Number of Attorneys in Firm | 2.73 |
| Median Years in Practice | 158.0 |
| Average Concentration of Practice in Consumer Law | 72.1 |
| Primary Practice Area | Consumer Law |
| Secondary Practice Area | Bankruptcy |
| Average Number of Paralegals in Firm | 1.21 |
| Last Time Attorney Rate Changed (Average in Months) | 16.92 |
| Average Billable Paralegal Rate | 143 |
| Average Attorney Rate for All Attorneys | 450 |
| 25% Median Attorney Rate for All Attorneys | 350 |
| Median Attorney Rate for All Attorneys | 430 |
| 75% Median Attorney Rate for All Attorneys | 513 |
| 95% Median Attorney Rate for All Attorneys | 663 |
| Median Metropolitan Attorney Rate | 440 |
| Median Non-Metropolitan Attorney Rate | 450 |
| Median Attorney Rate in Northern Area of State | 450 |
| Median Attorney Rate in Southern Area of State | 425 |
| Median Attorney Rate in Eastern Area of State | 413 |
| Median Attorney Rate in Western Area of State | 475 |
| Median Attorney Rate in Central Area of State | 425 |

Median Rates for Practice Areas

|  | 25% Median | Median | 95% Median |
|---|---|---|---|
| Attorneys Handling Bankruptcy Cases | 338 | 413 | 631 |
| Attorneys Handling Class Action Cases | 350 | 488 | 700 |
| Attorneys Handling Credit Rights Cases | 325 | 412 | 663 |
| Attorneys Handling Mortgage Cases | 313 | 412 | 624 |
| Attorneys Handling Vehicle Cases | 338 | 450 | 663 |
| Attorneys Handling TCPA Cases | 350 | 425 | 725 |
| Attorneys Handling Other Cases | 263 | 350 | 600 |

Experience Variable Table

| Years Practicing Consumer Law | Average Attorney Hourly Rate |
|---|---|
| <1 | 225 |
| 1-3 | 286 |
| 3-5 | 291 |
| 6-10 | 307 |
| 11-15 | 406 |
| 16-20 | 422 |
| 21-25 | 507 |
| 26-30 | 514 |
| 31-35 | 505 |
| 36-40 | 370 |
| 41-44 | 400 |
| 45+ | 531 |

Specialty Variable Table

| Percentage of Consumer Law Practice | Average Attorney Hourly Rate |
|---|---|
| 100 | 472 |
| 90 | 476 |
| 80 | 471 |
| 70 | 335 |
| 60 | 389 |
| 50 | 392 |

Small Firm Size Variable Table

| Years in Practice | Average Attorney Hourly Rate |
|---|---|
| <1 | 300 |
| 1-3 | 309 |
| 3-5 | 283 |
| 6-10 | 403 |
| 11-15 | 417 |
| 16-20 | 491 |
| 21-25 | 517 |
| 26-30 | 533 |
| 31-35 | 460 |
| 36-40 | 529 |
| 41-44 | 300 |
| 45+ | 531 |

Large Firm Size Variable Table

| Years in Practice | Average Attorney Hourly Rate |
| --- | --- |
| <1 | 200 |
| 1-3 | 250 |
| 3-5 | 310 |
| 6-10 | 416 |
| 11-15 | 430 |
| 16-20 | 572 |
| 21-25 | 483 |
| 26-30 | 425 |
| 31-35 | 688 |
| 36-40 | 397 |
| 41-44 | 600 |
| 45+ | 691 |

Cases Listed by State or Other Jurisdiction

A more comprehensive listing of cases using the *U.S. Consumer Law Attorney Fee Survey Report* when deciding attorney fee disputes in Consumer Law cases includes those on the following list.

**Alabama**

*Hicks v. City of Tuscaloosa*, 2016 U.S. Dist. LEXIS 174579, 2016 WL 7029827 (N.D. Alabama, May 24, 2016) (considering 2010-2011 Survey Report in Discrimination under Family and Medical Leave Act case, granting $154,192.50 in fees).

*Jordan v. City of Birmingham*, 2015 U.S. Dist. LEXIS 183532, 2015 WL 12830455 (N.D. Alabama, Jun. 22, 2015) (considering 2010 - 2011 Survey Report, in EEOC case, requested fees of $61,850 granted to Plaintiff as supported by Survey Report).

**Arizona**

*Savage v. NIC, Inc.*, 2010 U.S. Dist. LEXIS 60311, 2010 WL 2347028 (D. Ariz., Jun. 9, 2010) ([year not stated] Survey Report, in FDCPA, Credit Rights case, requested fees of $17,442 granted).

*Shelago v. Marshall & Ziolkowski Enterprise, LLC*, 2009 U.S. Dist. LEXIS 38940, 2009 WL 1097534 (D. Ariz., 2009., Apr. 21, 2009) ([year not stated] Survey Report in FDCPA, Credit Rights case, $17,175 requested and granted).

**California**

*Warren v. Kia Motors America*, 2018 Cal. App. LEXIS 1144, 2018 WL 6520889 30 Cal.App.5th 24, 241 Cal.Rptr.3d 263 (C.A. 4th App Dist, Div. Two, Cal., Dec. 12, 2018) (2015-2016 Survey Report, in Lemon Law, Vehicle Litigation case, trial court's reduction of lodestar calculation making fees proportionate to damages was reversed).

*Medina v. South Coast Car Co.*, 15 Cal. App. 5th 671, 2017 Cal. App. LEXIS 820, 2017 WL 4247131 (C.A. 4th App Dist, Div. One, Cal., Sept 19, 2017) (2013-2014 Survey Report, in vehicle sales fraud case, $128,004 granted and upheld on appeal).

*Hollandsworth v. McDowell*, 2015 WL 12830177 (Cal. Super., May 20, 2015) (2007 Survey Report, in vehicle warranty breach case, $27,027 requested and granted).

**California, C.D.**

*Biggerstaff v. Saul*, 2019 WL 4138015 (C.D. Cal., July 5, 2019) (while quoting applicable hourly rates from Survey Report, court adopted "de facto hourly rate of

"$1,400 per hour for combined attorney and paralegal time") (2015-2016 Survey Report, in EAJA, Social Security case, $32,760 granted).

*Liu v. BMW of North America, LLC*, 2019 WL 4196061 (C.D., W.D., Cal. May 29, 2019) (2013-2014 Survey Report, in Vehicle Warranty Law case, $140,567 granted) ($475 @ 12 Years; $500 @ 43 Years; $450 @ 14 Years; $550 @ 26 Years).

*Sayeed v. Cheatham Farms Master Homeowners' Ass'n*, 2019 WL 1949028 (C.D. Cal., Apr. 16, 2019) ("in recent years, the majority [of district courts in California] have been willing to consider the Report's results as evidence of prevailing hourly rates in FDCPA and Rosenthal Act cases.") (2015-2016 Survey Report, in FDCPA, Credit Rights, Udap case, $53,640 granted) ($450 @ 26 Years).

*Cunningham v Meridian Credit Group, LLC*, 2019 U.S. Dist. LEXIS 23680, 2019 WL 643966 (C.D. Cal., Feb. 11, 2019) (2013-2014 Survey Report, in Credit Rights, FDCPA case, $8,410 granted) ($300 @ 2 years; $400 @ 4 years).

*Castaneda v. Ocwen Loan Servicing*, 2018 U.S. Dist. LEXIS 198852 (C.D. Cal., Nov. 21, 2018) (2015-2016 Survey Report, in Mortgage, Credit Rights, FCRA, FDCPA case, $77,418 granted) (movant cited two pages of excerpted fee survey without explanation of how they supported request and cited rates from Arizona instead of the relevant Los Angeles community; court used hourly rates requested by one movant and reduced the other movant 10% after using awards by movant and its own knowledge of the local legal market) ($550 at 27 years; $450 @ 8 years).

*Carrion v Kirby Oldsmobile, Inc.*, 2018 WL 6137127 (D.D. Cal., Nov. 9, 2018) (objection to admission into evidence of *United States Consumer Law Attorney Fee Survey Report* overruled; attorney performing paralegal duties in case awarded paralegal hourly rate) (2015-2016 Survey Report, Vehicle Warranty case, $32,786.25 granted) ($475 @ 21 Years; $450 @ 21 Years; $350 @ 8 Years; $150 @ 15 Years for attorney performing paralegal duties).

*Low-Iacovino v. Benefit Plan Committee of Nonbargained Program of AT&T Pension Benefit Plan*, 2018 WL 6985241 (C.D. Cal., July 2, 2018) (2015-2016 Survey Report, in ERISA case, $33,630 granted) (Survey Report helpful but evidence of comparable rates in comparable ERISA cases desired and used by Court in fee decision).

*Townsend v. Yorkshire Acquisition Group*, 2018 U.S. Dist. LEXIS 142429, 2018 WL 4006956 (C.D. Cal., May 7, 2018) (2013-2014 Survey Report, in Credit Rights, FDCPA case, $4,480 granted) ($400 @ 3 Years; $300 @ 1 Year).

*Wilson v Berryhill*, 2018 WL 6010320 (C.D. Cal., May 4, 2018) (2013-2014 Survey Report, in EAJA, Social Security case, $4,341 granted).

*Benedict v. Fidelity Capital Holdings, Inc.*, 2016 WL 11518497 (C.C. Cal., June 9,

2016) (2013-2014 Survey Report, in FDCPA, Credit Rights case, $14,820 granted) ($650 @ 25 Years).

*Vardanyan v. CMRE Fin. Servs.*, 2013 U.S. Dist. LEXIS 183486(C.D. Cal., Feb. 11, 2013) (2010-2011 Survey Report, in FDCPA, Credit Rights case, $18,303 granted).

*Ramirez v. N. Am. Asset Servs., LLC*, 2012 U.S. District LEXIS 54641, 2012 WL 1228086 (C.D. Cal., Apr. 9, 2012) (2007 Survey Report, in FDCPA, Credit Rights case, $2,126 requested and granted).

*Krapf v. Nationwide Credit, Inc.*, 2010 U.S. Dist. LEXIS 116689, 2010 WL 4261444 (C.D. Cal., Oct. 21, 2010) (2007 Survey Report, in FDCPA, Credit Rights case, hourly rates requested and approved, $26,120 granted).

## California, E.D.

*Flory v. McCabe, Weisberg & Conway, LLC*, 2019 WL 2562632 (D. NJ, June 20, 2019) (2015-2016 Survey Report, in FDCPA, Credit Rights case, $$3,762.50 granted) ($350 @ 25 Years).

*Uhl v. Colvin*, 2016 U.S. Dist. LEXIS 78779, 2016 WL 3361800 (E.D. Cal., Jun. 15, 2016) (2013-2014 Survey Report, in EAJA Social Security case, $10,363 granted).

*Davis v. Hollins Law*, 25 F.Supp.3d 1292, 2014 U.S. Dist. LEXIS 81024, 2014 WL 2619651 (E.D. Cal., Jun. 12, 2014) (2010-2011 Survey Report, in FDCPA, Credit Rights case, data-supported hourly rates used, $35,813 granted).

## California, N.D.

*Reenders v Premier Recovery Group*, 2019 WL 2583595 (N.D. Cal., May 7, 2019) (2015-2016 Survey Report, in FDCPA, Credit Rights case, $ 1,350 granted) ($225 @ 2 Years).

*Slotnick* v. I.C.Q. Search and Recovery, 2018 WL 6258888 (C.D. Cal., Sept. 19, 2018) (2015-2016 Survey Report, in FDCPA, Credit Rights case, $31,455 granted) ("The Court finds that the Attorney Fee Survey is an adequate means of establishing average billing rates for consumer protections attorneys in this forum" citing *Ramirez v. N. Am. Asset Servs. LLC*) ($400 @ 10 Years).

*Bratton v. FCA US LLC*, 2018 U.S. Dist. LEXIS 180975, 2018 WL 5279581 (N.D. Cal. Oct. 22, 2018) ("A number of courts, including courts in this District, have also found that the United States Consumer Law Attorney Fee Survey Report may be used as evidence of prevailing rates.") (2015-2016 Survey Report, in vehicle warranty breach case, $27,092 granted) ($350 @ 16 Years; $500 @ 15 Years; $400 @ 15 Years; $325 @ 11 Years; $350 @ 5 Years; $250 @ 4 Years).

*Forkum v. Co-Operative Adjustment Bureau, Inc.*, 2014 U.S. Dist. LEXIS 106912, 2014 WL 3827955 (N.D. Cal. Oakland Div., Aug. 4, 2014) (2010-2011 Survey Report, in FDCPA, Credit Rights case, $21,097 granted) (initial motion denied without prejudice at 2014 U.S. Dist. LEXIS 91148, 2014 WL 3101784).

*Senah, Inc. v. Xi'an Forstar S&T Co*, 2016 U.S. Dist. LEXIS 72293, 2016 WL 3092099 (N.D. Cal., Jun. 2, 2016) (2013-2014 Survey Report, in breach of contract case, $145,692 granted).

*Klein v. Law Offices of D. Scott Carruthers*, 2015 U.S. Dist. LEXIS 75269, 2015 WL 3626946 (N.D. Cal., Jun. 10, 2015) (2013-2014 Survey Report, in FDCPA, Credit Rights case, $4,886 granted).

*Hampton v. Colvin*, 2015 U.S. Dist. LEXIS 53630, 2015 WL 1884313 (N.D. Cal., Apr. 23, 2015) (2010-2011 Survey Report, in EAJA Social Security case, $3,741 granted).

*Brown v. Mandarich Law Group, LLP*, 2014 U.S. Dist. LEXIS 47020, 2014 WL 1340211 (N.D. Cal., Apr. 2, 2014) (2010-2011 Survey Report, in FDCPA, Credit Rights case, $7,485 granted).

*Castro v. Commercial Recovery Sys.*, 2014 U.S. Dist. LEXIS 33675 (N.D. Cal., Mar. 13, 2014) (2010-2011 Survey Report, in FDCPA, Credit Rights case, $2,520 granted).

*Stephenson v. Neutrogena Corporation*, 2012 U.S. Dist. LEXIS 105099, 2013 WL 12310811 (N.D. Cal., Aug. 22, 2013) (2010-2011 Survey Report, in Class Action case, $433,333 granted).

*Chan v. Booska*, 2013 U.S. Dist. LEXIS 109005 (N.D. Cal., Jul. 15, 2013) (2010-2011 Survey Report, in FDCPA, Credit Rights case, $9,600 granted).

*Garcia v. Resurgent Capital Servs.*, 2012 U.S. Dist. LEXIS 123889, 2012 WL 3778852 (N.D. Cal., Aug. 30, 2012) (2010-2011 Survey Report, in FDCPA, Credit Rights case, $187,292 granted).

*Ramirez v. North American Asset Services, LLC*, 2012 U.S. District LEXIS 54641, 2012 WL 1228086 (C.D. Cal., Apr. 9, 2012) ([year not stated] Survey Report), in FDCPA, Credit Rights cases, $2,521 granted).

**California, S.D.**

*Norris v. Saul*, 2019 U.S. Dist. LEXIS 141318, 2019 WL 3935638 (S.D. Cal., August 20, 2019) (2015-2016 Survey Report, in EAJA case under 42 U.S.C. 406(b), $10,000 granted).

*Jackson v. Berryhill*, 2019 WL 1470869 (S.D. Cal., Apr 3, 2019) (2015-2016 Survey Report, in EAJA, Social Security case, $24,700 granted).

*Cash v Berryhill*, 2019 U.S. Dist. LEXIS 57694, 2019 WL 1469098 (S.D. Cal., Apr 3, 2019) (2015-2016 Survey Report, in EAJA, Social Security case, $21,224 granted).

*Overton v. Berryhill*, 2018 U.S. Dist. LEXIS 209766, 2018 WL 6523442 (S.D. Cal., Dec. 11, 2018) ("While Plaintiff has provided no evidence to support the reasonableness of the requested paralegal rate, despite it being his burden to do so, the Court looks to the [2015-2016] United States Consumer Law Attorney Fee Survey Report ("Report") to determine the market rate for paralegals," adopting the reported $100/hour San Diego paralegal median rate) (2015-2016 Survey Report, in EAJA, Social Security case, $200 @ 41 Years, $9,004 granted).

*Cole v. Mercantile Adjustment Bureau, LLC*, 2018 U.S. Dist. LEXIS 193511, 2018 WL 5920019 (S.D. Cal., Nov. 12, 2018) (2015-2016 Survey Report, in FDCPA, Credit Rights case, $375 @ 7 years; $375 @ 11 years; $150 @ 1 Years, $4,290 granted).

*Ulugalu v. Berryhill*, 2018 U.S. Dist. LEXIS 72442, 2018 WL 2012330 (S.D. Cal., Apr 30, 2018) (In the absence of evidence from the movant, "the Court looks to [the 2015-2016 Survey Report], adopting the reported $100/hour San Diego paralegal median rate) (2015-2016 Survey Report, in EAJA, Social Security case, $6,136 granted).

*Arana v. Monterey Fin. Servs.*, 2016 U.S. Dist. LEXIS 46111, 2016 WL 1324269 (S.D. Cal., Apr. 4, 2016) (2013-2014 Survey Report, in FDCPA, Credit Rights case, $4,450 granted).

*Nguyen v. HOVG, LLC*, 2015 U.S. Dist. LEXIS 124019, 2015 WL 5476254 (S.D. Cal., Sept. 15, 2015) (2010-2011 Survey Report, in FDCPA, Credit Rights case, $41,350 granted).

*De La Torre v. Legal Recovery Law Office*, 2014 U.S. Dist. LEXIS 128220, 2014 WL 4547035 (S.D. Cal., Sept. 12, 2014) ([year not stated] Survey Report, in Cal. Anti-Slapp Law case, $6,321 granted).

*Verdun v. I.C. Sys.*, 2014 U.S. Dist. LEXIS 52238, 2014 WL 1456295 (S.D. Cal., Apr. 14, 2014) (2010-2011 Survey Report, in FDCPA, Credit Rights case, $4,819 granted).

*Delalat v. Syndicated Office Sys.*, 2014 U.S. Dist. LEXIS 33756, 2014 WL 930162 (S.D. Cal., Jan. 28, 2014) (2010-2011, 2d Ed. Survey Report, in FDCPA, Credit Rights case, $230,342 granted).

*Crawford v. Dynamic Recovery Servs.*, 2014 U.S. Dist. LEXIS 4057, 2014 WL 130458 (S.D. Cal., Jan. 10, 2014) (2010-2011 Survey Report, in FDCPA, Credit Rights

case, $3,496 granted).

*Breidenbach v. Experian*, 2013 U.S. Dist. LEXIS 82093, 2013 WL 2631368 (S.D. Cal., Jun. 11, 2013) (2010-2011 Survey Report, in FDCPA, Credit Rights case, $5,079 granted).

## Colorado

*Harper v. Stellar Recovery, Inc.*, 2015 U.S. Dist. LEXIS 154479, 2015 WL 7253239 (D. Colo., Nov. 16, 2015) (2013-2014 Survey Report, in FDCPA, Credit Rights case, $3,390 granted).

*Villanueva v. Account Discovery Systems, LLC*, 77 F.Supp.3d 1058, 2014 U.S. Dist. LEXIS 180001, 2015 WL 148965 (D. Colo., Dec. 12, 2014) (2010-2011 Survey Report, in FDCPA, Credit Rights case, $1,385 granted).

*Crapnell v. Dillon Cos.*, 2015 U.S. Dist. LEXIS 96184, 2015 WL 4484469 (D. Colo., Jul. 22, 2015) (2010-2011 Survey Report, in Sanctions case, $2,100 granted).

*Gregg v. N.A.R., Inc.*, 2014 U.S. Dist. LEXIS 32017, 2014 WL 959412 (D. Colo., Mar. 12, 2014) (2010-2011 Survey Report, in FDCPA, Credit Rights case, $4,694 granted).

*Reichers v. Del. Asset Mgmt., LLC*, 2013 U.S. Dist. LEXIS 164981, 2013 WL 6096136 (D. Colo., Nov. 20, 2013) (rejecting Laffey Matrix, using Survey Report) ([Edition not stated] Survey Report, in FDCPA, Credit Rights case, $2,085 granted).

*Rodriguez v. Luchey & Mitchell Recovery Solutions, LLC*, 2013 U.S. Dist. LEXIS 164285, 2013 WL 6068458 (D. Colo., Nov. 18, 2013) (2010-2011 Survey Report, in FDCPA, Credit Rights, TCPA case, $2,172 granted).

*Andalam v. Trizetto Group*, 2013 U.S. Dist. LEXIS 159656, 2013 WL 5952012 (D. Colo., Nov. 7, 2013) (2010-2011 Survey Report, in Discovery Sanction case, requested hourly rates supported by Survey Report, $2,500 granted).

*Bock v. APIM, LLC*, 2013 U.S. Dist. LEXIS 176648 (D. Colo., Nov. 7, 2013) (2010-2011 Survey Report, in FDCPA, Credit Rights, TCPA case, $2,520 granted).

*Peterson-Hooks v. First Integral Recovery, LLC*, 2013 U.S. Dist. LEXIS 73907, 2013 WL 229544 (D. Colo., May 24, 2013) (2010-2011 Survey Report, in FDCPA, Credit Rights case, $4,837 granted).

*Scadden v. Weinberg, Stein & Associates, LLC*, 2013 U.S. Dist. LEXIS 57939, 2013 WL 1751294, at *6 (D. Colo., Apr. 23, 2013) (rejecting Laffey Matrix, using Survey Report) (2007 Survey Report, in FDCPA, Credit Rights case, $2,862 granted).