**Key Memorandum re: FCA's Objections to Plaintiffs' Excel Sheet re: Fee Requests**

FCA US LLC ("FCA") offers this key as the Excel spreadsheet would not accommodate for FCA's positions on the different entries.

**Objection No. 1- Undated Time Entries**

It is FCA's position that without dates, it is impossible for FCA to decipher whether the undated Mikhov entries were performed in the course of litigation, or were reasonable. In fact, KLG has requested similar entries in their fee motions across numerous cases. FCA should not be required to pay for entries that are not properly dated.

This KLG practice has been rejected by numerous other state and federal courts:

- *McClaughlin v. General Motors LLC*, Los Angeles Superior Court Case No. 19STCV16957: "Further, the Court finds that Plaintiff seeks to recover fees for work that is undated, which indicates that the billing may not have been filled out contemporaneously. … The Court declines to award plaintiff's counsel its fees in this case."

- *Lucia Carrera, et al. v. Ford Motor Company*, 2:18-cv-09781-SVW-RAO: The court rejected $1540 of 2.8 hours undated entries by Steve Mikhov ruling that the hours were "unsubstantiated by date…[and] [t]he fee applicant bears the burden of documenting the appropriate hours expended and submitting evidence in support of those hours worked. (Hensley v. Eckhart (1983) 461 U.S. 433, 437.) Knight has failed to satisfy this burden for their initial entries, and these 2.8 hours are accordingly stricken."

- *Alejandro Omeany Salmeron v. Ford Motor Company*, 2:18- cv-07266-SVW-PLA: The court struck the initial 2.1 hours billed by Steve Mikhov, amounting to $1,155, because they did not have any dates assigned. The court cited Hensley, 461 U.S. at 437, ruling that Plaintiffs' counsel failed to satisfy their burden for the initial entries.

Here, Steve Mikhov's entries are unsubstantiated by date and Plaintiffs have failed to satisfy the burden of documenting the appropriate hours expended or submit evidence to satisfy in support of the hours worked. As such, the undated entries should be disallowed from the *Salazar* invoice.

**Objection No. 2- Block Billing**

"Block billing (*i.e.*, a line item with a single time charge for multiple activities) is inappropriate." (See Judge Fischer's Order re: Format of Time and Expense Records, ¶6, and See Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 948 (2007).)

**Objection No. 3- Entries Not Described in Sufficient Detail**

As per Judge Fischer's Order:

> The services rendered must be described in sufficient detail for the Court to determine the nature and reasonableness of the services. Generic or general activity descriptions are inappropriate. Entries such as "research and preparation of motion to dismiss," "conference with client," and other non-specific descriptions will generally not be considered adequate, especially if the amount of time billed is significant. (Time records ultimately filed publicly with a motion for fees may be redacted to preserve the attorney-client privilege or work product. The Court will require an *in camera* unredacted submission.)

(See Judge Fischer's Order re: Format of Time and Expense Records, ¶3.)

Entries relating to "Communications with Clients"

Plaintiffs are seeking nearly 1/4 of the fees, $4,582.00, for time entries that involve "communications with clients." Along with other issues pertaining to these entries, the descriptions provided for the communications are superficial. Nine of the 21 entries are relating communications relating to "settlement" (*i.e.*, 9.10.20, 9.12.20, 9.25.20, 9.25.20, 10.14.20, 10.16.20, 2.18.21, 3.27.21, 5.18.21). This is simply insufficient especially when there are multiple entries on the same day (without differing descriptions) (*e.g.*, 9.25.20) and multiple entries are within two days of each other (without differing descriptions) (*e.g.*, 9.10.20 and 9.12.20, 10.14.20 and 10.16.20.) Absent further description and an explanation, these time entries should be disallowed. Similarly, other entries are not sufficiently described. On 12.17.21 and 2.12.21, Plaintiffs' entry is only "communications with clients" absent any description. The fact that these are blocked billed ) against the Court's order (See Objection 2) with another item in a single entry does not alleviate the insufficiency of the description. In sum, these items are insufficiently described to determine if they are reasonable in substance and amount.

**Objection No. 4- Clerical Entries**

Plaintiffs may not recover fees for time spent on purely clerical work. (*Davis v. City of San Francisco,* 976 F. 2d 1536, 1543 (9th Cir. 1992), *vacated on other grounds by Davis v. City & Cty. of San Francisco,* 984 F.2d 345 (9th Cir. 1993) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them… [The] dollar value [of such non-legal work] is not enhanced just because a lawyer does it.") (internal quotations and citations omitted).

**<u>Objection No. 5- Excessive Fees</u>**

Trial courts have the responsibility to curb excessive, duplicative, vague or otherwise unreasonable billing.  (See e.g., *Sanford v. Thrifty Payless, Inc.,* 2005 WL 2562712, at *2 (E.D. Cal. Oct. 11, 2005) (excluding all fees incurred in connection with meritless motion for summary judgment, which was not "a necessary step towards victory").)  The Appellate Court has found that the person seeking a fee award "is not necessarily entitled to compensation for the value of attorney services according to [his] own notion or to the full extent claimed by [him]."

<u>Rule 26(f) report</u>- There is still 4.5 hours, totaling $1,020.00, dedicated to allegedly drafting and editing the Rule 26(f) Report. A second review of the report indicates that this language is largely the same language KLG uses in other reports and, absent the brief description of the case and the list of the typical witness and documents, the document is typical.  Again, the amount requested is excessive, and frankly, not sufficiently described to determine whether it was reasonable in time or scope.   As such, FCA is again requesting that the time be reduced to 1.7 hours.

**<u>Objection No. 6</u>**

This issue is the crux of the parties' impasse on the fees and costs in this matter.  Shortly after this case was removed to Federal Court, on September 11, 2020, FCA served a Rule 68 Offer to settle the matter for $62,857.74.  This number constitutes the value of the vehicle, incidental and consequential damages, and a two-times civil penalty.  In other words, the *maximum* amount Plaintiffs would be able to recover under the Song-Beverly Act if they were successful at trial.  FCA also offered $8,000 to settle attorney's fees and costs, or allowed fees and costs to be settled by way of motion pursuant to California Civil Code section 1794(d).  Instead of settling the matter, and limiting attorney fees and costs, Plaintiffs rejected the offer for no practical reason except so that Plaintiffs' counsel could presumably continue to work on the file to increase the recoverable attorney's fees and costs.

On October 10, 2020 and again on February 19, 2021, Plaintiffs served duplicative Rule 68 demands to settle the matter for $62,857.74, which is the *exact same settlement amount* that FCA offered in September of 2020.  In May of 2021, the case settled for the *exact amount* offered in FCA's original Rule 68 Offer.

In the interim, Plaintiffs, and their counsel, have unnecessarily incurred costs and fees for serving an additional 101 discovery requests in Federal Court, a 13 page Initial Disclosure, the Joint Rule 26(f) Report and the recent subpoenas to non-party dealership witnesses.  As is apparent, this case should have settled in September of 2020, and any further litigation of this case was unnecessary and not in the best interests of Plaintiffs as Plaintiffs are likely to incur tax liability for any additional fees and costs that are awarded since FCA's Rule 68 Offer.

Plaintiffs' counsel argues that Plaintiffs' settlement demand was different from FCA's as: (1) it insisted on including "prevailing party" language in the settlement term addressing attorney's fees; and, (2) it requested a shorter time to receive a settlement check (45 days instead of 90).

As to the "prevailing party" language that Plaintiffs insisted on including (*i.e.*, "Plaintiffs shall be deemed the prevailing party in this Section under section 1794(d)"), this language does not address the underlying settlement of the case, but addresses Plaintiffs' counsel's ability to obtain attorney's fees under the Song-Beverly Act.

This position of putting attorney's fees above Plaintiffs' restitution is frowned upon by ethical canon and courts. The 2002 ABA publication on ethics in settlement, pages 41-43 states: "A lawyer may not forego other favorable settlement terms in exchange for a favorable fee. Even when the court ultimately must approve any negotiated fee, the lawyer has an independent obligation not to enter arrangements that sacrifice client interests for a larger fee." Moreover, California authority states that the preferred practice is to reserve the fee issue until the merits are resolved by litigation or settlement. See Folsom v Butte County Ass'n of Gov'ts, 32 C3d 668, 681 (1982). Also note that California recently revised their Rules of Professional Conduct to be clearer on unconscionable fees and disputes about fees. Rule 1.5 now imposes a greater obligation on lawyers to disclose all material facts related to fees to their clients.

Again, the prevailing party language in the settlement offer does not go to the underlying claim, but to Knight Law Group's attorney's fees. Moreover, it was totally unnecessary as FCA's Rule 68 Offer explicitly stated that "Plaintiffs may seek an award of attorneys' fees and costs recoverable pursuant to California Civil Code Section 1794(d)." California Civil Code Section 1794(d) states:

> If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action.

By not accepting FCA's Rule 68 Offer to only vie for a superficially better position when seeking fees is wholly improper and against Plaintiffs' pecuniary interest. Now, the fees have been increased significantly by Plaintiffs' counsel's delay. The Court should note, FCA is required to issue a 1099 Form to Plaintiffs for any fee amount awarded. Moreover, Plaintiffs will be potentially liable for taxes on those fees. In sum, this demand to delay the underlying settlement of the case and add the unnecessary "prevailing party" language, when FCA had already agreed to allow a fee motion under Civil Code Section 1794(d), is not only frowned on by ethical canon and courts, but has also likely put Plaintiffs in a worse position than they would have been if the case was settled in September of 2020, as it should have been. Such tactics, cannot be said to be in "reasonable prosecution" of the case.

Finally, the argument that refusing the original offer because of the "quicker turnaround time for FCA sending the settlement funds" is nonsensical. Initially, this could have been resolved easily with a meet and confer. Moreover, the difference in the turnaround time was between 90 and 45 days. Now, the refusal to accept FCA's offer has delayed Plaintiffs from receiving the same exact settlement monies for an additional eight months. Clearly, any argument that this has somehow bettered Plaintiffs' position is unsupported by the facts.

In short, it is FCA's position that the refusal of the original Rule 68 Offer (for the full amount Plaintiffs would have received at trial) was nothing but a delay tactic to presumably increase the amount of attorney's fees in this case, at the expense of Plaintiffs, and the Court's time and resources. Thus, Plaintiffs' counsel should not be awarded any fees past the original offer as they did not better their clients' position and arguably purposefully delayed (and jeopardized) the underlying settlement for their own pecuniary interests. As such, FCA will be arguing that all fees and costs should be limited to those incurred on or before FCA's original Rule 68 Offer.