# **Plaintiffs' Key Memorandum in Response to Defendant's Excel Sheet re: Objections to Fees & Costs Request**

### **Plaintiffs' Response to Defendant's Objection No. 1 – Undated Time Entries**

The dates of the first three undated time entries are removed due to strategy, work-product, and because it is not required to determine the reasonableness of the time. Moreover, as represented by Plaintiffs, the undated time entries occurred before the filing of the Complaint. Attorneys seeking fee awards are "not required to record in great detail how each minute of [their] time was expended." *Hensley*, 461 U.S. 424, 437 n. 12. They need only "keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." *Id.* at 441. Under this standard, "the hours described in undated entries relate to initial client communication and are reasonable because they are sufficiently descriptive" and no reduction is necessary. See Ex. A attached to the Declaration of Steve Mikhov, *Alexander F. Bauman v. Ford Motor Company, et al.*, No. CV 18-7971-DMG (Ex), Dkt. No. 74-5, ECF pp. 10-11 (declining to reduce undated billing entries). The undated time entries at issue here clearly relate to consulting with the client and evaluating the potential of the case before the filing of the Complaint, when such attorney work would naturally take place. Plaintiff's declaration submitted with the fee motion attested to the accuracy of the submitted time, and that the time was incurred *in this case*, under penalty of perjury. Defendant has zero basis to claim that the fees were not incurred in this case. Accordingly, dating every entry is not mandatory, and reductions are not warranted here.

### **Plaintiffs' Response to Defendant's Objection No. 2 – Block Billing**

"[T]rial courts are granted discretion 'to penalize [block billing] when the practice prevents them from discerning which tasks are compensable and which are not.' [Citation.]" (*In re Marriage of Nassimi* (2016) 3Cal.App.5th 667, 695-696.) Here, the tasks are all related to Plaintiff's song Beverly claims (which are compensable) so its not an issue.

Moreover, this objection is moot given Plaintiffs have amended the fee invoice by either separating the entries objected to by Defendant or providing supplemental information sufficient to justify the purportedly blocked bill entries.

**Plaintiffs' Response to Defendant's Objection No. 3 – Entries Not Described in Sufficient Detail**

  Defendant objects to various entries relating to communications with clients as not having sufficient detail. This Court's Order re: Format of Time and Expense Records, paragraph 3 provides that "[e]ntries such as… 'conference with client' will generally not be considered adequate." However, Plaintiffs' counsel's invoice sufficiently describes the topic of the conversation between Plaintiffs and their counsel. For example, Plaintiffs' counsel clearly communicated with Plaintiffs following Defendant serving its Rule 68 Offer in September 2020 and before serving a counter-offer in October, 2020 regarding Defendant's Rule 68 offer and settlement strategy. In December 17, 2020, upon being served with Defendant's written discovery requests, Plaintiffs' counsel communicated with Plaintiffs regarding responding to these discovery requests. In February 2021, Plaintiffs' counsel communicated with Plaintiffs regarding settlement strategy prior to serving another settlement offer on Defendant. In March, 2021, Defendant served another Rule 68 Offer and, subsequently, Plaintiffs' counsel communicated with Plaintiffs regarding settlement and Defendant's Rule 68 Offer just served. Following Defendant's service of its Rule 68 Offer in March, 2021, Defendant noticed depositions of Plaintiffs. Subsequently, Plaintiffs' counsel communicated with Plaintiffs regarding appearing for deposition and preparing them accordingly. After Defendant partially completed Plaintiffs' depositions, Defendant reached out to Plaintiffs regarding whether their October, 2020 offer was still on the table at which point Plaintiffs' counsel communicated with Plaintiffs regarding settlement and serving another offer and served an amended offer that same day which Defendant accepted.

  Defendant's assertion that the entries regarding communication with clients are insufficient is without merit. All of the communication with clients entries have a description as to what the topic of conversation for that entry and succinctly flows with the rest of the invoice entries. Communications with clients as to settlement either occur directly after Defendant's service of offers or just before Plaintiffs served their own offers. Communications with clients as to other matters such as responding to written discovery or appearing for deposition succinctly flows with the rest of the invoice entries as well and have sufficient descriptions as to what the conversations between Plaintiffs' counsel and Plaintiffs was about. These entries are thus sufficient and reasonable.

**Plaintiffs' Response to Defendant's Objection No. 4 – Clerical Entries**

It is true that Plaintiff may not recover fees for time spent on *purely* clerical work. See *Davis v. City of San Francisco*, 976 F. 2d 1536, 1543 (9th Cir. 1992), vacated on other grounds by *Davis v. City & Cty. of San Francisco*, 984 F.2d 345 (9th Cir. 1993) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them.... [The] dollar value [of such non-legal work] is not enhanced just because a lawyer does it.") (internal quotations and citations omitted).

FCA characterizes one entry as a "clerical task". However, this entry involves an activity that differs from the "purely clerical or secretarial tasks" in *Davis*. The disputed entry concerns drafting deposition subpoenas and notices for the dealership personnel who repaired the subject vehicle which includes determining categories of testimony for the dealership person most knowledgeable - clearly an attorney task).

Defendant has not identified any other billing entries that are "clerical entries." As such, this objection is moot.

**Plaintiffs' Response to Defendant's Objection No. 5 – Excessive Fees**

Defendant offers no evidence in support of its argument that time incurred working on the Rule 26(f) report was excessive or unreasonable. Coveniently, Defendant does not provide its own time records to substantiate what it believes to be a reasonable amount of time spent on this task. See *Etcheson v. FCA US LLC*, 30 Cal. App. 5th at 838 (stating that the defendant must "establish with legal authority or otherwise what hours and rates would be considered reasonable …."). Under the Adverse Inference Rule, the Court may thus conclude, based on Defendant's failure to produce its counsel's records, that Defendant counsel billed the same or more time for equivalent tasks.

Plaintiffs' counsel utilized a lower level or younger associate to prepare a draft of the Rule 26(f) report with a higher level associate reviewing it for sufficiency. This decreases fees, not increases them. Fees would have been more than $1,020 if a higher level associate spent time drafting it. Furthermore, the report is seventeen (17) pages long and is tailored to the facts and procedural history of this case. The amount of time spent is reasonable despite FCA's unsupported opinion.

It was not excessive to spend 1.9 hours reviewing and analyzing Defendant's fifty-one (51) responses to Plaintiffs' request for production which included a

document production of hundreds of pages. The evidence Defendant possessed was key in Plaintiffs proving up their case.

FCA also strangely criticizes Plaintiffs preparing for Plaintiffs' deposition. Clearly that is a reasonable and necessary task to prepare for that critical deposition and it is not duplicative to break up that preparation over two days with smaller amounts each day.

**Plaintiffs' Response to Defendant's Objection No. 6**

Defendant has provided zero authority to supports its position that fees and costs should be cut from its September 2020 Rule 68 Offer, despite Plaintiffs requesting authority multiple times during the meet and confer process mandated by this Court. See *Etcheson v. FCA US LLC*, 30 Cal. App. 5th at 838 (stating that the defendant must "establish with legal authority or otherwise what hours and rates would be considered reasonable ….").

On September 11, 2020, Defendant served a Rule 68 Offer for $62,857.74 which provided that payment of the settlement funds will be made no later than 90 days after the entry of acceptance of the September 2020 Rule 68 Offer. It also required that Plaintiffs surrender the subject vehicle but provided no deadline for Defendant to pay Plaintiffs the settlement funds following the surrender of the subject vehicle. As such, Plaintiffs could surrender the subject vehicle within 30 days of executing the September 2020 Rule 68 Offer but would have to wait up to 60 days for payment. Plaintiffs would be left without sufficient funds to purchase another vehicle. Defendant's September 2020 Rule 68 Offer also did not deem Plaintiffs prevailing party. *See Hanna v. Mercedes-Benz USA, LLC,* 36 Cal.App.4th at p. 508 [reasonably rejecting a settlement offer is "no[t] a permissible ground for denying an award of attorney fees under the Song-Beverly Act"]. On October 15, 2020, Plaintiffs served a settlement offer in the same amount which included the following: payment of the settlement funds to be made within 45 days of executing the settlement offer; payment of the settlement funds to be made within 24 hours after surrender of the subject vehicle (so Plaintiffs do not have to wait for an undisclosed time without a vehicle); and prevailing party language. Despite Plaintiffs October 2020 offer for the same amount, Defendant refused to accept it.

On February 19, 2021, Plaintiffs again served an offer for $62,857.74 with the same terms as Plaintiffs' October 2020 offer. During this time, the parties met and conferred on suitable settlement terms but Defendant would not agree that Plaintiffs are prevailing party. In an attempt to reach some middle ground, Plaintiffs modified its settlement offer and served another one on March 24, 2021 which allowed for

payment to be made within 72 hours after surrender to give Defendant more time to disburse the settlement funds. Defendant still refused and responded with a Rule 68 Offer on March 26, 2021. The only difference between its October 2020 Rule 68 Offer and its March 2021 Rule 68 offer was that the latter provided for payment within 45 days instead of 90. There was still no prevailing party language and no deadline for Defendant to pay following surrender.

On May 18, 2021, Defendant emailed Plaintiffs inquiring if Plaintiffs' February 2021 offer was still open. That same day, Plaintiffs served and settlement offer with the same terms as the February 2021 offer. After seven months of refusing to sign Plaintiffs' settlement offers from October 2020 and February 2021, Defendant suddenly agreed to sign an offer with the same terms which included prevailing party language and a 24 hour deadline to pay the settlement funds following surrender. Defendant's position that fees and costs should be cut off from its September 2020 Rule 68 Offer is meritless given the above facts. At all times, Plaintiffs attempted to settle this matter by serving numerous counteroffers and meeting and conferring with Defendant but it refused to entertain Plaintiffs offers for seven months. The case settled for the same amount that was offered in September 2020 but with more favorable terms to Plaintiffs, especially allowing for payment of the settlement funds to be made within 24 hours as opposed to no deadline. Fees and costs should thus not be arbitrarily cut from the September 2020 Rule 68 Offer.

FCA also seeks to cutoff the time spent on the meet and confer as well as this motion for attorney's fees, costs, and expenses. Plaintiffs are entitled to the time spent on the motion for attorney's fees, costs, and expenses. The California Supreme Court has expressly ruled that prevailing parties who are entitled to recover their attorney's fees are *also entitled* to recover their fees for the time spent preparing fee applications. ( *Serrano v. Unruh* (1982) 32 Cal.3d 621, 631). Moreover, Plaintiffs would have needed to meet and confer and file a motion for attorney's fees, costs, and expenses even if Plaintiff had accepted FCA's earlier offer (provided that the meet and confer efforts did not resolve the dispute). Spending time on the court ordered objection key is clearly reasonable and necessary whether or not the parties can resolve the dispute.

Regarding the motion to reopen, FCA forced Plaintiffs' hand as it refused to stipulate to the relief sought even though it took an ample amount of time for the parties to engage in their meet and confer efforts. The motion was granted over FCA's objection due to Plaintiff's briefing. As such, the time spent on those tasks was reasonable and necessary.

5